UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | ) ) | Master File No. 1:24-cv-00297 |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) | |
| | ) | |
| ALL ACTIONS | ) | |
| | ) | |

**UNDERWRITER DEFENDANTS' MOTION TO DISMISS
CONSOLIDATED COMPLAINT**

Thad Behrens
Daniel H. Gold
Matthew A. McGee
ALLEN OVERY SHEARMAN STERLING US LLP
2601 Olive Street, 17th Floor
Dallas, Texas 75201
Tel: (214) 271-5777

*Attorneys for Underwriter Defendants J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC;
BofA Securities, Inc.; Wells Fargo Securities, LLC; Deutsche Bank Securities Inc.; Cowen and
Company, LLC; Nomura Securities International, Inc.; RBC Capital Markets, LLC; Leerink
Partners LLC f/k/a SVB Securities LLC; Truist Securities, Inc.; William Blair & Company,
L.L.C.; Academy Securities, Inc.; R. Seelaus & Co., LLC; Samuel A. Ramirez & Company, Inc.;
Siebert Williams Shank & Co., LLC; and WR Securities, LLC*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

I.     Plaintiffs' Claims Under Sections 11 and 12(a)(2) of the Securities Act Fail Because Plaintiffs Do Not Plead Any False or Misleading Statement in the Offering Documents ................................................................................................ 3

     A.  Securities Act claims are narrowly based on the challenged offering documents and must plead a statement that was false or misleading at the time of the offering and in the full context of what was disclosed to investors ............. 3

     B.  Plaintiffs fail to plead any false or misleading statement for their Securities Act claims. ............................................................................................................ 5

II.    The Three-Year Statute of Repose Bars Plaintiffs' Claims Under Sections 11 and 12(a)(2) of the Securities Act with Respect to the April 2021 IPO. ........................... 8

III.   Plaintiffs' Claim Under Section 12(a)(2) of the Securities Act Fails Because Plaintiffs Do Not Plead that Any Underwriter Defendant Was a Statutory Seller. .... 13

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Am. Housing Found.*,
  543 B.R. 245 (Bankr. N.D. Tex. 2015)......................................................................10

*Barilli, v. Sky Holdings, Ltd.*,
  389 F. Supp. 3d 232 (S.D.N.Y. 2019).......................................................................10

*Bensinger v. Denbury Res. Inc.*,
  31 F. Supp. 3d 503 (E.D.N.Y. 2014) ........................................................................12

*Bridges v. Dep't of Md. State Police*,
  441 F.3d 197 (4th Cir. 2006) ....................................................................................11

*Broll v. Nat'l Asset Servs., Inc. v. SCI Keystone at Alamo Heights Fund, LLC*,
  2018 WL 11400095 (W.D. Tex. Apr. 13, 2018).......................................................12

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
  582 U.S. 497 (2017) ("*CalPERS*") .................................................................8, 9, 11

*Congregation of Ezra Sholom v. Blockbuster, Inc.*,
  504 F. Supp. 2d 151 (N.D. Tex. 2007) ...............................................................12, 13

*CTS Corp. v. Waldburger*,
  573 U.S. 1 (2014)........................................................................................................8

*Cunningham v. Circle 8 Crane Servs., LLC*,
  2021 WL 1615581 (W.D. Tex. Jan. 25, 2021) .........................................................15

*Dartley v. ErgoBilt Inc.*,
  2001 WL 313964 (N.D. Tex. Mar. 29, 2001) ...........................................................14

*Dusek v. JPMorgan Chase & Co.*,
  832 F.3d 1243 (11th Cir. 2016) ..................................................................................9

*In re Dynegy, Inc. Sec. Litig.*,
  339 F. Supp. 2d 804 (S.D. Tex. 2004) ......................................................................12

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*,
  2004 WL 405886 (S.D. Tex. Feb. 25, 2004) ............................................................15

*FDIC v. First Horizon Asset Sec. Inc.*,
  291 F. Supp. 3d 364 (S.D.N.Y. 2018)......................................................................12

*Firefighters Pension & Relief Fund v. Bulmahn*,
    53 F. Supp. 3d 882 (E.D. La. 2014) .................................................................4, 15

*Firefighters' Ret. Sys. v. Citco Grp. Ltd.*,
    2019 WL 13194025 (M.D. La. Jan. 9, 2019) ......................................................14

*In re Fleming Cos. Inc. Sec. & Deriv. Litig.*,
    2004 WL 5278716 (E.D. Tex. June 16, 2004) ....................................................15

*Guajardo v. Freddie Recs., Inc.*,
    2015 WL 5674826 (S.D. Tex. Sept. 25, 2015) ...................................................12

*Hogan v. Pilgrim's Pride Corp.*,
    73 F.4th 1150 (10th Cir. 2023) ...........................................................................10

*In re IndyMac Mortg.-Backed Sec. Litig.*,
    793 F. Supp. 2d 637 (S.D.N.Y. 2011) ...............................................................10

*Joaquin v. Coliseum Inc.*,
    2016 WL 3906820 (W.D. Tex. July 13, 2016), *adopted*, 2016 WL 7647630 (W.D.
    Tex. Aug. 2, 2016) ..............................................................................................15

*Kapps v. Torch Offshore, Inc.*,
    379 F.3d 207 (5th Cir. 2004) ................................................................................4

*Lucas v. BMS Enters., Inc.*,
    2010 WL 2671305 (N.D. Tex. July 1, 2010) ......................................................15

*McCloskey v. Match Grp., Inc.*,
    2018 WL 4053362 (N.D. Tex. Aug. 24, 2018) .....................................................5

*Merryman v. J.P. Morgan Chase Bank, N.A.*,
    319 F.R.D. 468 (S.D.N.Y. 2017) .......................................................................11

*Miguel v. Country Funding Corp.*,
    309 F.3d 1161 (9th Cir. 2002) .............................................................................10

*Nykredit Portefolje Admin. A/S v. ProPetro Holding Corp.*,
    2021 WL 9037758 (W.D. Tex. Sept. 13, 2021) ..................................................12

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    575 U.S. 175 (2015) ...........................................................................................3, 4

*Pang v. Levitt*,
    2023 WL 11643704 (W.D. Tex. Dec. 20, 2023) ..................................................6

*Pinter v. Dahl*,
    486 U.S. 622 (1988) .........................................................................................13, 15

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
 245 F. Supp. 3d 870 (S.D. Tex. 2017), *aff'd on other grounds sub nom. Police & Fire
 Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726 (5th
 Cir. 2019) .................................................................................................................4

*Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*,
 721 F.3d 95 (2d Cir. 2013) .................................................................................9, 10

*Rosenzweig v. Azurix Corp.*,
 332 F.3d 854 (5th Cir. 2003) ........................................................................5, 14, 15

*Schuler Drilling Co., Inc. v. Disiere Partners, LLC*,
 2024 WL 848961 (N.D. Tex. Feb. 28, 2024) .............................................................9

*SEPTA v. Orrstown Fin. Servs.*,
 12 F.4th 337 (3rd Cir. 2021) .....................................................................................10

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,
 248 F. Supp. 3d 428 (S.D.N.Y. 2017).......................................................................10

*SMS Fin., LLC v. ABCO Homes, Inc.*,
 167 F.3d 235 (5th Cir. 1999) ....................................................................................11

*Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*,
 821 F.3d 780 (6th Cir. 2016) ......................................................................................9

*Taylor v. Trevino*,
 569 F. Supp. 3d 414 (N.D. Tex. 2021) ........................................................................9

*In re Tex. E&P Op., Inc.*,
 2023 WL 3012268 (Bankr. N.D. Tex. Apr. 19, 2023).................................................9

*In re Venator Materials PLC Sec. Litig.*,
 547 F. Supp. 3d 624 (S.D. Tex. 2021) .......................................................5, 14, 15

*York Cnty. v. HP Inc.*,
 2024 WL 1327247 (Mar. 27, 2024) ...........................................................................13

**Statutes**

15 U.S.C. § 77k.............................................................................................................3

15 U.S.C. § 77l....................................................................................................3, 4, 13

15 U.S.C. § 77m............................................................................................................8

28 U.S.C. § 2072........................................................................................................9, 10

**Other Authorities**

Fed. R. Civ. P. 15 ...............................................................................................9, 10, 11, 13

Fed. R. Civ. P. 15 Advisory Committee Note .............................................................................11

The Underwriter Defendants,[1] sued solely in their capacity as underwriters of common stock offerings conducted by agilon health, inc. ("agilon" or the "Company"), file this Motion to Dismiss the Consolidated Complaint (ECF No. 36) ("Complaint" or "Compl.") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6).[2]

## INTRODUCTION

By statutory design, the Securities Act of 1933 (the "Securities Act") does not create a guarantee that all public offerings of securities will be profitable or permit claims premised on negative business events that happen later. The Securities Act instead requires Plaintiffs to plead facts showing that the offering documents were materially misleading *at the time of each offering*. The Securities Act, also by design, has particularly strict timeliness and standing requirements to ensure that only a narrow set of qualifying investors who act by the repose deadline can sue. The Complaint fails in the following respects as to the claims against the Underwriter Defendants, who are sued only under Sections 11 and 12(a)(2) of the Securities Act. The Court should dismiss all claims against the Underwriter Defendants with prejudice.

***Failure to Plead Falsity.*** The Complaint fails to plead an actionable misstatement or omission in the offering documents with respect to each of the offerings at issue: agilon's April 2021 initial public offering ("April 2021 IPO") and its secondary offerings in September 2021

---

[1] The Underwriter Defendants are J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC; BofA Securities, Inc.; Wells Fargo Securities, LLC; Deutsche Bank Securities Inc.; Cowen and Company, LLC; Nomura Securities International, Inc.; RBC Capital Markets, LLC; Leerink Partners LLC f/k/a SVB Securities LLC; Truist Securities, Inc.; William Blair & Company, L.L.C.; Academy Securities, Inc.; R. Seelaus & Co., LLC; Samuel A. Ramirez & Company, Inc.; Siebert Williams Shank & Co., LLC; and WR Securities, LLC.

[2] Documents cited as "Ex. __" are attached to the Declaration of D. Mason Parham in Support of Defendants' Motions to Dismiss, which the agilon Defendants filed concurrently with their Motion to Dismiss at Docket No. 52. Pinpoint citations (*e.g.*, "Ex. __ at App. __") are to the pages of the consecutively numbered Joint Appendix in Support of Defendants' Motions to Dismiss.

("September 2021 SPO") and May 2023 ("May 2023 SPO") (collectively, the "Offerings").[3]  As set forth more fully in the motions to dismiss of the agilon Defendants and the CD&R Defendants, which the Underwriter Defendants join and incorporate by reference, Plaintiffs have not pled facts to support their conclusory allegations that the challenged statements were false at the time they were made or even actionable.  Rather than allege any facts about what was occurring in agilon's business at the time of the Offerings, they instead suggest the Offering Documents were misleading based solely on agilon's disclosures about developments months and even years after the Offerings, even though the risks that later came to fruition were extensively disclosed in the Offering Documents.  Liability under the securities laws cannot be premised on these kinds of hindsight-based allegations.

*The IPO Claims are Time-Barred.*  The three-year statute of repose bars Plaintiffs' Securities Act claims based on the April 2021 IPO.  The Consolidated Complaint filed on September 6, 2024 is the first time the North Carolina Funds[4]—the only two Plaintiffs asserting Securities Act claims based on the April 2021 IPO—asserted these claims.  The Supreme Court has held that a statute of repose cannot be tolled, and the North Carolina Funds cannot circumvent the statute of repose by attempting to invoke Fed. R. Civ. P. 15(c) relation back to a complaint filed by a different investor, against a different lineup of defendants, and which did not even include the Section 12 claim they now attempt to bring.

*Lack of Section 12 Standing.*  Plaintiffs' Section 12 claim also fails on standing grounds. A plaintiff can only bring a Section 12 claim against a defendant who either passed title of the

---

[3] The registration statements for the Offerings (including the prospectuses and documents incorporated by reference), *see* Compl. ¶ 1 n.1, are collectively referred to as the "Offering Documents."

[4] The "North Carolina Funds" are Retirement Systems ("NCRS") and the North Carolina Supplemental Retirement Plans ("NCSRP").

securities to the plaintiff or successfully solicited the Plaintiff's purchase through a direct communication. Plaintiffs do not plead that any particular Underwriter Defendant passed title of agilon securities to any Plaintiff, and there is no allegation that any Underwriter Defendant communicated with any Plaintiff. Courts in the Fifth Circuit have dismissed Section 12 claims in these precise circumstances.

## **ARGUMENT**

I. **Plaintiffs' Claims Under Sections 11 and 12(a)(2) of the Securities Act Fail Because Plaintiffs Do Not Plead Any False or Misleading Statement in the Offering Documents.**

A. **Securities Act claims are narrowly based on the challenged offering documents and must plead a statement that was false or misleading at the time of the offering and in the full context of what was disclosed to investors.**

The standards for pleading falsity are fully discussed in the other Defendants' briefs. The Underwriter Defendants here briefly highlight a few points specific to the Securities Act claims.

*First*, in assessing whether Plaintiffs have stated a claim against the Underwriter Defendants, the Court must focus only on the few challenged statements in the Offering Documents. Securities Act claims relate solely to statements in a company's registration statement (which includes the prospectus) issued in connection with the offering of new securities. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 178-79 (2015); 15 U.S.C. §§ 77k(a) (Section 11 liability based on statements in registration statement), 77l(a)(2) (Section 12(a)(2) liability based on statements in prospectus); Compl. ¶ 1 n.1 (alleging that the prospectuses for the three challenged offerings formed part of the registration statements). Statements made in other forums, or in other filings that are not incorporated by reference into a registration statement, cannot form the basis of Securities Act claims.

*Second*, to state a claim, Plaintiffs are required to allege adequately that a challenged statement was false or misleading at the time the statement was made. *See* 15 U.S.C. § 77k(a)

(Section 11 claim looks to when the registration statement "became effective"), § 77l(a)(2) (Section 12 claim looks to the prospectus). "To be actionable, a statement or omission must be misleading at the time it was made. Omissions that create a misleading impression—particularly one that is misleading only in hindsight—are not sufficient to constitute the basis of a securities action under section 11 or section 12(2)." *Firefighters Pension & Relief Fund v. Bulmahn*, 53 F. Supp. 3d 882, 897 (E.D. La. 2014) (citations, brackets, and quotation marks omitted). Later events do not render an earlier statement false at the time it was made. *See, e.g.*, *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 245 F. Supp. 3d 870, 932 (S.D. Tex. 2017) ("Proof that the statements were false in April 2014 does not necessarily show that they were false in August 2013, September 2014, or December 2014 . . . ."), *aff'd on other grounds sub nom. Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726 (5th Cir. 2019).

*Third*, in assessing whether Plaintiffs have stated any Securities Act claim, the Court must focus on the full context of what agilon disclosed to investors, rather than only the short snippets that Plaintiffs are challenging from the lengthy registration statements. *See* Compl. ¶¶ 267-71, 273-74 (identifying the short specific text that Plaintiffs claim was false or misleading). The Supreme Court held in a Securities Act pleading-stage case that "an investor reads each statement within [a registration statement], whether of fact or of opinion, in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information. And the investor takes into account the customs and practices of the relevant industry. So an omission that renders misleading a statement . . . when viewed in a vacuum may not do so once that statement is considered, as is appropriate, in a broader frame." *Omnicare, Inc.*, 575 U.S. at 190. Therefore, courts dismiss Securities Act claims when the offering documents disclose risks that later came to pass. *E.g.*, *Kapps v. Torch Offshore, Inc.*, 379 F.3d 207, 214-15 & n.10 (5th Cir. 2004) (dismissing where the

"prospectus specifically emphasized the volatility of oil and natural gas prices and the risks posed thereby"); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 873-74 (5th Cir. 2003) (dismissing where challenged statements were not materially misleading "in light of [issuer]'s risk warnings"); *McCloskey v. Match Grp., Inc.*, 2018 WL 4053362, at *7 (N.D. Tex. Aug. 24, 2018) (dismissing where "the risk that actually occurred . . . was expressly disclosed to investors").

### B.    Plaintiffs fail to plead any false or misleading statement for their Securities Act claims.

The motions of the agilon and CD&R Defendants explain why the Complaint fails to plead an actionable misstatement or omission under the Securities Act with respect to each of the three Offerings.  In conjunction with the other Defendants' arguments, applying the three key standards summarized above reinforces why the Securities Act claims should be dismissed.[5]

*First*, most of Plaintiffs' allegations, which relate to the alleged falsity of statements agilon or its officers made on earnings calls, in investor presentations, at conferences, or in other SEC filings outside the Offering Documents, are irrelevant to the Securities Act claims asserted against the Underwriter Defendants.  *E.g.*, Compl. ¶¶ 99-105, 108-11, 113-36, 138-41, 143-49, 151, 155-56, 158-72, 174-87, 189-90.  Those statements are only challenged under the Exchange Act claims asserted against other Defendants.  For the Securities Act claims against the Underwriter

---

[5] Although the other Defendants' motions only purport to address Plaintiffs' Section 11 claim (because those Defendants are not named as Defendants on Plaintiffs' Section 12(a)(2) claim), the same arguments apply to the Section 12(a)(2) claim against the Underwriter Defendants.  Sections 11 and 12(a)(2) both require Plaintiffs to allege that the Offering Documents included an untrue statement of a material fact or omitted to state a material fact necessary to make the statements therein not misleading.  *E.g.*, *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 653-54 (S.D. Tex. 2021).  Plaintiffs challenge the same statements for their Section 12(a)(2) claim as they do for their Section 11 claim.  *See* Compl. ¶¶ 267-71, 273-74 (identifying challenged statements under Section 11), ¶¶ 280, 282, 284 (incorporating challenged statements under Section 11 for Section 12(a)(2) claim).  The Underwriter Defendants incorporate by reference the arguments set forth in the agilon Defendants' motion and the CD&R Defendants' motion as to all of Plaintiffs' Securities Act claims against the Underwriter Defendants.

Defendants, the only challenged statements are the handful identified in Paragraphs 267-71 of the Complaint (for the April 2021 IPO and September 2021 SPO) and Paragraphs 273-74 of the Complaint (for the May 2023 SPO).  The other Defendants' briefs explain how the Complaint fails to allege the falsity of these specific statements.

*Second*, the Complaint's allegations about what purportedly revealed the falsity of the statements agilon made at the time of the Offerings are based entirely on later statements agilon made "[b]eginning in late 2023."  Compl. ¶ 86; *see* Compl. ¶¶ 86-91 (alleging that agilon supposedly revealed falsity of earlier statements on November 2, 2023, January 5, 2024, and February 27, 2024).  There is a complete absence of alleged facts about what was actually occurring in agilon's business at the time of the Offerings (which stretch back to the April 2021 IPO) when the statements challenged under the Securities Act were made.  *See Pang v. Levitt*, 2023 WL 11643704, at *5 (W.D. Tex. Dec. 20, 2023) (dismissing statements challenged under the Securities Act where complaint was "devoid of any facts" suggesting falsity "at the time these statements were made").  As shown in the agilon Defendants' motion, agilon's business was doing well at those earlier times, which further confirms that no inference of falsity at the time of the Offerings can be drawn from what agilon said "[b]eginning in late 2023."

*Third*, assessing agilon's registration statements in full context, as required, reflects that agilon described its business model and directly disclosed the types of risks that Plaintiffs say came to fruition years later.  For example,[6] Plaintiffs allege the Offering Documents were false and misleading because agilon and its physician partners allegedly faced data visibility and integration issues.  Compl. ¶¶ 272, 275.  But the registration statements disclosed these challenges and risks:

- "We often do not have access to reliable historical data regarding the size, revenue or medical expense levels of our target geographies or potential physician partners. . . .

---

[6] agilon's risk disclosures are discussed in greater detail in the other Defendants' motions.

The estimates and forecasts in this prospectus relating to the size and expected growth of the market for our services and the estimates of our market opportunity may prove to be inaccurate." Ex. 2 (April 2021 IPO prospectus) at App. 142.

- "We rely on our payors for membership attribution and assignment, data and reporting accuracy and claims payment, and if our payors do not adequately fulfill these functions . . . we may not receive complete and accurate information necessary to effectively manage our business. . . . Payors also regularly provide us an array of data associated with patients attributed to our physician partners, including information related to revenue and risk adjustment factors for our members, and details associated with amounts paid by payors for medical services rendered to our members. To the extent a payor does not provide us with complete or accurate data sets related to our members, or if we are unable to effectively ingest the information which payors provide to us, we and our physician partners may not be able to effectively ensure our members disease burdens are identified and may not be able to effective[ly] operate our business." Ex. 2 (April 2021 IPO prospectus) at App. 150.

- "Failure by us or our provider network to submit complete and accurate diagnosis information or encounter data may result in inaccuracies in our projections of medical services revenue, or in other estimation processes. . . . We have experienced, and may in the future experience, challenges in obtaining complete and accurate encounter data due to difficulties with our internal compliance and monitoring systems receiving and processing data from multiple systems, with physicians and third-party vendors submitting claims in a timely fashion and in the proper format, and with payors properly recording and coordinating such submissions. We may not be successful in collecting accurate and complete encounter data, correcting inaccurate or incomplete encounter data and developing systems that allow us to receive and process data from multiple systems." Ex. 2 (April 2021 IPO prospectus) at App. 151.[7]

Similarly, Plaintiffs allege that the May 2023 SPO registration statement failed to disclose that "pent-up demand" from COVID-19 was leading to higher medical costs (Compl. ¶ 275), but the registration statement disclosed that "COVID-19 has also resulted in fluctuations in our medical expenses and increased challenges in accurately estimating the amount of medical expenses which have been incurred by our members" and "[g]iven the numerous uncertainties inherent in such estimates, our actual medical claims liabilities for a particular quarter or other

---

[7] The prospectus for the September 2021 SPO and the Form 10-K incorporated into the registration statement for the May 2023 SPO included similar disclosures of the risks. *See* Ex. 6 (September 2021 SPO prospectus) at App. 338, 346-48; Ex. 11 (10-K for year ended 2022) at App. 570-71.

period could differ significantly from the amounts estimated and reserved for that quarter or period." Ex. 11 at App. 565-66 (10-K incorporated into May 2023 SPO registration statement).

## II. The Three-Year Statute of Repose Bars Plaintiffs' Claims Under Sections 11 and 12(a)(2) of the Securities Act with Respect to the April 2021 IPO.

Plaintiffs' Securities Act claims based on the April 2021 IPO are time-barred. Section 13 of the Securities Act provides that no action to enforce a liability under Sections 11 or 12(a)(2) may be brought "more than three years after the security was bona fide offered to the public." 15 U.S.C. § 77m. The clear and singular purpose of this statutory provision is "to offer defendants full and final security after three years." *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 511 (2017) ("*CalPERS*"). This statute of repose is "absolute," "admits of no exception," and "forecloses the extension of the statutory period based on equitable principles." *Id.* at 505-08, 510 ("*American Pipe* tolling . . . does not apply to the 3-year bar mandated in § 13."); *see also CTS Corp. v. Waldburger*, 573 U.S. 1, 8, 10 (2014) (statutes of repose, which "put[] an outer limit on the right to bring a civil action," "will not be tolled for any reason").

The North Carolina Funds are the Plaintiffs asserting Securities Act claims based on the April 2021 IPO. Compl. ¶¶ Preamble, 19-21, 258-59, 283.[8] They first asserted these claims when the Complaint was filed on September 6, 2024, more than three years after the April 16, 2021 IPO.[9] *See* Compl. ¶ 1. The statute of repose therefore bars the April 2021 IPO Securities Act claims.

---

[8] The North Atlantic States Carpenters Pension Fund ("NASCPR") and the North Atlantic States Carpenters Guaranteed Annuity Fund ("NASCGAF") (collectively, the "North Atlantic Carpenters Funds") also assert Securities Act claims but only in connection with the May 2023 SPO. Compl. ¶¶ Preamble, 19-21, 258-59, 283. The remaining Plaintiff, Indiana Public Retirement System ("Indiana") is not a Securities Act Plaintiff. *See id.*

[9] Three prior complaints were filed and consolidated into this action before the consolidated Complaint was filed on September 6, 2024. *See* ECF No. 14. The North Carolina Funds were not

For multiple independent reasons, the North Carolina Funds cannot salvage their April 2021 IPO Securities Act claims by arguing that the Complaint "relates back" to the complaint filed by Indiana on April 2, 2024 in Case 1:24-cv-00544 (the "Indiana Complaint").[10]

*First*, Rule 15's "relation back" provision expressly applies only to statutes of limitations—not statutes of repose. *See* Fed. R. Civ. P. 15(c)(1)(A) (an amendment relates back if "the law that provides the applicable statute of *limitations* allows relation back" (emphasis added)).  This makes good sense.  Statutes of repose give a defendant a "substantive right" to be free of liability after a certain period of time has elapsed.  *See CalPERS*, 582 U.S. at 505; *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 794 (6th Cir. 2016) ("[S]tatutes of repose vest a substantive right in defendants to be free of liability."); *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1248 (11th Cir. 2016) (same); *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 106 (2d Cir. 2013) ("*IndyMac III*") (same).

Court-made rules, including the Federal Rules of Civil Procedure, cannot legally "abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b); *IndyMac III*, 721 F.3d at 109.  Accordingly, many courts, including within the Fifth Circuit, have held that the relation back doctrine does not apply to statutes of repose, particularly where the new complaint would add or change parties or causes of action.  *See, e.g.*, *Schuler Drilling Co., Inc. v. Disiere Partners, LLC*, 2024 WL 848961, at *3-4 (N.D. Tex. Feb. 28, 2024) (holding relation back cannot apply after the statute of repose has run); *In re Tex. E&P Op., Inc.*, 2023 WL 3012268, at *12 (Bankr. N.D. Tex. Apr. 19, 2023) ("Because Rule 15 is a *procedural* rule, it cannot abrogate a statute of repose . . .

---

plaintiffs in any of those three complaints.  *See* ECF No. 1; ECF No. 1 in Case 1:24-cv-00305; ECF No. 1 in Case 1:24-cv-00544.

[10] Of the three original complaints consolidated into this action, only the Indiana Complaint asserted Securities Act claims for the April 2021 IPO, and it did not include a Section 12 claim. *See* ECF No. 1; ECF No. 1 in Case 1:24-cv-00305; ECF No. 1 in Case 1:24-cv-00544.

."); *Taylor v. Trevino*, 569 F. Supp. 3d 414, 431 (N.D. Tex. 2021) ("Because the Federal Rules of Civil Procedure may not 'abridge, enlarge or modify any substantive right,' 28 U.S.C. § 2072(b), the Receiver cannot rely on Rule 15(c)—a *procedural* rule—to revive a claim that has been extinguished by operation of TUFTA's statute of repose."); *In re Am. Housing Found.*, 543 B.R. 245, 258-59 (Bankr. N.D. Tex. 2015) (holding relation back under Rule 15(c) does not apply to statutes of repose as a matter of law); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (relation back would violate the Rules Enabling Act if applied to circumvent statute of repose); *Barilli, v. Sky Holdings, Ltd.*, 389 F. Supp. 3d 232, 263 (S.D.N.Y. 2019) ("[P]laintiffs may not avoid the expiration of the repose period by utilizing Federal Rule of Civil Procedure 15(c) to relate-back to a previous, timely complaint."); *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 451 (S.D.N.Y. 2017) (Section 13's statute of repose "cannot be circumvented by the relation-back doctrine"); *In re IndyMac Mortg.-Backed Sec. Litig.*, 793 F. Supp. 2d 637, 642- 43 (S.D.N.Y. 2011) ("*IndyMac II*") (same).[11]

*Second*, even if the relation back doctrine applied to statutes of repose, it is inapplicable here under the plain language of Rule 15 because the April 2021 IPO Securities Act claims asserted in the Complaint do not constitute an "amendment to a pleading." *See* Fed. R. Civ. P. 15(c). The North Carolina Funds had not filed a complaint prior to September 6, 2024, and thus could not amend complaints filed by other purported agilon shareholders. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend *its* pleading" (emphasis added)); *IndyMac III*, 721 F.3d at 110 n.18 (expressing

---

[11] The Third Circuit and Tenth Circuit have held that relation back can sometimes apply to a statute of repose in cases where, unlike here, the same plaintiffs merely sought to add additional details for the same causes of action against the same defendants. *See generally Hogan v. Pilgrim's Pride Corp*., 73 F.4th 1150 (10th Cir. 2023); *SEPTA v. Orrstown Fin. Servs.*, 12 F.4th 337 (3rd Cir. 2021). Here, differences between the Indiana Complaint and the consolidated Complaint concerning the April 2021 IPO Securities Act claims include (i) a different Plaintiff, (ii) newly-named Defendants, and (iii) a new cause of action under Section 12 of the Securities Act.

"skepticism that proposed intervenors, who were not parties to the proceedings below, may invoke Rule 15(c)(1) to become parties by amending the complaint" filed by a different shareholder); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 209 (4th Cir. 2006) ("We readily reject the [proposed intervenors]' first argument that their claims would, if included in an amended complaint, relate back to the date of filing of the original complaint [because] these would-be plaintiffs, as nonparties, could not have moved to amend the plaintiffs' complaint and get the benefit of any relation back."). This principle is consistent with the Supreme Court's reasoning in *CalPERS* that one plaintiff cannot circumvent an expired statute of repose by relying on a different plaintiff's timely-filed complaint for tolling. *See CalPERS*, 582 U.S. at 501-16. The same principles that drove the Supreme Court's decision in *CalPERS* apply whether the plaintiff attempts to rely on tolling or relation back.

*Third*, the Fifth Circuit requires that for relation back to apply to a purported amendment that adds or changes plaintiffs, there must have been a "mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C) (stating this standard for amendments that change defendants); Fed. R. Civ. P. 15 Advisory Committee Note (noting that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs"); *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999) (identifying "mistake concerning the identity of the proper party" as a relation back element under Rule 15(c) and stating "we have consistently applied Rule 15(c) criteria to amendments changing plaintiffs"). Accordingly, relation back does not apply here because the North Carolina Funds have not alleged (nor could they) that their failure to assert their claims within three years of April 16, 2021 was due to a mistake concerning their identity. *See Merryman v. J.P. Morgan Chase Bank, N.A.*, 319 F.R.D. 468, 473 (S.D.N.Y. 2017) (applying mistake requirement and denying relation back where

original named plaintiffs in putative class action attempted to cure standing defect by amending complaint to add new named plaintiff); *Guajardo v. Freddie Recs., Inc.*, 2015 WL 5674826, at *5 (S.D. Tex. Sept. 25, 2015) (no relation back for "amendments changing the identities of plaintiffs" where there was no "mistake of identity"); *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 842-43 (S.D. Tex. 2004) (same).

Finally, Plaintiffs' April 2021 IPO Section 12 claim fails for an independent reason even if the consolidated Complaint could relate back for some purposes (and it cannot). The Indiana Complaint did not assert a Section 12 cause of action.[12] A new cause of action cannot be added after the statute of repose has expired. *E.g.*, *Broll v. Nat'l Asset Servs., Inc. v. SCI Keystone at Alamo Heights Fund, LLC*, 2018 WL 11400095, at *4-5 (W.D. Tex. Apr. 13, 2018) (denying leave to amend complaint "to add a cause of action under Section 12 of the Securities Act" where motion was filed more than three years after the alleged untrue statements were made); *FDIC v. First Horizon Asset Sec. Inc.*, 291 F. Supp. 3d 364, 369-74 (S.D.N.Y. 2018) (statute of repose precluded plaintiff from adding Section 12 claim to case with a Section 11 claim that was brought within the repose period); *Bensinger v. Denbury Res. Inc.*, 31 F. Supp. 3d 503, 508-09 (E.D.N.Y. 2014) (statute of repose barred new cause of action asserted in existing suit more than three years after the claim accrued). Moreover, a court in this district has held that the expiration of the Securities Act's statute of repose precludes a plaintiff even from adding new theories in support of an existing cause of action. *Nykredit Portefolje Admin. A/S v. ProPetro Holding Corp.*, 2021 WL 9037758,

---

[12] Indiana would not have had standing to assert a Section 12 claim in any event. It does not allege that it purchased agilon stock directly in the April 2021 IPO, as would be required for Section 12 standing. *See Congregation of Ezra Sholom v. Blockbuster, Inc.*, 504 F. Supp. 2d 151, 159 (N.D. Tex. 2007) ("[S]ection 12(a)(2) standing is . . . limited to shareholders who acquired securities directly in the . . . offering."); ECF No. 11-3 at 016 (Indiana's alleged agilon trading records reflecting no transactions in April 2021).

at *31 (W.D. Tex. Sept. 13, 2021) (new theories supporting existing Section 11 claim could not be added after repose period).  The same principle applies with even greater force where, as here, Plaintiffs attempt to add an entirely new cause of action after the repose period.[13]

### III.  Plaintiffs' Claim Under Section 12(a)(2) of the Securities Act Fails Because Plaintiffs Do Not Plead that Any Underwriter Defendant Was a Statutory Seller.

Plaintiffs' Section 12(a)(2) claim also fails for the independent reason that they have failed to plead their standing to bring that claim.  Section 12 states that "[a]ny person who . . . sells a security . . . by means of a prospectus or oral communication" that is false or misleading "shall be liable . . . to the person purchasing such security from him . . . ."  15 U.S.C. § 77l(a).  The Supreme Court interpreted this language to mean that a Section 12 "seller" includes only those who (i) actually pass title to the buyer, or (ii) successfully solicit the purchase.  *Pinter v. Dahl*, 486 U.S. 622, 623 (1988).  Plaintiffs have not pled either of these two bases for Section 12 standing.[14]

*First*, Plaintiffs have not pled the "passed title" prong of *Pinter*.  The Complaint fails to allege that any specific Underwriter Defendant sold agilon Offering shares to any specific Plaintiff. Courts in the Fifth Circuit hold that plaintiffs fail to state a Section 12(a)(2) claim where they do

---

[13] Similarly, the Court should at a minimum dismiss the April 2021 IPO Securities Act claims against all Underwriter Defendants other than J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, and BofA Securities, Inc.  The other Underwriter Defendants were not named as defendants in the Indiana Complaint (*see* Indiana Complaint ¶¶ 24, 146-53), and a new defendant cannot be added after the statue of repose has expired.  *E.g.*, *York Cnty. v. HP Inc.*, 2024 WL 1327247, at *11 (Mar. 27, 2024) (statute of repose barred securities claims asserted against newly-added defendants).  And even if relation back under Fed. R. Civ. P. 15(c) could sometimes apply to a statute of repose, it would not permit the addition of defendants here because there was no mistake concerning the identity of the Underwriter Defendants.  *See* Fed. R. Civ. P. 15(c)(1)(C)(ii) (to relate back where defendants have been changed, there must have been a "mistake concerning the proper party's identity").  When Indiana filed the Indiana Complaint, it could have named the additional Underwriter Defendants.  It just elected not to.  There was no mistaken identity.

[14] In addition to the requirement than a plaintiff can only sue a Section 12 statutory seller, "section 12(a)(2) standing . . . is limited to shareholders who acquired securities directly in the initial offering; it is not sufficient to allege that the shares can be 'traced back' to the offering." *Congregation of Ezra Sholom*, 504 F. Supp. 2d at 159.

not identify the underwriter(s) from whom they purchased offering shares (information that, if true, should be readily available to the plaintiffs). *See In re Venator*, 547 F. Supp. 3d at 669-70 (dismissing because plaintiffs "haven't sufficiently demonstrated that they have standing" where, as here, the "complaint lacks direct allegations as to who purchased what securities and from which underwriter"); *Dartley v. ErgoBilt Inc.*, 2001 WL 313964, at *2 (N.D. Tex. Mar. 29, 2001) (dismissing where plaintiffs failed to identify the underwriters they bought from).

While Plaintiffs' failure to plead the identity of the Underwriter Defendants that Plaintiffs purchased from is dispositive, the few facts Plaintiffs do allege further confirm that the Court should dismiss. The conclusory allegation that "the Underwriter Defendants sold agilon common stock to Plaintiffs" (Compl. ¶ 282) is contradicted in the Complaint's next paragraph, where Plaintiffs collectively allege only three April 2021 IPO purchases, two September 2021 SPO purchases, and two May 2023 SPO purchases. Compl. ¶ 283. Yet Plaintiffs bring Section 12 claims against twelve, twelve, and sixteen Underwriter Defendants, respectively, in connection with the three Offerings. Compl. ¶¶ 44-45. It is mathematically impossible for all of the Underwriter Defendants to have sold agilon stock to Plaintiffs when Plaintiffs only claim to have made seven total purchases across the three Offerings. As pled, Plaintiffs' allegations are insufficient to show that any Underwriter Defendant passed title to any Plaintiff in any Offering.

*Second*, Plaintiffs have not pled the "solicitation" prong of *Pinter*. The Fifth Circuit requires that "[t]o count as 'solicitation,' the seller must, at a minimum, directly communicate with the buyer." *Rosenzweig*, 332 F.3d at 871. The Complaint does not allege that any Underwriter Defendant directly communicated with any Plaintiff. If such communications occurred, Plaintiffs easily could have pled them. The absence of such allegations is dispositive under *Rosenzweig*. *E.g.*, *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 2019 WL 13194025, at *5 (M.D. La. Jan. 9, 2019)

(direct communication between defendants and plaintiffs is "necessary predicate" for solicitation); *Bulmahn*, 53 F. Supp. 3d at 917 (dismissing due to no allegation of direct communications between defendants and plaintiff); *In re Fleming Cos. Inc. Sec. & Deriv. Litig.*, 2004 WL 5278716, at *50-51 (E.D. Tex. June 16, 2004) (dismissing where plaintiffs did not "sufficiently articulate[] how or if they had direct communication with the Underwriter Defendants").

The allegations Plaintiffs do include are not of direct communications between Underwriter Defendants and Plaintiffs, but of generic activities such as alleging the Underwriter Defendants "participated in" the "drafting and/or dissemination" and "offers for sale and sale of agilon stock for financial gain by means of the Prospectuses." Compl. ¶¶ 47-49, 289. "Involvement" in a transaction is not solicitation. *See Pinter*, 486 U.S. at 647; *see also Rosenzweig*, 332 F.3d at 871 (signing registration statement was not solicitation). Courts in the Fifth Circuit have found similar allegations are insufficient to plead solicitation. *E.g.*, *In re Venator*, 547 F. Supp. 3d at 669-70 (alleging underwriters "participat[ed]" in the preparation of offering materials was insufficient).[15]

## CONCLUSION

For the foregoing reasons and those stated in the other Defendants' motions to dismiss, all claims against the Underwriter Defendants should be dismissed in their entirety with prejudice.

---

[15] The fact that this is a putative class action does not relax the Section 12 standing analysis. The named plaintiffs in a putative class action must establish individual standing against each named defendant. *See Cunningham v. Circle 8 Crane Servs., LLC*, 2021 WL 1615581, at *3 (W.D. Tex. Jan. 25, 2021) ("To demonstrate that they have standing, named plaintiffs in a class action must meet every element of standing as to each defendant, including alleging that they were injured by each defendant named in the suit."); *Joaquin v. Coliseum Inc.*, 2016 WL 3906820, at *2 (W.D. Tex. July 13, 2016) (same), *adopted*, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016); *Lucas v. BMS Enters., Inc.*, 2010 WL 2671305, at *2 (N.D. Tex. July 1, 2010) ("The requirement of standing is not lessened for an individual plaintiff where that plaintiff files a class action complaint."); *In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 2004 WL 405886, at *32 (S.D. Tex. Feb. 25, 2004) (finding named plaintiff who identified only one offering it purchased from did not have standing for "other offerings from other statutory sellers for claims under § 12(a)(2)").

Date:  November 8, 2024                Respectfully submitted,

ALLEN OVERY SHEARMAN STERLING US LLP

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens
Texas Bar No. 24029440
thad.behrens@aoshearman.com
Daniel H. Gold
Texas Bar No. 24053230
dan.gold@aoshearman.com
Matthew A. McGee
Texas Bar No. 24062527
matt.mcgee@aoshearman.com
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, TX 75201
Tel.: (214) 271-5777

*Attorneys for Underwriter Defendants J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC; BofA Securities, Inc.; Wells Fargo Securities, LLC; Deutsche Bank Securities Inc.; Cowen and Company, LLC; Nomura Securities International, Inc.; RBC Capital Markets, LLC; Leerink Partners LLC f/k/a SVB Securities LLC; Truist Securities, Inc.; William Blair & Company, L.L.C.; Academy Securities, Inc.; R. Seelaus & Co., LLC; Samuel A. Ramirez & Company, Inc.; Siebert Williams Shank & Co., LLC; and WR Securities, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2024, the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens