UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 1:24-cv-00297 |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) | |
| | ) | |
| ALL ACTIONS | ) | |
| | ) | |

**UNDERWRITER DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CONSOLIDATED COMPLAINT**

Thad Behrens
Daniel H. Gold
Matthew A. McGee
ALLEN OVERY SHEARMAN STERLING US LLP
2601 Olive Street, 17th Floor
Dallas, Texas 75201
Tel: (214) 271-5777

*Attorneys for Underwriter Defendants J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC;
BofA Securities, Inc.; Wells Fargo Securities, LLC; Deutsche Bank Securities Inc.; Cowen and
Company, LLC; Nomura Securities International, Inc.; RBC Capital Markets, LLC; Leerink
Partners LLC f/k/a SVB Securities LLC; Truist Securities, Inc.; William Blair & Company,
L.L.C.; Academy Securities, Inc.; R. Seelaus & Co., LLC; Samuel A. Ramirez & Company, Inc.;
Siebert Williams Shank & Co., LLC; and WR Securities, LLC*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

    I.    Plaintiffs' Securities Act Claims Fail Because They Do Not Plead Any False or Misleading Statement in the Offering Documents......................................................... 2

    II.    The Three-Year Statute of Repose Bars Plaintiffs' Claims Under Sections 11 and 12(a)(2) of the Securities Act with Respect to the April 2021 IPO. ............................ 4

    III.    Plaintiffs' Claim Under Section 12(a)(2) of the Securities Act Fails Because Plaintiffs Do Not Plead that Any Underwriter Defendant Was a Statutory Seller. ...... 8

    IV.    Dismissal Should Be With Prejudice. ....................................................................... 10

CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*United States ex rel. Carter v. Halliburton Co.*,
   315 F.R.D. 56 (E.D. Va. 2016) ..................................................................................6

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
   2016 WL 215476 (S.D. Tex. Jan. 19, 2016) ..............................................................8

*Dartley v. ErgoBilt Inc.*,
   2001 WL 313964 (N.D. Tex. Mar. 29, 2001) .............................................................9

*In re Dynegy, Inc. Sec. Litig.*,
   339 F. Supp. 2d 804 (S.D. Tex. 2004) .....................................................................5, 7

*In re Enron Corp. Sec., Deriv. & ERISA Litig.*,
   2005 WL 1638039 (S.D. Tex. June 21, 2005) ...........................................................7

*In re Enron Corp. Sec., Deriv., & ERISA Litig.*,
   465 F. Supp. 2d 687 (S.D. Tex. 2006) .......................................................................6

*In re Envision Healthcare Corp. Sec. Litig.*,
   2022 WL 4551876 (M.D. Tenn. Sept. 29, 2022) .......................................................5

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*,
   147 F. Supp. 3d 493 (E.D. La. 2015) .........................................................................2

*Gambrill v. CS Disco, Inc.*,
   2025 WL 388828 (W.D. Tex. Jan. 30, 2025) .............................................................4

*Hogan v. Pilgrim's Pride Corp.*,
   73 F.4th 1150 (10th Cir. 2023) ..................................................................................5

*In re LexinFintech Holdings Ltd. Sec. Litig.*,
   2021 WL 5530949 (D. Or. Nov. 24, 2021) .............................................................5, 6

*Marquez v. Bright Health Grp., Inc.*,
   --- F.3d ---, 2024 WL 4654137 (E.D.N.Y. Nov. 1, 2024) ........................................4

*Martin v. Altisource Residential Corp.*,
   2019 WL 2762923 (D.V.I. July 2, 2019) ....................................................................6

*In re Marvell Tech. Grp. Ltd. Sec. Litig.*,
   2008 WL 4544439 (N.D. Cal. Sept. 29, 2008) ..........................................................6

*Murray v. EarthLink Holdings Corp.*,
    2023 WL 4295600 (E.D. Ark. June 30, 2023)................................................................5

*In re NIO, Inc. Sec. Litig.*,
    2023 WL 5048615 (E.D.N.Y. Aug. 8, 2023).................................................................6

*Pang v. Levitt*,
    2023 WL 11643704 (W.D. Tex. Dec. 20, 2023) ..........................................................3

*Pang v. Levitt*,
    2024 WL 2108842 (W.D. Tex. Apr. 22, 2024)..............................................................3

*Pinter v. Dahl*,
    486 U.S. 622 (1988).....................................................................................................9

*Plaisance v. Schiller*,
    2019 WL 1205628 (S.D. Tex. Mar. 14, 2019)..............................................................2

*Rosenzweig v. Azurix Corp.*,
    332 F.3d 854 (5th Cir. 2003) .....................................................................................10

*Se. Pa. Trans. Auth. v. Orrstown Fin. Servs. Inc.*,
    12 F.4th 337 (3d Cir. 2021) .........................................................................................5

*SMS Fin., LLC v. ABCO Homes, Inc.*,
    167 F.3d 235 (5th Cir. 1999) ....................................................................................6, 7

*Vanderwall v. Peck*,
    129 F. App'x 89 (5th Cir. 2005) .................................................................................10

*In re Venator Materials PLC Sec. Litig.*,
    547 F. Supp. 3d 624 (S.D. Tex. 2021) ......................................................................8, 9

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
    336 F.3d 375 (5th Cir. 2003) .....................................................................................10

*Winzer v. Kaufman Cnty.*,
    916 F.3d 464 (5th Cir. 2019) .......................................................................................7

*York Cnty. ex rel. York Fund v. HP Inc.*,
    738 F. Supp. 3d 1182 (N.D. Cal. 2024) .......................................................................5

## Other Authorities

Fed. R. Civ. P. 15................................................................................................................6

The Underwriter Defendants[1] file this Reply in Support of their Motion to Dismiss the Consolidated Complaint.[2]

## INTRODUCTION

Plaintiffs' Opposition (ECF No. 55) ("Opposition" or "Opp.") fails to show that the Securities Act claims asserted against the Underwriter Defendants should survive dismissal.

The primary deficiency warranting dismissal of all the Securities Act claims is Plaintiffs' failure to plead adequately any false or misleading statement in the Offering Documents for any of agilon's three Offerings, as set forth more fully in the agilon and CDR&R Defendants' briefs. Most notably, the Opposition does not point to any allegations regarding the state of agilon's business at the time of the April 2021 IPO and September 2021 SPO and, with respect to the May 2023 SPO, ignores agilon's disclosures about the impact Covid was having on its business and the inherent time lag that made its estimated utilization rates subject to change. Plaintiffs cannot state a claim through hindsight and mischaracterization of the disclosures.

Independent of Plaintiffs' failure to plead falsity, significant portions of their Securities Act claims fail on additional grounds. As set forth in the Motion, the statute of repose bars the Securities Act claims asserted in connection with the April 2021 IPO, and Plaintiffs' claim under Section 12 fails for all three Offerings because Plaintiffs have not pled that the Underwriter Defendants were statutory sellers. The Opposition does not provide relevant in-circuit authorities supporting Plaintiffs' arguments on these points and relies almost exclusively on out-of-circuit

---

[1] Capitalized terms not otherwise defined herein are defined in the Underwriter Defendants' Motion to Dismiss Consolidated Complaint (ECF No. 53) ("Motion" or "Mot.").

[2] Documents cited as "Ex. __" are attached to the Declaration of D. Mason Parham in Support of Defendants' Motions to Dismiss, which the agilon Defendants filed concurrently with their Motion to Dismiss at Docket No. 52. Pinpoint citations (*e.g.*, "Ex. __ at App. __") are to the pages of the consecutively numbered Joint Appendix in Support of Defendants' Motions to Dismiss.

cases (which are largely distinguishable in any event).  The Court should follow the in-circuit cases and dismiss the April 2021 IPO Securities Act claims and Plaintiffs' Section 12 claim on these independent bases.

The Underwriter Defendants respectfully request that the Court dismiss all of Plaintiffs' claims against the Underwriter Defendants with prejudice.

## ARGUMENT

### I.    Plaintiffs' Securities Act Claims Fail Because They Do Not Plead Any False or Misleading Statement in the Offering Documents.

The Underwriter Defendants incorporate the other Defendants' replies,[3] and here briefly summarize some of the Complaint's core deficiencies in pleading falsity as to the Offering Documents.

For the April 2021 IPO and the September 2021 SPO, the Opposition confirms the Complaint's failure to allege any false or misleading statements *at the time of the Offerings*.  The Opposition does not point to a single factual allegation in the Complaint about what was actually occurring in agilon's business at the time of the 2021 Offerings.  *See* Opp. at 14-19 (citing Compl. ¶¶ 80-85, 241-46, 267-72, which plead no facts about what was happening in 2021).  Plaintiffs' reliance instead on alleged issues in late 2023 and 2024 does not give rise to a plausible inference that the same alleged problems existed in 2021.  *See* Mot. at 4, 6 (citing authorities); *see also Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 147 F. Supp. 3d 493, 516 (E.D. La. 2015) (allegation from 2014 did not support falsity of statements from 2011 where "plaintiffs fail[ed] to allege any contemporaneous facts"); *Plaisance v. Schiller*, 2019 WL 1205628, at *24 (S.D. Tex. Mar. 14, 2019) (dismissing where "Plaintiffs fail[ed] to allege

---

[3] The other Defendants' Section 11 arguments apply equally apply to the Section 12 claim. *See* Mot. at 5 n.5; Opp. at 21 (incorporating Section 11 falsity argument for Section 12 claim).

contemporaneous facts"). That is particularly true here, where there is no dispute that agilon outperformed its guidance in both 2021 and 2022 (agilon Defendants' Motion (ECF No. 51) at 9), and as explained in the agilon Defendants' reply brief, Plaintiffs offer no well-pled allegation as to why agilon performed so well for two years if its business model was doomed from the start as Plaintiffs contend.

Plaintiffs relegate their failure to plead facts as of the time of the 2021 Offerings to a footnote, which points to a letter from May 2024 that does not say anything about 2021. Opp. at 17 n.6 (citing Ex. 27 at App. 968-72). Their footnote also fails to distinguish meaningfully this Court's opinion in *Pang* that dismissed claims based on statements with a timing disconnect like the allegations here. *See* Mot. at 6. Plaintiffs focus instead on *Pang*'s initial allowance of a claim as to a different statement (which did not rely on allegations about events years later to plead falsity) and fail to mention that this Court later dismissed that statement on reconsideration. Opp. at 17 n.6; *Pang v. Levitt*, 2023 WL 11643704, at *4-5, *7 (W.D. Tex. Dec. 20, 2023); *Pang v. Levitt*, 2024 WL 2108842, at *2-6 (W.D. Tex. Apr. 22, 2024).

For the May 2023 SPO, Plaintiffs focus on their theory that the Offering Documents failed to disclose that COVID-19 was already impacting the Company's financials. Opp. at 20-21. This theory ignores agilon's express disclosure in the May 2023 SPO Offering Documents that "COVID-19 ***has also resulted*** in fluctuations in our medical expenses and increased challenges in accurately estimating the amount of medical expenses which have been incurred . . . ." Ex. 11 at App. 565-66 (10-K incorporated into May 2023 SPO registration statement) (emphasis added).

Plaintiffs similarly engage in hindsight pleading and ignore agilon's disclosures by suggesting the May 2023 Offering Documents were misleading for failing to disclose dramatic increases in utilization relative to 2022. Opp. at 20 (citing Compl. ¶ 275(e)). agilon explained in

the Offering Documents that its "medical claims payable estimates" would need to be adjusted "based on actual claim submissions . . . [a]s more complete claims information becomes available." Ex. 11 at App. 621 (10-K incorporated into May 2023 SPO registration statement).  Plaintiffs ignore this disclosure in pointing to utilization increases that agilon disclosed long after the May 2023 SPO, in November 2023 and early 2024 once more complete information became available. *See* Compl. ¶¶ 12-15.  In the full context of agilon's disclosures about the inherent time lag between when medical care occurs and when the full financial impact of that care is knowable, no reasonable investor would have understood statements about "visibility" as meaning that agilon had instantaneous access to complete utilization data.  *E.g.*, *Gambrill v. CS Disco, Inc.*, 2025 WL 388828, at *5-6 (W.D. Tex. Jan. 30, 2025) (dismissing claims because whether a plaintiff pleads falsity must be considered in context of what was disclosed).  Nor can liability be based on an alleged failure to disclose information that was not knowable (particularly where agilon disclosed the time lag making the information not knowable).  *E.g.*, *Marquez v. Bright Health Grp., Inc.*, --- F.3d ---, 2024 WL 4654137, at *5 (E.D.N.Y. Nov. 1, 2024) ("Defendants argue that Plaintiff's Securities Act claims under Sections 11 and 12(a)(2) fail because the Amended Complaint does not plausibly allege any material misstatement or omission that both existed and was known or knowable, at the time of the offering. . . .  The Court agrees." (citation omitted)).

For these reasons and those stated in more detail by the other Defendants, Plaintiffs have not pled any false or misleading statement for their Securities Act claims.

## II.    The Three-Year Statute of Repose Bars Plaintiffs' Claims Under Sections 11 and 12(a)(2) of the Securities Act with Respect to the April 2021 IPO.

Plaintiffs concede that their Securities Act claims based on the April 2021 IPO can only be timely if the claims filed by the North Carolina Funds on September 6, 2024, relate back under Fed. R. Civ. P. 15(c) to the Indiana Complaint filed on April 2, 2024.  *See* Opp. at 24-31 (arguing

for relation back under Rule 15(c) and asserting no other timeliness argument).  The Opposition fails to overcome any of the three independent grounds raised in the Motion for why the April 2021 IPO claims asserted in the Complaint do not relate back to the Indiana Complaint.  Mot. at 9-12.

*First*, the Opposition has no meaningful response to the cases from within the Fifth Circuit holding that the relation back doctrine does not apply to statutes of repose, particularly where, as here, the new complaint would add or change causes of action.  *See* Mot. at 9-10.  Plaintiffs' only effort to deal with these in-circuit authorities is a footnote arguing that the Court should disregard them because they involved different causes of action than Plaintiffs assert here.  *See* Opp. at 25-26 n.17.  This is a distinction without a difference, as whether Rule 15(c) can circumvent a statute of repose does not turn on the particular cause of action.  The only in-circuit case Plaintiffs cite is *Dynegy*, a pre-*CalPERS* case involving the statute of limitations, not the statute of repose (the word "repose" appears nowhere in opinion).  Opp. at 25-28; *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804 (S.D. Tex. 2004).  Indeed, the cited page of *Dynegy* reflects that the relevant stock offering occurred on December 20, 2001, within three years of the complaint filing (the opinion is dated October 7, 2004).  *See Dynegy*, 339 F. Supp. 2d at 840-41.[4]

---

[4] Even Plaintiffs' out-of-circuit cases that permitted relation back for statutes of repose did not involve, as here, the combination of (i) changing or adding plaintiffs, (ii) changing or adding defendants, and (iii) changing or adding causes of action.  Plaintiffs cite no case in any jurisdiction that permitted relation back in these circumstances.  *See Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1152-62 (10th Cir. 2023) (same plaintiffs sought to add additional details for same causes of action against same defendants); *Se. Pa. Trans. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 341-53 (3d Cir. 2021) (same); *York Cnty. ex rel. York Fund v. HP Inc.*, 738 F. Supp. 3d 1182, 1199-1205 (N.D. Cal. 2024) (same causes of action and court denied relation back as to newly-added defendants); *Murray v. EarthLink Holdings Corp.*, 2023 WL 4295600, at *3 (E.D. Ark. June 30, 2023) (plaintiff and defendants were the same and no indication that causes of action changed); *In re Envision Healthcare Corp. Sec. Litig.*, 2022 WL 4551876, at *1-5 (M.D. Tenn. Sept. 29, 2022) (amended complaint merely added new alleged misstatements in support of existing causes of action); *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 WL 5530949, at *16-18 (D. Or. Nov.

*Second*, the Opposition does not address the text of Rule 15, which limits potential relation back to where a party "amend[s] *its* pleading." Fed. R. Civ. P. 15(a)(1) (emphasis added); Fed. R. Civ. P. 15(c). The North Carolina Funds cannot "amend" a complaint filed by a different purported agilon shareholder (Mot. at 10-11 (citing cases)), and Plaintiffs' arguments cannot avoid that the Complaint (the first pleading filed by the North Carolina Funds) does not purport to be (and cannot be) an "amendment." *See* Compl. title page ("Consolidated Complaint," not "Amended Complaint").[5] The handful of unpublished out-of-circuit cases that Plaintiffs cite as permitting one plaintiff's complaint to relate back to a different plaintiff's complaint simply do not address the controlling text of Rule 15 stating that a party can only amend "its pleading." Opp. at 28-29.[6]

*Third*, the Opposition has no meaningful answer to the binding Fifth Circuit authority cited in the Motion holding that Rule 15(c) could only permit an amendment that adds or changes plaintiffs if there was a mistake concerning the proper plaintiff's identity. *See* Mot. at 11-12 (citing cases including *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999)). Plaintiffs try to avoid this requirement in the Fifth Circuit by pointing in a footnote to an irrelevant factual difference between *SMS Financial* and this case, and they also fail to distinguish meaningfully the cited in-circuit district court cases applying this standard. *See* Opp. at 29 n.24.[7]

---

24, 2021) (same causes of action against same defendants); *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 63-65 (E.D. Va. 2016) (plaintiff merely added specificity for same claims against same defendants).

[5] Contrary to Plaintiffs' suggestion, the Underwriter Defendants do not argue that the filing of the Complaint constituted a new "action." *See* Opp. at 28-29. The Underwriter Defendants' argument is based on whether the Complaint qualifies as an "amendment" under the text of Rule 15.

[6] *See In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at *4 (E.D.N.Y. Aug. 8, 2023) (not addressing text of Rule 15); *LexinFintech*, 2021 WL 5530949, at *17-18 (same); *Martin v. Altisource Residential Corp.*, 2019 WL 2762923, at *5-6 (D.V.I. July 2, 2019) (same); *In re Marvell Tech. Grp. Ltd. Sec. Litig.*, 2008 WL 4544439, at *2, *11 (N.D. Cal. Sept. 29, 2008) (same).

[7] The one in-circuit case Plaintiffs cite did not address *SMS Financial*. *See* Opp. at 30 (citing *In re Enron Corp. Sec., Deriv., & ERISA Litig.*, 465 F. Supp. 2d 687, 723 (S.D. Tex. 2006)).

Plaintiffs cannot avoid Fifth Circuit law and have no argument that there was any mistake concerning the proper plaintiff's identity.[8]

*Finally*, the Opposition relies on irrelevant factual distinctions and inapposite case law in its effort to address the independent basis the Section 12 claim as to the April 2021 IPO is untimely: the absence of *any* prior Section 12 claim challenging the April 2021 IPO Offering Documents having been filed within the repose period. *See* Mot. at 12-13. Plaintiffs' footnote attempting to distinguish the cases prohibiting new causes of action after the repose period has expired does not point to any relevant distinctions (Opp. at 31 n.27),[9] and the only two cases Plaintiffs affirmatively cite both pre-date *CalPERS* (*see* Mot. at 8) and do not help Plaintiffs here in any event. *See Dynegy*, 339 F. Supp. 2d at 840-44 (analyzing whether new cause of action could relate back for purposes of statute of *limitations*, not statute of *repose*); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 2005 WL 1638039, at *1-6 (S.D. Tex. June 21, 2005) (analysis focused on issues regarding related corporate entities and did not involve the assertion of a new cause of action, and court assumed (but did not analyze) that relation back for statute of repose is the same as it is for statute of limitations).[10]

---

[8] Plaintiffs' focus on whether the Underwriter Defendants were "on notice" (Opp. at 30-31) is beside the point because notice and mistaken identity are separate relation back requirements. *See Winzer v. Kaufman Cnty.*, 916 F.3d 464, 470 (5th Cir. 2019); *SMS Fin., LLC*, 167 F.3d at 244-45 (listing notice and mistaken identity as separate elements for amendments that change plaintiffs).

[9] The Opposition also confuses matters by noting that the *New England* complaint included a Section 12 claim, without making clear that the claim was asserted as to the May 2023 SPO, not the April 2021 IPO. Opp. at 31; *see* ECF No. 1 at ¶¶ 2-3, 128-36 (asserting Securities Act claims as to the May 2023 SPO, not the April 2021 IPO). It is the timeliness of the April 2021 IPO claims, not the May 2023 SPO claims, which is at issue.

[10] The Opposition similarly fails to provide any basis for relation back for the April 2021 IPO Securities Act claims against the Underwriter Defendants other than J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, and BofA Securities, Inc. given that the only complaint challenging the April 2021 IPO that was filed within the repose period did not name the other Underwriter Defendants. Mot. at 13 n. 13. While Plaintiffs state that "[b]y April 2, 2024, all of the Underwriters were defendants in this action" (Opp. at 30), that is only true as to the May 2023 SPO, not the

For each of these reasons, all of Plaintiffs' April 2021 IPO Securities Act claims should be dismissed with prejudice as to all Defendants.

### III. Plaintiffs' Claim Under Section 12(a)(2) of the Securities Act Fails Because Plaintiffs Do Not Plead that Any Underwriter Defendant Was a Statutory Seller.

The arguments in the Opposition confirm that Plaintiffs have failed to allege their standing to bring a Section 12(a)(2) claim as to any Underwriter Defendant. *See* Opp. at 21-24.

As to the "passed title" path for alleging standing, Plaintiffs conspicuously ignore the mathematical impossibility (given the large number of Underwriter Defendants and small number of Plaintiffs' alleged Offering purchases) of their conclusory allegation that "the Underwriter Defendants sold agilon common stock to Plaintiffs." *Compare* Mot. at 14 *with* Opp. at 21-24.  The implausible, conclusory allegation cannot be sufficient under federal pleading standards.

Plaintiffs instead argue they can sue all of the Underwriter Defendants without having to allege which of them purportedly sold agilon stock to Plaintiffs.  Opp. at 21-24.  Plaintiffs argue that "[c]ourts" support their view, but the one case they cite from within the Fifth Circuit had nothing to do with whether a plaintiff is required to plead the identity of the underwriter who sold shares to the plaintiff.  *See id.* at 22-23 & n.12 (citing *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2016 WL 215476, at *10 (S.D. Tex. Jan. 19, 2016), which analyzed only whether plaintiffs adequately alleged a purchase directly in an offering rather than in the aftermarket).

Plaintiffs fail to distinguish meaningfully the cases within the Fifth Circuit requiring a Section 12 plaintiff to plead the identity of the underwriter that sold the alleged offering shares to the plaintiff.  Mot. at 13-14 (citing *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624,

---

April 2021 IPO.  Plaintiffs do not point to any "mistake concerning the proper party's identity" (a relation back requirement under the plain text of Rule 15(c)) that would justify the omission of the other Underwriter Defendants from the Indiana Complaint.

669-70 (S.D. Tex. 2021) and *Dartley v. ErgoBilt Inc.*, 2001 WL 313964, at \*2 (N.D. Tex. Mar. 29, 2001)).  Plaintiffs try to brush *Venator* away by mentioning that the plaintiffs there also sought to bring a Section 12 claim against non-underwriters, and they try to brush *Dartley* away in a footnote by mentioning that the plaintiffs there did not plead that the underwriters sold them their shares. Opp. at 23 & n.13.  Neither of these purported distinctions undermines the holding of *Venator* and *Dartley*—or its applicability in this case—that when a plaintiff seeks to bring a Section 12 claim against underwriters, the plaintiff must plead which underwriter(s) allegedly sold the shares to the plaintiff.  The court in *Venator* (i) dismissed the plaintiffs' Section 12 claim because "[t]he amended complaint lack[ed] direct allegations as to who purchased what securities and from which underwriters," and (ii) expressly rejected the plaintiffs' argument that "this information isn't typically included in the complaint." *Venator*, 547 F. Supp. 3d at 669-70.  Similarly, the court in *Dartley* (i) dismissed the plaintiffs' Section 12 claim against underwriters Cruttenden and Principal because the plaintiffs did "not allege any facts to support the conclusion that Cruttenden or Principal were statutory sellers as to any of the Plaintiffs," and (ii) explicitly rejected the plaintiffs' argument that they "need not prove which underwriter they purchased from in order to sue Cruttenden and Principal under § 12(a)(2)." *Dartley*, 2001 WL 313964, at \*2.

This Court should follow the in-circuit authority—which best aligns with the requirement of Section 12 that Plaintiffs can only sue their seller (*see Pinter v. Dahl*, 486 U.S. 622, 623 (1988))—and require that Plaintiffs allege from whom they bought their alleged offering shares (information that is within their control).

As to the "solicitation" path for alleging standing, Plaintiffs are unable to dispute that the Fifth Circuit directly holds that "[t]o count as 'solicitation,' the seller must, at a minimum, directly communicate with the buyer" or that the Complaint lacks any allegations that any Underwriter

Defendant directly communicated with any Plaintiff. *Compare* Mot. at 14-15 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003) and multiple district court cases dismissing Section 12 claims on this basis), *with* Opp. at 24. Plaintiffs merely argue that activities other than direct communications, such as allegedly participating in creating the Offering Documents, constitute solicitation. However, the Supreme Court, Fifth Circuit, and district court cases cited in the Motion have rejected this argument. *See* Mot. at 15 (citing authorities). Under the applicable standard for pleading solicitation requiring direct communications, Plaintiffs have not attempted to do that here as to any, much less each, of the Underwriter Defendants.

## IV.    Dismissal Should Be With Prejudice.

The Motion requested dismissal with prejudice. Mot. at 1, 15. No amendment could cure core deficiencies in the Complaint, such as ignoring agilon's disclosures and the lack of timeliness of the April 2021 IPO Securities Act claims. Moreover, neither in the Opposition nor elsewhere have Plaintiffs requested leave to amend if the Court concludes that the Complaint fails to state a claim. A district court is well within its discretion in dismissing a case with prejudice where the plaintiff has not requested leave to amend. *E.g.*, *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (affirming dismissal with prejudice and stating "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals"); *Vanderwall v. Peck*, 129 F. App'x 89, 91 (5th Cir. 2005) (affirming dismissal with prejudice where plaintiff "never requested any leave to amend"). The Complaint should accordingly be dismissed with prejudice.

### CONCLUSION

For the reasons stated herein, in the Motion, and in the other Defendants' briefs, all claims against the Underwriter Defendants should be dismissed in their entirety with prejudice.

Date:  February 20, 2025                Respectfully submitted,

ALLEN OVERY SHEARMAN STERLING US LLP

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens
Texas Bar No. 24029440
thad.behrens@aoshearman.com
Daniel H. Gold
Texas Bar No. 24053230
dan.gold@aoshearman.com
Matthew A. McGee
Texas Bar No. 24062527
matt.mcgee@aoshearman.com
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, TX 75201
Tel.: (214) 271-5777

*Attorneys for Underwriter Defendants J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC; BofA Securities, Inc.; Wells Fargo Securities, LLC; Deutsche Bank Securities Inc.; Cowen and Company, LLC; Nomura Securities International, Inc.; RBC Capital Markets, LLC; Leerink Partners LLC f/k/a SVB Securities LLC; Truist Securities, Inc.; William Blair & Company, L.L.C.; Academy Securities, Inc.; R. Seelaus & Co., LLC; Samuel A. Ramirez & Company, Inc.; Siebert Williams Shank & Co., LLC; and WR Securities, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2025, the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens