UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

**THE CD&R ENTITIES' MOTION
FOR CLARIFICATION AND/OR RECONSIDERATION**

<table>
<tr>
<td>

Santosh Aravind
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300

</td>
<td>

Maeve L. O'Connor
Elliot Greenfield
Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000

*Attorneys for Defendants Clayton, Dubilier &
Rice, LLC, CD&R Vector Holdings, L.P.,
CD&R Investment Associates IX, Ltd., CD&R
Associates IX, L.P.*

</td>
</tr>
</table>

Defendants Clayton, Dubilier & Rice, LLC ("CD&R LLC"), CD&R Vector Holdings, L.P. ("Vector"), CD&R Investment Associates IX, Ltd. ("CD&R Investment Associates"), and CD&R Associates IX, L.P. ("CD&R Associates") (collectively, the "CD&R Entities") file this motion for clarification and/or reconsideration of the Court's August 15, 2025 Order (Dkt. No. 63, "MTD Order") granting in part and denying in part the CD&R Defendants' Motion to Dismiss (Dkt. No. 54, "Mem."; Dkt. No. 60, "Reply") pursuant to Fed. R. Civ. P. 54(b).

**PRELIMINARY STATEMENT**

The CD&R Entities respectfully request that the Court clarify and/or reconsider two discrete aspects of its MTD Order concerning the Section 20(a) and Section 20A claims against the CD&R Entities.

*First*, the CD&R Entities request that the Court clarify (or reconsider) whether the Section 20(a) and Section 20A claims survive only as to Vector or as to all four of the CD&R Entities. As the Court recognized, Vector is the *only* entity that is alleged to have owned agilon stock or to be a party to the Stockholders Agreement with agilon, and it was on the basis of those allegations that the Court declined to dismiss the Section 20(a) and Section 20A claims. Based on the Court's analysis, it appears that the Court intended that those claims would proceed only against Vector, and not the three other CD&R Entities – CD&R LLC, CD&R Investment Associates, and CD&R Associates – which did not own agilon stock and were not parties to the Stockholders Agreement. The CD&R Entities request that the Court clarify (or reconsider if necessary) that the Section 20(a) and Section 20A claims are dismissed as against CD&R LLC, CD&R Investment Associates, and CD&R Associates.

*Second*, Vector requests, with respect to the Section 20A claim, that the Court reconsider its conclusion that Plaintiffs adequately alleged that Vector was in possession of material non-public information regarding an increase in medical utilization rates at the time it sold agilon

stock. Plaintiffs' Section 20A claim is subject to the strict pleading requirements of Rule 9(b) and the PSLRA, which require Plaintiffs to identify the specific material, nonpublic information that CD&R Vector allegedly possessed at the time of the relevant stock sales. Plaintiffs make no attempt to do so, and the law is clear that allegations of mere "access" to information are insufficient. The Court should dismiss the Section 20A claim against Vector.

## **LEGAL STANDARD**

The Court has broad discretion to clarify, reconsider and amend the MTD Order. The Court possesses "the inherent procedural authority to clarify its order for causes seen by it to be sufficient." *PSSI Holdings, LLC v. Calhoun*, 2021 WL 6333019, at *1 (E.D. Tex. Nov. 19, 2021) (alteration omitted). And Rule 54(b) provides that interlocutory orders may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). As the Fifth Circuit has explained, on a motion for reconsideration, the Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Pang v. Levitt*, 2024 WL 2108842, at *2 (W.D. Tex. Apr. 22, 2024) (quoting *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010)) (granting motion for reconsideration). Interlocutory orders are "left within the plenary power of the court that rendered them to afford such relief from them as justice requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014). Accordingly, whether to reconsider an interlocutory order "rests within the discretion of the court." *Estrada v. Indus. Transit, Inc.*, 2016 WL 10967301, at *3 (W.D. Tex. July 6, 2016) (granting motion for reconsideration). "The district court's discretion in this respect is broad." *Brown v. Wichita Cty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011).

**ARGUMENT**

**I.    THE COURT SHOULD CLARIFY OR RECONSIDER ITS RULING WITH RESPECT TO CD&R LLC, CD&R INVESTMENT ASSOCIATES, AND CD&R ASSOCIATES.**

Although the four CD&R Entities are separate and distinct legal entities, Plaintiffs' Complaint lumped them together in the defined term "CD&R" to obscure a crucial and undeniable fact:  Vector is the *only* CD&R Entity that ever owned agilon stock or was a party to the Stockholders Agreement, under which it could designate individuals for the agilon Board and request certain information concerning agilon's financial performance.  (CC ¶¶ 51, 302; Dkt. No. 52, Ex. 3.)  The other CD&R Entities neither owned agilon stock nor were parties to the Stockholders Agreement.

As the Court recognized, Plaintiffs' Section 20(a) and Section 20A claims are based entirely on allegations that *Vector* owned agilon stock and that *Vector* was a party to the Stockholders Agreement, which allowed it to designate directors to the agilon board and to request certain information about the Company's financial performance.  (MTD Order 77-87; CC ¶¶ 301-02.)  With respect to the Section 20(a) claims, the Court concluded that Vector lacked control over agilon after its May 2023 sale of agilon stock, which reduced its ownership to less that 25% of the Company.  (MTD Order 81 ("[T]he Court agrees with the CD&R Defendants that the majority of the alleged false and misleading statements occurred after May 2023, when *Vector* owned less than 25% stock ownership . . .") (emphasis added); *id.* 82 ("Plaintiffs have failed to allege specific facts demonstrating control by *Vector* at the time the false or misleading statements were made . . .") (emphasis added).)  Similarly, the Section 20A claim is based on Vector's sale of agilon stock while purportedly having access to Company information by means of the Stockholders Agreement.  (MTD Order 85-86.)

The Court distinguished Vector from the other CD&R Entities and appeared to acknowledge that only Vector owned agilon stock and was a party to the Stockholders Agreement. There is no plausible allegation to the contrary, as the documents on which Plaintiffs rely are unambiguous: The Stockholders Agreement defines the "CD&R Investor" to be Vector, and each registration statement filed with the SEC identifies Vector – not any other CD&R Entity – as the "CD&R Investor" and "selling stockholder." (Dkt. No. 52, Ex. 1 at 28-29, Ex. 3 at 192, Ex. 5 at 243-44, 299, Ex. 16 at 696-97, 702, 714.) Any allegations to the contrary are entitled to no weight and should be disregarded. (Mem. 4-7, 12-13; Reply 6.)

Accordingly, there is no basis for a Section 20(a) or Section 20A claim against any of the three other CD&R Entities: CD&R LLC, CD&R Investment Associates, and CD&R Associates. None of those entities owned agilon stock or had the ability to designate directors to the agilon board, the basis of Vector's alleged control. And none of those entities purchased or sold agilon stock, which is a key element of a Section 20A claim. *See* 15 U.S.C. § 78t-1(a) (requiring "purchasing or selling a security"). Insider trading claims under Section 20A must be pleaded with particularity, including specifically identifying "the person who traded." *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 610 F. Supp. 2d 600, 651 (S.D. Tex. 2009). Plaintiffs cannot state a claim against CD&R LLC, CD&R Investment Associates, or CD&R Associates based on alleged trades by Vector. (Mem. 13, 19; Reply 6-7.)

Based on the Court's reasoning and analysis, it appears that the Court intended that the Section 20(a) and Section 20A claims would proceed only as to Vector. However, the Court's analysis includes references not only to "Vector," but also to "the CD&R Defendants and/or Vector," "CD&R Defendants," or just "CD&R." (MTD Order 77-87.) And, in its conclusion,

4

the Court allows the Section 20(a) claims to proceed (in part) against the "CD&R Defendants" and the Section 20A claims to proceed against "CD&R."

To the extent the Court intended that those claims proceed only as to Vector, the CD&R Entities request that the Court clarify the MTD Order in that regard.  Otherwise, for the reasons stated above, the CD&R Entities request that the Court reconsider whether the Section 20(a) and Section 20A claims should proceed against CD&R LLC, CD&R Investment Associates, and CD&R Associates, and that it dismiss the claims against those entities.

## II.     THE COURT SHOULD RECONSIDER ITS RULING ON THE SECTION 20A CLAIMS AGAINST VECTOR.

The Court should reconsider its ruling allowing Plaintiffs' Section 20A claim to survive against Vector because Plaintiffs completely failed to identify any specific material, nonpublic information possessed by Vector when it sold agilon stock, as required by Rule 9(b) and the PSLRA.

The law is clear that a Section 20A claim must be pleaded with particularity, "including identification of the person who traded" and "what material non-public information he had."  *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 610 F. Supp. 2d at 651; *see also In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1191 (9th Cir. 2024) ("Insider trading actions must meet the higher, exacting pleading standards" of Rule 9(b) and the PSLRA.); *In re Envision Healthcare Corp. Sec. Litig.*, 2019 WL 6168254, at *25 (M.D. Tenn. Nov. 19, 2019) ("Section 20A claims 'sound in fraud' and must be pleaded with particularity under Fed. R. Civ. P. 9(b)."); *In re Petco Animal Supplies Inc. Sec. Litig.*, 2006 WL 6829623, at *35 (S.D. Cal. Aug. 1, 2006) (Section 20A plaintiff "must comply with Rule 9(b)" and plead use of "nonpublic material information" with particularity.).

Plaintiffs fail to state a claim against Vector because they do not identify – with particularity – any specific material, non-public information that Vector possessed at the time of its stock sales.  Generalized assertions of knowledge of unspecified information are insufficient to plead a violation of Section 20A.  Plaintiffs must "plead with specificity what material nonpublic information was ever possessed" by Vector.  *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 2016 WL 4095973 at *38, 42 (S.D. Tex. Aug. 2, 2016) (dismissing Section 20A claim); *see also In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 916 (S.D. Tex. 2001) (dismissing Section 20A claim where there was "no specific allegation of what nonpublic information was used by Defendants to trade"); *In re Silver Lake*, 108 F.4th at 1191(affirming dismissal of Section 20A claim where plaintiff failed to "allege specifically what information [defendant] obtained, when and from whom he obtained it, and how he used it for his own advantage").

Vector respectfully submits that the Court erred in holding that allegations of potential *access* to non-public information is sufficient to state a claim.  The Court concluded that Plaintiffs "sufficiently alleged that the Stockholders Agreement supplied CD&R with access to agilon's non-public books and records, financial statements, business plans, budgets, projections, and other material information."  (MTD Order 86-87 (citing CC ¶¶ 6, 305).)  The Stockholders Agreement states only that "[u]pon written request" of Vector, agilon would provide: (*i*) financial statements within 30 days of the end of each month; (*ii*) an annual budget, business plan and financial forecast within 30 days before the next fiscal year; (*iii*) SEC filings and related information on a quarterly and annual basis; and (*iv*) unspecified "other information and data" as "may be reasonably requested."  (Dkt. No. 52, Ex. 3 at 198-99, §§ 2.2-2.3.)  There is *no* allegation in the Complaint of any request for information, much less any particularized

allegation that specifically identifies *any* material non-public information possessed by Vector at the time of its stock sales. Certainly, Plaintiffs identify no such material non-public information possessed by Vector regarding a purported "increase in medical utilization rates." (MTD Order 87.) That utilization increase had not occurred at the time of Vector's September 14, 2021 and August 11, 2022 stock sales, and to the extent that agilon was even aware of a utilization increase as of May 18, 2023, Plaintiffs identify no specific information about such an increase that was communicated to Vector at that time.

Courts in this Circuit and elsewhere have consistently rejected attempts to plead insider trading based on mere "access" to information. *See In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 258 F. Supp. 2d 576, 633 (S.D. Tex. 2003) (holding that "vague generalities" regarding "access" to adverse non-public information are insufficient to state a claim); *In re Envision*, 2019 WL 6168254, at \*25 (dismissing Section 20A claim and holding that conclusory assertions that information was communicated to CD&R funds were "not enough to allege CD&R was in possession of insider information at the time of the sales"); *Shah v. Zimmer Biomet Holdings, Inc.*, 348 F. Supp. 3d 821, 849 (N.D. Ind. 2018) (dismissing Section 20A claim against private equity funds where allegations show "nothing more than that [funds] had *potential* access to insider information" and holding that "[a]ccess to information is not the same as actually possessing the specific information and knowing it") (emphasis in original); *In re Petco*, 2006 WL 6829623, at \*36 (dismissing Section 20A claim against private equity funds where allegations of knowledge non-public information were "conclusory" and "not supported by facts"). In the context of a Section 20A claim, Plaintiffs "must allege *actual* knowledge by the defendant, not some second-hand belief that such knowledge existed." *Shah*, 348 F. Supp. 3d at 849 (emphasis added).

More broadly, it is well established that allegations that a defendant "must have known" statements were false based on mere "access" to company information is insufficient to plead scienter under Section 10(b).  Such allegations fail even as to the senior management of the company, and they are even weaker and more attenuated when lodged against a stockholder that is not managing the company on a day-to-day basis.  *See Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 432 (5th Cir. 2002) (holding that a "pleading of scienter may not rest on the inference that defendants must have been aware of a misstatement based on their positions within the company"); *Indiana Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 535 (5th Cir. 2008) (allegations that defendants "must have known" of accounting irregularities based on their positions as CEO and CFO insufficient to plead scienter); *In re Dell Inc., Sec. Litig.*, 591 F. Supp. 2d 877, 894 (W.D. Tex. 2008) (allegation that defendants "must have known" statements were false based on "unfettered access" to company's financial information insufficient to plead scienter, where plaintiffs "allege nothing specific" about what defendants actually "knew"); *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 642 (S.D. Tex. 2018) (allegations of "generalized access to reports of corporate information" insufficient to plead scienter where plaintiffs failed to make "specific allegations about which corporate officer learned what facts, from what source, on what date"), *aff'd*, 777 F. App'x 726 (5th Cir. 2019); *Delaware Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, 579 F. Supp. 3d 933, 954 (S.D. Tex. 2022) ("Simply pleading that a defendant had access to internal information that contradicted that individual's public statements is not enough."); *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d at 887 ("Conclusory allegations that [defendants] had the requisite scienter based on their executive positions at [company], their involvement in day-to-day management of its

8

business, their access to internal corporate documents, their conversations with corporate officers and employees, and their attendance at management and Board meetings are insufficient.").

Because Plaintiffs' generalized allegations of access to company information are inadequate, the CD&R Entities ask that the Court reconsider its prior decision and dismiss the Section 20A claim against Vector.

## CONCLUSION

For the reasons stated above, the CD&R Defendants request that the Court clarify and/or reconsider its MTD Order, such that (*i*) the Section 20(a) and Section 20A claims are dismissed as to CD&R LLC, CD&R Investment Associates, CD&R Associates, and (*ii*) the Section 20A claim is also dismissed as against Vector.

Respectfully submitted,

Dated:  September 3, 2025          /s/ Elliot Greenfield

Maeve L. O'Connor (admitted *pro hac vice*)
Elliot Greenfield (admitted *pro hac vice*)
Brandon Fetzer (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*mloconnor@debevoise.com*
*egreenfield@debevoise.com*
*bfetzer@debevoise.com*

Santosh Aravind (Texas Bar No. 24095052)
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
*saravind@scottdoug.com*

*Attorneys for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P. in this action and that on September 3, 2025 I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

/s/ Santosh Aravind