UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

**AGILON DEFENDANTS' MOTION FOR CLARIFICATION**

Defendants agilon health, inc. ("agilon"), Steven J. Sell, Timothy S. Bensley, Heidi Hittner, and Girish Venkatachaliah (together with agilon, the "agilon Defendants"), respectfully submit this motion for clarification of the Court's August 15, 2025, Order (Dkt. No. 63, the "MTD Order") pursuant to Fed. R. Civ. P. 54(b). The agilon Defendants file this motion in parallel with the Vector Entities' motion for clarification and/or reconsideration and incorporate by reference the standards and authorities cited therein.

## I.   PRELIMINARY STATEMENT

The agilon Defendants request clarification on one point regarding the remaining defendants.

The Court dismissed Plaintiffs' claims against defendants Heidi Hittner and Girish Venkatachaliah because Plaintiffs failed to allege that the statements these two defendants made—or any related statements—were materially false or misleading. In the body of its order, the Court dismissed "claims" against the two defendants. In the conclusion of the order, however, the Court referred to "Section 10(b)" claims against the two. Seeking to exploit this possible ambiguity, Plaintiffs currently maintain that the Section 20(a) claims against the two defendants remain in the case. Because that would be inconsistent with both the logic of the Court's ruling and controlling law, the Court should clarify that it has dismissed *all* claims against Hittner and Venkatachaliah.

## II.   ARGUMENT

### A.   The Court Should Clarify That It Has Dismissed *All* Claims Against Hittner and Venkatachaliah

The Court ruled that it "will dismiss without prejudice *Plaintiffs' claims* against Hittner … and Venkatachaliah … as Plaintiffs' claims against these Exchange Act Defendants rely only on their statements as to data capabilities and data integration." MTD Order at 49 n.1 (emphasis added). The Court then stated in the conclusion to the order that "*Section 10(b)* … [claims] as to

2

Defendants Hittner and Venkatachaliah … are all DISMISSED WITHOUT PREJUDICE." *Id.* at 69.

Based on the Court's reference to "Section 10(b)" in the second statement, Plaintiffs have taken the position during conferrals among counsel that Hittner and Venkatachaliah remain in the case as "control person" defendants under Section 20(a). That position cannot be squared with the MTD Order or governing law. Section 20(a) liability is derivative; it requires an underlying primary violation. *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) ("Control person liability is secondary only and cannot exist in the absence of a primary violation."). The Court ruled that Plaintiffs failed to allege falsity as to both the statements made by Hittner and Venkatachaliah and all other statements on the same subject. MTD Order at 49 n.1. There is accordingly no primary liability for any statement with which these two defendants are even arguably associated.

Plaintiffs' current contention thus rests on the premise that Hittner and Venkatachaliah controlled statements made by agilon's CEO and CFO—their superiors—on subjects unrelated to any issue they themselves addressed. No allegation Plaintiffs have ever made supports that contention. The Court should clarify that it has dismissed all claims against Hittner and Venkatachaliah.

## III.    CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, the Court should grant the motion and clarify that all claims against Defendants Hittner and Venkatachaliah are dismissed without prejudice.

Respectfully submitted,

Dated:  September 8, 2025

/s/ *Yolanda Garcia*
**SIDLEY AUSTIN LLP**
Yolanda C. Garcia
Mason Parham
Barret V. Armbruster
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
ygarcia@sidley.com
mparham@sidley.com
barmbruster@sidley.com

Attorneys for Defendants agilon
health, inc., Steven J. Sell, Timothy
S. Bensley, Heidi Hittner, and
Girish Venkatachaliah

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for the agilon Defendants in this action and that on September 8, 2025, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

/s/ *Mason Parham*