UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | | |

PLAINTIFFS' OPPOSITION TO AGILON DEFENDANTS'
MOTION FOR CLARIFICATION

4926-1991-2298.v1

Plaintiffs respectfully submit this Opposition to Agilon Defendants' Motion for Clarification (ECF 67) (the "Motion").[1]

## I.    PRELIMINARY STATEMENT

Purportedly seeking "clarification," Defendants ask the Court to reconsider its ruling upholding Plaintiffs' §20(a) claims against two of the Individual Defendants, Hittner and Venkatachaliah.  No "clarification" is necessary.  While the Court dismissed Plaintiffs' §10(b) claims against Hittner and Venkatachaliah, the Court specifically **upheld** Plaintiffs' §20(a) claims against not just Hittner and Venkatachaliah, but all of the Exchange Act Individual Defendants.  ECF 63 (the "Order") at 88 ("The motion is GRANTED as to Plaintiffs' claims under . . . Section 10(b) of the Securities Exchange Act as to Defendants Hittner and Venkatachaliah . . . .  The motion is DENIED as to all other matters.").  The Order is unequivocal.  Defendants' Motion should be denied.

Defendants' Motion is a thinly-veiled attempt at a re-do of their Motion to Dismiss.[2]  The Complaint specifically alleged Hittner and Venkatachaliah are liable under §20(a) because they controlled agilon, an alleged primary violator under §10(b).[3]  ¶¶316-321.  Defendants Hittner and Venkatachaliah **did not argue** in their Motion to Dismiss (or their reply brief in support thereof) that

---

[1]    "Plaintiffs" are Lead Plaintiffs Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans, Indiana Public Retirement System, and the North Atlantic States Carpenters Pension Fund, and Guaranteed Annuity Fund.  Defendants are agilon health, inc. ("agilon"), Steven J. Sell ("Sell"), Timothy S. Bensley ("Bensley"), Heidi Hittner ("Hittner"), and Girish Venkatachaliah ("Venkatachaliah") (the "Individual Defendants," and together with agilon, the "Defendants").

[2]    "Motion to Dismiss" refers to Agilon Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (ECF 51).

[3]    "Complaint" refers to the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 36).  All "¶_" cites are to the Complaint.  Emphasis is added and citations are omitted throughout unless otherwise indicated.

4926-1991-2298.v1

the Complaint failed to allege control by Hittner and Venkatachaliah. *Infra* §III. They declined to do so even though Plaintiffs ***specifically*** alleged the control element in the Complaint, and argued in opposing the Motion to Dismiss that the Individual Defendants' control of agilon was a basis for their §20(a) liability. ECF 55 at 77 (citing Motion to Dismiss at 45 n.14) ("Defendants ***do not dispute*** §20(a)'s 'control' element."). In response, Defendants ***did not even mention*** §20(a) in their reply brief. *See generally* ECF 58. Defendants' attempt to now challenge Hittner and Venkatachaliah's control for the ***first time*** in a supposed "motion for clarification" is improper and should be rejected.

## II.    LEGAL STANDARD

A motion filed under Fed. R. Civ. P. 54(b) "is not the proper vehicle" for raising legal theories or arguments "'that could have been offered or raised'" before. *In re Favre*, 342 F. App'x 5, 9 (5th Cir. 2009); *Doss v. Morris*, 2013 WL 3050298, at *2 (W.D. Tex. June 17, 2013) (Ezra, J.) ("A Rule 54(b) motion, like a Rule 59(e) motion, is not the proper vehicle for rehashing evidence, legal theories, or arguments."); *Strategy & Execution, Inc. v. Black Rifle Coffee Co., LLC*, 2025 WL 1914873, at *2 (W.D. Tex. Mar. 30, 2025) (same); *see also Beneficial Innovations, Inc. v. Blockdot, Inc.*, 2010 WL 11469805, at *2 n.1 (E.D. Tex. Oct. 27, 2010) (treating a "motion for clarification" as one for reconsideration, explaining "courts have resolved a motion for clarification under the same standard as a motion for reconsideration").

In evaluating motions filed under Rule 54(b), "'courts look to similar considerations as those it considers when evaluating Rule 59(e) motions.'" *Black Rifle Coffee Co., LLC*, 2025 WL 1914873, at *2 (citing cases). Under Rule 59(e), reconsideration is limited to three instances: (a) the court committed "'a manifest error of law or fact'"; (b) the movant presents newly discovered evidence; or (c) there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *see Liquid Manna, LLC v. GLN Glob. Light Network, LLC*, 2015

4926-1991-2298.v1

WL 6619224, at *2 (W.D. Tex. Oct. 29, 2015) (Ezra, J.) ("""Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law."""").  The Motion should be denied whether considered under either Rule 54(b) or Rule 59(e).  *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (under either Rule 54(b) or Rule 59(e), "considerations such as whether the movant is . . . attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration"); *U.S. on behalf of ACS All. Constr. Specialties, LLC v. Cueto Consulting & Constr., LLC*, 2023 WL 7037386, at *2 (W.D. Tex. Sep. 14, 2023), *aff'd*, 2024 WL 3338305 (5th Cir. July 9, 2024) ("many of the same policy considerations apply" under Rule 54(b) and Rule 59(e)).

## III.   ARGUMENT

The Motion should be denied because no "clarification" of the Court's Order is necessary.  In relevant part, the Order unambiguously held that the Complaint sufficiently alleged that agilon, Sell, and Bensley violated §10(b), "DISMISSED" the "Section 10(b) . . . [claims] as to Defendants Hittner and Venkatachaliah," *but* "DENIED" Defendants' Motion to Dismiss "as to all other matters" – including Plaintiffs' §20(a) claims.  Order at 69, 88.  While Defendants contend an "ambiguity" stems from a footnote in the Order, that footnote addresses Plaintiffs' §10(b) claims.  Motion at 1; Order at 49 n.1.  Defendants point to no error, newly discovered evidence, intervening change in controlling law, or any other fact warranting relief.

Instead, Defendants improperly argue *for the first time* that Plaintiffs did not allege §20(a)'s control element.  In bringing their §20(a) claim, Plaintiffs alleged that each Individual Defendant "acted as controlling persons of agilon."  ¶319.  Defendants did *not* challenge that allegation; instead, they argued the §20(a) claim fails "[b]ecause Plaintiffs fail to allege a primary violation

- 3 -

4926-1991-2298.v1

under Section 10(b)." Motion to Dismiss at 45 n.14.[4] In response, Plaintiffs noted that the "Defendants **do not dispute** §20(a)'s 'control' element." ECF 55 at 77 (citing Motion to Dismiss at 45 n.14). Yet, Defendants failed to challenge this contention, or even mention §20(a), in their reply brief. *See generally* ECF 58. In sum, Defendants waived any control person arguments, and provide no legitimate basis for the Court to consider them now. *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (affirming denial of reconsideration where the party's motion for reconsideration "impermissibly asserted [arguments] for the first time"); *MacGowan v. Cox*, 2011 WL 13182863, at *2 (W.D. Tex. Apr. 15, 2011) ("to the extent [the party seeking reconsideration] failed to raise these arguments in his response to [defendant's] motion to dismiss, they are waived"). The Motion should be denied on this basis alone.

Even if considered on the merits, the Motion should still be denied. Section 20(a) creates liability for any person who "'directly or indirectly controls any person liable'" under the Exchange Act. ECF 55 at 77, quoting 15 U.S.C. §78t(a). Plaintiffs adequately alleged that Hittner and Venkatachaliah controlled agilon, against whom Plaintiffs' §10(b) claims have been upheld. *See* ¶¶25-26, 319; Order at 69, 88. These allegations are sufficient to state a claim under §20(a). *See Ramirez v. Exxon Mobil Corp.*, 334 F. Supp. 3d 832, 859 (N.D. Tex. 2018) ("While [plaintiff] failed to sufficiently allege a primary securities violation against Defendant Woodbury, [plaintiff] has alleged he is a control person of ExxonMobil and has adequately pleaded a primary violation of securities fraud against ExxonMobil. Thus, [plaintiff] has adequately pleaded control person liability under [§]20(a) as to Defendant Woodbury."); *Gambrill v. CS Disco, Inc.*, 2025 WL 388828, at *15 (W.D. Tex. Jan. 30, 2025) (Ezra, J.) (upholding §20(a) claims against two corporate officers where plaintiffs adequately alleged that only one of them made misstatements in violation of

---

[4]    Notably, Defendants did **not** contend that their §20(a) liability was limited to specific categories of statements. Motion to Dismiss at 45 n.14. Rather, Defendants argued §20(a) liability hinged on the existence of "a primary violation under Section 10(b)." *Id.*

4926-1991-2298.v1

§10(b)); *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 638, 666-67 (S.D. Tex. 2021) (upholding §20(a) claims against four "Executive Defendants," based on their alleged control of the company, where only two of the four were liable under §10(b)).  Defendants' own authority is in accord.  Motion at 3 (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 383 (5th Cir. 2004)).[5]  Because Hittner and Venkatachaliah allegedly controlled agilon, *Southland* is factually inapposite.  The complaint in *Southland*:

> [F]ail[ed] to properly plead any [§]10(b) or Rule 10(b)(5) violations ***except*** on the part of [CEO] Dunham with respect only to his November 1998 statements . . . and on the part of INSpire, with respect to those same Dunham statements, as having respondeat superior liability for those violations by Dunham.

*Southland*, 365 F.3d at 383.  As a result, the court dismissed §20(a) claims against INSpire and its CEO (Dunham) because they were the ***only*** §20(a) defendants.  *Id.* at 384 ("Dunham obviously can have no [§]20(a) liability for his own statements.  INSpire can have [§]20(a) liability for a primary violation by its employee Dunham . . . but INSpire would in any event have respondeat superior liability for the referenced primary violations by Dunham.").

Defendants' other arguments fail as well.  For example, because Plaintiffs allege Hittner and Venkatachaliah controlled ***agilon***, Defendants' argument that Hittner and Venkatachaliah could not have controlled "agilon's CEO and CFO" (Motion at 3) is irrelevant.  ¶319; *see In re BofI Holding, Inc. Sec. Litig.*, 2017 WL 2257980, at *26 (S.D. Cal. May 23, 2017) (rejecting similar argument that defendant "could not have controlled . . . [his] boss" because it "ignores the reality that 'control' can rest collectively with the corporation's management"); *Southland*, 365 F.3d at 365 ("the corporation itself may be treated as making press releases and public statements issued by authorized officers on

---

[5]      Defendants' reliance on just one case is telling: they either lack legal support for their arguments, or troublingly, they plan to introduce legal support on reply in contravention of Local Civil Rule CV-7(d)(1).  Local Court Rule CV-7(d)(1) ("All motions must . . . cite any applicable rule, statute, or other authority, if any, justifying the relief sought."); ECF 55 at 46 n.61 (citing authorities).

4926-1991-2298.v1

its behalf, and statements made by its authorized officers to further the interests of the corporation"). Additionally, Defendants' argument that Hittner and Venkatachaliah cannot be liable under §20(a) for statements they did not personally speak or write is as irrelevant as it is nonsensical, as it "belies the purpose of Section 20(a) liability." *BofI*, 2017 WL 2257980, at \*26 (rejecting the "argument that [defendant] could not have exercised the requisite control over the actionable statements because he did not speak, or write them, himself").

Finally, Defendants' argument that Hittner **and** Venkatachaliah were not "associated" with any of the statements the Court upheld is again irrelevant – a plaintiff need not allege that a §20(a) defendant "had the specific ability to control the allegedly false and misleading statements that form the basis of the primary violation." *Id.* at \*28. As the Court has held, "[c]ontrol person liability does not require participation in the fraudulent transaction." Order at 79. Moreover, "[w]hether a person is a controlling person is normally a question of fact that cannot be determined at the pleading stage." *Id.* Hittner and Venkatachaliah's unsupported factual argument should be rejected out of hand.

## IV.   CONCLUSION

Defendants challenged Plaintiffs' §20(a) claims in their Motion to Dismiss. The Court considered the arguments these Defendants chose to make and upheld Plaintiffs' claims. Defendants' attempt at another round of argument, under the guise of "clarification," should be denied.

DATED: September 22, 2025          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP

s/ Lucas F. Olts
LUCAS F. OLTS

- 6 -

4926-1991-2298.v1

LUCAS F. OLTS
(admitted *pro hac vice*)
CHRISTOPHER D. STEWART
(admitted *pro hac vice*)
JUSTIN GARY OETTING
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
joetting@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 7 -