UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE CD&R ENTITIES'
MOTION FOR CLARIFICATION AND/OR RECONSIDERATION**

Santosh Aravind
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300

Maeve L. O'Connor
Elliot Greenfield
Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000

*Attorneys for Defendants Clayton, Dubilier &
Rice, LLC, CD&R Vector Holdings, L.P.,
CD&R Investment Associates IX, Ltd., CD&R
Associates IX, L.P.*

The CD&R Entities submit this reply memorandum of law in support of their motion for clarification and/or reconsideration of the Court's August 15, 2025 Order.[1]  (Dkt. No. 66.)

**PRELIMINARY STATEMENT**

Plaintiffs have no substantive response to the CD&R Entities' arguments and instead spend the bulk of their Opposition asserting – incorrectly – that the CD&R Entities' motion for clarification and/or reconsideration is improper because it relies on arguments advanced in their motion to dismiss.  Plaintiffs misstate Fifth Circuit law, which makes clear that the Court has broad discretion under Rule 54(b) to clarify, amend or reconsider its decision "for any reason it deems sufficient."  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).  Plaintiffs' effort to sidestep the CD&R Entities' substantive legal arguments is unsurprising: they cannot point to any legal authority indicating that the allegations in the Complaint are sufficient to state a Section 20(a) or Section 20A claim against CD&R LLC, CD&R Investment Associates, and CD&R Associates, or a Section 20A claim against Vector.

With respect to the claims against CD&R LLC, CD&R Investment Associates, and CD&R Associates, Plaintiffs do not dispute that only Vector – and none of the other entities – ever held or sold agilon stock or was a party to the Stockholders Agreement with agilon.  The Court's analysis appeared to recognize these crucial facts, which are fatal to Plaintiffs' claims.  Although Plaintiffs contend that the CD&R Entities had "intermingled relationships," they cite no authority supporting the notion that a relationship with *Vector* is sufficient to plead control over *agilon* for purposes of a Section 20(a) claim.  Nor are Plaintiffs able to cite any authority holding that an entity that never sold stock can somehow be liable for "insider trading" under

---

[1]  Capitalized terms not defined herein have the same meaning as in the CD&R Entities' Motion for Clarification and/or Reconsideration (Dkt. No. 66, "CD&R Clarification Mem.").

Section 20A.  Accordingly, CD&R LLC, CD&R Investment Associates, and CD&R Associates request that the Court clarify (or reconsider) this aspect of the MTD Order and dismiss the Section 20(a) and Section 20A claims as against those entities.

As to the Section 20A claim against Vector, Plaintiffs do not dispute that Rule 9(b) and the PSLRA require Plaintiffs to specifically identify the material non-public information that Vector purportedly knew at the time it sold agilon stock.  Plaintiffs are unable to point to anything in the Complaint specifically identifying any such information.  And Plaintiffs have no response to the overwhelming authority, cited by the CD&R Entities in their opening brief, holding that mere allegations of *access* to company information are insufficient to plead *knowledge* of any such information.  That is true even for executives running the company day-to-day, and all the more so for a shareholder alleged only to have a contractual right to request information.  As the Court appeared to rely on those allegations of "access," it should reconsider that aspect of the MTD Order and dismiss the Section 20A claim against Vector.

**<u>LEGAL STANDARD</u>**

As a threshold matter, Plaintiffs incorrectly assert that this motion is governed by the standard of Rule 59(e) and that the Court therefore should not consider any argument that was advanced by the CD&R Entities in their motion to dismiss.  (Opp'n 2-4, 6-7.)  That is clearly wrong, as Rule 59(e) applies to motions to amend a final judgment after its entry, not to motions – like this one – for reconsideration of an interlocutory order brought under Rule 54(b).  Whereas Rule 59(e) motions to amend are "an extraordinary remedy that should be used sparingly," and "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017), the Fifth Circuit has repeatedly emphasized that "Rule 54(b) is less stringent than Rule 59(e)," and that the Court has broad discretion to clarify, amend or reconsider an interlocutory

order under Rule 54(b) "*for any reason it deems sufficient*, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at 336 (emphasis added) (vacating denial of reconsideration where court improperly applied Rule 59(e) standard). The idea that the Court lacks discretion to clarify or reconsider an interlocutory decision under Rule 54(b) because the CD&R Entities' arguments overlap with those in their motion to dismiss has no basis in the law and defies common sense.

The CD&R Entities' motion provides strong grounds for clarification and/or reconsideration of certain aspects of the MTD Order under Rule 54(b) and, indeed, would easily satisfy the far more stringent standard of Rule 59(e). Although the CD&R Entities are not required to show a "manifest error of law or fact," it would be an error of law to allow (*i*) the Section 20(a) and Section 20A claims to proceed against CD&R LLC, CD&R Investment Associates, and CD&R Associates, as those entities did not hold or sell agilon stock and were not parties to the Stockholders Agreement or (*ii*) the Section 20A claims to proceed against Vector in the absence of any allegations specifically identifying any material non-public information that Vector knew when it sold agilon stock. In the few paragraphs of the Opposition that actually address the CD&R Entities' substantive arguments – Plaintiffs are entirely unable to dispute the facts or legal authority set forth in the CD&R Entities' opening brief. As a result, the CD&R Entities far surpass what is required for clarification or reconsideration under Rule 54(b).

## ARGUMENT

### I.    THE COURT SHOULD CLARIFY OR RECONSIDER ITS RULING WITH RESPECT TO CD&R LLC, CD&R INVESTMENT ASSOCIATES, AND CD&R ASSOCIATES.

The Court should clarify (or reconsider) the MTD Order such that Plaintiffs' Section 20(a) and Section 20A claims are dismissed as against CD&R LLC, CD&R Investment Associates and CD&R Associates. Plaintiffs do not dispute that, as the Court recognized, those

3

claims are based entirely on allegations that *Vector* held and sold agilon stock and that *Vector* was a party to the Stockholders Agreement.  (MTD Order 77-87; CD&R Clarification Mem. 3; Opp'n 5.)  Nor do Plaintiffs dispute that *only* Vector – and not any other CD&R Entity – held and sold agilon stock and was a party to the Stockholders Agreement with agilon.

Tellingly, even as Plaintiffs claim that the Complaint included "detailed allegations supporting Plaintiffs' claims against CD&R Defendants," Plaintiffs are only able to cite allegations relating to Vector:  *Vector's* holdings of agilon stock, *Vector's* ability to designate directors to agilon's Board of Directors under the Stockholders Agreement, *Vector's* appointment of five directors under the Stockholders Agreement, *Vector's* ability to request certain non-public information under the Stockholders Agreement, *Vector's* sale of agilon stock, and *Vector's* Stockholders Agreement with agilon.  (Opp'n 5.)  None of those allegations concern CD&R LLC, CD&R Investment Associates, or CD&R Associates.

Plaintiffs then pivot to the assertion that the CD&R Entities had "intermingled relationships," but they are unable to cite any authority indicating that those allegations – none of which are referenced in the MTD Order – are sufficient to state a claim under Section 20(a) or Section 20A.   Plaintiffs fail to identify a single decision from any court indicating that a "relationship" with *Vector* is sufficient to plead control over *agilon* for purposes of a Section 20(a) claim.  Nor can Plaintiffs cite *any* authority holding that CD&R LLC, CD&R Investment Associates, or CD&R Associates can be liable for "insider trading" under Section 20A despite never having held or sold agilon stock.

To the extent that the Court intended that the Section 20(a) and Section 20A claims would proceed only as to Vector, as it appears based on the Court's reasoning and analysis, CD&R LLC, CD&R Investment Associates and CD&R Associates ask that the Court clarify that

4

conclusion. Otherwise, they respectfully request that the Court reconsider that aspect of the MTD Order.

## II.    THE COURT SHOULD RECONSIDER ITS RULING ON THE SECTION 20A CLAIMS AGAINST VECTOR.

Plaintiffs fail to demonstrate that the Section 20A claim should proceed against Vector because they (*i*) do not dispute that Rule 9(b) and the PSLRA require them to *specifically identify* the material non-public information that Vector allegedly knew when it sold agilon stock, and (*ii*) are unable to cite any authority holding that mere *access* to company information is sufficient to plead *knowledge* of any such information. (CD&R Clarification Mem. 5-9; Opp'n 7-9.)

*First*, Plaintiffs do not dispute that Rule 9(b) and the PSLRA require them to specifically identify the material non-public information that Vector allegedly knew when it sold agilon stock. (CD&R Clarification Mem. 5-6; Opp'n 8.) Plaintiffs do not cite any contrary law or argue that they have satisfied the requirement that they "plead with specificity what material nonpublic information was ever possessed" by Vector. *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 2016 WL 4095973 at *38, 42 (S.D. Tex. Aug. 2, 2016). Certainly, they do not identify any allegations in the Complaint that satisfy that requirement.

*Second*, Plaintiffs continue to incorrectly assert that Vector's alleged "access" to company information by virtue of the Stockholders Agreement amounts to "knowledge" or "awareness" of material, non-public information. (Opp'n 8.) Plaintiffs have no answer, however, to the numerous cases cited by the CD&R Entities making clear that allegations of access are not sufficient to plead scienter or state a claim under Section 20A. (CD&R Clarification Mem. 7-8; Opp'n 8.) Although Plaintiffs argue that they need not allege "use" of the information, that entirely misses the point: Plaintiffs must plead that that Vector was "aware" of specific material, non-public information when it sold agilon stock, and merely

5

alleging "access" to company information is insufficient. (CD&R Clarification Mem. 7-8; Opp'n 8; MTD Order at 84.)

Plaintiffs cannot avoid these pleading requirements based on the size and timing of the May 2023 stock sale, as that is insufficient to plead that Vector was aware of any relevant material nonpublic information, much less to specifically identify that information. (Opp'n 8-9.) *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 634 (S.D. Tex. 2003) (stock sales by director insufficient to plead scienter absent allegations showing "exposure to particular information that revealed the purported scheme"). And, although Plaintiffs assert Section 20A claims based on three separate stock sales by Vector in September 2021, August 2022, and May 2023, Plaintiffs say nothing about size or timing of the September 2021 and August 2022 sales, both of which occurred well before the alleged increase in utilization.

## CONCLUSION

For the reasons stated above, the CD&R Defendants request that the Court clarify and/or reconsider its MTD Order, such that (*i*) the Section 20(a) and Section 20A claims are dismissed as to CD&R LLC, CD&R Investment Associates, and CD&R Associates, and (*ii*) the Section 20A claim is also dismissed as against Vector.

Respectfully submitted,

Dated: September 24, 2025          */s/ Elliot Greenfield*

6

Maeve L. O'Connor (admitted *pro hac vice*)
Elliot Greenfield (admitted *pro hac vice*)
Brandon Fetzer (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*mloconnor@debevoise.com*
*egreenfield@debevoise.com*
*bfetzer@debevoise.com*

Santosh Aravind (Texas Bar No. 24095052)
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
*saravind@scottdoug.com*

*Attorneys for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P.*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am counsel for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P. in this action and that on September 24, 2025 I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

/s/ *Santosh Aravind*