UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

|  |  |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

**AGILON DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION**

Defendants agilon health, inc. ("agilon"), Steven J. Sell, Timothy S. Bensley, Heidi Hittner, and Girish Venkatachaliah (together with agilon, the "agilon Defendants" or "Defendants"), respectfully submit this reply in support of their motion for clarification of the Court's August 15, 2025, Order (Dkt. No. 63, the "Order") pursuant to Fed. R. Civ. P. 54(b) (collectively, the "Motion").

## I.   PRELIMINARY STATEMENT

Contrary to Plaintiffs' Response, the Motion does not seek to re-litigate the agilon Defendants' motion to dismiss. Rather, the Motion asks the Court to harmonize two inconsistent provisions of the Order: the body, which dismissed "Plaintiffs' claims against Hittner … and Venkatachaliah" because their alleged liability rested solely on non-actionable "data integration" statements (Order at 49 n.1), and the conclusion, which ordered only "§10(b) claims" dismissed. Order at 88. Because Plaintiffs' other §20(a) control-person claims against Hittner and Venkatachaliah cannot be reconciled with the Court's own reasoning, binding Fifth Circuit precedent, or the §20(a) standard the Court itself applied elsewhere in the Order, the Court should clarify that Plaintiffs' §20(a) claims against Hittner and Venkatachaliah also are dismissed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits revision of interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Fifth Circuit accordingly holds that a district court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in … law." *Pang v. Levitt*, 2024 WL 2108842, at *2 (W.D. Tex. Apr. 22, 2024) (quoting *Zarnow v. City of Wichita Falls, Tex*., 614 F.3d 161, 171 (5th Cir. 2010)). Interlocutory orders remain "within the plenary power of the court … to afford such relief from them as justice

1

requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014).  "The district court's discretion in this respect is broad." *Estrada v. Indus. Transit, Inc.*, 2016 WL 10967301, at *3 (W.D. Tex. July 6, 2016) (quoting *Brown v. Wichita Cty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011)).  But it is an abuse of discretion to deny clarification or reconsideration of an interlocutory order based on Rule 59(e)'s heightened requirements for post-judgment reconsideration—including its prohibition on arguments or evidence that could have been raised earlier—rather than Rule 54(b)'s more flexible standard.  *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017) (holding district court abused its discretion by denying reconsideration under Rule 59(e) when Rule 54(b) applied; Rule 54(b) is "less stringent" and permits "discretion to reconsider … in light of both the newly filed [evidence] and … arguments"); *see also Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (district court may revise interlocutory order "for any reason it deems sufficient").

So, while "[t]he general practice of courts in this district has been to evaluate Rule 54(b) motions … under the same standards that govern Rule 59(e)," *Doss v. Morris*, 2013 WL 3050298, at *2 (W.D. Tex. June 17, 2013), and those Rule 59(e) benchmarks can serve as guideposts, later guidance from the Fifth Circuit has made clear that Rule 54(b) affords broader discretion to revise interlocutory orders than Rule 59(e), *see Austin*, 864 F.3d at 336-37. And because clarification here would be "without prejudice," applying Rule 54(b)'s flexible approach poses no unfairness to Plaintiffs, who may replead if they can plausibly allege facts stating a claim.  Order at 49 n.1, 88.

III.     ARGUMENT

Plaintiffs' Response contends there is no ambiguity in the Order and that the agilon Defendants waived any challenge to §20(a) control-person liability for Hittner and Venkatachaliah. Neither point withstands scrutiny.

First, the Order plainly contains a facial inconsistency. The body unambiguously "dismiss[es] … Plaintiffs' claims against Hittner … and Venkatachaliah" because Plaintiffs tethered their liability only to non-actionable "data integration" statements. Order at 49 n.1. Contrary to Plaintiffs' Response, the conclusion's catch-all—"the motion is DENIED as to all other matters"—cannot silently revive claims against two individuals the Order just dismissed for failure to state a claim. Order at 88.

Second, it is irrefutable that Defendants placed §20(a) liability at issue—the Court applied the governing control-person standard in the Order itself, belying Plaintiffs' argument that this issue was somehow waived. And Plaintiffs' cited authorities—*Ramirez*, *Gambrill*, *Venator*, and out-of-circuit *BofI*—do not alter the analysis, as they either involved specific control allegations not present here or did not apply the controlling Fifth Circuit standard.

A.     **Plaintiffs Cannot Recast the Motion as One for Reconsideration.**

Plaintiffs insist the agilon Defendants are asking for new merits relief that should be rejected under the heightened standard of Rule 59(e), but the Motion is clear in asking the Court to clarify its intent under the more flexible Rule 54(b). Defendants moved to dismiss Plaintiffs' §20(a) claims against Hittner and Venkatachaliah because they had not alleged a viable §10(b) violation. MTD at 45. That argument placed the §20(a) claims, which are indisputably derivative of the §10(b) claims, squarely before the Court. And once a claim is challenged as legally insufficient, the Court is entitled to consider all its elements in determining whether the complaint states a claim. *See United States Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S.

3

439, 447–48 (1993) (courts have "the independent power to identify and apply the proper construction of governing law" regardless of whether a party raised every sub-issue); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but retains the independent power to identify and apply the proper construction of governing law.").

Indeed, the Court already considered and applied the governing Fifth Circuit authority for §20(a) liability in the Order itself. *See* Order at 79. The plaintiffs "must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based." *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 619-20 (5th Cir. 1993); *Meek v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 1996 WL 405436 at *3 (5th Cir. 1996); Order at 79. The Court accordingly dismissed Plaintiffs' post-May 2023 §20(a) claim against CD&R because Plaintiffs lacked specific control allegations for that period. *See* Order at 87-88. It thus is undisputed that the Court considered the control element and resolved it under the governing law. There simply is no basis for Plaintiffs' notion that this issue was waived.[1]

In any event, Plaintiffs overlook that the issue of control was squarely raised in the coordinated briefing. The CD&R Defendants' motion to dismiss made clear that Plaintiffs must "allege some facts beyond a defendant's position or title that show the defendant had actual power or [control] over the controlled person." Dkt. 54 at 20 (citing *Carlton v. Cannon*, 2016 WL 3959164, at *4–5 (S.D. Tex. July 22, 2016). The agilon Defendants expressly joined in the arguments made in the motions to dismiss filed by the Underwriter Defendants and the CD&R Defendants. *See* Dkt. 51, agilon MTD at 1. Plaintiffs' control-person allegations were therefore

---

[1] Plaintiffs' Fifth Circuit "waiver" cases—*In re Favre*, 342 F. App'x 5 (5th Cir. 2009), and *Schiller v. Physicians Res. Grp.*, 342 F.3d 563 (5th Cir. 2003)—address post-judgment reconsideration (with its no-rehash and newly discovered evidence constraints) and do *not* govern the Court's *broader* Rule 54(b) authority to revise an interlocutory order to harmonize its text with its analysis. *Cf. Austin*, 864 F.3d at 336-37; *Saqui*, 595 F.3d at 210-11.

4

placed before the Court in full, and the agilon Defendants did not waive the issue. *See United States v. Batson*, 588 F. Supp. 871, 873 (N.D. Tex. 1984), *aff'd*, 782 F.2d 1307 (5th Cir. 1986) ("Each defendant, however, adopted the briefs and motions of every other defendant, so that every issue raised must be addressed with respect to each defendant.").

**B.      The Order's Own Analysis of §20(a) Requires Dismissal of the Same Against Hittner and Venkatachaliah.**

Even if the Court construes the Motion as one for reconsideration and applies the heightened standard of Rule 59(e), the Court nevertheless should find that dismissal of the §20(a) claims is warranted to avoid a manifest error of law. "[T]here are three primary grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact." *Doss*, 2013 WL 3050298, at *2. Reconsideration is warranted even under this stricter lens because the Order did not apply to Hittner and Venkatachaliah the same §20(a) control-person standard it articulated for CD&R. Such inconsistency would be manifest error. *See id; Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" as "a complete disregard of the controlling law").

Applying the same analysis that the Court already undertook for §20(a) as to CD&R, Plaintiffs do not allege—and their Response fails to point out—any facts that Hittner or Venkatachaliah *specifically controlled* any of the four surviving bases for Plaintiffs' §10(b) claims (*i.e.*, guidance, business-model messaging, utilization commentary, historical reporting). Their only pleaded "control" sphere—data integration—was dismissed as non-actionable. Order at 49 n.1. The Court accordingly should clarify that, as with Plaintiffs' post-May 2023 §20(a) claims against CD&R, Plaintiffs' §20(a) claims against Hittner and Venkatachaliah likewise are dismissed for failure to allege facts that show "an ability to control the specific transaction or activity upon which the primary violation is based." Order at 79.

That outcome is consistent with how courts in this District treat control-person claims.  For example, in *In re ArthroCare Corp. Sec. Litig.*, the court explained "a plaintiff cannot simply base a control person claim on boilerplate allegations; instead, the plaintiff must provide some factual support which indicates the control person defendant was in a position to control a primary violator."  726 F. Supp. 2d 696, 730 (W.D. Tex. 2010).  The court therefore dismissed §20(a) claims against vice presidents because the complaint alleged only that they held high-level positions and had access to information.  Critically, *ArthroCare* rejected the same argument Plaintiffs advance here—that even if the defendants did not control the CEO or CFO, they still controlled the company itself.  The court held that because there was "no allegation [the defendant] had substantial control over the dissemination of any false information to the public, which is the basis of Plaintiff's §10(b) claims—he cannot be held liable as a control person simply due to his involvement in the underlying activities about which the Individual Defendants are alleged to have misled investors."  *Id*. at 731.  Instead, the plaintiff must allege facts that the defendant had substantial control over the dissemination of the false statements themselves.  *Id.*

The same result follows here.  Plaintiffs allege only that, "by virtue of their positions," Hittner and Venkatachaliah could influence agilon.  Compl.  ¶319.  They do not allege that either defendant signed SEC filings, had authority over agilon's disclosures, or otherwise controlled the dissemination of the statements this Court found actionable.  *See generally* Compl.  Under the Fifth Circuit authority cited by this Court and *ArthroCare*, such allegations are legally insufficient. The Court thus should clarify its Order to reflect that Plaintiffs' §20(a) claims against Hittner and Venkatachaliah are dismissed; alternatively, if construed as reconsideration, it should grant relief to correct a manifest error of law in failing to apply the same §20(a) standard the Court articulated elsewhere in the Order.

6

#### C.   Plaintiffs' Authorities Do Not Save Their §20(a) Claims.

The authorities cited in Plaintiffs' Response do not alter the analysis above.   The controlling law in this Circuit is *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353 (5th Cir. 2004).   *Southland* makes clear that "control person liability is secondary only and cannot exist in the absence of a primary violation." *Id*. at 383.   It also rejects group pleading, holding that liability cannot rest solely on a defendant's title or generalized access to information, but requires specific factual allegations linking the individual to the underlying violation.  *Id*. at 365–66.  This Court has already dismissed all claims against Hittner and Venkatachaliah because their alleged liability rested only on non-actionable "data integration" statements.   Order at 49 n.1. With no actionable §10(b) claims tied to them, Plaintiffs' boilerplate allegations that they controlled agilon "by virtue of their positions" are legally insufficient under *Southland* and under this Court's application of *Abbott* and *Meek*, as discussed *supra*.

Plaintiffs' reliance on *Ramirez v. Exxon Mobil Corp.*, 334 F. Supp. 3d 832 (N.D. Tex. 2018), is misplaced.  There, the court dismissed §10(b) claims against one defendant but permitted §20(a) claims to proceed because plaintiffs had alleged detailed facts about that defendant's role and authority and because a primary violation had been adequately pled against Exxon itself.  334 at 860.  No comparable findings exist here.  *See generally* Order.  This Court dismissed all claims against Hittner and Venkatachaliah and there are no detailed allegations linking them to agilon's surviving misstatements.  Order at 49 n.1.

Similarly, in *Gambrill v. CS Disco, Inc.*, this Court allowed §20(a) claims against the CEO and CFO only because Plaintiffs tied both individuals to the surviving misstatements with detailed allegations.  2025 WL 388828, at *15 (W.D. Tex. Jan. 30, 2025).  The CEO made the challenged statements, while the CFO signed SEC filings incorporating those statements and was specifically alleged to have had actual knowledge (or at least acted with reckless disregard) of the falsity of

7

the statements made by him or other company personnel. *Id.* at \*14. Plaintiffs also alleged that the CEO and CFO held themselves out as knowledgeable about the company's sales and customers' product usage, and that both participated in insider stock sales. *Id.* at \*14, \*19. These allegations connected the CFO to the underlying §10(b) statements sufficiently to allow §20(a) claims to proceed against them at the pleading stage. *Id.* at \*15. By contrast, Plaintiffs here rely only on boilerplate allegations that Hittner and Venkatachaliah, "by virtue of their positions," had influence within agilon. Compl. ¶319. They are not alleged to be the company's CEO or CFO, to have signed agilon's SEC filings, to have exercised authority over its disclosures, or to have had any connection to the misstatements this Court found actionable. *See generally* Compl.

In re Venator Materials PLC Sec. Litig., 547 F. Supp. 3d 624 (S.D. Tex. 2021), likewise is procedurally and doctrinally inapposite. The court there expressly noted that the "Executive Defendants don't otherwise appear to challenge the sufficiency of the control-person allegations," and thus never analyzed whether boilerplate assertions of "high-level positions" and "power to control public statements" state a §20(a) claim. 547 F. Supp. 3d at 666. Here, by contrast, the issue was squarely presented, and this Court already applied the controlling Fifth Circuit standard: Plaintiffs "must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based." Order at 79. Plaintiffs allege no such facts for Hittner or Venkatachaliah as to the four surviving categories for §10(b) primary liability. Their only alleged sphere—data integration—was dismissed. Order at 49 n.1. *Venator* thus offers no basis to keep these two non-speaking officers in the case under §20(a).

Finally, Plaintiffs lean heavily on *In re BofI Holding, Inc. Securities Litigation* from the Southern District of California, arguing that control may "rest collectively with the corporation's management" and liability may attach even where a defendant did not personally make the

8

challenged statements. 2017 WL 2257980, at \*26 (S.D. Cal. May 23, 2017).  But *BofI* is an out-of-circuit case applying Ninth Circuit law, which treats §20(a) as subject only to Rule 8's notice pleading standard and does not require allegations tying control to specific misstatements.[2] *Id.* at \*23–24, \*26.  That approach is inconsistent with the Fifth Circuit standard this Court already applied: plaintiffs "must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based."  Order at 79.  Plaintiffs allege only that Hittner and Venkatachaliah, "by virtue of their positions," influenced agilon.  Compl. ¶319.  They pled no facts showing that either defendant exercised control over the specific categories of misstatements that survived the Court's ruling, and *BofI* therefore provides no basis to keep them in the case.

## IV.    CONCLUSION AND REQUESTED RELIEF

This motion asks the Court to align the conclusion of its Order with its reasoning.  The Order dismissed all claims against Hittner and Venkatachaliah, and Plaintiffs' efforts to suggest otherwise are unavailing.  The Court should confirm that all claims against Hittner and Venkatachaliah are dismissed without prejudice, consistent with the reasoning in its Order.

---

[2] Plaintiffs' reliance on *BofI* is particularly misplaced given this Court's own precedent.  In *ArthroCare*, the court dismissed §20(a) claims against vice presidents despite allegations they influenced operations, because there was "no allegation [the defendant] had substantial control over the dissemination of any false information to the public, which is the basis of Plaintiff's §10(b) claims." 726 F. Supp. 2d at 731.  *BofI*'s "collective control" theory is irreconcilable with that approach.  2017 WL 2257980, at \*26.

Dated:  September 29, 2025

Respectfully submitted,


<u>/s/ Yolanda C. Garcia</u>
**SIDLEY AUSTIN LLP**
Yolanda C. Garcia
Mason Parham
Barret V. Armbruster
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
ygarcia@sidley.com
mparham@sidley.com
barmbruster@sidley.com


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I am counsel for the agilon Defendants in this action and that on

September 29, 2025, I caused a copy of the foregoing to be filed with the Court's ECF system,

which will cause notice of its filing to be served electronically upon all counsel who have

appeared in this action.

<u>/s/ Yolanda C. Garcia</u>

10