**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § | Master File No. 1:24-cv-00297-DAE |
| | § | |
| | § | <u>CLASS ACTION</u> |
| This Document Relates To: | § | |
| ALL ACTIONS. | § | |
| | § | |

### <u>AGILON DEFENDANTS' ANSWER TO THE CONSOLIDATED COMPLAINT</u>

Defendants agilon health, inc. ("agilon"), Steven J. Sell, and Timothy S. Bensley (together, the "Agilon Defendants" or "Defendants"), by and through their counsel, hereby answer the Consolidated Complaint filed on September 6, 2024 (the "Complaint").

To the extent the paragraphs in the Complaint are grouped under headings and subheadings, the Agilon Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus no response is required. To the extent a response is deemed necessary, the Agilon Defendants deny any and all allegations in each and every heading and subheading in the Complaint.

Except as expressly admitted herein, the Agilon Defendants deny each and every allegation in the Complaint, including, without limitation, headings, subheadings, footnotes, and the prayer for relief.

1

The Court's August 15, 2025, Order (the "Order") granted in part and denied in part Defendants' motions to dismiss. Specifically, the Court dismissed Counts I–III (§§11, 12(a)(2), and 15 of the Securities Act) and Count V (§20(a) of the Exchange Act as to Defendants Hittner and Venkatachaliah). The Agilon Defendants are therefore not obligated to answer allegations solely directed at those dismissed claims or parties. The Agilon Defendants answer only those allegations that relate to the claims that remain against them—namely, Count IV (§10(b) of the Exchange Act and Rule 10b-5 against agilon, Sell, and Bensley), Count V (§20(a) of the Exchange Act against Sell and Bensley) and Count VI (§20A of the Exchange Act against Sell).

Agilon Defendants further answer the numbered paragraphs in the Complaint as follows.

## **ANSWER**

1.      Paragraph 1 contains Plaintiffs' characterizations, arguments, and legal conclusions regarding alleged violations of federal securities laws, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that Plaintiffs purport to assert claims under §§10(b), 20(a), and 20A of the Exchange Act and SEC Rule 10b-5, and under §§11, 12(a)(2), and 15 of the Securities Act. Except as expressly admitted, the remaining allegations in Paragraph 2 are denied.

3.      Defendants admit that agilon was formed in July 2016 and that it contracts with Medicare Advantage health plans under its "Total Care Model." Defendants respectfully refer the Court to agilon's filings and public statements for a complete and accurate description of its business model. Except as expressly admitted, the remaining allegations in Paragraph 3 are denied.

4.      Defendants admit that agilon contracts with physician practice groups and that such arrangements include sharing revenues with physician partners. Except as expressly admitted, the remaining allegations in Paragraph 4 are denied.

5.      Defendants admit that by 2020, agilon had approximately 131,000 Medicare Advantage members under risk contracts, and that utilization of certain medical services declined during the early COVID-19 pandemic. Except as expressly admitted, the remaining allegations in Paragraph 5 are denied.

6.      Defendants admit that CD&R Vector owned a majority of agilon's stock at the beginning of 2021. Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit that agilon reported net losses for 2019 and 2020. Except as expressly admitted, the remaining allegations in Paragraph 7 are denied.

8.      Defendants admit that agilon filed a Registration Statement in April 2021 in connection with its IPO, and respectfully refer the Court to that document for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 8 are denied.

9.      Defendants admit that agilon conducted an IPO on April 16, 2021, selling over 53 million shares at $23 per share and raising approximately $1.2 billion. Except as expressly admitted, the remaining allegations in Paragraph 9 are denied.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants admit that CD&R Vector sold shares of agilon stock during the Class Period and that agilon used company funds to repurchase a portion of those shares. Defendants respectfully refer the Court to the relevant SEC filings for their full and accurate contents. Defendants deny the remaining allegations in Paragraph 11.

12.     Paragraph 12 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. To the extent a response is required, Defendants admit that on November 2, 2023, agilon announced revised FY23 guidance and disclosed increased patient utilization. Defendants respectfully refer the Court to the Company's

public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 12 are denied.

13. Defendants admit that on January 5, 2024, agilon revised its FY23 medical margin guidance and announced the retirement of CFO Timothy S. Bensley. Defendants further admit that agilon disclosed additional information regarding utilization rates, cash flow, and physician onboarding. Defendants respectfully refer the Court to the Company's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 13 are denied.

14. Paragraph 14 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required To the extent an answer is required, the remaining allegations in Paragraph 14 are denied.

15. Defendants admit that on February 27, 2024, agilon issued updated financial disclosures and revised its FY24 guidance. Defendants respectfully refer the Court to the Company's disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 15 are denied.

16. Defendants admit that Plaintiffs purport to assert claims under §§11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§77k, 77o, 77l(a)(2); §§10(b), 20(a), and 20A of the Exchange Act, 15 U.S.C. §§78j(b), 78t(a), 78t-1; and SEC Rule 10b-5, 17 C.F.R. §240.10b-5. Paragraph 16 contains Plaintiffs' own characterizations, speculation, arguments, and/or legal conclusions to which no response is required. Except as expressly admitted, the remaining allegations in Paragraph 16 are denied.

17. Paragraph 17 contains Plaintiffs' legal conclusions to which no response is required. Except as expressly admitted, the remaining allegations in Paragraph 17 are denied.

18. Paragraph 18 contains Plaintiffs' legal conclusions to which no response is required. Except as expressly admitted, the remaining allegations in Paragraph 18 are denied.

19. Defendants admit that Indiana purchased agilon common stock during the Class Period, as reflected in its certification on file. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19 and therefore deny them.

20. Defendants admit that North Carolina Funds purchased agilon common stock during the Class Period, as reflected in its certification on file. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 and therefore deny them.

21. Defendants admit that the North Atlantic Carpenters Funds purchased agilon common stock during the Class Period, as reflected in their certification on file. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 21 and therefore deny them.

22. Defendants admit that agilon stock is registered and traded on the NYSE under ticker symbol "AGL".  Defendants deny the remaining statement in Paragraph 22 as agilon is currently headquartered at 440 Polaris Parkway, Suite 550, Westerville, OH 43082.

23. Defendants admit that Steven J. Sell has served as agilon's Chief Executive Officer, President, and as a member of its Board, and that he signed certain SEC filings identified in Paragraph 23. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 23 are denied.

24. Defendants admit that Timothy S. Bensley served as agilon's Chief Financial Officer from January 2021 through the end of the Class Period, that agilon announced his retirement on January 5, 2024, and that he signed certain SEC filings identified in Paragraph 24.

Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 24 are denied.

25.     Defendants admit that Girish Venkatachaliah joined agilon in January 2021 as its Chief Technology Officer. Except as expressly admitted, the remaining allegations in Paragraph 25 are denied.

26.     Defendants admit that Heidi Hittner served in certain roles at agilon, including Senior Vice President, Provider Strategies and Growth from January 2019 through February 2022, and Chief Experience Officer from February 2022 through the end of the Class Period. Except as expressly admitted, the remaining allegations in Paragraph 26 are denied.

27.     Paragraph 27 contains Plaintiffs' own characterizations and conclusions regarding the roles and responsibilities of the "Exchange Act Individual Defendants." No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     Defendants admit that Sell and Bensley are named as defendants under the Securities Act and that each signed agilon's April 2021, September 2021, and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 28 are denied.

29.     Defendants admit that Glenn Sobotka served as Chief Accounting Officer of agilon during the relevant period and that he signed certain Registration Statements identified in Paragraph 29. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 29 are denied.

30.     Defendants admit that Priscilla Kasenchak served as Chief Accounting Officer of agilon during the relevant period and that she signed agilon's May 2023 Registration Statement.

Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 30 are denied.

31.    Defendants admit that Michelle A. Gourdine served as a director of agilon during the Class Period and that she signed certain Registration Statements identified in Paragraph 31. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 31 are denied.

32.    Defendants admit that Michael L. Smith served as a director of agilon during the Class Period and that he signed certain Registration Statements identified in Paragraph 32. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 32 are denied.

33.    Defendants admit that Ronald A. Williams served as Chairman of agilon's Board during the Class Period and that he signed agilon's April 2021, September 2021, and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 33 are denied.

34.    Defendants admit that Sharad Mansukani served as a director of agilon during the Class Period and that he signed agilon's April 2021, September 2021, and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 34 are denied.

35.    Defendants admit that Diana L. McKenzie served as a director of agilon during the Class Period and that she signed agilon's May 2023 Registration Statement. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 35 are denied.

36.    Defendants admit that Karen McLoughlin served as a director of agilon during the Class Period and that she signed agilon's September 2021 and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 36 are denied.

37.    Defendants admit that Clay Richards served as a director of agilon during the Class Period and that he signed agilon's April 2021, September 2021, and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 37 are denied.

38.    Defendants admit that Ravi Sachdev served as Vice Chairman of agilon's Board during the Class Period and that he signed agilon's April 2021, September 2021, and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 38 are denied.

39.    Defendants admit that Richard J. Schnall served as a director of agilon during the Class Period and that he signed agilon's April 2021, September 2021, and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 39 are denied.

40.    Defendants admit that Jeffrey A. Schwaneke joined agilon's Board on August 10, 2022, became agilon's CFO on July 1, 2024, and that he signed agilon's May 2023 Registration Statement. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 40 are denied.

41.    Defendants admit that Derek L. Strum served as a director of agilon during the Class Period and that he signed agilon's April 2021, September 2021, and May 2023 Registration

Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 41 are denied.

42. Defendants admit that William Wulf served as a director of agilon during the Class Period and that he signed agilon's April 2021, September 2021, and May 2023 Registration Statements. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 42 are denied.

43. Defendants admit Paragraph 43.

44. Defendants admit that Academy Securities, Inc., BofA Securities, Inc., Deutsche Bank Securities Inc., Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Nomura Securities International, Inc., R. Seelaus & Co., LLC, Samuel A. Ramirez & Company, Inc., Siebert Williams Shank & Co., LLC, Truist Securities, Inc., Wells Fargo Securities, LLC, and William Blair & Company, L.L.C. served as underwriters of agilon's April 2021, September 2021, and May 2023 offerings. Defendants respectfully refer the Court to the offering materials for their full and accurate contents and participants. Except as expressly admitted, the remaining allegations in Paragraph 44 are denied.

45. Defendants admit that Cowen and Company, LLC, Leerink Partners (formerly SVB Securities LLC), RBC Capital Markets, LLC, and WR Securities, LLC served as underwriters of agilon's May 2023 offering. Defendants respectfully refer the Court to the offering materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 45 are denied.

46. Paragraph 46 contains Plaintiffs' characterizations and definitions of the entities identified in ¶¶44–45 collectively as the "Underwriter Defendants." No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47.     Defendants admit that the Underwriter Defendants identified in ¶44 served as underwriters of agilon's April 2021 Offering, that agilon sold approximately 53 million shares of common stock at $23 per share in that offering, and that the underwriters collectively received compensation in connection with the offering. Defendants respectfully refer the Court to the April 2021 Registration Statement and related offering materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 47 are denied.

48.     Defendants admit that the Underwriter Defendants identified in ¶44 served as underwriters of agilon's September 2021 Offering, that it involved the sale of shares of common stock at $30 per share in that offering, and that the underwriters collectively received compensation in connection with the offering. Defendants respectfully refer the Court to the September 2021 Registration Statement and related offering materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 48 are denied.

49.     Defendants admit that the Underwriter Defendants identified in ¶¶44–45 served as underwriters of agilon's May 2023 Offering, that it involved the sale of shares of common stock at $21.50 per share in that offering, and that the underwriters collectively received compensation in connection with the offering. Defendants respectfully refer the Court to the May 2023 Registration Statement and related offering materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 49 are denied.

50.     Defendants admit that Paragraph 50 purports to describe Clayton, Dubilier & Rice, LLC ("CD&R LLC") and its affiliates, and admit that CD&R LLC is a private equity firm. Except as expressly admitted, the remaining allegations in Paragraph 50 are denied.

51.     Defendants admit that CD&R Vector held agilon stock during the relevant period. Except as expressly admitted, the remaining allegations in Paragraph 51 are denied.

52. Defendants admit that CD&R Investment Associates IX, Ltd. ("CD&R IX Ltd.") is the general partner of Vector and Donald Gogel and Nathan Sleeper were officers and directors of CD&R Investment Associates during the alleged class period. Except as expressly admitted, the remaining allegations in Paragraph 52 are denied.

53. Defendants admit that CD&R Associates had an investment committee comprised of professionals associated with CD&R LLC. Defendants respectfully refer the Court to the governing agreements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 53 are denied.

54. Paragraph 54 contains Plaintiffs' characterizations and definitions of certain defendants collectively as "CD&R" or the "CD&R Defendants." No response is required. Except as expressly admitted, the remaining allegations in Paragraph 54 are denied.

55. Defendants admit that the ownership percentages shown in the figure reflect CD&R Vector's approximate ownership interest of agilon's outstanding common stock during part of the Class Period. Defendants deny that CD&R Vector or any other CD&R entity controlled agilon or exercised control over its operations. Except as expressly admitted, the remaining allegations in Paragraph 55 are denied.

56. Defendants admit that CD&R Vector held a majority ownership interest in agilon during part of the Class Period. Defendants deny that CD&R Vector or any other CD&R entity controlled agilon or exercised control over its operations. Except as expressly admitted, the remaining allegations in Paragraph 56 are denied.

57. Defendants admit that CD&R Vector sold shares of agilon common stock in offerings during the Class Period and that the details of those sales are disclosed in offering

materials. Defendants respectfully refer the Court to those materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 57 are denied.

58.    Defendants admit that the Company was created in July 2016 through the merger of two healthcare companies and that over time the Company has expanded into a line of business involving Medicare.  Except as expressly admitted, the remaining allegations in Paragraph 58 are denied.

59.    Paragraph 59 contains Plaintiffs' characterizations, arguments, and conclusions regarding the CD&R entities' alleged knowledge, motives, and intentions. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60.    Paragraph 60 contains Plaintiffs' characterizations, arguments, and conclusions regarding the April 2021 Registration Statement. Defendants respectfully refer the Court to the April 2021 Registration Statement for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 60 are denied.

61.    Defendants admit that the April 2021 Registration Statement contained statements regarding agilon's business model, including its data integration and management capabilities. Defendants respectfully refer the Court to the April 2021 Registration Statement for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 61 are denied.

62.    Defendants admit that the April 2021 Registration Statement described agilon's business model and growth potential. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 62 are denied.

63.     Defendants admit that in April 2021, agilon completed an initial public offering, selling shares at $23 per share and raising approximately $1.2 billion, and that the offering was conducted pursuant to the April 2021 Registration Statement. Except as expressly admitted, the remaining allegations in Paragraph 63 are denied.

64.     Defendants admit that agilon made public statements following its IPO concerning its business model and financial results. Defendants respectfully refer the Court to those disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 64 are denied.

65.     Paragraph 65 contains Plaintiffs' characterizations, speculation, and legal conclusions concerning alleged concealment of risks. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.     Defendants admit that agilon executives, including Mr. Sell, made public statements during the Class Period describing agilon's business model, cost management, and utilization. Defendants respectfully refer the Court to the records of those statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 66 are denied.

67.     Defendants admit that agilon executives and physician partners made public statements concerning agilon's model. Defendants respectfully refer the Court to those statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 67 are denied.

68.     Defendants admit that agilon executives, including Messrs. Sell and Bensley, made public statements during the Class Period regarding agilon's financial results and cost structure.

Defendants respectfully refer the Court to the records of those statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 68 are denied.

69.    Defendants admit that certain analyst reports discussed agilon and its financial results during the Class Period. Defendants respectfully refer the Court to those analyst reports for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 69 are denied.

70.    Defendants admit that agilon executives made public statements in May and June 2023 concerning utilization and agilon's business model. Defendants respectfully refer the Court to the transcripts and disclosures for their full and accurate contents. Defendants deny that they concealed adverse utilization trends or misled investors. Except as expressly admitted, the remaining allegations in Paragraph 70 are denied.

71.    Defendants admit that agilon executives made public statements in August 2023 concerning agilon's financial results and medical margin. Defendants respectfully refer the Court to the relevant disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 71 are denied.

72.    Paragraph 72 contains Plaintiffs' characterizations, arguments, and conclusions regarding alleged statements in 2023 and 2024. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.    Defendants admit that the April 2021 Registration Statement contained statements about agilon's growth model, including references to increasing the number of primary care physicians on the platform. Defendants respectfully refer the Court to the April 2021 Registration Statement for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 73 are denied.

14

74.     Defendants admit that agilon has disclosed in its public filings that its growth initiatives include partnering with new physician groups in geographies where agilon did not previously operate and adding physicians in existing geographies. Defendants respectfully refer the Court to agilon's public disclosures for their complete and accurate contents. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 74..

75.     Defendants admit that agilon has made public statements describing its ability to add new physicians in mature markets. Defendants respectfully refer the Court to agilon's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 75 are denied.

76.     Paragraph 76 contains Plaintiffs' characterizations and descriptions of agilon's physician onboarding practices. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.     Defendants admit that agilon has stated that onboarding and educating new physicians is important to its business model. Defendants respectfully refer the Court to agilon's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 77 are denied.

78.     Paragraph 78 contains Plaintiffs' characterizations, arguments, and conclusions regarding agilon's onboarding practices and alleged admissions in 2024. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.     Paragraph 79 contains Plaintiffs' characterizations, arguments, and conclusions concerning agilon's financial performance, alleged causes of underperformance, and disclosures in January 2024. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80.     Defendants admit that agilon has made public statements describing its data integration and management capabilities. Defendants respectfully refer the Court to those disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 80 are denied.

81.     Defendants admit that agilon made public statements during the Class Period describing its ability to collect and organize data from various sources. Defendants respectfully refer the Court to the transcripts and disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 81 are denied.

82.     Defendants admit that Mr. Sell and agilon made public statements during the Class Period describing agilon's data platform. Defendants respectfully refer the Court to the transcripts of those statements for their full and accurate contents. Defendants further admit that analyst reports commented on agilon's platform. Defendants respectfully refer the Court to those reports for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 82 are denied.

83.     Defendants admit that agilon made public statements describing its use of data formats and data-sharing agreements. Defendants respectfully refer the Court to those disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 83 are denied.

84.     Paragraph 84 contains Plaintiffs' characterizations, arguments, and conclusions concerning agilon's data systems, forecasting, and financial reporting. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 contains Plaintiffs' characterizations, arguments, and conclusions concerning alleged statements by physician partners to CMS in May 2024. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     Defendants admit that agilon disclosed in late 2023 information about utilization trends, pent-up demand, and increased medical costs, and that analysts and the market reacted to those disclosures. Defendants respectfully refer the Court to agilon's public statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 86 are denied.

87.     Paragraph 87 contains Plaintiffs' characterizations, arguments, and conclusions regarding agilon's business model, data and analytics, physician onboarding, and financial performance. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.     Defendants admit that on November 2, 2023, agilon announced revised guidance and disclosed increased utilization and medical costs. Defendants respectfully refer the Court to agilon's public statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 88 are denied.

89.     Defendants admit that on January 5, 2024, agilon issued additional disclosures regarding its financial results, utilization trends, and the planned retirement of CFO Timothy Bensley. Defendants respectfully refer the Court to agilon's public statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 89 are denied.

90.     Defendants admit that in January 2024, agilon disclosed information concerning onboarding of physicians. Defendants respectfully refer the Court to agilon's public statements for

17

their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 90 are denied.

91.     Defendants admit that on February 27, 2024, agilon made public disclosures about its FY 2023 medical margin. Defendants respectfully refer the Court to agilon's public statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 91 are denied.

92.     Paragraph 92 contains Plaintiffs' characterizations, arguments, and conclusions alleging that agilon and individual defendants made materially false and misleading statements and concealed various facts. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93.     Defendants admit that the April 2021 Registration Statement contained statements describing agilon's model. Defendants respectfully refer the Court to the April 2021 Registration Statement for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 93 are denied.

94.     Defendants admit that the April 2021 Registration Statement contained statements regarding agilon's "Data Integration and Management" capabilities.  Defendants respectfully refer the Court to the April 2021 Registration Statement for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 94 are denied.

95.     Defendants admit that the April 2021 Registration Statement contained statements about agilon's model. Defendants respectfully refer the Court to the April 2021 Registration Statement for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 95 are denied.

96.     Defendants admit that the April 2021 Registration Statement contains statements about agilon's business model, and respectfully refer the Court to that document for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 96 are denied.

97.     Defendants admit that the April 2021 Registration Statement contains statements regarding the ability to add new physician partners, and respectfully refer the Court to that document for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 97 are denied.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants admit that on May 26, 2021, agilon announced its results for the period ending March 31, 2021, and filed a Form 10-Q for that period. Defendants respectfully refer the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 99 are denied.

100.    Defendants admit that on May 27, 2021, agilon conducted a conference call with investors. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 100 are denied.

101.    Defendants admit that on May 27, 2021, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 101 are denied.

102.    Defendants admit that on June 8, 2021, agilon participated in the Goldman Sachs Global Healthcare Conference. Defendants respectfully refer the Court to the transcript and related

materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 102 are denied.

103.   Defendants admit that statements were made at the Goldman Sachs Global Healthcare Conference and respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 103 are denied.

104.   Defendants admit that on August 4, 2021, agilon announced its results for the period ending June 30, 2021, and filed a Form 10-Q for that period. Defendants respectfully refer the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 104 are denied.

105.   Defendants admit that on August 5, 2021, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 105 are denied.

106.   Defendants admit that on September 7, 2021, agilon filed an amendment to a Registration Statement with the SEC, and that on September 13, 2021, agilon filed a Prospectus on Form 424B4. Defendants respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 106 are denied.

107.   Defendants admit that the September 2021 Registration Statement contains statements that speak for themselves, and respectfully refer the Court to that document for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 107 are denied.

108.    Defendants admit that on October 28, 2021, agilon announced its results for the period ending September 30, 2021, and filed a Form 10-Q for that period. Defendants respectfully refer the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 108 are denied.

109.    Defendants admit that on October 29, 2021, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 109 are denied.

110.    Defendants admit that statements were made during agilon's October 29, 2021 investor call and respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 110 are denied.

111.    Defendants admit that on November 18, 2021, agilon participated in the Wolfe Research Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 111 are denied.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that on January 10, 2022, agilon participated in the JP Morgan Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 113 are denied.

114.    Defendants admit that statements were made during agilon's January 10, 2022 presentation at the JP Morgan Healthcare Conference. Defendants respectfully refer the Court to

the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 114 are denied.

115. Defendants admit that statements were made during agilon's January 10, 2022 presentation at the JP Morgan Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 115 are denied.

116. Defendants admit that on March 3, 2022, agilon announced its results for the period ending December 31, 2021. Defendants respectfully refer the Court to those public filings and disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 116 are denied.

117. Defendants admit that on March 3, 2022, agilon filed its 2021 Form 10-K with the SEC. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 117 are denied.

118. Defendants admit that the 2021 Form 10-K contains statements that speak for themselves, and respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 118 are denied.

119. Defendants admit that the 2021 Form 10-K contains statements that speak for themselves, and respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 119 are denied.

120. Defendants admit that the 2021 Form 10-K contains statements that speak for themselves, and respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 120 are denied.

121.    Defendants admit that the 2021 Form 10-K contains statements that speak for themselves, and respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 121 are denied.

122.    Defendants admit that on March 11, 2022, agilon held its 2022 Investor Day. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 122 are denied.

123.    Defendants admit that statements were made during agilon's 2022 Investor Day presentation on March 11, 2022. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 123 are denied.

124.    Defendants admit that statements were made during agilon's 2022 Investor Day presentation on March 11, 2022. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 124 are denied.

125.    Defendants admit that statements were made during agilon's 2022 Investor Day presentation on March 11, 2022. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 125 are denied.

126.    Defendants admit that statements were made during agilon's 2022 Investor Day presentation on March 11, 2022. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 126 are denied.

127. Defendants admit that statements were made during agilon's 2022 Investor Day presentation on March 11, 2022. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 127 are denied.

128. Defendants admit that on May 5, 2022, agilon announced its results for the period ending March 31, 2022, and filed a Form 10-Q for that period. Defendants respectfully refer the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 128 are denied.

129. Defendants admit that on May 11, 2022, agilon participated in the Bank of America Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 129 are denied.

130. Defendants admit that statements were made during agilon's May 11, 2022 presentation at the Bank of America Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 130 are denied.

131. Defendants admit that on June 8, 2022, agilon participated in the William Blair Growth Stock Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 131 are denied.

132. Defendants admit that on August 4, 2022, agilon announced its results for the quarter ended June 30, 2022, and filed a Form 10-Q for that period. Defendants respectfully refer

the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 132 are denied.

133. Defendants admit that on September 8, 2022, agilon participated in the Wells Fargo Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 133 are denied.

134. Defendants admit that on September 14, 2022, agilon participated in the Morgan Stanley Global Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 134 are denied.

135. Defendants admit that on November 3, 2022, agilon announced its results for the quarter ended September 30, 2022, and filed a Form 10-Q for that period. Defendants respectfully refer the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 135 are denied.

136. Defendants admit that on November 3, 2022, agilon conducted a conference call with investors. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 136 are denied.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants admit that on January 9, 2023, agilon participated in the J.P. Morgan Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 138 are denied.

139.    Defendants admit that on January 24, 2023, agilon issued a release titled "Improving Outcomes for Medicare Patients With Diabetes: agilon health's Total Care Model." Defendants respectfully refer the Court to that release for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 139 are denied.

140.    Defendants admit that on March 1, 2023, agilon announced its results for the quarter and year ended December 31, 2022, and that agilon conducted an investor call the same day. Defendants respectfully refer the Court to those public filings and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 140 are denied.

141.    Defendants admit that on March 1, 2023, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 141 are denied.

142.    Defendants admit that on March 1, 2023, agilon filed its 2022 Form 10-K with the SEC. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 142 are denied.

143.    Defendants admit that on March 30, 2023, agilon held its 2023 Investor Day. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 143 are denied.

144.    Defendants admit that agilon published a presentation slide in connection with its 2023 Investor Day. Defendants respectfully refer the Court to that presentation and related

26

materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 144 are denied.

145. Defendants admit that statements were made during agilon's 2023 Investor Day on March 30, 2023. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 145 are denied.

146. Defendants admit that on May 9, 2023, agilon announced its results for the quarter ended March 31, 2023, and conducted an investor call the same day. Defendants respectfully refer the Court to those public filings and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 146 are denied.

147. Defendants admit that statements were made during agilon's May 9, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 147 are denied.

148. Defendants admit that statements were made during agilon's May 9, 2023, investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 148 are denied.

149. Defendants admit that statements were made during agilon's May 9, 2023, investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 149 are denied.

150.  Defendants admit that on May 9, 2023, agilon filed its Form 10-Q for the quarter ended March 31, 2023. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 150 are denied.

151.  Defendants admit that on May 11, 2023, agilon participated in the Bank of America Global Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 151 are denied.

152.  Defendants admit that on May 15, 2023, agilon filed a Form S-3 Registration Statement with the SEC. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 152 are denied.

153.  Defendants admit that on May 17, 2023, agilon filed a prospectus with the SEC in connection with the May 2023 Offering. Defendants respectfully refer the Court to that prospectus for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 153 are denied.

154.  Defendants admit that the May 2023 Registration Statement incorporates certain prior filings by reference and contains statements that speak for themselves. Defendants respectfully refer the Court to that Registration Statement and the referenced documents for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 154 are denied.

155.  Defendants admit that on June 7, 2023, agilon participated in the William Blair Growth Stock Conference. Defendants respectfully refer the Court to the transcript and related

materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 155 are denied.

156. Defendants admit that statements were made during agilon's June 7, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 156 are denied.

157. Defendants deny the allegations in Paragraph 157.

158. Defendants admit that on August 3, 2023, agilon announced its results for the quarter ended June 30, 2023. Defendants respectfully refer the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 158 are denied.

159. Defendants admit that agilon's August 3, 2023 release reported updated guidance. Defendants respectfully refer the Court to that release for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 159 are denied.

160. Defendants admit that on August 3, 2023, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 160 are denied.

161. Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 161 are denied.

162.    Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 162 are denied.

163.    Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 163 are denied.

164.    Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 164 are denied.

165.    Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 165 are denied.

166.    Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 166 are denied.

167.    Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their

full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 167 are denied.

168. Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 168 are denied.

169. Defendants admit that statements were made during agilon's August 3, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 169 are denied.

170. Defendants admit that on August 3, 2023, agilon filed its Form 10-Q for the quarter ended June 30, 2023. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 170 are denied.

171. Defendants admit that on September 6, 2023, agilon participated in the Wells Fargo Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 171 are denied.

172. Defendants admit that on September 12, 2023, agilon participated in the Morgan Stanley Global Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 172 are denied.

173. Defendants deny the allegations in Paragraph 173.

174.    Defendants admit that on November 2, 2023, agilon announced its results for the quarter ended September 30, 2023. Defendants respectfully refer the Court to those public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 174 are denied.

175.    Defendants admit that on November 2, 2023, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 175 are denied.

176.    Defendants admit that statements were made during agilon's November 2, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 176 are denied.

177.    Defendants admit that statements were made during agilon's November 2, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 177 are denied.

178.    Defendants admit that statements were made during agilon's November 2, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 178 are denied.

179.    Defendants admit that statements were made during agilon's November 2, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their

full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 179 are denied.

180.    Defendants admit that statements were made during agilon's November 2, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 180 are denied.

181.    Defendants admit that statements were made during agilon's November 2, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 181 are denied.

182.    Defendants admit that statements were made during agilon's November 2, 2023 investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 182 are denied.

183.    Defendants admit that on November 2, 2023, agilon filed its Form 10-Q for the quarter ended September 30, 2023. Defendants respectfully refer the Court to that filing for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 183 are denied.

184.    Defendants admit that analyst calls took place following agilon's November 2, 2023 quarterly earnings call. Defendants respectfully refer the Court to the transcripts or notes of those calls for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 184 are denied.

185.    Defendants admit that on November 14, 2023, agilon participated in the Wolfe Research Healthcare Conference. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 185 are denied.

186.    Defendants admit that statements were made during agilon's November 14, 2023 Wolfe Research Healthcare Conference presentation. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 186 are denied.

187.    Defendants admit that statements were made during agilon's November 14, 2023 Wolfe Research Healthcare Conference presentation. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 187 are denied.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants admit that on January 5, 2024, agilon issued a release revising its fiscal year 2023 guidance, introducing fiscal year 2024 guidance, and withdrawing its fiscal year 2026 guidance. Defendants respectfully refer the Court to that release for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 189 are denied.

190.    Defendants admit that on January 5, 2024, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 190 are denied.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192.

34

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants admit that on November 2, 2023, agilon issued its third quarter 2023 results and held a conference call with investors to discuss them. Defendants respectfully refer the Court to those statements and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 195 are denied.

196.    Defendants admit that agilon's stock price fluctuated after its November 2, 2023 disclosures, and respectfully refer the Court to market data for the full and accurate record of trading activity. Except as expressly admitted, the remaining allegations in Paragraph 196 are denied.

197.    Defendants admit that analyst reports were issued following agilon's November 2, 2023 disclosures and respectfully refer the Court to those reports for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 197 are denied.

198.    Defendants admit that on January 5, 2024, agilon issued a release revising its fiscal year 2023 results and guidance. Defendants respectfully refer the Court to that release for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 198 are denied.

199.    Defendants admit that on January 5, 2024, agilon disclosed information regarding its third quarter 2023 results. Defendants respectfully refer the Court to those public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 199 are denied.

200.    Defendants admit that on January 5, 2024, agilon issued a release providing fiscal year 2024 outlook and withdrawing its previously issued fiscal year 2026 guidance. Defendants

respectfully refer the Court to that release for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 200 are denied.

201. Defendants admit that on January 5, 2024, agilon disclosed information concerning its physician onboarding and education practices. Defendants respectfully refer the Court to agilon's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 201 are denied.

202. Defendants admit that on January 5, 2024, agilon announced that Bensley would step down as Chief Financial Officer. Except as expressly admitted, the remaining allegations in Paragraph 202 are denied.

203. Defendants admit that on January 5, 2024, agilon conducted an investor call. Defendants respectfully refer the Court to the transcript and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 203 are denied.

204. Defendants respectfully refer the Court to market data for the full and accurate record of trading activity and stock prices. Except as expressly admitted, the remaining allegations in Paragraph 204 are denied.

205. Defendants admit that analyst reports were issued following agilon's January 5, 2024 disclosures and respectfully refer the Court to those reports for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 205 are denied.

206. Defendants admit that on February 27, 2024, agilon announced its fourth quarter and fiscal year 2023 results. Defendants respectfully refer the Court to those public statements and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 206 are denied.

207. Defendants admit that on February 27, 2024, agilon filed its 2023 Form 10-K disclosing a material weakness. Defendants respectfully refer the Court to that filing for its full and accurate contents. To the extent Paragraph 207 characterizes or misstates the 10-K or implies wrongdoing, those allegations are denied. Except as expressly admitted, the remaining allegations in Paragraph 207 are denied.

208. Defendants admit that on February 27, 2024, agilon published a presentation slide containing a chart that shows medical margin figures for certain market classes. Defendants respectfully refer the Court to that presentation for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 208 are denied.

209. Defendants admit that on February 27, 2024, agilon disclosed information concerning membership growth. Defendants respectfully refer the Court to agilon's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 209 are denied.

210. Defendants admit that analyst reports were issued following agilon's February 27, 2024 disclosures and respectfully refer the Court to those reports for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 210 are denied.

211. Defendants admit that agilon's stock price fluctuated following its February 27, 2024, disclosures and respectfully refer the Court to market data for the full and accurate record of trading activity. Except as expressly admitted, the remaining allegations in Paragraph 211 are denied.

212. Defendants deny the allegations in Paragraph 212.

213. Defendants admit that CD&R Vector and Sell sold agilon stock. To the extent that Paragraph 213 purports to quote, summarize, or characterize the sales made by CD&R Vector or

Sell, Defendants refer the Court to the contents of those individuals' Forms 4 filed with the SEC which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 213 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 213.

214.    Defendants admit that CD&R Vector sold agilon stock. To the extent that Paragraph 214 purports to quote, summarize, or characterize the sales made by CD&R Vector, Defendants refer the Court to the contents of CD&R Vector's Forms 4 filed with the SEC which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 214 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215.

216.    Defendants admit that Sell reported a stock sale on September 14, 2021, as disclosed in SEC filings, and respectfully refer the Court to those filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 216 are denied.

217.    Defendants deny the allegations in Paragraph 217.

218.    Defendants deny the allegations in Paragraph 218.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants admit that agilon received data from CMS through its participation in the ACO REACH Model and respectfully refer the Court to agilon's public statements for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 220 are denied.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants deny the allegations in Paragraph 223.

224.    Defendants deny the allegations in Paragraph 224.

225.    Defendants deny the allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants admit that statements were made by agilon representatives during earnings calls and respectfully refer the Court to the transcripts and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 227 are denied.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants admit that on November 2, 2023, agilon reported its third quarter 2023 results and updated guidance. Defendants respectfully refer the Court to those public filings and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 229 are denied.

230.    Defendants admit that statements were made by agilon representatives on November 2, 2023, and November 14, 2023, and respectfully refer the Court to the transcripts and related materials for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 230 are denied.

231.    Defendants admit that on January 5, 2024, agilon issued a release revising its fiscal year 2023 outlook, providing fiscal year 2024 guidance, and announcing Bensley's retirement. Defendants respectfully refer the Court to those public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 231 are denied.

232. Defendants admit that on February 27, 2024, agilon announced its fiscal year 2023 results and updated fiscal year 2024 guidance. Defendants respectfully refer the Court to those public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 232 are denied.

233. Defendants deny the allegations in Paragraph 233.

234. Defendants deny the allegations in Paragraph 234.

235. Defendants admit that agilon granted shares of common stock to physician partners in connection with its April 2021 offering and respectfully refer the Court to agilon's public filings for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 235 are denied.

236. Defendants deny the allegations in Paragraph 236.

237. Defendants deny the allegations in Paragraph 237.

238. Defendants admit that on January 5, 2024, agilon announced Bensley's retirement. Defendants respectfully refer the Court to agilon's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 238 are denied.

239. Defendants admit that agilon announced the departure of Kasenchak in August 2023 and the prior resignation of Sobotka in May 2022. Defendants respectfully refer the Court to agilon's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 239 are denied.

240. Defendants admit that in June 2023, Richards, Schnall, and Strum ceased serving as directors of agilon following CD&R Vector's loss of its majority shareholder stake. Defendants respectfully refer the Court to agilon's public disclosures for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 240 are denied.

40

241. Defendants admit that on May 29, 2024, a letter was sent to the Administrator of CMS by certain physician partners on letterhead bearing the "agilon health" logo. Defendants respectfully refer the Court to that letter for its full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 241 are denied.

242. Defendants admit that certain physician groups identified in Paragraph 242 are or were partners of agilon. Except as expressly admitted, the remaining allegations in Paragraph 242 are denied.

243. Defendants deny the allegations in Paragraph 243.

244. Defendants deny the allegations in Paragraph 244.

245. Defendants deny the allegations in Paragraph 245.

246. Defendants deny the allegations in Paragraph 246.

247. Defendants admit that agilon's common stock is listed on the New York Stock Exchange and that agilon files periodic reports with the SEC. Defendants respectfully refer the Court to agilon's public filings and market data for their full and accurate contents. Except as expressly admitted, the remaining allegations in Paragraph 247 are denied.

248. Defendants deny the allegations in Paragraph 248.

249. Defendants deny the allegations in Paragraph 249.

250. Defendants deny the allegations in Paragraph 250.

251. Defendants deny the allegations in Paragraph 251.

252. Defendants deny the allegations in Paragraph 252.

253. Defendants deny the allegations in Paragraph 253.

254. Defendants deny the allegations in Paragraph 254.

255. Defendants deny the allegations in Paragraph 255.

256.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 256.

257.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 257.

258.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 258.

259.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 259.

260.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 260.

261.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 261.

262.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 262.

263.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 263.

264.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 264.

265.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 265.

266.     Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 266.

267.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 267.

268.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 268.

269.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 269.

270.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 270.

271.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 271.

272.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 272.

273.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 273.

274.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 274.

275.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 275.

276.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 276.

277.    Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 277.

278. Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 278.

279. Defendants note that the Section 11 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 279.

280. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 280.

281. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 281.

282. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 282.

283. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 283.

284. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 284.

285. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 285.

286. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 286.

287. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 287.

288. Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 288.

289.   Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 289.

290.   Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 290.

291.   Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 291.

292.   Defendants note that the Section 12(a)(2) claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 292.

293.   Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 293.

294.   Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 294.

295.   Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 295.

296.   Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 296.

297.   Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 297.

298.   Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 298.

299.   Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 299.

300. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 300.

301. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 301.

302. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 302.

303. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 303.

304. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 304.

305. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 305.

306. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 306.

307. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 307.

308. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 308.

309. Defendants note that the Section 15 claim has been dismissed by the Court; to the extent a response is required, Defendants deny the allegations in Paragraph 309.

310. Defendants note that Plaintiffs' Section 10(b) claim incorporates prior allegations. To the extent a response is required, Defendants deny the allegations in Paragraph 310.

311.    Defendants admit that Plaintiffs purport to assert a claim under Section 10(b) of the Exchange Act and SEC Rule 10b-5 against agilon and certain individual defendants. Defendants further note that the Court dismissed Plaintiffs' Section 10(b) claims as to Hittner and Venkatachaliah.  Except as expressly admitted, the remaining allegations in Paragraph 311 are denied.

312.    Defendants deny the allegations in Paragraph 312.

313.    Defendants deny the allegations in Paragraph 313.

314.    Defendants deny the allegations in Paragraph 314.

315.    Defendants deny the allegations in Paragraph 315.

316.    Defendants note that Plaintiffs' Section 20(a) claim incorporates prior allegations. To the extent a response is required, Defendants deny the allegations in Paragraph 316.

317.    Defendants admit that Plaintiffs purport to assert a claim under Section 20(a) of the Exchange Act against certain defendants. Defendants further note that the Court dismissed Plaintiffs' Section 20(a) claims as to the CD&R Defendants for statements made after May 2023, and to the extent based on Section 10(b) theories already dismissed. Except as expressly admitted, the remaining allegations in Paragraph 317 are denied.

318.    Defendants deny the allegations in Paragraph 318, and further note that Plaintiffs' Section 20(a) claim is derivative and cannot extend beyond the surviving Section 10(b) claims, as narrowed by the Court's dismissal order.

319.    Defendants deny the allegations in Paragraph 319, subject to the Court's dismissal of Plaintiffs' Section 20(a) claims to the extent they are premised on dismissed Section 10(b) theories or statements after May 2023.

320.    Defendants deny the allegations in Paragraph 320, subject to the Court's dismissal of Plaintiffs' Section 20(a) claims against the CD&R Defendants for statements made after May 2023.

321.    Defendants deny the allegations in Paragraph 321, subject to the Court's dismissal of Plaintiffs' Section 20(a) claims to the extent they are premised on dismissed Section 10(b) theories or statements after May 2023.

322.    Defendants note that Plaintiffs' Section 20A claim incorporates prior allegations. To the extent a response is required, Defendants deny the allegations in Paragraph 322.

323.    Defendants admit that Plaintiffs purport to assert a claim under Section 20A of the Exchange Act against certain defendants. Except as expressly admitted, the remaining allegations in Paragraph 323 are denied.

324.    Defendants deny the allegations in Paragraph 324.

325.    Defendants deny the allegations in Paragraph 325.

326.    Defendants deny the allegations in Paragraph 326.

327.    Defendants deny the allegations in Paragraph 327.

328.    Defendants deny the allegations in Paragraph 328.

329.    Defendants admit that Sell reported a stock sale on September 14, 2021, as reflected in his Form 4, and respectfully refer to that filing for its complete and accurate contents. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 329..

330.    Defendants deny the allegations in Paragraph 330.

331.    Defendants deny the allegations in Paragraph 331.

332.    Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, including any damages, interest, fees, costs, equitable relief, or other relief.

333.    Defendants admit that Plaintiffs have demanded a jury trial, but deny that Plaintiffs are entitled to any trial or relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden not imposed by law, and reserving all rights to amend or supplement these defenses as discovery proceeds, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    The Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Particularity)

2.    The Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, including failure to allege facts giving rise to a strong inference of scienter.

### THIRD AFFIRMATIVE DEFENSE
### (No Misstatement or Omission)

3.    Defendants did not make any false or misleading statement of material fact, nor did they omit to state any material fact necessary to make any statement not misleading.

### FOURTH AFFIRMATIVE DEFENSE
### (Opinion, Optimism, and Puffery)

4.    To the extent the Complaint challenges statements of opinion, judgment, belief, forward-looking guidance, or corporate optimism, such statements are inactionable as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE
### (Forward-Looking Statements / Safe Harbor)

5.      To the extent the challenged statements were forward-looking, they are protected by the safe harbor provisions of the Private Securities Litigation Reform Act, as they were accompanied by meaningful cautionary language, and/or were made without actual knowledge of falsity.

## SIXTH AFFIRMATIVE DEFENSE
### (Cautionary Language / Risk Disclosures / Bespeaks Caution)

6.      Any alleged misstatements or omissions are not actionable because Defendants disclosed appropriate cautionary language and risk factors that warned investors of the very risks Plaintiffs now claim were concealed, and therefore Plaintiffs' claims are barred under the bespeaks caution doctrine.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith / No Scienter)

7.      Defendants acted at all times in good faith, without scienter, and with a reasonable belief in the accuracy and completeness of their statements and disclosures.

## EIGHTH AFFIRMATIVE DEFENSE
### (Truth-on-the-Market/ No Reliance)

8.      To the extent the Complaint alleges misstatements or omissions, the information at issue was already disclosed to the market, otherwise publicly available, or known to investors, and thus could not have been material or reasonably relied upon by Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE
### (Loss Causation)

9.      Plaintiffs cannot demonstrate that any alleged misstatement or omission caused their claimed losses. Any losses were instead the result of intervening causes, including general

50

economic conditions, industry trends, or company-specific events unrelated to the alleged misconduct.

## TENTH AFFIRMATIVE DEFENSE
### (Damages and Offset of Gains)

10.     Plaintiffs and the putative class have not suffered cognizable damages. To the extent damages are proven, they must be limited to losses directly caused by the alleged violations, reduced by gains realized on agilon stock, and cannot include speculative, remote, or unrecoverable losses.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations and Repose)

11.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Fault and Apportionment)

12.     If any Defendant is found liable, each is responsible only for the proportion of damages corresponding to its own responsibility, if any, and not for damages caused by others.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Derivative Nature of Section 20(a) Claims)

13.     Plaintiffs' claims under Section 20(a) of the Exchange Act fail because they cannot establish a primary violation with respect to the dismissed Section 10(b) theories, and because Plaintiffs cannot establish that the alleged control persons induced or were culpably involved in any alleged violation.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Section 20(a) Failure to Control)

14.     As to the Defendants against whom control person liability is alleged under Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because Defendants did not

directly or indirectly control agilon or any other individual that Plaintiffs allege is a primary violator.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Section 20A – No Material, Nonpublic Information)

15. Plaintiffs' Section 20A claim fails because Defendant Sell did not possess material, nonpublic information at the time of any alleged sale of agilon securities.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Section 20(A) – No Contemporaneous Trading)

16. Plaintiffs' Section 20A claims are barred in whole or in part because Plaintiffs did not purchase agilon securities contemporaneously with any alleged sale of agilon securities by Defendant Sell.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Section 20A – No Predicate Violation)

17. Plaintiffs' claims are barred in whole or in part because they cannot establish a predicate violation of the Securities Exchange Act of 1934, as required to substantiate a claim under Section 20A.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Truth)

18. The statements and disclosures made by Defendants were true, accurate, and not misleading.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages – 15 U.S.C. § 78u-4(e))

19. If it should be determined that Plaintiffs suffered damages, such damages are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e).

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Standing)

20.    Plaintiffs lack standing to assert claims under the federal securities laws to the extent they did not purchase or otherwise acquire agilon securities in connection with the alleged misstatements, omissions, or transactions at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

21.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable diligence to mitigate their alleged damages, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Waiver)

22.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Laches)

23.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

24.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## <u>RESERVATION OF RIGHTS</u>

Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims, and/or third party claims.

## PRAYER FOR RELIEF

Defendants pray that this Court enter judgment as follows:

1.  That Plaintiff takes nothing by the Complaint;

2.  For costs, attorneys' fees and expert witness fees;

3.  For judgment in favor of Defendants; and

4.  For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully request a trial by jury on all issues.


Respectfully submitted,

/s/ Yolanda C. Garcia
SIDLEY AUSTIN LLP
Yolanda C. Garcia
Mason Parham
Barret V. Armbruster
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
ygarcia@sidley.com
mparham@sidley.com
barmbruster@sidley.com

Attorneys for Defendants agilon
health, inc., Steven J. Sell, and
Timothy S. Bensley