UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

|  |  |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

## CD&R DEFENDANTS' ANSWER TO THE CONSOLIDATED COMPLAINT

Defendants Clayton, Dubilier & Rice, LLC ("CD&R LLC"), CD&R Vector Holdings, L.P. ("Vector"), CD&R Investment Associates IX, Ltd. ("CD&R Investment Associates"), and CD&R Associates IX, L.P. ("CD&R Associates") (collectively, the "CD&R Defendants"), by their undersigned attorneys, for their Answer to the Consolidated Complaint, state as follows:

## I.    NATURE OF THE ACTION

1.    Deny the allegations in Paragraph 1, except admit that Plaintiffs purport to assert claims on the behalf of the putative class described.

2.    Deny the allegations in Paragraph 2, except admit that Plaintiffs purport to assert claims on behalf of the putative class described and state that certain of these claims have been dismissed.

3.    Deny the allegations in Paragraph 3, except admit that agilon (the "Company") was formed in July 2016, and respectfully refer the Court to the Company's SEC filings for a full and accurate statement of the Company's business model and activities and deny any allegation inconsistent therewith.

## II.    INTRODUCTION

4.      Deny the allegations in Paragraph 4, except admit that the Company contracts with physician practice groups and that such arrangements include a revenue sharing component.

5.      Deny the allegations in Paragraph 5, except with regard to allegations related to the Company's internal operations for which the CD&R Defendants lack information sufficient to admit or deny the allegations.

6.      Deny the allegations in Paragraph 6, except admit that Vector held approximately 69% of the outstanding shares of agilon stock prior to the April 2021 public offering and was a party to the Stockholders Agreement of agilon health, Inc., dated as of April 16, 2021 (the "Stockholders Agreement"), and respectfully refer the Court to the Stockholders Agreement for its full and accurate contents and deny any allegation inconsistent therewith.

7.      Deny the allegations in Paragraph 7, except with regard to allegations related to the Company's internal operations for which the CD&R Defendants lack information sufficient to admit or deny the allegations.

8.      Deny the allegations in Paragraph 8, except admit that the Company filed a Registration Statement in April 2021, and respectfully refer the Court to the quoted SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

9.      Paragraph 9 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 9 is necessary, the CD&R Defendants deny the allegations in Paragraph 9, except admit that the Company conducted its IPO on April 16, 2021 at a price per share of $23.00.

10.     Deny the allegations in paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 11 is necessary, the CD&R Defendants deny the allegations in Paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 12 is necessary, the CD&R Defendants deny the allegations in Paragraph 12 and respectfully refer the Court to the quoted analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

13. Deny the allegations in Paragraph 13, except admit that the Company issued a release on January 5, 2024, and respectfully refer the Court to the release for its full and accurate contents and deny any allegation inconsistent therewith.

14. Deny the allegations in Paragraph 14, and respectfully refer the Court to the quoted analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

15. Deny the allegations in Paragraph 15, except admit that the Company made disclosures regarding its fiscal year 2023 results on February 27, 2024, and respectfully refer the Court to the quoted SEC filing and analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

## III.    JURISDICTION AND VENUE

16. Paragraph 16 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 16 is necessary, the CD&R Defendants deny the allegations in Paragraph 16, except admit that Plaintiffs purport to assert claims on behalf of the putative class described and admit that the Court has subject matter jurisdiction.

17.    Paragraph 17 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 17 is necessary, the CD&R Defendants admit that venue is proper in this District.

18.    Paragraph 18 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 18 is necessary, the CD&R Defendants deny the allegations in Paragraph 18.

## IV.    PARTIES

19.    Lack information sufficient to admit or deny the allegations in Paragraph 19.

20.    Lack information sufficient to admit or deny the allegations in Paragraph 20.

21.    Lack information sufficient to admit or deny the allegations in Paragraph 21.

22.    Admit the allegations in Paragraph 22.

23.    Deny the allegation in Paragraph 23, except admit that Sell served as the Company's Chief Executive Officer, President, and as a member of its Board, and that he signed certain SEC filings identified in Paragraph 23.

24.    Deny the allegations in Paragraph 24, except admit that Bensley served as the Company's Chief Financial Officer from January 2021 through early 2024, that the Company announced his retirement on January 5, 2024, and that he signed certain SEC filings identified in Paragraph 24.

25.    Deny the allegations in Paragraph 25, except admit that Venkatachaliah joined the Company in January 2021 as its Chief Technology Officer.

26.    Deny the allegation in Paragraph 26, except admit that Hittner served in certain roles at the Company, including Senior Vice President, Provider Strategies and Growth from January 2019 through February 2022, and Chief Experience Officer starting in February 2022.

27. Paragraph 27 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 27 is necessary, the CD&R Defendants deny the allegations in Paragraph 27.

28. Deny the allegations in Paragraph 28, except admit that Sell and Bensley were named as defendants under the Securities Act and that each signed the Company's April 2021, September 2021, and May 2023 Registration Statements.

29. Deny the allegation in Paragraph 29, except admit that Sobotka served as Chief Accounting Officer of the Company from 2019 to 2022 and signed the Company's April 2021 and September 2021 Registration Statements.

30. Deny the allegations in Paragraph 30, except admit that Kasenchak served as the Company's Chief Accounting Officer from 2022 to 2023 and that she signed the Company's May 2023 Registration Statement.

31. Deny the allegations in Paragraph 31, except admit that Gourdine served as a director from 2021 to 2022 and that she signed the April 2021 and September 2021 Registration Statements.

32. Deny the allegation in Paragraph 32, except admit that Smith served as a director from 2017 to 2022 and that he signed certain of the April 2021 and September 2021 Registration Statements.

33. Deny the allegations in Paragraph 33, except admit that Williams joined the Company's Board in 2017, has served as chairman of the Board since 2017, and signed the Company's April 2021, September 2021, and May 2023 Registration Statements.

34.    Deny the allegations in Paragraph 34, except admit that Mansukani joined the Company's Board in 2017 and that he signed the Company's April 2021, September 2021, and May 2023 Registration Statements.

35.    Deny the allegations in Paragraph 35, except admit that McKenzie joined the Company's Board in February 2023 and that she signed the Company's May 2023 Registration Statement.

36.    Deny the allegations in Paragraph 36, except admit McLoughlin joined the Company's Board in July 2021 and that she signed the Company's September 2021 and May 2023 Registration Statements.

37.    Deny the allegations in Paragraph 37, except admit that Richards joined the Company's Board in January 2021 and signed agilon's April 2021, September 2021, and May 2023 Registration Statements.

38.    Deny the allegations in Paragraph 38, except admit that Sachdev joined the Company's Board in 2017, has the title of Partner at CD&R LLC, and signed the Company's April 2021, September 2021, and May 2023 Registration Statements.

39.    Deny the allegations in Paragraph 39, except admit that Schnall joined the Company's Board in 2017, resigned from the Board on June 21, 2023, which became effective on June 22, 2023, has the title of Co-President at CD&R LLC, and signed the Company's April 2021, September 2021, and May 2023 Registration Statements.

40.    Deny the allegation in Paragraph 40, except admit that Schwaneke joined the Company's Board on August 10, 2022, became the Company's CFO on July 1, 2024, and that he signed the Company's May 2023 Registration Statement.

41.     Deny the allegations in Paragraph 41, except admit that Strum joined the Company's Board in 2017, resigned from the Board on June 21, 2023, which became effective on June 22, 2023, had the title of Partner at CD&R LLC until 2023, and signed the Company's April 2021, September 2021, and May 2023 Registration Statements.

42.     Deny the allegations in Paragraph 42, except admit that Wulf joined the Company's Board in 2017 and that he signed the Company's April 2021, September 2021, and May 2023 Registration Statements.

43.     Deny the allegations in Paragraph 43, except admit that Plaintiffs purport to allege claims on behalf of the class against a group they refer to as the "Securities Act Individual Defendants."

44.     Deny the allegations in Paragraph 44, except admit that Academy Securities, Inc., BofA Securities, Inc., Deutsche Bank Securities Inc., Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Nomura Securities International, Inc., R. Seelaus & Co., LLC, Samuel A. Ramirez & Company, Inc., Siebert Williams Shank & Co., LLC, Truist Securities, Inc., Wells Fargo Securities, LLC, and William Blair & Company, L.L.C. served as underwriters of agilon's April 2021, September 2021, and May 2023 offerings.

45.     Deny the allegations in Paragraph 45, except admit that Cowen and Company, LLC, Leerink Partners (formerly SVB Securities LLC), RBC Capital Markets, LLC, and WR Securities, LLC served as underwriters of agilon's May 2023 offering.

46.     Paragraph 46 states definitional allegations to which no response is required.

47.     Deny the allegations in Paragraph 47, except admit that the underwriters identified in Paragraph 44 served as underwriters of the Company's April 2021 offering, that the Company sold approximately 53 million shares of common stock at $23 per share in that offering, and respectfully refer the Court to the April 2021 Registration Statement and related offering materials for their full and accurate contents.

48.     Deny the allegations in Paragraph 48 except admit that the underwriters identified in Paragraph 44 served as underwriters of the Company's September 2021 offering, that the Company sold approximately 19.5 million shares of common stock at $30 per share in that offering, and respectfully refer the Court to the September 2021 Registration Statement and related offering materials for their full and accurate contents.

49.     Deny the allegations in Paragraph 49 except admit that the underwriters identified in Paragraphs 44-45 served as underwriters of the Company's May 2023 offering, that the Company sold approximately 94 million shares of common stock at $21.50 per share in that offering, and respectfully refer the Court to the May 2023 Registration Statement and related offering materials for their full and accurate contents.

50.     Deny the allegations in Paragraph 50, except admit that CD&R LLC is headquartered in New York, New York.

51.     Deny the allegations in Paragraph 51, except admit that Vector is a limited partnership owned by three private equity funds and held agilon stock.

52.     Deny the allegations in Paragraph 52, except admit that CD&R Investment Associates is the general partner of Vector and Donald Gogel and Nathan Sleeper were officers and directors of CD&R Investment Associates during the alleged class period.

53.	Deny the allegations in Paragraph 53, except admit that CD&R Associates had an investment committee comprised of professionals associated with CD&R LLC and respectfully refer the Court to agilon's statements concerning the CD&R Defendants for their full and accurate contents.

54.	Deny the allegations in Paragraph 54 and the accompanying figure, except admit that Plaintiffs purport to allege claims on behalf of the class against a group they refer to as "CD&R" or "CD&R Defendants" and that CD&R LLC, Vector, CD&R Investment Associates, and CD&R Associates maintain their principal places of business at 550 Madison Avenue, New York, NY 10022.

55.	Paragraph 55 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 55 is necessary, the CD&R Defendants deny the allegations in Paragraph 55 and the accompanying figure, except admit that the ownership percentages shown in the figure reflect Vector's approximate ownership of outstanding agilon common stock at various points in time.

56.	Paragraph 56 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 56 is necessary, the CD&R Defendants deny the allegations in Paragraph 56.

57.	Paragraph 57 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 57 is necessary, the CD&R Defendants deny the allegations in Paragraph 57, except admit that Vector sold 17,904,257 shares of agilon stock at a share price of $28.98 per share on September 14, 2021, sold 11,337,500 shares of agilon stock at a share price of $24.35 per share on August 11, 2022, and sold 94,173,804 shares of agilon stock at a share price of $20.80 per share on May 18, 2023.

## V.   SUMMARY OF THE FRAUD

58.   Deny the allegations in Paragraph 58, except admit that the Company was created in July 2016 through the merger of two healthcare companies and that over time the Company has expanded into a line of business involving Medicare.

59.   Paragraph 59 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 59 is necessary, the CD&R Defendants lack information sufficient to admit or deny the allegations in Paragraph 59 as they relate to the COVID-19 pandemic generally and its impact on healthcare utilization, except admit that the Company completed an initial public offering in April 2021.

60.   Paragraph 60 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 60 is necessary, the CD&R Defendants deny the allegations in Paragraph 60.

61.   Deny the allegations in Paragraph 61 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

62.   Deny the allegations in Paragraph 62 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

63.   Deny the allegations in Paragraph 63, except admit that the Company completed its IPO on April 16, 2021 at a price per share of $23.00.

64.   Deny the allegations in Paragraph 64 and respectfully refer the Court to the quoted SEC Filings for their full and accurate contents and deny any allegation inconsistent therewith.

65. Paragraph 65 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 65 is necessary, the CD&R Defendants deny the allegations in Paragraph 65.

66. Deny the allegations in Paragraph 66 and respectfully refer the Court to the quoted SEC Filings and call transcripts for their full and accurate contents and deny any allegation inconsistent therewith.

67. Deny the allegations in Paragraph 67 and respectfully refer the Court to the quoted SEC Filings, analyst reports and other documents for their full and accurate contents and deny any allegation inconsistent therewith.

68. Deny the allegations in Paragraph 68 and respectfully refer the Court to the quoted SEC Filings and call transcripts for their full and accurate contents and deny any allegation inconsistent therewith.

69. Deny the allegations in Paragraph 69 and respectfully refer the Court to the quoted analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

70. Deny the allegations in Paragraph 70 and respectfully refer the Court to the Company's SEC filings and analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

71. Deny the allegations in Paragraph 71, except admit that the Company held an earnings call on August 3, 2023 and refer the Court to the transcript for that call for its full and accurate contents and deny any allegation inconsistent therewith.

72. Paragraph 72 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 72 is necessary, the CD&R Defendants deny the allegations in Paragraph 72.

73.     Deny the allegations in Paragraph 73 and respectfully refer the Court to the cited Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

74.     Deny the allegations in Paragraph 74 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

75.     Deny the allegations in Paragraph 75 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

76.     Deny the allegations in Paragraph 76, except lack information sufficient to admit or deny the allegations pertaining to the training provided to physicians during the implementation period.

77.     Deny the allegations in Paragraph 77, except lack information sufficient to admit or deny the allegations pertaining to knowledge of agilon's physician partners.

78.     Paragraph 78 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 78 is necessary, the CD&R Defendants deny the allegations in Paragraph 78.

79.     Paragraph 79 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 79 is necessary, the CD&R Defendants deny the allegations in Paragraph 79.

80.     Deny the allegations in Paragraph 80, except admit that the Company made public statements describing its data integration and management capabilities, and respectfully refer the Court to the Company's SEC filings for a full and accurate statement of its business model, activities, and financial results and deny any allegation inconsistent therewith.

81.     Deny the allegations in Paragraph 81, except admit that the Company made public statements describing its ability to collect and organize data from various sources, and respectfully refer the Court to the Company's SEC filings and the quoted analyst reports for a full and accurate statement of its business model, activities, and financial results and deny any allegation inconsistent therewith.

82.     Deny the allegations in Paragraph 82, except admit that Sell made certain statements describing its data platform, and respectfully refer the Court to the Company's SEC filings and quoted call transcripts for a full and accurate statement of its business model, activities, and financial results and deny any allegation inconsistent therewith.

83.     Deny the allegations in Paragraph 83, except admit that the Company made public statements describing its use of data and data-sharing agreements, and respectfully refer the Court to the quoted documents for their full and accurate contents and deny any allegation inconsistent therewith.

84.     Paragraph 84 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 84 is necessary, the CD&R Defendants deny the allegations in Paragraph 84.

85.    Paragraph 85 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 85 is necessary, the CD&R Defendants deny the allegations in Paragraph 85 and respectfully refer the Court to the quoted letter for its full and accurate contents and deny any allegation inconsistent therewith.

86.    Paragraph 86 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 86 is necessary, the CD&R Defendants deny the allegations in Paragraph 86.

87.    Paragraph 87 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 87 is necessary, the CD&R Defendants deny the allegations in Paragraph 87.

88.    Deny the allegations in Paragraph 88, except admit that the Company announced financial guidance on November 2, 2023, and respectfully refer the Court to the announcement and quoted analyst reports for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

89.    Deny the allegations in Paragraph 89, except admit that the Company announced financial guidance and Bensley's intent to retire on January 5, 2024, and respectfully refer the Court to the announcement for its full and accurate contents and deny any allegation inconsistent therewith.

90.    Deny the allegations in Paragraph 90, except admit that the Company announced financial guidance on January 5, 2024, and respectfully refer the Court to the Company's announcement and the quoted analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

91.     Deny the allegations in Paragraph 91, except admit that the Company made public disclosures on February 27, 2024, the trading price of agilon stock closed at $6.48 per share on February 27, 2024, and closed at $6.04 per share on March 1, 2024, and respectfully refer the Court to the Company's SEC filings and call transcripts for their full and accurate contents and deny any allegation inconsistent therewith.

## VI.   DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

92.     Paragraph 92 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 92 is necessary, the CD&R Defendants deny the allegations in Paragraph 92.

93.     Deny the allegations in Paragraph 93 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

94.     Deny the allegations in Paragraph 94 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

95.     Deny the allegations in Paragraph 95 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

96.     Deny the allegations in Paragraph 96 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

97.     Deny the allegations in Paragraph 97 and respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

98.     Paragraph 98 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 98 is necessary, the CD&R Defendants deny the allegations in Paragraph 98.

99.     Deny the allegations in Paragraph 99, except admit that the Company released the financial results for the first quarter of 2021 and filed a Form 10-Q on May 26, 2021, and respectfully refer the Court to the Company's SEC filings for their full and accurate contents and deny any allegation inconsistent therewith.

100.    Deny the allegations in Paragraph 100, except admit that on May 27, 2021 the Company held a conference call, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

101.    Deny the allegations in Paragraph 101, except admit that on May 27, 2021 the Company held a conference call, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

102.    Deny the allegations in Paragraph 102, except admit that Sell and Bensley presented at the Goldman Sachs Global Healthcare Conference on June 8, 2021, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

103.    Deny the allegations in Paragraph 103, except admit that Sell and Bensley presented at the Goldman Sachs Global Healthcare Conference on June 8, 2021, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

104.    Deny the allegations in Paragraph 104, except admit that the Company announced its results for the second quarter of 2021 and filed a Form 10-Q on August 4, 2021, and respectfully refer the Court to the Company's SEC filings for their full and accurate contents and deny any allegation inconsistent therewith.

105.    Deny the allegations in Paragraph 105, except admit that on August 5, 2021, the Company held a conference call, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

106.    Deny the allegations in Paragraph 106, except admit the Company filed an Amendment of Form S-1 Registration Statement on September 7, 2021 and filed a Form 424B4 Prospectus on September 13, 2021, and respectfully refer the Court to those filings for their full and accurate contents and deny any allegation inconsistent therewith.

107.    Deny the allegations in Paragraph 107 and respectfully refer the Court to the Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

108.    Deny the allegations in Paragraph 108, except admit that the Company announced its results for the third quarter of 2021 and filed a Form 10-Q on October 28, 2021, and respectfully refer the Court to the Company's SEC filing for their full and accurate contents and deny any allegation inconsistent therewith.

109.    Deny the allegations in Paragraph 109, except admit that on October 29, 2021, the Company held a conference call and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

110.    Deny the allegations in Paragraph 110, except admit that on October 29, 2021, the Company held a conference call and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

111.    Deny the allegation in Paragraph 111, except admit that Sell and Bensley participated in the Wolfe Research Healthcare Conference on November 18, 2021, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

112.    Paragraph 112 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 112 is necessary, the CD&R Defendants deny the allegations in Paragraph 112.

113.    Deny the allegation in Paragraph 113, except admit that Sell participated in the JP Morgan Healthcare Conference on January 10, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

114.    Deny the allegation in Paragraph 114, except admit that Sell participated in the JP Morgan Healthcare Conference on January 10, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

115. Deny the allegation in Paragraph 115, except admit that Sell participated in the JP Morgan Healthcare Conference on January 10, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

116. Deny the allegations in Paragraph 116, except admit that on March 3, 2022, agilon released its financial results for the fourth quarter of 2021, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

117. Deny the allegations in Paragraph 117, except admit that on March 3, 2022 the Company filed the 2021 Report on Form 10-K with the SEC, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

118. Deny the allegations in Paragraph 118 and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

119. Deny the allegations in Paragraph 119 and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

120. Deny the allegations in Paragraph 120 and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

121.    Deny the allegations in Paragraph 121 and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

122.    Deny the allegations in Paragraph 122, except admit that the Company's 2022 Investor Day occurred on March 11, 2022, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

123.    Deny the allegations in Paragraph 123, except admit that the Company's 2022 Investor Day occurred on March 11, 2022, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

124.    Deny the allegations in Paragraph 124, except admit that the Company's 2022 Investor Day occurred on March 11, 2022, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

125.    Deny the allegations in Paragraph 125, except admit that the Company's 2022 Investor Day occurred on March 11, 2022, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

126.    Deny the allegations in Paragraph 126, except admit that the Company's 2022 Investor Day occurred on March 11, 2022, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

127.    Deny the allegations in Paragraph 127, except admit that the Company's 2022 Investor Day occurred on March 11, 2022, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

128.    Deny the allegations in Paragraph 128, except admit that on May 5, 2022 the Company released its financial results for the first quarter of 2022 and filed a Form 10-Q and respectfully refer the Court to the Company's SEC filings for their full and accurate contents and deny any allegation inconsistent therewith.

129.    Deny the allegation in Paragraph 129, except admit that Sell participated in the Bank of America Healthcare Conference on May 11, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

130.    Deny the allegation in Paragraph 130, except admit that Sell participated in the Bank of America Healthcare Conference on May 11, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

131.    Deny the allegation in Paragraph 131, except admit that Bensley participated in the William Blair Growth Stock Conference on June 8, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

132.    Deny the allegations in Paragraph 132, except admit that on August 4, 2022, the Company released financial results for the second quarter of 2022 and filed a Form 10-Q, and respectfully refer the Court to the Company's SEC filings for their full and accurate contents and deny any allegation inconsistent therewith.

21

133. Deny the allegation in Paragraph 133, except admit that Bensley participated in the Wells Fargo Healthcare Conference on September 8, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

134. Deny the allegation in Paragraph 134, except admit that Sell participated in the Morgan Stanley Global Healthcare Conference on September 14, 2022, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

135. Deny the allegations in Paragraph 135, except admit that on September 30, 2022, the Company filed a Form 10-Q and announced its results for the third quarter of 2022 and respectfully refer the Court to the Company's SEC filings for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

136. Deny the allegations in Paragraph 136, except admit that on September 30, 2022, the Company held a conference call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

137. Paragraph 137 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 137 is necessary, the CD&R Defendants deny the allegations in Paragraph 137.

138. Deny the allegation in Paragraph 138, except admit that Sell participated in the J.P. Morgan Healthcare Conference on January 9, 2023, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

139.    Deny the allegations in Paragraph 139, except admit that the Company issued a release titled "Improving Outcomes for Medicare Patients With Diabetes: agilon health's Total Care Model" on January 24, 2023, and respectfully refer the Court to that release for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

140.    Deny the allegations in Paragraph 140, except admit that on March 1, 2023, the Company announced its results for the fourth quarter of 2022 and held an investor call, and respectfully refer the Court to the transcript of the investor call and the Company's SEC filing for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

141.    Deny the allegations in Paragraph 141, except admit that on March 1, 2023, the Company held an investor call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

142.    Deny the allegations in Paragraph 142, except admit that on March 1, 2023, the Company filed its annual Form 10-K, and respectfully refer the Court to the Company's SEC filing for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

143.    Deny the allegations in paragraph 143, except admit that the Company held its 2023 Investor Day on March 30, 2023, and respectfully refer the Court to the full transcript of the meeting for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

144.    Deny the allegations in paragraph 144, except admit that on March 30, 2023, the Company provided a presentation at its 2023 Investor Day, and respectfully refer the Court to the presentation for its full and accurate contents and deny any allegation inconsistent therewith.

145.    Deny the allegations in paragraph 145, except admit that the Company held its 2023 Investor Day on March 30, 2023, and respectfully refer the Court to the full transcript of the meeting for its full and accurate contents and deny any allegation inconsistent therewith.

146.    Deny the allegations in Paragraph 146, except admit that the Company announced its financial results for the first quarter of 2023 and held a conference call with investors on May 9, 2023, and respectfully refer the Court to the Company's SEC filing and the transcript for the investor call for their full and accurate contents and deny any allegation inconsistent therewith.

147.    Deny the allegations in Paragraph 147, except admit that on May 9, 2023, the Company held an investor call, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

148.    Deny the allegations in Paragraph 148, except admit that the Company announced its financial results for the first quarter of 2023 and held a conference call with investors on May 9, 2023, and respectfully refer the Court to the Company's SEC filing and the transcript for the investor call for their full and accurate contents and deny any allegation inconsistent therewith.

149.    Deny the allegations in Paragraph 149, except admit that on May 9, 2023, the Company held an investor call and respectfully refer the Court to the full transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

150.    Deny the allegations in Paragraph 150, except admit that the Company filed a Form 10-Q for the first quarter of 2023 on May 9, 2023, and respectfully refer the Court to the Company's SEC filing for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

151. Deny the allegation in Paragraph 151, except admit that Bensley participated in the Bank of America Global Healthcare Conference on May 11, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

152. Deny the allegations in Paragraph 152, except admit that the Company filed its Form S-3 Registration Statement on May 15, 2023, and respectfully refer the Court to the Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith.

153. Deny the allegations in Paragraph 153, except admit that on May 18, 2023, Vector sold 94,173,804 shares of agilon stock at a share price of $20.80 per share and that the Company filed a prospectus with the SEC on May 17, 2023, and respectfully refer the Court to the Company's prospectus for its full and accurate contents and deny any allegation inconsistent therewith.

154. Deny the allegations in Paragraph 154 and respectfully refer the Court to the referenced SEC filings for their full and accurate contents and deny any allegation inconsistent therewith.

155. Deny the allegation in Paragraph 155, except admit that Sell and Bensley participated in the William Blair Growth Stock Conference on June 7, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

156. Deny the allegation in Paragraph 156, except admit that Sell and Bensley participated in the William Blair Growth Stock Conference on June 7, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

157. Paragraph 157 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 157 is necessary, the CD&R Defendants deny the allegations in Paragraph 157.

158. Deny the allegations in Paragraph 158, except admit that the Company announced financial results on August 3, 2023, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

159. Deny the allegations in Paragraph 159, except admit that the Company announced financial results on August 3, 2023, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

160. Deny the allegations in Paragraph 160, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

161. Deny the allegations in Paragraph 161, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

162. Deny the allegations in Paragraph 162, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

163. Deny the allegations in Paragraph 163, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

164. Deny the allegations in Paragraph 164, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

165. Deny the allegations in Paragraph 165, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

166. Deny the allegations in Paragraph 166, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

167. Deny the allegations in Paragraph 167, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

168. Deny the allegations in Paragraph 168, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

169. Deny the allegations in Paragraph 169, except admit that the Company held a conference call on August 3, 2023, and respectfully refer the Court to the full transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

170. Deny the allegations in Paragraph 170, except admit that on August 3, 2023 the Company filed a Form 10-Q, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

171. Deny the allegation in Paragraph 171, except admit that Bensley participated in the Wells Fargo Healthcare Conference on September 6, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

172. Deny the allegation in Paragraph 172, except admit that Sell and Bensley participated in the Morgan Stanley Global Healthcare Conference on September 12, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

173. Paragraph 173 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 173 is necessary, the CD&R Defendants deny the allegations in Paragraph 173.

174. Deny the allegations in Paragraph 174, except admit that the Company announced financial results on November 2, 2023, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

175. Deny the allegations in Paragraph 175, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

176. Deny the allegations in Paragraph 176, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

177. Deny the allegations in Paragraph 177, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

178. Deny the allegations in Paragraph 178, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

179. Deny the allegations in Paragraph 179, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

180. Deny the allegations in Paragraph 180, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

181. Deny the allegations in Paragraph 181, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

182. Deny the allegations in Paragraph 182, except admit that the Company conducted an investor call on November 2, 2023, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

183. Deny the allegations in Paragraph 183, except admit that the Company filed a Form 10-Q on November 2, 2023, and respectfully refer the Court to the Company's SEC filing for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

184. Lack information sufficient to admit or deny the allegations in Paragraph 184 as they relate to unidentified calls with analysts.

185. Deny the allegation in Paragraph 185, except admit that Sell and Bensley participated in the Wolfe Research Healthcare Conference on November 14, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

186. Deny the allegation in Paragraph 186, except admit that Sell and Bensley participated in the Wolfe Research Healthcare Conference on November 14, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

187. Deny the allegation in Paragraph 187, except admit that Sell and Bensley participated in the Wolfe Research Healthcare Conference on November 14, 2023, and respectfully refer the Court to the transcript of the Company's presentation for its full and accurate contents and deny any allegation inconsistent therewith.

188. Paragraph 188 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 188 is necessary, the CD&R Defendants deny the allegations in Paragraph 188.

189. Deny the allegations in Paragraph 189, except admit that the Company announced financial guidance on January 5, 2024, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

190. Deny the allegations in Paragraph 190, except admit that the Company held an investor call on January 5, 2024, and respectfully refer the Court to the transcript of that call for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

191.    Paragraph 191 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 191 is necessary, the CD&R Defendants deny the allegations in Paragraph 191.

## VII.    LOSS CAUSATION

192.    Paragraph 192 states legal conclusions which are subject to expert opinion to which no response is necessary. To the extent any response to the allegations contained in Paragraph 192 is necessary, the CD&R Defendants deny the allegations in Paragraph 192.

193.    Paragraph 193 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 193 is necessary, the CD&R Defendants deny the allegations in Paragraph 193.

194.    Paragraph 194 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 194 is necessary, the CD&R Defendants deny the allegations in Paragraph 194.

195.    Deny the allegations in Paragraph 195, except admit that the Company announced financial results and held an earnings call on November 2, 2023, and respectfully refer the Court to the earnings call transcript and the Company's SEC filing for their full and accurate contents and deny any allegation inconsistent therewith.

196.    Paragraph 196 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 194 is necessary, the CD&R Defendants deny the allegations in Paragraph 194, except admit that agilon's common stock closed at $16.89 per share on November 2, 2023, $14.66 per share on November 3, 2023, and $13.11 per share on November 6, 2023.

197.    Lack information sufficient to admit or deny the allegations in Paragraph 197 as they relate to the alleged state of mind of analysts, and respectfully refer the Court to the quoted analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

198.    Deny the allegations in Paragraph 198, except admit that the Company announced financial results on January 5, 2024, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

199.    Deny the allegations in Paragraph 199, except admit that the Company announced financial results on January 5, 2024, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

200.    Deny the allegations in Paragraph 200, except admit that the Company announced financial results on January 5, 2024, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

201.    Deny the allegations in Paragraph 201, except admit that the Company announced financial results on January 5, 2024, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

202.    Deny the allegations in Paragraph 202, except admit that on January 5, 2024, the Company announced Bensley's intent to retire in 2024.

203.    Deny the allegations in Paragraph 203, except admit that the Company held a call on January 5, 2024, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

204. Paragraph 204 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 204 is necessary, the CD&R Defendants deny the allegations in Paragraph 204, except admit that agilon's common stock closed at $12.08 per share on January 4, 2024, and $8.63 per share on January 5, 2024.

205. Lack information sufficient to admit or deny the allegations in Paragraph 205 as they relate to the alleged state of mind of analysts, and respectfully refer the Court to the quoted analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

206. Deny the allegations in Paragraph 206, except admit that the Company announced its fourth quarter and fiscal year 2023 financial results on February 27, 2024, and respectfully refer the Court to the Company's SEC filings for their full and accurate contents and deny any allegation inconsistent therewith.

207. Deny the allegations in Paragraph 207, except admit that the Company filed a Form 10-K on February 27, 2024, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

208. Deny the allegations in Paragraph 208, except admit that the Company filed a Form 10-K on February 27, 2024, in which the figure in Paragraph 208 appeared, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

209. Deny the allegations in Paragraph 209 and respectfully refer the Court to the Company's Form 10-K filed on February 27, 2024, for its full and accurate contents and deny any allegation inconsistent therewith.

210.   Lack information sufficient to admit or deny the allegations in Paragraph 210 as they relate to the alleged state of mind of analysts, and respectfully refer the Court to the quoted analyst reports for their full and accurate contents and deny any allegation inconsistent therewith.

211.   Paragraph 211 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 211 is necessary, the CD&R Defendants deny the allegations in Paragraph 211, except admit that agilon's common stock closed at $6.48 per share on February 27, 2024 and $6.04 per share on March 1, 2024.

## VIII.   ADDITIONAL SCIENTER ALLEGATIONS

212.   Paragraph 212 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 212 is necessary, the CD&R Defendants deny the allegations in Paragraph 212.

213.   Lack information sufficient to admit or deny the allegations in Paragraph 213 as they relate to Sell's stock sales, and admit that Vector sold 17,904,257 shares of agilon stock at a share price of $28.98 per share on September 14, 2021, sold 11,337,500 shares of agilon stock at a share price of $24.35 per share on August 11, 2022, and sold 94,173,804 shares of agilon stock at a share price of $20.80 per share on May 18, 2023.

214.   Deny the allegations Paragraph 214, except admit that Vector sold 17,904,257 shares of agilon stock at a share price of $28.98 per share on September 14, 2021, sold 11,337,500 shares of agilon stock at a share price of $24.35 per share on August 11, 2022, and sold 94,173,804 shares of agilon stock at a share price of $20.80 per share on May 18, 2023.

215.   Paragraph 215 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 215 is necessary, the CD&R Defendants deny the allegations Paragraph 215.

216.    Lack information sufficient to admit or deny the allegations in Paragraph 216 as they relate to Sell's stock sales.

217.    Lack information sufficient to admit or deny the allegations in Paragraph 217 as they relate to the Exchange Act Defendants' statements and knowledge.

218.    Lack information sufficient to admit or deny the allegations in Paragraph 218 as they relate to Sell's statements and respectfully refer the Court to the quoted documents for their full and accurate contents and deny any allegations inconsistent therewith.

219.    Lack information sufficient to admit or deny the allegations in Paragraph 219 as they relate to agilon, Sell, and Bensley's knowledge.

220.    Deny the allegations in Paragraph 220, except admit that the Company received data from CMS' ACO REACH Model.

221.    Paragraph 221 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 221 is necessary, the CD&R Defendants deny the allegations in Paragraph 221.

222.    Lack information sufficient to admit or deny the allegations in Paragraph 222 as they relate to Sell and Bensley's knowledge and respectfully refer the Court to the quoted documents for their full and accurate contents and deny any allegations inconsistent therewith.

223.    Lack information sufficient to admit or deny the allegations in Paragraph 223 as they relate to Sell and Bensley's knowledge and analysts' activities.

224.    Paragraph 224 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 224 is necessary, the CD&R Defendants deny the allegations in Paragraph 224.

225.    Paragraph 225 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 225 is necessary, the CD&R Defendants deny the allegations in Paragraph 225 and respectfully refer the Court to the quoted analyst report for its full and accurate contents and deny any allegations inconsistent therewith.

226.    Paragraph 226 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 226 is necessary, the CD&R Defendants deny the allegations in Paragraph 226.

227.    Lack information sufficient to admit or deny the allegations in Paragraph 227 as they relate to Bensley's activities and state of mind and respectfully refer the Court to the quoted documents for their full and accurate contents and deny any allegations inconsistent therewith.

228.    Lack information sufficient to admit or deny the allegations in Paragraph 228 as they relate to Bensley's activities and state of mind.

229.    Deny the allegations in Paragraph 229, except admit that on November 2, 2023, the Company held an earnings call, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

230.    Deny the allegations in Paragraph 230, except admit that on November 2, 2023, the Company held an earnings call, and respectfully refer the Court to the transcript of that call for its full and accurate contents and deny any allegation inconsistent therewith.

231.    Deny the allegations in Paragraph 231, except admit that the Company announced financial results on January 5, 2024, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

232.    Deny the allegations in Paragraph 232, except admit that the Company announced financial results and filed a Form 10-K on February 27, 2024, and respectfully refer the Court to the Company's SEC filings for their full and accurate contents and deny any allegation inconsistent therewith.

233.    Lack information sufficient to admit or deny the allegations in Paragraph 233 as they relate to Sell's and Bensley's activities and knowledge.

234.    Deny the allegations in Paragraph 234.

235.    Deny the allegations in Paragraph 235, except admit that the Company granted shares of common stock to physician partners in connection with its April 2021 offering.

236.    Deny the allegations in Paragraph 236.

237.    Lack information sufficient to admit or deny the allegations in Paragraph 237 as they relate to the motivation and knowledge of the Exchange Act Defendants.

238.    Deny the allegations in Paragraph 238, except admit that the Company announced Bensley's intent to retire on January 5, 2024, and respectfully refer the Court to the quoted SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

239.    Deny the allegations in Paragraph 239, except admit that the Company announced Kasenchak's departure on August 11, 2023, and respectfully refer the Court to the Company's SEC filing for its full and accurate contents and deny any allegation inconsistent therewith.

240.    Deny the allegations in Paragraph 240, except admit that Richards, Schnall, and Strum left the Company's Board in June 2023.

241.    Deny the allegations in Paragraph 241, except admit that a letter was sent to the Administrator of CMS by certain of the Company's physician partners, and respectfully refer the Court to the content of that letter for its full and accurate contents and deny any allegations inconsistent therewith.

242.    Deny the allegations in Paragraph 241, except admit that a letter was sent to the Administrator of CMS by certain of the Company's physician partners, and respectfully refer the Court to the content of that letter for its full and accurate contents and deny any allegations inconsistent therewith.

243.    Deny the allegations in Paragraph 243, except admit that a letter was sent to the Administrator of CMS by certain of the Company's physician partners, and respectfully refer the Court to the content of that letter for its full and accurate contents and deny any allegations inconsistent therewith.

244.    Deny the allegations in Paragraph 244, except admit that a letter was sent to the Administrator of CMS by certain of the Company's physician partners, and respectfully refer the Court to the content of that letter for its full and accurate contents and deny any allegations inconsistent therewith.

245.    Deny the allegations in Paragraph 245, except admit that a letter was sent to the Administrator of CMS by certain of the Company's physician partners, and respectfully refer the Court to the content of that letter for its full and accurate contents and deny any allegations inconsistent therewith.

246.    Deny the allegations in Paragraph 246, except admit that a letter was sent to the Administrator of CMS by certain of the Company's physician partners and respectfully refer the Court to the content of that letter for its full and accurate contents and deny any allegations inconsistent therewith.

## IX.    APPLICABILITY OF THE PRESUMPTION OF RELIANCE AND FRAUD ON THE MARKET

247.    Paragraph 247 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 247 is necessary, the CD&R Defendants deny the allegations in Paragraph 247, except admit that the Company's common stock is listed on the New York Stock Exchange, the Company makes periodic filings with the SEC as required by law, and the Company communicates with public investors.

248.    Paragraph 248 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 248 is necessary, the CD&R Defendants deny the allegations in Paragraph 248.

249.    Paragraph 249 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 249 is necessary, the CD&R Defendants deny the allegations in Paragraph 249.

## X.    CLASS ACTION ALLEGATIONS

250.    Paragraph 250 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 250 is necessary, the CD&R Defendants deny the allegations in Paragraph 250.

251.     Paragraph 251 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 251 is necessary, the CD&R Defendants deny the allegations in Paragraph 251, except admit that the Company's common stock was traded on the NYSE.

252.     Paragraph 252 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 252 is necessary, the CD&R Defendants deny the allegations in Paragraph 252.

253.     Paragraph 253 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 253 is necessary, the CD&R Defendants deny the allegations in Paragraph 253.

254.     Paragraph 254 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 254 is necessary, the CD&R Defendants deny the allegations in Paragraph 254.

255.     Paragraph 255 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 255 is necessary, the CD&R Defendants deny the allegations in Paragraph 255.

## XI.    CLAIMS FOR RELIEF

### COUNT I

**For Violation of § 11 of the Securities Act Against agilon, the Securities Act Individual Defendants, and the Underwriter Defendants**

256.     Paragraph 256 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 256 is necessary, the CD&R Defendants deny the allegations in Paragraph 256 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

257.    Paragraph 257 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 257 is necessary, the CD&R Defendants deny the allegations in Paragraph 257 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

258.    Paragraph 258 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 258 is necessary, the CD&R Defendants deny the allegations in Paragraph 258 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

259.    Paragraph 259 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 259 is necessary, the CD&R Defendants deny the allegations in Paragraph 259 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

260.    Paragraph 260 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 260 is necessary, the CD&R Defendants deny the allegations in Paragraph 260, except admit that the Company was the registrant for the referenced offerings, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

261.    Paragraph 261 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 261 is necessary, the CD&R Defendants deny the allegations in Paragraph 261 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

262.    Paragraph 262 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 262 is necessary, the CD&R Defendants deny the allegations in Paragraph 262, except admit that Richards, Sachdev, Schnall, Strum, and Williams, were at varying times directors of the Company's Board and signed Registration Statements in that capacity, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

263.    Lack information sufficient to admit or deny the allegations in Paragraph 263.

264.    Paragraph 264 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 264 is necessary, the CD&R Defendants deny the allegations in Paragraph 264 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

265.    Paragraph 265 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 265 is necessary, the CD&R Defendants deny the allegations in Paragraph 265 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

266.    Paragraph 266 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 266 is necessary, the CD&R Defendants deny the allegations in Paragraph 266 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

267.    Deny the allegations in Paragraph 267, respectfully refer the Court to the quoted Registration Statements for their full and accurate contents, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

268.    Deny the allegations in Paragraph 268, respectfully refer the Court to the quoted Registration Statements for their full and accurate contents and deny any allegation inconsistent therewith, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

269.    Deny the allegations in Paragraph 269, respectfully refer the Court to the quoted Registration Statements for their full and accurate contents and deny any allegation inconsistent therewith, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

270.    Deny the allegations in Paragraph 270, respectfully refer the Court to the quoted Registration Statements for their full and accurate contents and deny any allegation inconsistent therewith, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

271.    Deny the allegations in Paragraph 271, respectfully refer the Court to the quoted Registration Statements for their full and accurate contents and deny any allegation inconsistent therewith, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

272.    Paragraph 272 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 272 is necessary, the CD&R Defendants deny the allegations in Paragraph 272 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

273. Deny the allegations in Paragraph 273, respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

274. Deny the allegations in Paragraph 274, respectfully refer the Court to the quoted Registration Statement for its full and accurate contents and deny any allegation inconsistent therewith, and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

275. Paragraph 275 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 275 is necessary, the CD&R Defendants deny the allegations in Paragraph 275 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

276. Paragraph 276 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 276 is necessary, the CD&R Defendants deny the allegations in Paragraph 276 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

277. Paragraph 277 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 277 is necessary, the CD&R Defendants deny the allegations in Paragraph 277 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

278.   Paragraph 278 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 278 is necessary, the CD&R Defendants deny the allegations in Paragraph 278 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

279.   Paragraph 279 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 279 is necessary, the CD&R Defendants deny the allegations in Paragraph 279 and state that the Court dismissed all claims based on Section 11 of the Securities Act against the CD&R Defendants.

## COUNT II

### For Violation of § 12(a)(2) of the Securities Act Against the Underwriter Defendants

280.   Paragraph 280 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 280 is necessary, the CD&R Defendants deny the allegations in Paragraph 280 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

281.   Paragraph 281 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 281 is necessary, the CD&R Defendants deny the allegations in Paragraph 281 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

282.   Lack information sufficient to admit or deny the allegations in Paragraph 282.

283.   Lack information sufficient to admit or deny the allegations in Paragraph 283.

284.    Paragraph 284 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 284 is necessary, the CD&R Defendants deny the allegations in Paragraph 284 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

285.    Paragraph 285 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 285 is necessary, the CD&R Defendants deny the allegations in Paragraph 285 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

286.    Paragraph 286 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 286 is necessary, the CD&R Defendants deny the allegations in Paragraph 286 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

287.    Lack information sufficient to admit or deny the allegations in Paragraph 287.

288.    Lack information sufficient to admit or deny the allegations in Paragraph 288.

289.    Lack information sufficient to admit or deny the allegations in Paragraph 289.

290.    Paragraph 290 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 290 is necessary, the CD&R Defendants deny the allegations in Paragraph 290 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

291.    Paragraph 291 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 291 is necessary, the CD&R Defendants deny the allegations in Paragraph 291 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

292.     Paragraph 292 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 292 is necessary, the CD&R Defendants deny the allegations in Paragraph 292 and state that the Court dismissed all claims based on Section 12 of the Securities Act.

## COUNT III

**For Violation of § 15 of the Securities Act Against the Securities Act Individual Defendants and the CD&R Defendants**

293.     Paragraph 293 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 293 is necessary, the CD&R Defendants deny the allegations in Paragraph 293 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

294.     Paragraph 294 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 294 is necessary, the CD&R Defendants deny the allegations in Paragraph 294 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

295.     Paragraph 295 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 295 is necessary, the CD&R Defendants deny the allegations in Paragraph 295 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

296.     Deny the allegations in Paragraph 296, except admit that Sell was the CEO and President of the Company and in that capacity signed certain SEC Filings, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

297.    Deny the allegations in Paragraph 297, except admit that Bensley was the CFO of the Company and in that capacity signed certain SEC Filings, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

298.    Deny the allegations in Paragraph 298, except admit that Sobotka was the CAO of the Company and in that capacity signed certain SEC Filings, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

299.    Deny the allegations in Paragraph 299, except admit that Kasenchak was the CAO of the Company and in that capacity signed certain SEC Filings, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

300.    Paragraph 300 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 300 is necessary, the CD&R Defendants deny the allegations in Paragraph 300 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

301.    Paragraph 301 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 301 is necessary, the CD&R Defendants deny the allegations in Paragraph 301 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

302.    Paragraph 302 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 302 is necessary, the CD&R Defendants deny the allegations in Paragraph 302, respectfully refer the Court to the Stockholder Agreement for its full and accurate contents, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

303.    Paragraph 303 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 303 is necessary, the CD&R Defendants deny the allegations in Paragraph 303, respectfully refer the Court to the Stockholder Agreement for its full and accurate contents, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

304.    Paragraph 304 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 304 is necessary, the CD&R Defendants deny the allegations in Paragraph 304, respectfully refer the Court to the Stockholder Agreement for its full and accurate contents, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

305.    Paragraph 305 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 305 is necessary, the CD&R Defendants deny the allegations in Paragraph 305, respectfully refer the Court to the Stockholder Agreement for its full and accurate contents, and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

306.    Deny the allegations in Paragraph 306 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

307.    Paragraph 307 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 307 is necessary, the CD&R Defendants deny the allegations in Paragraph 307 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

308.    Paragraph 308 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 308 is necessary, the CD&R Defendants deny the allegations in Paragraph 308 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

309.    Paragraph 309 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 309 is necessary, the CD&R Defendants deny the allegations in Paragraph 309 and state that the Court dismissed all claims against the CD&R Defendants based on Section 15 of the Securities Act.

### COUNT IV

**For Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against agilon and the Exchange Act Individual Defendants**

310.    Paragraph 310 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 310 is necessary, the CD&R Defendants deny the allegations in Paragraph 310.

311.    Paragraph 311 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 311 is necessary, the CD&R Defendants deny the allegations in Paragraph 311 except admit that Plaintiffs assert claims on behalf of the putative class as described.

312.    Paragraph 312 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 312 is necessary, the CD&R Defendants deny the allegations in Paragraph 312.

313.    Paragraph 313 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 313 is necessary, the CD&R Defendants deny the allegations in Paragraph 313.

314.    Paragraph 314 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 314 is necessary, the CD&R Defendants deny the allegations in Paragraph 314.

315.    Paragraph 315 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 315 is necessary, the CD&R Defendants deny the allegations in Paragraph 315.

## COUNT V

### For Violation of § 20(a) of the Exchange Act Against the Exchange Act Individual Defendants and the CD&R Defendants

316.    Paragraph 316 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 316 is necessary, the CD&R Defendants deny the allegations in Paragraph 316.

317.    Paragraph 317 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 317 is necessary, the CD&R Defendants deny the allegations in Paragraph 317 except admit that Plaintiffs purport to assert claims on behalf of the putative class as described.

318.    Paragraph 318 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 318 is necessary, the CD&R Defendants deny the allegations in Paragraph 318.

319.    Paragraph 319 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 319 is necessary, the CD&R Defendants deny the allegations in Paragraph 319.

320.    Paragraph 320 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 320 is necessary, the CD&R Defendants deny the allegations in Paragraph 320, except admit that Vector owned agilon stock and, under the Stockholder Agreement, had the right to designate for nomination individuals for the agilon Board.

321.    Paragraph 321 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 321 is necessary, the CD&R Defendants deny the allegations in Paragraph 321.

## COUNT VI

### For Violation of § 20A of the Exchange Act Against Defendant Sell and the CD&R Defendants

322.    Paragraph 322 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 322 is necessary, the CD&R Defendants deny the allegations in Paragraph 322.

323.    Paragraph 323 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 323 is necessary, the CD&R Defendants deny the allegations in Paragraph 323, except admit that Plaintiffs purport to assert claims on behalf of the putative class as described.

324.    Paragraph 324 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 324 is necessary, the CD&R Defendants deny the allegations in Paragraph 324.

325.    Paragraph 325 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 325 is necessary, the CD&R Defendants deny the allegations in Paragraph 325.

326.    Paragraph 326 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 326 is necessary, the CD&R Defendants deny the allegations in Paragraph 326 and respectfully refer the Court to the Stockholder Agreement for its full and accurate contents.

327.    Paragraph 327 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 327 is necessary, the CD&R Defendants deny the allegations in Paragraph 327, except admit that Vector sold 17,904,257 shares of agilon stock at a share price of $28.98 per share on September 14, 2021, sold 11,337,500 shares of agilon stock at a share price of $24.35 per share on August 11, 2022, and sold 94,173,804 shares of agilon stock at a share price of $20.80 per share on May 18, 2023.

328.    Deny the allegations in Paragraph 328, except admit that Vector sold 17,904,257 shares of agilon stock at a share price of $28.98 per share on September 14, 2021, sold 11,337,500 shares of agilon stock at a share price of $24.35 per share on August 11, 2022, and sold 94,173,804 shares of agilon stock at a share price of $20.80 per share on May 18, 2023.

329.    Lack information sufficient to admit or deny the allegations in Paragraph 329 as they relate to Sell's stock sales and Plaintiffs' stock purchases.

330.    Paragraph 330 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 330 is necessary, the CD&R Defendants deny the allegations in Paragraph 330.

331.    Paragraph 331 states legal conclusions to which no response is necessary. To the extent any response to the allegations contained in Paragraph 331 is necessary, the CD&R Defendants deny the allegations in Paragraph 331.

**ANSWER TO PRAYER FOR RELIEF**

The CD&R Defendants deny that Plaintiffs, or any plaintiff class, is entitled to the relief requested or to any relief, and deny any and all allegations of the Consolidated Complaint except as specifically admitted above.

**ANSWER TO JURY DEMAND**

The CD&R Defendants admit that Plaintiffs demand a trial by jury.

**ADDITIONAL DEFENSES**

As additional defenses, the CD&R Defendants allege, assert, and state the following, which apply to each and every cause of action asserted in the Consolidated Complaint to which such defense may be applicable. By virtue of alleging these further defenses, the CD&R Defendants do not assume any burden proof, persuasion, or production not otherwise legally assigned to them. The CD&R Defendants also do not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them. The CD&R Defendants assert and expressly reserve all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery.

**FIRST DEFENSE**

The Consolidated Complaint fails to state any claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

**THIRD DEFENSE**

The CD&R Defendants are not liable because the Company fully satisfied its disclosure obligations.

54

**FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because they did not suffer any damages.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because, to the extent Plaintiffs suffered damages, such damages must be offset by Plaintiffs' gains on their holdings of the Company's securities.

**SIXTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because they failed to mitigate damages.

**SEVENTH DEFENSE**

The CD&R Defendants are not liable as "controlling persons" under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, because they did not control any person liable under Section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5.

**EIGHTH DEFENSE**

The CD&R Defendants are not liable as "controlling persons" under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, because they acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of Section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5.

**NINTH DEFENSE**

The CD&R Defendants are not liable as "controlling persons" under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, because they did not participate in any violation of Section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5.

**TENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because the CD&R Defendants did not possess any material non-public information prior to Vector's sale of agilon stock.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not trade contemporaneously with Vector.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because they cannot establish a predicate violation of the Securities Exchange Act of 1934, as required to substantiate a claim under Section 20A of the Securities Exchange Act of 1934.

\*      \*      \*

**WHEREFORE**, the CD&R Defendants respectfully request judgment dismissing the Consolidated Complaint in its entirety and awarding costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Dated: September 29, 2025          _/s/ Elliot Greenfield_____

Maeve L. O'Connor (admitted *pro hac vice*)
Elliot Greenfield (admitted *pro hac vice*)
Brandon Fetzer (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*mloconnor@debevoise.com*
*egreenfield@debevoise.com*
*bfetzer@debevoise.com*

Santosh Aravind (Texas Bar No. 24095052)
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
*saravind@scottdoug.com*

*Attorneys for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P. in this action and that on September 29, 2025, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

*/s/ Santosh Aravind*