UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

**PLAINTIFFS' OPPOSITION TO AGILON HEALTH INC.'S
MOTION FOR PROTECTIVE ORDER**

4900-5094-9242.v1

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................................................................1

II. ARGUMENT......................................................................................................2

    A.  agilon's Request to Stay Third-Party Discovery Wholesale Is Unfounded and Should Be Denied ..........................................................................................2

    B.  agilon Fails to Demonstrate Good Cause for the Requested Relief........................6

        1.  agilon's Unsupported Statements About Undue Burden on Non-Parties and Proportionality Fail ............................................................6

        2.  agilon's Other Speculative Objections to the Subpoenas Fail to Establish Good Cause ..................................................................................8

    C.  agilon's Alternative Request to Pre-Screen Every Single Document from the Third Parties Is Unwarranted and Should Be Denied ....................................10

III. CONCLUSION.................................................................................................10

4900-5094-9242.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Acuna v. Covenant Transp., Inc.*,
2021 WL 4392087 (W.D. Tex. Sep. 24, 2021)............................................................................7

*Adams v. Medtronic, Inc.*,
2024 WL 265860 (E.D. Tex. Jan. 23, 2024)...............................................................................8

*Aldridge ex rel. U.S. v. Cain*,
2017 WL 11576510 (S.D. Miss. 2017)......................................................................................10

*Alorica Inc. v. Tech Mahindra (Ams.) Inc.*,
2025 WL 2301881 (E.D. Tex. Aug. 8, 2025) .............................................................................8

*Bogner v. Rio Equity, LLC*,
2014 U.S. Dist. LEXIS 79152 (W.D. Tex. June 11, 2014).........................................................6

*C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*,
2020 WL 3579715 (W.D. Tex. Apr. 16, 2020)............................................................................4

*Campos v. Webb Cnty. Tex.*,
2013 WL 12387156 (S.D. Tex. Apr. 18, 2013) ..........................................................................7

*Chilly Dil Consulting, Inc. v. Jetpay ISO Servs., LLC*,
2015 WL 13118078 (N.D. Tex. Aug. 5, 2015)...........................................................................8

*Clapper v. Am. Realty Invs., Inc.*,
2017 WL 11679070 (N.D. Tex. May 24, 2017) ..........................................................................7

*EEOC v. BDO USA, L.L.P.*,
876 F.3d 690 (5th Cir. 2017) ..............................................................................................6, 9

*Ford Motor Co. v. Versata Software, Inc.*,
316 F. Supp. 3d 925 (N.D. Tex. 2017) ....................................................................................10

*Garcia v. El Paso Tchrs. Fed. Credit Union*,
2021 WL 2784561 (W.D. Tex. Jan. 21, 2021) ..........................................................................6

*Gonzalez-Tzita v. City of L.A.*,
2018 WL 10111333 (C.D. Cal. Sep. 30, 2018).........................................................................3

*Gulf Coast Energy LLC v. Bank of Am. Corp.*,
2014 WL 12616133 (S.D. Tex. Dec. 2, 2014)...........................................................................5

*In re Ex Parte Application of Xiaomi Tech. Neth. B.V.*,
2025 WL 3068736 (E.D. Tex. Nov. 3, 2025) ............................................................................9

4900-5094-9242.v1

**Page**

*In re Novo Nordisk Sec. Litig.*,
    530 F. Supp. 3d 495 (D.N.J. 2021) ...............................................................................3

*In re Terra Int'l, Inc.*,
    134 F.3d 302 (5th Cir. 1998) .......................................................................................4

*Jim S. Adler, P.C. v. McNeil Consultants, LLC*,
    2022 WL 1624785 (N.D. Tex. May 23, 2022) ............................................................7

*KCH Servs., Inc. v. Vanaire, Inc.*,
    2009 WL 10681445 (W.D. Ky. Dec. 3, 2009)..............................................................8

*Kilmon v. Saulsbury Indus., Inc.*,
    2018 WL 5800759 (W.D. Tex. Feb. 13, 2018)............................................................7

*Lizana v. State Farm Fire & Cas. Co.*,
    2010 WL 145296 (S.D. Miss. Jan. 8, 2010) ...............................................................6

*Lujan v. State Farm Lloyds*,
    2024 WL 2097235 (W.D. Tex. May 9, 2024) .............................................................8

*Mallinckrodt LLC v. Actavis Lab'ys FL, Inc.*,
    2017 WL 5476801 (D.N.J. Feb. 10, 2017) .................................................................3

*MCR Oil Tools, LLC v. SPEX Offshore, Ltd.*,
    2020 WL 5985499 (N.D. Tex. Feb. 28, 2020)............................................................3

*Meritage Homes of Tex., LLC v. AIG Specialty Ins. Co.*,
    2024 WL 221448 (W.D. Tex. Jan. 18, 2024) ..........................................................6, 7

*MetroPCS v. Thomas*,
    327 F.R.D. 600 (N.D. Tex. 2018) ...............................................................................4

*NRT Tex. LLC v. Wilbur*,
    2023 WL 8852834 (S.D. Tex. Mar. 29, 2023)............................................................5

*Orion Marine Constr., Inc. v. Coyle*,
    2017 WL 4875596 (S.D. Tex. Oct. 26, 2017).............................................................3

*Providence Title Co. v. Truly Title, Inc.*,
    2022 WL 17981911 (E.D. Tex. Sep. 29, 2022) ..........................................................7

*Puradigm, LLC v. DBG Grp. Invs., LLC*,
    2023 WL 6883656 (N.D. Tex. Oct. 18, 2023).............................................................5

4900-5094-9242.v1

**Page**

*Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung,*
    325 F.R.D. 578 (N.D. Tex. 2017) ............................................................................4

*Software Rts. Archive, LLC v. Google Inc.,*
    2009 WL 1438249 (D. Del. May 21, 2009) ...........................................................3

*TIGI Linea Corp. v. Pro. Prods. Grp., LLC,*
    2021 WL 1947341 (E.D. Tex. May 14, 2021) ........................................................9

*Zurich Am. Ins. Co. v. Nautilus Ins. Co.,*
    2025 WL 2880815 (N.D. Tex. Oct. 9, 2025) ..........................................................8

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26 ...............................................................................................................3, 5, 9
    Rule 26(a)(1)(A)(iv).................................................................................................5
    Rule 26(b)(5)...........................................................................................................9
    Rule 26(c).................................................................................................................7
    Rule 26(d)(3)(A) ......................................................................................................3
    Rule 26(f) .............................................................................................................1, 3
    Rule 34 .....................................................................................................................3

4900-5094-9242.v1

## I.    INTRODUCTION

agilon's motion to stay all third-party discovery until the completion of party discovery is legally baseless and a complete waste of the Court's time.  The parties have nearly completed negotiating a confidentiality order that will address any legitimate concerns agilon has of privilege, trade secrets, patient confidentiality, or otherwise.  The Motion should be denied.[1]

More than a year after the filing of the Complaint and three months since the Court denied the motions to dismiss, discovery has finally begun.  The parities submitted their Rule 26(f) Report (ECF 69), exchanged initial disclosures, and are currently negotiating a proposed schedule, a confidentiality order, and an ESI protocol.  While those negotiations are ongoing, Plaintiffs served two non-party subpoenas: on agilon's auditor during the Class Period, Ernst & Young ("EY"), and on Milliman, Inc., ("Milliman"), a consulting firm.

The documents Plaintiffs seek are clearly relevant to the case.  EY audited and issued opinions regarding agilon's financial statements and internal controls over financial reporting ("ICFR").  Plaintiffs' subpoena primarily seeks EY's internal audit work papers pertaining to agilon's medical claims, incurred-but-not-reported ("IBNR") liabilities, and related internal controls over financial reporting.  Ex. A.  These documents are relevant to the allegations the Court upheld regarding agilon's "medical margin guidance and the bases of its financial projections," "agilon's business model," "healthcare utilization trends," and "agilon's reported financial results."  ECF 63 at 30-44, 51-59, 79; ECF 36, ¶91 (alleging a material weakness in ICFR involving agilon's "medical claims and related payables").  agilon also implicated "[t]hird parties" including EY in seeking to dismiss the Complaint, contending that EY "recognized the . . . complexity" of "agilon's business"

---

[1]    "Motion" or "Mtn." refers to agilon health, inc.'s Motion for Protective Order (ECF 75). "Complaint" refers to ECF 36, and all "¶¶__" references refer to the Complaint.  Emphasis is added and citations are removed throughout unless otherwise indicated.

including "forecasting," data analysis and extrapolation, and "[d]iscerning trends."  ECF 51 at 40 & n.13.

agilon engaged Milliman during the Class Period to aid in the "estimation of medical claims and revenue that [agilon] use[s] for financial reporting purposes" (ECF 75-2, ¶3), and support agilon's "financial data pipeline," purportedly used for financial reporting and financial forecasting purposes.  ¶¶84, 157(f); Ex. B at 3; Ex. C at 7-8; Ex. D.  Plaintiffs primarily seek documents pertaining to this specific engagement, which (like EY's documents) are relevant to the claims and allegations the Court upheld.

Neither EY nor Milliman have sought a protective order.  To the contrary, EY and Milliman responded to the subpoenas, are conferring with Plaintiffs, and have agreed to begin searching for responsive documents.  Exs. A, D.[2]  Despite that ongoing conferral (or perhaps because of it), just *two days* after agilon first raised its concerns regarding the subpoenas, agilon hastily filed its Motion seeking to stay all third-party discovery until after the completion of party discovery.  ECF 75-6 at 1; Mtn. at 9.

At bottom, the Motion is a thinly-veiled attempt to delay any third-party discovery that will support Plaintiffs' claims.  The parties should agree upon a confidentiality order and proceed with discovery in the normal course.  agilon's demand to stay all third-party discovery is legally baseless and should be denied.

## II.    ARGUMENT

### A.    agilon's Request to Stay Third-Party Discovery Wholesale Is Unfounded and Should Be Denied

agilon's Proposed Order purports to "protect against disclosure of agilon's confidential, proprietary, and trade-secret information and to avoid unnecessary, cumulative, and duplicative

---

[2]    "Ex. __" refer to exhibits to the Affidavit of Lucas F. Olts in Support of Plaintiffs' Opposition to agilon health inc.'s Motion for Protective Order.

4900-5094-9242.v1

discovery requests" by requiring "Plaintiffs [to] first seek agilon's documents and information through the ordinary party-discovery process under Rules 26 and 34." ECF 75-6 at 1; Mtn. at 9 (asking the Court to "defer any ruling permitting production" by third-parties until "agilon has completed its own production"). agilon's requested relief would apparently bar the production of anything it deems "confidential" "propriety" or "cumulative," as the Proposed Order is silent on how that determination is to be made. This amounts to a baseless request to stay all third-party discovery until all party discovery is complete.

First, agilon cites no authority supporting a stay of third-party discovery. Once discovery is authorized under the Federal Rules, "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3)(A).[3] Thus, there is no bar to Plaintiffs sending out third-party subpoenas while party discovery is ongoing, nor is there an "'absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, . . . [or] an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party.'" *Software Rts. Archive, LLC v. Google Inc.*, 2009 WL 1438249, at *2 (D. Del. May 21, 2009) (citing cases); *see also In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 504 (D.N.J. 2021) (there "'is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in [a party's] possession'"); *Gonzalez-Tzita v. City of L.A.*, 2018 WL 10111333, at *2 (C.D. Cal. Sep. 30, 2018) (same); *Mallinckrodt LLC v. Actavis Lab'ys FL, Inc.*, 2017 WL 5476801, at *4 (D.N.J. Feb. 10, 2017) (same, explaining compliance with Actavis' subpoenas "would not equate to disproportionality or undue burden because Actavis' requests may yield 'different versions of documents, additional material, or perhaps, significant omissions'"). Thus, even *if* agilon could

---

[3]   *Orion Marine Constr., Inc. v. Coyle*, 2017 WL 4875596, at *7 (S.D. Tex. Oct. 26, 2017) (Mtn. at 8) (seeking third-party discovery prior to Rule 26(f) conference) and *MCR Oil Tools, LLC v. SPEX Offshore, Ltd.*, 2020 WL 5985499, at *2 (N.D. Tex. Feb. 28, 2020) (Mtn. at 9) (quashing third-party discovery 22 days after motion to dismiss order) are readily distinguishable.

- 3 -

4900-5094-9242.v1

show it possesses some of the same requested documents as EY and Milliman (which it has failed to do), its Motion should still be denied.

Second, agilon does not even attempt to meet its burden of demonstrating why a stay is necessary here. "'"The burden is upon [the party or person seeking the protective order] to show the necessity of its issuance, which contemplates *a particular and specific demonstration of fact* as distinguished from stereotyped and conclusory statements."'" *MetroPCS v. Thomas*, 327 F.R.D. 600, 611 (N.D. Tex. 2018); *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, 2020 WL 3579715, at *4 (W.D. Tex. Apr. 16, 2020) (denying motion for protective order where, "[w]hile the Third-Party Defendants object to the amount of discovery requested, *they fail to identify any specific interrogatories or requests for production that are objectionable*"). And, "under Fifth Circuit law, the party resisting discovery must show specifically how *each discovery request* is not relevant or otherwise objectionable," including "on a 26(c) motion for a protective order." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 593 (N.D. Tex. 2017).

Here, instead of demonstrating good cause as to specific requests or even categories of documents, agilon simply claims that "[t]he subpoenas seek proprietary, confidential, and commercially sensitive information." Mtn. at 6. This is plainly insufficient to justify a blanket stay. For example, Plaintiffs primarily seek from EY its work papers pertaining to agilon's medical claims, IBNR liabilities, and related internal controls over financial reporting. Ex. A. agilon has presented *no evidence* how EY's work papers contain agilon's "proprietary" or "commercially sensitive information," or that a standard confidentiality order would not protect any legitimate confidentiality concerns. That failure requires denial of the Motion. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (granting a protective order when the moving party failed to "support its motion for protective order with any affidavits or other evidence that might provide support" for its assertions "constituted a clear abuse of discretion").

- 4 -

4900-5094-9242.v1

Finally, to the extent any requested documents qualify for protection under Rule 26, the parties are ***actively negotiating a confidentiality order***, which is modeled after this District's approved Confidentiality and Protective Order.  Ex. E.  Among other protections, the contemplated confidentiality order would apply to party ***and third-party*** productions, as well as enable agilon to designate materials produced by third parties.  Further, Plaintiffs have agreed that protected health information ("PHI") ***should*** be protected through redactions or otherwise (Ex. E), and have been awaiting since October, 2025 ***agilon's*** promised provision of a PHI protocol.  Ex. E.[4]  agilon's Motion ignores the existence of these discussions, and offers no explanation why these and other protections are insufficient.[5]  Thus, agilon's purported confidentiality concerns are not a basis for a protective order.  *Puradigm, LLC v. DBG Grp. Invs., LLC*, 2023 WL 6883656, at *8 (N.D. Tex. Oct. 18, 2023) (denying motion for protective order where "[t]he Court's Protective Order [. . .] – and the cooperation that the parties' counsel should exercise in ensuring that its confidentiality-based protections are properly adhered to – will accommodate Defendants' concern"); *NRT Tex. LLC v. Wilbur*, 2023 WL 8852834, at *1 (S.D. Tex. Mar. 29, 2023) (denying motion for protective order as the parties' agreed-upon "protective order explicitly cover[ed] 'documents furnished [to] non-parties who receive subpoenas in connection with this action'"); *Gulf Coast Energy LLC v. Bank of Am. Corp.*, 2014 WL 12616133, at *2 (S.D. Tex. Dec. 2, 2014) (denying motion for protective order

---

[4]    While agilon claims it is "still . . . producing documents," Defendants have collectively produced only 26 documents to date, all limited to insurance agreements that are required to be disclosed under Fed. R. Civ. P. 26(a)(1)(A)(iv).  Exs. F, G, H, I.

[5]    Further, until the contemplated confidentiality order is in place, Plaintiffs agree that any productions may be treated on an "Attorneys' Eyes Only" basis, as the parties have previously agreed in this case.  Exs. F, G, I.

- 5 -

4900-5094-9242.v1

because the defendant could not "show the court why the existing protection order . . . is not sufficient to protect its interests").[6]

        **B.**        **agilon Fails to Demonstrate Good Cause for the Requested Relief**

              **1.**      **agilon's Unsupported Statements About Undue Burden on Non-Parties and Proportionality Fail**

agilon bears the burden of showing that the protective order it seeks is necessary, by "'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). agilon wholly fails to discharge its burden. The subpoenas seek highly relevant documents on matters directly tied to the claims and defenses in this case. *See* §I., *supra*; *Meritage Homes of Tex., LLC v. AIG Specialty Ins. Co.*, 2024 WL 221448, at *3 (W.D. Tex. Jan. 18, 2024) (Hightower, J.) ("Generally, the scope of discovery is broad."); *see also* Mtn. at 10 (documents "go to the heart of agilon's business model"); ECF 63 at 30-44, 51-59 (upholding alleged misstatements regarding agilon's financial guidance and projections, business model, patient utilization trends and medical costs, and historical financial results).

agilon's conclusory objections come nowhere close to establishing "'good cause'" to stay third-party discovery. *BDO USA*, 876 F.3d at 698. For instance, agilon produces no factual support for its contention that the subpoenas "subject nonparties to undue burden." Mtn. at 7. And this claim ignores "the general rule . . . that 'a party may not ask for an order to protect the rights of

---

[6]    *See also Bogner v. Rio Equity, LLC*, 2014 U.S. Dist. LEXIS 79152, at *6 (W.D. Tex. June 11, 2014) ("Plaintiffs have agreed to extend the terms of the Confidentiality and Protective Order to documents produced in response to the nonparties' subpoenas, thereby rendering any concerns about confidentiality moot . . . ."); *Lizana v. State Farm Fire & Cas. Co.*, 2010 WL 145296, at *1 (S.D. Miss. Jan. 8, 2010) (enforcing subpoena seeking "sensitive, private, and protected personal financial information" where the documents would be subject to the existing confidentiality order); *Garcia v. El Paso Tchrs. Fed. Credit Union*, 2021 WL 2784561, at *4 (W.D. Tex. Jan. 21, 2021) (denying motion where the moving party "'ha[d] not shown why its concerns [wer]e not addressed by the extant Confidentiality and Protective Order'").

4900-5094-9242.v1

another party . . . if that party . . . does not claim protection for himself.'" *Meritage Homes*, 2024 WL 221448, at *4; *Campos v. Webb Cnty. Tex.*, 2013 WL 12387156, at *2 (S.D. Tex. Apr. 18, 2013) (same, denying Rule 26(c) motion premised on defendant's objection "that the document request 'is overly broad'" because such objections "deal[] only with issues affecting [the non-party's] interests").[7] Unlike agilon, ***neither*** EY nor Milliman have sought protection under Rules 26(c) or 45(d)(3), on "undue burden" or any other grounds.[8] Third, the fact that Plaintiffs have ***already narrowed*** the scope of the subpoenas through conferral with the non-parties further militates against a stay of discovery. Exs. A, D; *Acuna v. Covenant Transp., Inc.*, 2021 WL 4392087, at *3 (W.D. Tex. Sep. 24, 2021) (declining to "decide at this juncture which requests for production are reasonable" where the parties "expressed their willingness to confer and to limit the subpoenas issued"). Finally, agilon's claim that the subpoenas will impose unspecified "burdens on agilon" is exceedingly vague, bereft of support, and fails to justify a stay. Mtn. at 9; *Kilmon v. Saulsbury Indus., Inc.*, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("Such general and conclusory objections fail to establish good cause and [that] a specific need for protection exists, as is required to obtain a protective order from such discovery.").

Similarly, agilon's claim that Plaintiffs seek from EY and Milliman the "very same materials" as from agilon is pure speculation. Mtn. at 8. agilon produces no facts establishing that it possesses all (or even some) of the documents EY and Milliman have, such as audit work papers and other audit documentation, or communications and documents shared exclusively among EY or

---

[7]    *See also Providence Title Co. v. Truly Title, Inc.*, 2022 WL 17981911, at *3 (E.D. Tex. Sep. 29, 2022) (party seeking protective order lacked "standing to challenge the subpoenas as 'imposing an undue burden' on the Six Subpoenaed Individuals, as those claims are unique to" those individuals); *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, 2022 WL 1624785, at *2 (N.D. Tex. May 23, 2022) ("neither may Defendants assert standing to seek a protective order on the non-party's behalf" on "'the grounds that [the subpoena] unduly burdens the non-party'").

[8]    This fact alone distinguishes *Clapper v. Am. Realty Invs., Inc.*, 2017 WL 11679070, at *1 (N.D. Tex. May 24, 2017) (Mtn. at 9-10) (third-party sought protective order).

4900-5094-9242.v1

Milliman employees.  Indeed, agilon's own Chief Accounting Officer admits that "agilon *does not know* what documents and information are in EY's possession."  ECF 75-1, ¶8; Mtn. at 8.[9]

Moreover, agilon has indicated it lacks "possession, custody, or control" over the documents of "independent third parties" such as EY or Milliman (ECF 75-3 at 6), and objected to producing documents that are "equally available to Plaintiffs from another source" such as EY or Milliman. *Id.* at 5.

### 2. agilon's Other Speculative Objections to the Subpoenas Fail to Establish Good Cause

None of agilon's remaining boilerplate assertions justify a stay of discovery.  First, agilon's claims that production "*could* result in the unrestricted dissemination" of agilon's information, or "*could*" cause agilon "competitive harm," are wildly speculative and entirely unsupported.  Mtn. at 1, 7, 10; ECF 75-1, ¶6; ECF 75-2, ¶¶3-4.  agilon fails to demonstrate, for example, what specific proprietary information is at stake, or how production of that information to *Plaintiffs* – pension and benefit funds – would prompt "unrestricted dissemination" to agilon's competitors.  Mtn. at 1, 7.[10] "These are conclusory assertions, not backed up by any evidence." *Lujan v. State Farm Lloyds*, 2024 WL 2097235, at *3 (W.D. Tex. May 9, 2024) (Mtn. at 9); *see also Adams v. Medtronic, Inc.*, 2024 WL 265860, at *8 (E.D. Tex. Jan. 23, 2024) (movant must produce "specific facts" that

---

[9]     *Alorica Inc. v. Tech Mahindra (Ams.) Inc.*, 2025 WL 2301881, at *5 (E.D. Tex. Aug. 8, 2025) (Mtn. at 1, 5) (the moving party "avers [the subpoenaed third-party] does not possess" the "categories of information" requested) and *Zurich Am. Ins. Co. v. Nautilus Ins. Co.*, 2025 WL 2880815, at *1 (N.D. Tex. Oct. 9, 2025) (Mtn. at 4) (quashing request for information protected from disclosure by the Texas ADR Act and the parties' mediation agreement) are readily distinguishable.

[10]     *See, e.g.*, *KCH Servs., Inc. v. Vanaire, Inc.*, 2009 WL 10681445, at *5 (W.D. Ky. Dec. 3, 2009) (requiring a "specific explanation of how it would be competitively disadvantaged by the production"). *Chilly Dil Consulting, Inc. v. Jetpay ISO Servs., LLC*, 2015 WL 13118078, at *2 (N.D. Tex. Aug. 5, 2015) (Mtn. at 10), in which one party sought its competitor's information, is readily distinguishable.  *Chilly*, 2015 WL 13118078, at *2 (finding one competitor's disclosure of, *inter alia*, business plans, customer lists, and identified trade secrets to its competitor and opposing litigant "would cause an identifiable, significant harm").

4900-5094-9242.v1

establish "significant harm" – not generalized assertions); *In re Ex Parte Application of Xiaomi Tech. Neth. B.V.*, 2025 WL 3068736, at *5 (E.D. Tex. Nov. 3, 2025) ("Celerity's 'conclusory assertion that the [responsive] document . . . contains proprietary and confidential information does not come close to the particular and specific demonstration of fact required' for a protective order").

Second, agilon's speculation that an unspecified number of documents "*may*" or "*possib[ly]*" contain PHI presents no basis to stay nonparty discovery. Mtn. at 6; ECF 75-2, ¶5. Aside from lacking "particular and specific" support (*BDO USA*, 876 F.3d at 698), agilon's argument ignores that Plaintiffs *agree* PHI *should* be protected, and that several safeguards will exist to protect PHI. *See* Ex. E; §II.A., *supra*.

Third, agilon's sweeping assertions of "privilege" are hopelessly vague and insufficient to establish good cause. *BDO USA*, 876 F.3d at 698. agilon makes no effort to identify the "privileged" information it supposedly disclosed to EY or Milliman. And even assuming *arguendo* that agilon *had* disclosed attorney-client privileged information to EY or Milliman (which agilon has not shown), *and* that the privilege *survived* that disclosure (which agilon has not shown), agilon will have the opportunity to comply with Rule 26(b)(5) by listing those documents on a privilege log. Ex. A (EY stating it expects agilon's counsel will review certain documents for privilege or work product prior to their production to Plaintiffs).

Finally, to the extent any requested documents qualify for protection under Rule 26, an absolute bar on third-party discovery is an exceedingly broad and unnecessary remedy. *TIGI Linea Corp. v. Pro. Prods. Grp., LLC*, 2021 WL 1947341, at *10 (E.D. Tex. May 14, 2021) ("'[n]o absolute privilege for confidential information or trade secrets exists'"). As discussed above, a standard confidentiality order, such as the one the parties have been negotiating, along with the other protections described herein, will resolve any legitimate concerns of confidentiality.

### C.    agilon's Alternative Request to Pre-Screen Every Single Document from the Third Parties Is Unwarranted and Should Be Denied

agilon's proposed alternative to a discovery stay – pre-screening all non-party documents before disclosure to Plaintiffs – is wholly improper and unwarranted.  As explained in §II.A., *supra*, the confidentiality order the parties are currently negotiating is modeled after this District's approved Confidentiality and Protective Order, which explicitly covers documents produced by third parties and permits designation by "the producing person or by ***any party*** as Classified Information." https://www.txwd.uscourts.gov/wp-content/uploads/2023/07/Confidentiality-and-Protective-Order_Appendix-H-2.pdf.

agilon offers no valid reason for inspecting every single document responsive to the subpoenas before production to Plaintiffs.  As explained herein, agilon fails to identify a single specific document that purportedly contains agilon's "trade secret" information, let alone demonstrate that ***every single document*** contain such information.  Mtn. at 10.  Regardless, agilon will have the opportunity to review certain materials for agilon's attorney-client privileged or work product information.  Ex. A.  Other safeguards, including the anticipated confidentiality order, will apply as well.  Pre-screening every non-party document would cause further needless delay and disputes.  agilon's overreaching request should be denied.[11]  *See Aldridge ex rel. U.S. v. Cain*, 2017 WL 11576510, at *1 (S.D. Miss. 2017) (rejecting defendants' request to review non-party productions "before turning them over to plaintiffs").

## III.    CONCLUSION

For the foregoing reasons, agilon's Motion to stay third-party discovery should be denied.

---

[11]    *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925 (N.D. Tex. 2017) (Mtn. at 10) provides an inapt comparison to this case.  In *Ford Motor*, the plaintiff (Ford) sought defendant's (Versata) expert reports and deposition transcripts from a separate lawsuit, through a subpoena to defendant's former counsel (McKool).  *Id.* at 928.  Due to the protective order in that lawsuit, the court was forced to fashion a "practical solution" whereby McKool produced the documents directly to its former client, Versata.  *Id.* at 947-48.

- 10 -

DATED:  November 14, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS
CHRISTOPHER D. STEWART
EVELYN SANCHEZ GONZALEZ


                             s/ Lucas F. Olts
                          LUCAS F. OLTS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 11 -

4900-5094-9242.v1