# EXHIBIT A

**Robbins Geller**
**Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Christopher D. Stewart
cstewart@rgrdlaw.com

November 12, 2025

<u>VIA EMAIL</u>

Jessica Ortiz
ERNST & YOUNG LLP
395 9th Avenue
New York, NY  10001

   Re: *In re agilon health, inc. Sec. Litig.*,
     No. 1:24-cv-00297 (W.D. Tex.)

Dear Ms. Ortiz:

We write following Plaintiffs' and third-party Ernst & Young's meet and confer call on November 10, 2025.

We understand that Ernst & Young is working on identifying audit file indices and work papers responsive to Plaintiffs' document requests. During the call, Plaintiffs clarified that they are primarily seeking Ernst & Young's work papers pertaining to agilon's medical claims, IBNR liabilities, and related internal controls. Plaintiffs confirmed that they are seeking responsive documents from Ernst & Young's 2021, 2022, 2023, and 2024 audit engagements, including both year-end and quarterly review work papers during those periods. Plaintiffs noted that the 2024 audit work papers Plaintiffs seek are expected to focus on the remediation of the material weakness in agilon's internal controls over financial reporting, which agilon publicly disclosed for the first time in a Form 10-K dated February 27, 2024.[1]

The parties agreed that a good starting point would be for Ernst & Young to identify audit file indices from these audit years. From there, Plaintiffs would be able to identify relevant working papers. Ernst & Young indicated that it intends to review potentially responsive materials for information that may be protected by Ernst & Young's attorney-client privilege or work product, and that it also intends to provide counsel for the Company the opportunity to review certain materials for the Company's attorney client privilege or work product.

---

[1] Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 36), ¶¶91, 207.

**Robbins Geller**
**Rudman & Dowd** LLP

Jessica Ortiz
November 12, 2025
Page 2

The parties agreed to touch base at the end of next week or the beginning of the following week.

Regarding agilon's recent motion for a protective order, there is no basis for Ernst & Young to refuse to comply with its discovery obligations until the motion is resolved by the Court.  Please confirm that Ernst & Young will continue identifying its audit file indices and work papers responsive to Plaintiffs' document requests while the motion is pending.

Sincerely,

CHRISTOPHER D. STEWART

CDS: