# EXHIBIT E

# Christopher Stewart

| | |
|---|---|
| **From:** | Christopher Stewart |
| **Sent:** | Tuesday, November 11, 2025 1:20 PM |
| **To:** | 'Armbruster, Barret V.'; Luke Olts; Evelyn Sanchez Gonzalez; Jack Scott; Shao-Jia Chang |
| **Cc:** | Garcia, Yolanda; Parham, Mason; Greenfield, Elliot; Fetzer, Brandon |
| **Subject:** | RE: In re agilon health, inc. Securities Litigation |
| **Attachments:** | 2025.11.11  CS ltr to MP.pdf |

Counsel, please see the attached letter.

Best,
Chris

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, November 7, 2025 3:24 PM
**To:** 'Armbruster, Barret V.' <barmbruster@sidley.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Cc:** Garcia, Yolanda <ygarcia@sidley.com>; Parham, Mason <mparham@sidley.com>; Greenfield, Elliot <egreenfield@debevoise.com>; Fetzer, Brandon <bfetzer@debevoise.com>
**Subject:** In re agilon health, inc. Securities Litigation

Counsel,

Attached please find plaintiffs' further revisions to the ESI agreement you sent on 11/5/25.

Given the number of drafts exchanged since September, we suggest setting a call next week to discuss the remaining disputed issues and crystalize the issues on which the parties can and cannot reach agreement.  We are available on November 10 and 11 – please propose times that work for you.

The remaining disputed issues appear to be:

1. **Organizational charts (*see* §III.B. Identification of Custodians)**: The parties disagree on whether to include the following: "*To the extent they exist, the parties will expedite the production of organizational charts to facilitate the identification of appropriate custodians*."  Given our understanding that defendants have agreed to produce organizational charts in response to plaintiffs' outstanding document requests, and that such charts will assist the parties in identifying appropriate ESI custodians, we wish to understand defendants' precise reason(s) for repeatedly deleting this language from the document.

2. **§III.C. Targeted Responsive Documents**: Plaintiffs believe this section should be included; defendants seek to delete it entirely.  We wish to understand defendants' precise reason(s) for wholesale deleting this section.

3. **Hit reports (*see* §III.C. Search Terms)**: Although we accepted most of your edits to this section, we disagree with your edits to the language regarding hit reports, including your proposal to make the provision of hit reports optional where search terms are used, and wish to understand defendants' precise reason(s) for these edits.

4. **Logging redacted documents (*see* §VII.B. Redactions Generally)**:  We disagree that documents redacted on attorney-client privilege of work product grounds need not be included on a privilege log, which is inconsistent with the requirements of Federal Rule of Civil Procedure 26(b)(5).  However, we are willing to discuss an exception whereby redactions of "protected health information" or "PHI" need not be included on a privilege log.

5. **Timing of privilege logs (§VII.D.)**:  Plaintiffs cannot agree to defer privilege logs until after the substantial completion deadline.  Plaintiffs expect that, prior to the substantial completion deadline, a considerable amount of time will be required to assess, meet and confer over, and potentially seek Court relief regarding, defendants' assertions of protection over documents and information withheld on the basis of privilege or work product.  Privilege logs should be provided on a rolling basis, which is what plaintiffs' proposed language contemplates.


Best,
Chris

---

**From:** Armbruster, Barret V. <barmbruster@sidley.com>
**Sent:** Wednesday, November 5, 2025 9:53 AM
**To:** Luke Olts <LOlts@rgrdlaw.com>; Christopher Stewart <CStewart@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Cc:** Garcia, Yolanda <ygarcia@sidley.com>; Parham, Mason <mparham@sidley.com>; Greenfield, Elliot <egreenfield@debevoise.com>; Fetzer, Brandon <bfetzer@debevoise.com>
**Subject:** Revised ESI Protocol - In re agilon health, inc. Securities Litigation

EXTERNAL SENDER
Counsel – In advance of our conference tomorrow, attached are defendants' revisions to the draft ESI protocol.


**BARRET V. ARMBRUSTER**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
+1 214 981 3434
barmbruster@sidley.com
www.sidley.com



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Christopher D. Stewart
cstewart@rgrdlaw.com

November 11, 2025

<u>VIA EMAIL</u>

Mason Parham
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201

> Re:  *In re agilon health, inc. Sec. Litig.*,
>       No. 1:24-cv-00297 (W.D. Tex.)

Dear Counsel:

I write regarding the following:

1.  **Status of the draft proposed confidentiality and protective order**: On October 27, 2025, plaintiffs provided further revisions to the draft proposed confidentiality and protective order; plaintiffs had originally proposed on September 15, 2025 that the parties execute a stipulated confidentiality and protective order.  Over two weeks have passed and defendants have still not provided their proposed revisions to the draft proposed confidentiality and protective order.  Please provide your proposed revisions to the document in advance of our call tomorrow.

2.  **Status of the draft proposed ESI agreement**: On November 7, 2025, plaintiffs provided further revisions to the draft ESI agreement.  Please provide defendants' further proposed edits to the document in advance of our call tomorrow.  Given that plaintiffs first proposed a draft ESI protocol to defendants on September 15, 2025 and that very few disputed issues remain (see my email from November 7, 2025), we wish to move this process along.

3.  **The parties' agreement that defendants will provide the initial list of proposed search terms pertaining to plaintiffs' first set of document requests**: As indicated by defendants' and plaintiffs' respective revisions to the draft ESI agreement (from November 5 and 7, 2025, respectively), the parties are now in agreement that "[w]ithin a reasonable time after a party serves its responses and/or objections to another party's document requests, the producing party shall provide a list of proposed search terms that it intends to apply to filter the sources of ESI." Given the agreement on that issue (which is not affected by the small number of disputes that remain with respect to other parts of the ESI agreement), we see no reason for defendants to further delay providing their proposed search terms to plaintiffs, so that – as contemplated by the document

4938-1135-3721.v1

655 West Broadway, Suite 1900   San Diego, CA  92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

Mason Parham
November 11, 2025
Page 2

– plaintiffs can review defendants' proposed terms and "provide any additional or alternative search terms that it believes are necessary to identify responsive documents."  Thus, plaintiffs reiterate their request that defendants promptly provide their proposed search terms by November 14, 2025.

4.      **Defendants' stated intention to propose a draft PHI protocol**: On October 14, 2025, the agilon defendants objected to plaintiffs' document request numbers 5 and 8-13 on the grounds that responsive documents could potentially include "documents containing PHI or other information protected under HIPAA."  During the parties' meet and confer call regarding plaintiffs' document requests on October 23, 2025, counsel for the agilon defendants stated they would provide plaintiffs with a written proposed draft PHI protocol.  Defendants have still not provided that written proposal to plaintiffs.  To the extent defendants still intend to propose a written PHI protocol, please provide it by November 14, 2025.

Very truly yours,

CHRISTOPHER D. STEWART

CDS:

4938-1135-3721.v1