**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
|  | § |  |
|  | § |  |
|  | § |  |
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § | Master File No. 1:24-cv-00297-DAE |
|  | § | |
|  |  | CLASS ACTION |
| This Document Relates To: | § | |
| ALL ACTIONS. | § | |
|  | § | |

**AGILON HEALTH INC.'S REPLY IN SUPPORT OF ITS**
**MOTION FOR PROTECTIVE ORDER**

Plaintiffs' opposition mischaracterizes both the scope of agilon's motion and the relief it seeks. agilon is not trying to halt all third-party discovery; it is asking the Court to prevent Plaintiffs from using EY and Milliman as an end-run around party discovery for agilon's own confidential information and to impose modest safeguards on how that information is obtained and designated.

## I.    Agilon Seeks Specific, Tailored Protection under Rule 26.

Contrary to the Response, agilon does not seek a blanket stay of all third-party discovery. Rather, agilon challenges these subpoenas because EY and Milliman are being used to obtain agilon's confidential, proprietary, and trade-secret information—information Plaintiffs have already sought directly from agilon and now seek again through third parties as an improper end-run around party discovery. Mot. 1, 7–9. agilon's proprietary systems, data, methodologies, and other core business information are the proper subject of party—not third-party—discovery.

Courts in this circuit routinely grant this type of relief, recognizing that "[t]hird-party discovery is not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Stemmons Enters., LLC v. Fisker, Inc.*, 2023 WL 7545223, at *1 (S.D. Tex. Nov. 13, 2023); *United States v. Planned Parenthood Fed'n of Am.*, 2022 WL 22861005, at *2 (N.D. Tex. Nov. 18, 2022) (granting motion for protection where information was "obtainable from a party to the litigation"); *Scrum All. Inc. v. Scrum, Inc.*, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020) (granting motion to quash and for protection where Plaintiff could "obtain the information directly from [Defendants]"); *Orion Marine Constr., Inc. v. Coyle*, 2017 WL 4875596, at *7 (S.D. Tex. Oct. 26, 2017)[1] (granting motion for protection and to quash where same information was available

---

[1] Plaintiffs try to distinguish *Orion* because the subpoena was served prior to the Rule 26(f) conference. Resp. 3 n. 3. But several other arguments were made in *Orion*, including that the subpoena sought trade-secret and confidential information possessed by a party; the court thus ordered defendants to seek leave of court prior to seeking further information from the non-parties, and demonstrate they could not "obtain the requested documents from [the party] directly in the

through party discovery). Plaintiffs' authorities, by contrast, address third-party discovery into independent information held by non-parties—not a situation where the subpoenas seek only a second, more burdensome pathway to obtain the party's own confidential data. That is precisely the scenario *Stemmons*, *Planned Parenthood*, *Scrum Alliance*, and *Orion* identify as improper.

Despite this in-circuit authority, the Response contends that the Motion cites none and turns to several out-of-circuit cases instead. Those cases are not analogous.[2] Each involved third parties with their own independent information, not party documents routed through a third party. Here, by contrast, the subpoenas seek information that would necessarily be provided by agilon to Milliman or EY, including agilon's confidential, proprietary, and trade-secret materials: *e.g.*, "all documents and communications concerning the methods, data, or assumptions underlying *agilon's* calculation, forecasting, or reporting of medical margin." Mot., Ex. D PDF p. 38 (emphasis added). That distinction is dispositive: where subpoenas seek only a second pathway to obtain party information, Fifth Circuit courts consistently recognize that Rule 26(c) protection is warranted.

## II.     Agilon Met its Burden for Protection under Rule 26.

A party may move for protection under Rule 26 "if it believes its own interest is jeopardized by discovery sought from a third person." *Kilmon v. Saulsbury Indus., Inc.*, 2018 WL 5800759, at

---

course of normal discovery." *Orion*, 2017 WL 4875596, at *7 (S.D. Tex. Oct. 26, 2017).

[2] *Software Rts. Archive, LLC v. Google Inc.*, 2009 WL 1438249, at *2 (D. Del. May 21, 2009) (involving jurisdictional discovery where "non-parties" were affiliates of parties with an interest in the case, and possessed documents related to topics the parties had already represented they did not have); *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 504 (D.N.J. 2021) (ordering non-party discovery of documents that were "unlikely to be in the possession of another party to the litigation" and noting that this fact made the instant case distinguishable from those "in which the information sought was equally available from a party"); *Gonzalez-Tzita v. City of L.A.*, 2018 WL 10111333, at *2 (C.D. Cal. Sep. 30, 2018) (involving non-proprietary, non-confidential, "more accurate" data that was independently collected by third-party and otherwise differing from that in party's possession); *Mallinckrodt LLC v. Actavis Lab'ys FL, Inc.*, 2017 WL 5476801, at *4 (D.N.J. Feb. 10, 2017) (compelling discovery where requesting party "represented that it [was] only seek[ing] items that it cannot obtain from [the other party]").

*4 (W.D. Tex. Feb. 13, 2018).[3] Once standing is established, courts in this district routinely limit third-party subpoenas even when the non-party itself has not moved.[4] *See Harris v. Henry*, 2023 WL 5541077, at *4 (W.D. Tex. Aug. 28, 2023) (granting protective order limiting subpoena based on relevance). In any event, Rule 26 requires the Court, on its own, to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). The Motion and supporting declarations walk through the subpoena categories, explain the proprietary, confidential nature of the agilon information they encompass, and identify the specific RFPs that seek the same information from agilon. *See* Mot. 3–5, 6, 8–9; *id.* Ex. A ¶¶ 3, 6–8; *id.* Ex. B ¶¶ 3–6; *id.* Ex. E.

Plaintiffs attempt to show that agilon falls short of its burden by lifting isolated phrases from the Motion while omitting the explanatory text that immediately follows.[5] For instance, Plaintiffs assert that agilon "simply claims that '[t]he subpoenas seek proprietary, confidential, and

---

[3] Plaintiffs cite *Meritage Homes of Tex., LLC v. AIG Specialty Ins. Co.*, 2024 WL 221448, at *2 (W.D. Tex. Jan. 18, 2024), arguing agilon may not seek protection because EY and Milliman have not. However, *Meritage Homes* recognizes a party has standing to move for protection "if it believes its own interest is jeopardized by discovery sought from a third person." *Id.*; *see also Campos v. Webb Cnty. Tex.*, 2013 WL 12387156, at *2 (S.D. Tex. Apr. 18, 2013) (recognizing defendant may seek protection "if it believes its own interest is jeopardized by discovery sought from a third person"). agilon established that its own interest—*i.e.*, protecting its confidential data—is jeopardized by discovery sought from the third parties.

[4] While neither EY nor Milliman has sought a protective order, EY objected for many of the reasons asserted in the Motion, including that the subpoena seeks information containing confidential and trade-secret information that can be sought from the original source. *See* EY Objections, Ex. A.

[5] Plaintiffs likewise mischaracterize agilon's Responses and Objections to Plaintiffs' First Set of RFPs, asserting that "agilon has indicated it lacks 'possession, custody, or control' over the documents of 'independent third parties' such as EY or Milliman (ECF 75-3 at 6), and objected to producing documents that are 'equally available to Plaintiffs from another source' such as EY or Milliman." Resp. 6. This is a piecemeal combination of several objections, none of which state what Plaintiffs claim. For example, agilon never asserted it lacks "possession, custody, or control" over the documents of "independent third parties" like Milliman and EY. Rather, agilon objected to Plaintiffs' definition of "agilon" to the extent it extended to third parties and clarified that its responses would cover only materials within its possession, custody, or control. Mot., Ex. C ¶ 6.

3

commercially sensitive information.'" Resp. 4. Yet, in the very same sentence Plaintiffs reference, the Motion identifies what those subpoena categories inherently encompass: "actuarial data, reserve methodologies, and other analyses reflecting how agilon evaluates and prices financial risk from third parties." Mot. 6. Read in full, the Motion explains the concrete competitive harm that broader disclosure of these materials would cause. Plaintiffs further contend that the subpoena to EY seeks "primarily EY's *work papers* pertaining to agilon's medical claims, IBNR liabilities, and related internal controls over financial reporting." Resp. 4 (emphasis added). But only one of the five requests seeks EY's workpapers; three of the four remaining requests broadly seek "all documents" relating to agilon's IBNR liability, internal controls, and medical margin, and expressly state they are "not limited to audit documentation." Mot., Ex. D. The EY subpoena's sweeping request for all agilon-related documents on these subjects necessarily reaches confidential and proprietary agilon information. If Plaintiffs insist they only seek independent workpapers that they cannot otherwise obtain from agilon, then the Court should issue a Protective Order limiting the subpoenas to that information, rather than placing on EY and Milliman the burden of parsing Plaintiffs' broad requests and determining what falls within Plaintiffs' after-the-fact assertion of what they are "primarily" seeking. Resp., Ex. A.

Finally, a confidentiality order cannot change the fact that Plaintiffs are improperly end-running party discovery, and that is a key difference in the cases cited in Plaintiffs' brief. *See* Resp. 5. A standard protective order governs who may use and disclose produced information; it does not solve the problem of Plaintiffs forcing agilon's confidential information to be collected and produced potentially three times (from agilon, EY, and Milliman), at three different cost centers, with three sets of potentially inconsistent designations. That is exactly the sort of cumulative and inefficient discovery Rule 26(b)(2)(C) directs the Court to curtail.

4

Plaintiffs also suggest there is no concern because, according to Plaintiffs' own letters, EY and Milliman purportedly are cooperating. But Rule 26 authorizes protection where discovery is unreasonably cumulative or can be obtained from a more convenient source; it does not make protection contingent on a non-party filing its own motion. Fed. R. Civ. P. 26(b)(2)(C).

## III.     Agilon's Request for Alternative Relief is Proper.

Even if the Court allows some third-party discovery of EY or Milliman to proceed, it should adopt safeguards that minimize duplication and protect agilon's confidential information. The Court has discretion to safeguard party information, including by "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Here, the subpoenas' sweeping scope *is designed* to capture agilon documents, creating a substantial risk of duplicative productions and inconsistent confidentiality designations. To avoid these inconsistencies and ensure proper treatment of agilon's confidential information, agilon must be permitted to make the relevant designations, which necessarily requires that responsive materials be produced to agilon first for review and designation before any production to Plaintiffs. This type of practical sequencing and designation mechanism—minimizing duplicative collections, avoiding inconsistent designations, and channeling confidential information through the party best positioned to identify it—is exactly the sort of solution Rule 26(c) authorizes and that courts have approved in complex, trade-secret-laden cases. *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925 (N.D. Tex. 2017) (approving practical modifications to discovery procedures to protect confidential information).[6]

---

[6] Plaintiffs only authority against this relief is distinguishable and provides no analysis. In *Aldridge ex rel. U.S. v. Cain*, 2017 WL 11576510, at *1 (S.D. Miss. 2017), the parties disagreed as to what agreement was reached regarding the third-party subpoena, and the court offered no analysis of law or fact. *Id.*

Respectfully submitted,

/s/ Mason Parham
SIDLEY AUSTIN LLP
Yolanda C. Garcia
Mason Parham
Barret V. Armbruster
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
ygarcia@sidley.com
mparham@sidley.com
barmbruster@sidley.com

*Attorneys for agilon Defendants*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that I am counsel for the agilon Defendants in this action and that on November 21, 2025, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

*/s/ Mason Parham*