# EXHIBIT A



Ernst & Young LLP
One Manhattan West
New York, NY 10001-8604

Tel: +1201 551 4346
ey.com
Jessica.Ortiz@ey.com

**Shape the future
with confidence**

**Via Email**

November 3, 2025

Christpher D. Stewart
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
cstewart@rgrdlaw.com

**In re Agilon Health, Inc. Securities Litigation
Civil Action No. 1:24-cv-00297**

Dear Mr. Stewart:

Non-Party Ernst & Young LLP ("EY") was served with a subpoena on October 17, 2025, which purports to require EY to produce documents on November 7, 2025. EY hereby objects to the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on the grounds stated below.

1.      EY objects to the date and place set forth for the production of documents as it does not afford adequate time for EY to search, collect and review potentially responsive documents.

2.      EY objects to the subpoena's request for the inspection and copying of documents in its possession, custody and/or control, to the extent it is overbroad, unduly burdensome, and seeks to impose obligations beyond those imposed by Rule 45 of the Federal Rules of Civil Procedure.

3.      EY objects to the subpoena to the extent it calls for documents that are beyond EY's possession, custody or control, including documents that could be obtained from the original author, creator, publisher, or custodian of documents or are in the possession, custody or control of entities other than EY, and as such it is improper, burdensome and oppressive to require EY to produce such information.

4.      EY objects to the subpoena to the extent it calls for documents that are not relevant to any party's claim or defense, nor proportional to the needs of the case.

5.      EY objects to the subpoena on the grounds that the subpoena violates Rule 45(d)(1) and its express mandate that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense" on EY,

A member firm of Ernst & Young Global Limited



**Shape the future
with confidence**

including without limitation plaintiffs' failure to narrow the scope of each and every request insofar as it is vague, ambiguous and overbroad. If EY produces documents in response to the subpoena, it should be compensated for any and all time and expense incurred in connection with the searching, collecting, processing, and producing of such documents, consistent with Rule 45(d)(1).

6. EY objects to the subpoena pursuant to Rule 45(d)(3)(B)(i) to the extent that it seeks proprietary, confidential and trade secret information of EY, the disclosure of which would cause considerable harm to EY's business.

7. EY objects to the subpoena on the grounds that it seeks proprietary, confidential and trade secret information of persons or entities other than EY and that was provided to EY based on an expectation, understanding or obligation of confidentiality.

8. EY objects to the subpoena on the grounds that it is vague and ambiguous.

9. EY objects to the subpoena on the grounds that it is unduly burdensome and oppressive, and calculated to vex, harass, and annoy EY.

10. EY objects to the subpoena to the extent it seeks the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. In addition, the inadvertent production of documents protected by such privilege(s) or doctrine(s) shall not constitute a waiver of the applicable privilege(s) or doctrine(s) either as to those documents inadvertently produced or as to any other documents.

11. EY objects to the subpoena to the extent it requires the production of any documents in the absence of an appropriate confidentiality agreement and protective order.

12. EY objects to the subpoena pursuant to Rule 45(d)(3)(B)(i) and 45(e)(1)(B) to the extent that it purports to require EY to produce certain electronically stored information in native formats, in formats that are proprietary to EY, in formats that require proprietary software to access, or any format other than a "reasonably usable" format.

13. EY objects to the subpoena pursuant to Rule 45(e)(1)(D) as unduly burdensome to the extent that it requires EY to search for and produce documents, including emails and similar electronic documents, that are not "reasonably accessible." EY objects to any request that would require EY to search backup tapes or drives, deleted data, or legacy data from obsolete systems for responsive documents. These types of media are not reasonably accessible and would entail undue burden and expense to restore and search. EY also objects to any request that would require EY to suspend the routine operation of its electronic information systems.

14. EY objects to the subpoena pursuant to Rule 45(e)(1)(C) as unduly burdensome to the extent that it requires EY to search for and produce the same electronically stored information in more than one form.



**Shape the future
with confidence**

15.     EY objects to the instructions and definitions on the grounds that they render the subpoena overly broad, compound, unduly burdensome, oppressive, vague and ambiguous.  EY further objects to the instructions and definitions on the grounds that they would subject EY to oppression, undue burden, and expense to require EY and purport to impose on EY obligations in excess of the requirements of the Federal Rules of Civil Procedure.

EY reserves the right to supplement its response (including, but not limited to, its objections) to the subpoena. EY is willing to meet and confer regarding the requests and objections.

Very truly yours,

*/s/ Jessica Ortiz*

Jessica Ortiz
Executive Director

A member firm of Ernst & Young Global Limited