# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **In re Agilon Health, Inc.** § | | **Case No. 1:24-cv-00297-DAE** |
| **Securities Litigation** § | | |
| § | | |

## ORDER

Before the Court are Agilon Health Inc.'s Motion for Protective Order, filed November 7, 2025 (Dkt. 75), and the Joint Motion for Entry of a Scheduling Order, filed November 17, 2025 (Dkt. 77).[1]

On December 10, 2025, the Court held a hearing on the motions at which the parties appeared through counsel.

### I. Motion for Protective Order

Plaintiffs in this putative securities class action have issued third-party subpoenas to Defendant agilon health, inc.'s [sic] independent auditor Ernst & Young LLP and actuarial consultant Milliman, Inc. Defendant asks the Court to order Plaintiffs to first seek the subpoenaed information through party discovery. Defendant contends that the subpoenas seek proprietary financial and trade secret data "that is in the possession, custody, or control of agilon, or that agilon otherwise has privacy rights or interests therein, and that agilon ultimately must review prior to production." Dkt. 75 at 6. Plaintiffs argue that Defendant is attempting to halt all third-party discovery.

At the hearing, counsel represented that they are close to finalizing a stipulated confidentiality and protective order that will apply to third-party discovery. As stated from the bench during the

---

[1] By Text Orders issued November 10 and 18, 2025, the Honorable David A. Ezra referred the motions to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

hearing, the Court concludes from the parties' arguments that they may be able to resolve some of the issues raised in Defendant's motion, and that their agreed confidentiality order may render other issues moot. Counsel agreed to finalize the confidentiality order within ten days, i.e., by December 22, 2025.

Accordingly, Agilon Health Inc.'s Motion for Protective Order (Dkt. 75) is **HELD IN ABEYANCE**. The Court **ORDERS** Plaintiffs and Defendant to file a joint status report of no longer than seven pages **by January 6, 2026** identifying any remaining issues raised by Defendant's motion that require resolution by the Court.[2]

## II.    Motion for Entry of a Scheduling Order

The parties also ask the Court to enter a scheduling order. They submitted a joint proposed order agreeing on many dates but diverging on two issues.

First, Defendants propose to close fact discovery on June 30, 2026, about eleven weeks after the parties' agreed April 21, 2026 deadline for substantial completion of document discovery. Plaintiffs request a September 21, 2026 deadline, five months after document discovery is complete. Plaintiffs propose the longer period expecting that the number of fact depositions will exceed ten per side. As stated from the bench during the hearing, the Court finds that four months after substantial completion of document discovery will be sufficient to complete all fact discovery, whether ten fact witnesses or more are deposed per side.

Second, the parties disagree on proposals for expert reports and a sur-reply in connection with class certification. The Court holds that Defendants may submit a sur-reply brief as proposed but finds it premature to include the limitations on expert evidence proposed by Defendants.

---

[2] The Court ordered the parties during the hearing to submit the joint status report within ten days of filing their agreed confidentiality order for the District Court's approval but allows extra time due to the New Year holiday.

The Court **GRANTS** the Joint Motion for Entry of a Scheduling Order (Dkt. 77) and **ORDERS** the parties to submit a joint proposed scheduling order by **December 22, 2025** following Judge Ezra's Proposed Scheduling Order and:

- adding other agreed deadlines as needed;

- setting **August 21, 2026** as the close of fact discovery and deadline for motions to amend or supplement pleadings or to join additional parties, and modifying subsequent deadlines for expert discovery and dispositive motions accordingly; and

- setting a **July 24, 2026** deadline for Defendants' sur-reply in opposition to plaintiffs' motion for class certification and omitting Defendants' proposed parenthetical language on class certification briefing.

Plaintiffs' motion for class certification and Defendants' response in opposition shall be limited to twenty (20) pages in length, while Plaintiffs' reply and Defendants' sur-reply shall be limited to ten (10) pages in length.

**IT IS SO ORDERED.**

**SIGNED** on December 11, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE