UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>　　ALL ACTIONS. | | |

CONFIDENTIALITY AND PROTECTIVE ORDER

4935-6285-1206.v1

Before the Court is the Joint Motion of the Parties for the Entry of a Confidentiality and Protective Order ("Protective Order").[1] Disclosure and discovery activity in this action may involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the information or items that are entitled under the applicable legal principles to be treated as confidential. By seeking entry of this Protective Order, neither party concedes that any document produced in this litigation qualifies as Protected Information, as defined herein.

After careful consideration, it is ORDERED that the motion is granted, and the Court ORDERS the following:

## 1. Protected Information

"Protected Information" means any information of any type, kind, or character that is designated as "Confidential Information" or "Highly Confidential Information" whether it be a document, information contained in a document, information revealed during discovery, or otherwise as provided for in this Protective Order. All documents or discovery responses designated by the producing party as "Confidential" or "Highly Confidential," and which are disclosed or

---

[1] The "Parties" refers to Plaintiffs Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans, Indiana Public Retirement System, and the North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund (together, "Plaintiffs") and Defendants agilon health, inc., Steven J. Sell, Timothy S. Bensley, Heidi Hittner, and Girish Venkatachaliah, and Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P. (together, "Defendants").

- 1 -

produced to the attorneys for the other parties to this litigation are Protected Information and are entitled to confidential treatment as described below.

The protections conferred by this Protective Order cover not only "Protected Information" (as defined above), but also: (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by Parties or their counsel that reveal Protected Information.

**2.    Qualified Persons**

**"Qualified Persons" means:**

a.    For Highly Confidential Information:

 i.    retained counsel for the Parties in this litigation and their respective staff;

 ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, or members of parties);[2]

 iii.    this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation;

 iv.    litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel; and

 v.    any mediator, arbitrator, or other similar party engaged by the Parties in connection with the litigation and any persons employed by such mediator or arbitrator;

---

[2] Designation of an expert or consultant under this provision is not a waiver of such person's status as a consulting only expert or of any otherwise exiting protection against discovery of such person's work or opinions.

4935-6285-1206.v1

b. For Confidential Information:

  i. the persons identified in subparagraph 2(a);

  ii. a party, if a natural person;

  iii. if the party is an entity, such officers or employees of the party who are necessary to assist in the litigation;

  iv. jury and trial consultants and their staff and mock jurors;

  v. any person who was an author, addressee, or intended or authorized recipient of the Protected Information, or a custodian or other person who otherwise possessed, reviewed or knew the information;

  vi. during their depositions, witnesses in the action to whom disclosure is reasonably necessary; such witnesses shall not retain a copy of documents containing Protected Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with the review of the transcripts;

  vi. insurance carriers providing coverage in this matter.

c. Such other persons as this Court may designate after notice and an opportunity to be heard.

d. *Acknowledgements*.  For purposes of subparagraphs 2(a)(ii) and 2(b)(iv), Protected Information may be provided to such persons only after he or she has signed an Acknowledgement in the form attached hereto as Exhibit A.  If Highly Confidential Information is provided to such persons under the terms of this paragraph, counsel providing such information will take reasonable steps to ensure that the person receiving it retains it only for as long as necessary for the purpose for which it was provided.

- 3 -

4935-6285-1206.v1

3. **Designation Criteria**

    a.    ***Non-Protected Information***.  Protected Information shall not include information that either:

        i.    is in the public domain at the time of disclosure, as evidenced by a written document;

        ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

        iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

        iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

    b.    ***Protected Information***. A party shall designate as Protected Information only such information that the party in good faith believes in fact is confidential.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Protected Information.  Information and documents that may be designated as Protected Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.  Correspondence and other communications between the Parties or with nonparties may be designated as Protected Information if the communication was made with the understanding or

- 4 -

reasonable expectation that the information would not become generally available to the public.

c.    ***Highly Confidential***. The designation "***Highly Confidential***" shall be reserved for information that the party believes, after reviewing the information, is highly sensitive information, the disclosure of which would create a substantial risk of competitive or business injury.  For purposes of this order, so-designated information may include, but is not limited to, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies.

d.    ***Protected Health Information***. Protected Information designated as "Confidential" or "Highly Confidential" may contain Protected Health Information ("PHI") as defined by 45 C.F.R. § 160.103. In accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified at 42 U.S.C. §§ 1320d *et seq.*, and implemented at 45 C.F.R. §§ 160, 164, this Protective Order specifically prevents any receiving party from using or disclosing PHI for any purpose other than prosecuting, defending or settling the claims in this litigation. *See* 45 C.F.R. § 164.512(e)(1)(v)(A). The Parties further agree that PHI that is unrelated to the claims in this litigation may be redacted.

**4.    Use of and Access to Protected Information**

All Protected Information provided by any Party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms of this Order.

4935-6285-1206.v1

Protected Information must be stored and maintained by a receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

Protected Information shall not be processed using generative artificial intelligence available to the public where the protected information is used to train the generative artificial intelligence model or is retained beyond the conclusion of the litigation.

**5.      Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Protected Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Highly Confidential – Attorney Eyes Only." The designation should be made in a fashion or form that is conspicuous yet allows the Protected Information to remain legible.  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.  For documents produced in native format, the marking shall be affixed to the placeholder bates numbered TIFF image that accompanies the native file.

**6.      Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party

4935-6285-1206.v1

or non-party as Protected Information by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential."

Any party also may designate information disclosed at a deposition as Protected Information by notifying all Parties in writing no later than 30 days following receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Protected Information thereafter. Any deposition transcript that is prepared prior to the expiration of the 30-day period for designation shall be treated as Highly Confidential Information in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated as actually designated.

Counsel for a Party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Protected Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Information is being used or discussed.

**7.    Disclosure to Qualified Persons**

a. Protected Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. Protected Information designated as "Highly Confidential" shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons within the scope of Paragraph (2)(a)(i) through (v) except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law, subpoena or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party

- 7 -

4935-6285-1206.v1

to protect the information. Information designated as Highly Confidential shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During This Litigation*. Copies of Highly Confidential Information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Protected Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

**8.    Unintentional Disclosures**

Documents unintentionally produced without designation as Protected Information shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall be treated as Protected Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Protected Information, the party shall (i) immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure, (ii) make reasonable efforts to prevent disclosure by each unauthorized person who received such information, and (iii) take appropriate measures to rectify the breach, including through the retrieval and destruction of any improperly disclosed information.

**9.    Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Highly Confidential during inspection.  At the time of copying for the receiving parties,

- 8 -

Protected Information shall be marked prominently "Confidential" or "Highly Confidential" by the producing party.

**10.    Consent to Disclosure**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Protected Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.  Nor shall anything in this order prevent any counsel of record from utilizing Protected Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Protected Information, irrespective of which party produced such information.

**11.    Challenging the Designation**

A party shall not be obligated to challenge the propriety of a designation of Protected Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Protected Information, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved informally within fourteen (14) business days, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Protected Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information.  The disputed information shall remain Protected Information unless the Court orders otherwise.  Failure to move for an order shall constitute a termination of the status of such item as Protected Information.

4935-6285-1206.v1

**12.    Manner of Use in Proceedings**

In the event a party wishes to use any Protected Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Order shall limit the Parties' rights or ability to offer evidence or other information (including Protected Information) at a hearing or trial.  The manner of using any Protected Information at a hearing or trial and the status of Protected Information resulting from any such use will be determined by the Court.

**13.    Filing Under Seal**

A party that seeks to file under seal any Protected Information shall comply with Local Civil Rule CV-5.2 for the Western District of Texas.  In instances where materials submitted to the Court by one party were designated as Protected Information by another party, the filing party shall comply with Local Civil Rule CV-5.2 for the Western District of Texas, but indicate in its motion for permission to file under seal that the confidentiality designation was made by another party or non-party.  The burden of demonstrating that any materials designated as Protected Information submitted to the Court are entitled to be filed under seal shall remain with the designating party.

**14.    Return of Documents**

Not later than 120 days of the conclusion of this litigation and any appeal related to it, any Protected Information, all reproductions of such information, and any notes, summaries, or descriptions of such information, shall be returned to the producing Party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or

- 10 -

hearing.  To the extent that Protected Information contains PHI, counsel for the receiving party shall ensure that such materials are destroyed using a methodology specified by the U.S. Secretary of Health and Human Services pursuant to Section 13402(h)(2) of Public Law 111-5 that renders the PHI unusable, unreadable, or indecipherable.  Notwithstanding this obligation to return or destroy information, counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information.  Any such archival copies that contain Protected Information remain subject to this Protective Order.

**15.    Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

**16.    Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order, unless the designating party can show that it took reasonable steps to ensure that such person observed the terms of the Protective Order.

**17.     Waiver**

Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product Protected Information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**18.     Modifications and Exceptions**

The Parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order. For avoidance of doubt, the terms of this Protective Order shall not apply to and shall not otherwise limit a producing party's use or disclosure of its own Protected Information for any purpose.

**19.     Immediate and Containing Effect**

This Protective Order shall become effective among the Parties immediately upon its agreement, even if not yet entered by the Court.

**20.     No Prejudice**

Producing or receiving Protected Information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be admissible or within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

4935-6285-1206.v1

**21.    Nonparty Protected Information**

The terms of this Protective Order are applicable to information produced by a nonparty in this action and designated as Protected Information. Such information produced by nonparties in connection with this litigation is protected by the remedies and relief provided by this order. Nothing in this Protective Order prohibits a nonparty from seeking additional protections for its Protected Information. Any party issuing a subpoena to a nonparty will enclose a copy of this Protective Order. Any party also may designate information produced by a nonparty as Protected Information by notifying all parties in writing no later than 30 days following receipt of the nonparty production of the specific documents that should be treated as Protected Information thereafter. Nonparty documents produced prior to the expiration of the 30-day period for designation shall be treated as Highly Confidential Information unless otherwise agreed.  After the expiration of that period, the documents shall be treated as actually designated.

IT IS SO ORDERED.

DATED:  January 7, 2026

THE HONORABLE SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

- 13 -

4935-6285-1206.v1

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I, _____, do hereby acknowledge and agree, under penalty of perjury, as follows:

I have read the Confidentiality and Protective Order ("the Protective Order") entered in *In re AGILON HEALTH, INC. SECURITIES LITIGATION*, No. 1:24-cv-00297-DAE prior to receiving any Protected Information as defined therein.

I understand the terms and effect of the Protective Order and agree to be bound by its terms. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for purposes of enforcing compliance with this Order.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with this litigation have been designated as Confidential or Highly Confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" are confidential by the terms and effect of the Protective Order. I hereby agree that I will not disclose any information contained in such documents to any other person, and I agree to be bound by the Protective Order's terms. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

[INSERT]