# EXHIBIT F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

**THE CD&R ENTITIES' RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Clayton, Dubilier & Rice, LLC ("CD&R LLC"), CD&R Vector Holdings, L.P. ("Vector"), CD&R Investment Associates IX, Ltd ("CD&R Investment Associates"), and CD&R Associates IX, L.P. ("CD&R Associates" and collectively, the "CD&R Entities") by their undersigned counsel, hereby respond and object to the First Set of Requests for Production, dated September 12, 2025 (the "Requests"), served by Plaintiffs:

**INTRODUCTORY STATEMENT**

Nothing in the CD&R Entities responses and objections herein shall be construed as a waiver of the CD&R Entities rights to:  (a) object on the grounds of competency, relevance, materiality, necessity, hearsay or any other proper ground to the use of any information provided in these responses for any purpose, in whole or in part, in any proceeding in this or any other action; (b) object on any ground at any time to any discovery procedure in this action or any other action; (c) object on any ground to any request for further responses to these requests or any other discovery requests; or (d) assert the attorney-client privilege, work product doctrine, or any other privilege or protection from discovery.

request includes documents that identify the date, time, amounts, gains, and losses on any such transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**  The CD&R Entities incorporate by reference the General Objections.  The CD&R Entities object to Request No. 6 on the ground that it is overbroad, unduly burdensome, and disproportionate to the needs of this case.  The CD&R Entities further object to Request No. 6 on the ground that it is vague and ambiguous, particularly as to the terms "holdings," "conversions," "hedges," "pledges," and "derivatives."  The CD&R Entities further object to Request No. 6 to the extent that it is duplicative of Request No. 4.

Subject to and without waiver of any of the foregoing objections, the CD&R Entities will produce non-privileged documents, if any, concerning any purchases of agilon common stock by Vector and its sales of agilon common stock on September 14, 2021, August 11, 2022, and May 18, 2023.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications concerning the valuation of agilon or the valuation of any investment in agilon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**  The CD&R Entities incorporate by reference the General Objections. The CD&R Entities object to Request No. 7 on the ground that the phrase "all documents and communications" is overbroad, unduly burdensome, and disproportionate to the needs of this case.  The CD&R Entities further object to Request No. 7 on the grounds that the phrase "any investment" is vague and ambiguous.  The CD&R Entities further object to Request No. 7 on the ground that any valuation by the CD&R Entities of agilon or Vector's investment in agilon is not relevant to any party's claim or defense. The CD&R Entities further object to Request No. 7 to the extent it calls for production of

13

documents already in Plaintiffs' possession, custody, or control, or documents readily accessible to Plaintiffs from other sources, including agilon.

Subject to a meet and confer, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:** All communications with your investors, clients, or partners concerning agilon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** The CD&R Entities incorporate by reference the General Objections. The CD&R Entities object to Request No. 8 on the ground that the phrase "all communications" is overbroad, unduly burdensome, and disproportionate to the needs of this case. The CD&R Entities further object to Request No. 8 on the ground that the terms "investors," "clients," and "partners" are vague and ambiguous. The CD&R Entities further object to Request No. 8 on the ground that it is not relevant to any party's claim or defense.

Subject to a meet and confer, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications concerning the management or operation of agilon, including:

    a) agilon's Board or Board committee meetings;

    b) Discussions or meetings with agilon officers or management regarding agilon; and

    c) agilon's medical margin, adjusted EBITDA, revenue, or profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** The CD&R Entities incorporate by reference the General Objections. The CD&R Entities object to Request No. 9 on the ground that the request for "all documents and communications concerning the management or operation of agilon" is overbroad, unduly burdensome, and disproportionate to the needs of

this case.  The CD&R Entities further object to Request No. 9 on the grounds that it seeks "discussions or meetings with agilon officers or management regarding agilon" and "agilon's . . . adjusted EBITDA, revenue, or profitability" without limitation, and, as such, is overbroad, unduly burdensome, and disproportionate to the needs of this case.  The CD&R Entities further object to Request No. 9 to the extent it calls for production of documents already in Plaintiffs' possession, custody, or control, or documents readily accessible to Plaintiffs from other sources, including agilon, which has agreed to perform a reasonable, proportional search for certain documents responsive to Request No. 9.

Subject to and without waiver of any of the foregoing objections, the CD&R Entities will produce non-privileged, internal documents concerning agilon's medical margin pursuant to a mutually agreeable Search Protocol.

**REQUEST FOR PRODUCTION NO. 10:**  All documents and communications concerning any exit or potential exit of your investment in agilon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**  The CD&R Entities incorporate by reference the General Objections.  The CD&R Entities object to Request No. 10 on the ground that the phrases "exit," or "potential exit" are vague and ambiguous.  The CD&R Entities further object to Request No. 10 on the ground that it is overbroad, unduly burdensome, and disproportionate to the needs of this case.  The CD&R Entities further object to Request No. 10 to the extent it is duplicative of Request Nos. 4 and 6.  The CD&R Entities further object to Request No. 10 on the ground that it is not relevant to any party's claim or defense.

Subject to and without waiver of any of the foregoing objections, the CD&R Entities will produce non-privileged documents, if any, concerning Vector's sales of agilon common stock on

15

September 14, 2021, August 11, 2022, and May 18, 2023 pursuant to a mutually agreeable Search Protocol.

**REQUEST FOR PRODUCTION NO. 11:**  All documents and communications concerning any request by (or on behalf of) any CD&R Defendant (or representative thereof) or CD&R Individual for documents or information pursuant to the Stockholder Agreement (including, but not limited to, §§2.2, 2.3, or 2.4 of the Stockholder Agreement).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**  The CD&R Entities incorporate by reference the General Objections.  The CD&R Entities object to Request No. 11 on the ground that the phrase "all documents and communications" is overbroad, unduly burdensome, and disproportionate to the needs of this case.  The CD&R Entities further object to Request No. 11 to the extent it calls for production of documents already in Plaintiffs' possession, custody, or control, or documents readily accessible to Plaintiffs from other sources, including agilon, which has agreed to perform a reasonable, proportional search for certain documents responsive to Request No. 11.  Accordingly, subject to a meet and confer, the CD&R Entities will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**  All documents provided to any CD&R Defendant (or representative thereof) or CD&R Individual pursuant to the Stockholder Agreement (including, but not limited to, §§2.2, 2.3, or 2.4 of the Stockholder Agreement).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**  The CD&R Entities incorporate by reference the General Objections.  The CD&R Entities object to Request No. 12 on the ground that the phrase "all documents" is overbroad, unduly burdensome, and disproportionate to the needs of this case.  The CD&R Entities further object to Request No. 12 to the extent it is duplicative of Request No. 11.  The CD&R Entities further object to Request

16

needs of this case.  The CD&R Entities further object to Request No. 14 on the ground that the terms "affairs, finances, and accounts," "business plan(s)," "forecasts," "projections," "medical margin, adjusted EBITDA, or medical services expenses, patient utilization of medical services, or demand for medical services" and "financial, operational or other information" are vague and ambiguous.  The CD&R Entities further object to Request No. 14 to the extent it calls for the production of documents already in Plaintiffs' possession, custody, or control, or documents readily accessible to Plaintiffs from other sources, including agilon, which has agreed to perform a reasonable, proportional search for certain documents responsive to Request No. 14.

Subject to a meet and confer, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**  All documents and communications concerning any lock-up agreement entered into by any CD&R Defendant concerning agilon stock.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**  The CD&R Entities incorporate by reference the General Objections.  The CD&R Entities object to Request No. 15 on the ground that the phrase "all documents and communications" is overbroad, unduly burdensome, and disproportionate to the needs of this case.

Subject to and without waiver of any of the foregoing objections, the CD&R Entities will produce non-privileged documents, if any, sufficient to show (i) any lock-up agreement entered into by Vector concerning agilon's common stock and (ii) the decision to enter into any such lock-up agreement pursuant to a mutually agreeable Search Protocol.

**REQUEST FOR PRODUCTION NO. 16:**  All employment agreements of the CD&R Individuals, and documents sufficient to show their annual compensation from CD&R Defendants, including, but not limited to, all documents and communications concerning:

19

a) any severance packages, termination agreements, or parachute payments;

b) payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

c) all bonuses and/or other compensation policies, terms, and agreements;

d) any performance reviews;

e) the benchmarking of salaries against peer groups; and

f) all payments, loans, or taxable benefits received from CD&R Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**  The CD&R Entities incorporate by reference the General Objections.  The CD&R Entities object to Request No. 16 on the ground that the phrase "all documents and communication" is overbroad, unduly burdensome, and disproportionate to the needs of this case.  The CD&R Entities further object to Request No. 16 on the ground that it seeks information that it is not relevant to any party's claim or defense, particularly as it relates to the request for "any performance reviews" of the CD&R Individuals; "the benchmarking of salaries against peer groups;" and "payments made pursuant to §280G of the Internal Revenue Code."

Subject to a meet and confer, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 17:**  All documents and communications concerning the CD&R Defendants' holdings and transactions in agilon securities, including all documents and communications concerning:

a) agilon securities held;

b) transactions in agilon securities, including purchases, sales, donations, notices of proposed sales (*i.e.*, SEC Forms 144), donations or use of agilon securities as collateral by the CD&R Defendants, any member of their immediate families,

20