# Exhibit D

| | |
|---|---|
| **From:** | Parham, Mason |
| **To:** | Luke Olts; Christopher Stewart; Evelyn Sanchez Gonzalez; Jack Scott; Shao-Jia Chang |
| **Cc:** | Garcia, Yolanda; Armbruster, Barret V.; Greenfield, Elliot; Brandon Fetzer |
| **Subject:** | Re: In re Agilon Health, Inc. Securities Litigation |
| **Date:** | Thursday, October 23, 2025 9:23:51 PM |

Counsel,

Thank you for meeting and conferring with us today. The summary below memorializes our discussion as it relates to the agilon Defendants.  References to RFPs are to RFPs issued to agilon Defendants.

I. **Scheduling Recommendations / Joint Submission to the Court**
   a. Plaintiffs do not agree to Defendants' proposed July 31 deadline for fact discovery. In their view, fact depositions cannot be completed in a three-month window after substantial completion of document production.
   b. Plaintiffs proposed removing any reference to expert reports from the class-certification schedule. Defendants will consider this proposal and address it in the draft joint submission.

II. **Protective Order and PHI Protocol**
   a. Protective Order/AEO designation. Plaintiffs have the pen on the protective order. As reiterated on the call, Defendants require an "Attorneys' Eyes Only" designation for highly sensitive documents. Agilon Defendants are open to considering a proposal for case‑by‑case de‑designation requests for specific AEO documents that clients need to review for purposes of mediation.
   b. PHI protocol (separate from the protective order). The agilon Defendants will provide further guidance on proposed protections for Protected Health Information ("PHI"), which is distinct from documents with personally identifiable information (PII). The agilon Defendants will propose a separate PHI protocol addressing collection, use, and safeguards for PHI. Unless and until a PHI protocol is in place, we are standing on our PHI objections and will produce only the non‑PHI categories we have already agreed to produce (e.g., reported/aggregated materials).

III. **Date Limitations for Certain Requests (RFPs 1-4 & 6)**
   a. We discussed RFPs 1–4, which seek "all documents and communications concerning" the calculation, reporting, financial projection, guidance, and forecasts of adjusted EBITDA (1, 3) and medical margin (2, 4) for the period January 1, 2021 through May 31, 2024. Similarly, RFP 6 seeks all documents "concerning IBNR" over the same period.
   b. In our Responses, the agilon Defendants objected to the requests as overly broad (among others) but agreed to produce non-privileged documents and communications regarding the calculation, reporting, projection and forecasting of adjusted EBITDA and medical margin for the period February 1, 2023, to February 27, 2024.
   c. During the call, the agilon Defendants indicated that we are not withdrawing our

objections to the scope of the requests. Based on the claims that survived the Court's order, we do not believe that requests seeking all documents and communications regarding adjusted EBITDA and medical margin are proportionate to the needs of the case.  However, we clarified that we will not categorically exclude such documents from production if they come within the scope of a separate request for which the agilon Defendants have agreed to produce documents.

IV. **CD&R-Related Requests**

    a. Plaintiffs indicated that all communications with CD&R are responsive, and they asked whether the agilon Defendants intend to withhold communications with CD&R unless they involve CD&R Vector.

    b. The agilon Defendants indicated that we maintain our objections to relevance and proportionality of requests regarding CD&R and will produce materials responsive to the surviving claims and requests, subject to the scope and time limits set forth in our responses and objections.

    c. The agilon Defendants clarified that we do not intend to withhold documents solely because they were requested or received by an entity other than Vector and/or were not expressly sent under the Stockholder Agreement.

V. **ESI Protocol; Search Terms & Custodians**

    a. We just received Plaintiffs' revisions to the ESI protocol and will consider your position on search terms and custodians. We understand that Plaintiffs do not agree that they must unilaterally propose the first set of terms/custodians under the ESI protocol.

VI. **RFP-Specific Points**

    a. **RFP 8 (medical margin/adjusted EBITDA)**.  Plaintiffs asked whether the "assessment, forecasting, or reporting of healthcare utilization trends and their effect on medical-margin or adjusted EBITDA reporting" included the impact of such trends on constituent components of medical-margin and adjusted EBITDA.  We indicated that there may be instances where the connection is too attenuated, but that we will not categorically withhold documents because they relate to a component.

    b. **RFPs 11 & 12 (payor/physician communications; pricing/cost topics).**  The agilon Defendants agreed to clarify whether the agreement to produce documents responsive to RFPs 11 and 12 only encompassed communications related to the impact of COVID-19 on utilization data and demand for medical services.  Subject to our responses, the scope of our agreement includes communications regarding utilization data and demand for medical services, whether or not related to the impact of COVID-19.

VII. **Motion for Clarification**

    a. As discussed, if the agilon Defendants' motion for clarification is denied, the agilon Defendants do not intend to amend their discovery responses and objections on that basis. The agilon Defendants reserve the right to amend our responses based on the Court's order.

VIII.  **Next Meet-and-Confer: Advance Topics & Proposed Agenda**

    a.  To promote efficiency, we reiterate our request that you please identify in advance the topics you wish to cover on subsequent meet-and-confer calls. For reference, an example of a concise agenda that would have captured our discussion today is below:

        i.  Scheduling Recommendations, including fact-discovery cutoff and reply expert provisions;

        ii.  Protective Order, including AEO designation;

        iii.  PHI Protocol;

        iv.  Date limitation for RFPs 1-4 & 6;

        v.  CD&R-related discovery, including what will and will not be withheld and scope beyond the Stockholder Agreement requests;

        vi.  ESI Protocol, including who proposes search terms first;

        vii.  RFP-specific items:

            1.  RFP 8 (components of medical margin/adjusted EBITDA)

            2.  RFPs 11-12 (demand/PHI clarification)

Please let us know if your understanding differs from the above. The agilon Defendants reserve all rights and objections not expressly addressed here. We appreciate Plaintiffs' cooperation and look forward to continuing to confer in good faith.

**MASON PARHAM**

**SIDLEY AUSTIN LLP**
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
+1 214 969 3531
mparham@sidley.com
www.sidley.com