UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE AGILON DEFENDANTS**

4919-8152-7703.v1

## I.    INTRODUCTION

Plaintiffs seek production of key documents directly relevant to their §§10(b), 20(a), and 20A claims and Defendants' asserted defenses.  Defendants do not meaningfully dispute the relevance of these documents, instead resorting to irrelevant arguments, distractions, and attacking Plaintiffs for their good-faith narrowing of requests during the meet and confer process.  None justifies withholding discovery.

The resisting party bears the burden to show that requested discovery is irrelevant, disproportionate, or unduly burdensome.  Defendants do not even attempt to carry that burden.  They have produced only a minimal number of documents to date, while actively delaying productions by third parties.  Ex. A.  Defendants' tactics of unjustified obstruction and delay need to end so that discovery can proceed.  The Motion should be granted.[1]

## II.    ARGUMENT

### A.    Request 16 Ties Directly to the Upheld Claims

Defendants' challenge to Request 16 is readily dispatched.  The Court upheld multiple §10(b) misstatement categories, including allegations that agilon's reported results rested on unreliable data and that its financial estimates and forecasting were materially misleading.  Mot. at 2-3; *see also* ECF 63 at 57 (upholding misstatements based on allegations that "agilon's reported results rested on grossly unreliable data"); *id.* at 58-59 (Plaintiffs "plausibly alleged . . . [agilon's] results were supported by known unreliable data").  Defendants publicly claimed agilon's "***financial*** data pipeline" (Request 16) would address issues with agilon's "***financial*** estimates," "forecasting," and "booking [of] ***financials***."  Mot. at 2.  Documents concerning the financial data pipeline – which Defendants publicly represented would address deficiencies in forecasting, financial estimates, and

---

[1]    "Motion" and "Mot." refers to Plaintiffs' Opposed Motion to Compel the Production of Documents from the agilon Defendants.  ECF 98.  "Opposition" and "Opp." refers to agilon Defendants Response to Motion to Compel.  ECF 100.

- 1 -

booking practices – bear directly on Plaintiffs' remaining claims.  *Id.*; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

The Court's dismissal of *other* misstatements regarding physician "data integration" is of no consequence because the documents sought bear on surviving claims and defenses.  Mot. at 2-3; ECF 63 at 31-44, 57-59.  And even accepting Defendants' unsupported claim that agilon began "using" the financial pipeline in February 2024, documents evidencing the extent of agilon's forecasting and reporting deficiencies, and how the financial pipeline was designed to rectify them, are relevant to falsity, scienter, and loss causation.  Mot. at 3.

### B.  Documents Regarding Defendants' Massive Insider Trading

Defendants mischaracterize Requests 34 and 36 as seeking "all documents" about every historical transaction or all securities holdings.  That is incorrect.  Opp. at 6.  Request 34 is explicitly limited to two categories of documents concerning Defendants' "stock sales," which relate directly to Plaintiffs' insider trading claims under §20A and to scienter under §10(b).  Mot. at 4.  As Defendants do not challenge the relief Plaintiffs *actually* seek, the documents should be produced.

Request 36 concerns agilon's hand over of $200 million in cash and cash equivalents to CD&R.  That transaction is relevant to control person liability under §20(a), insider trading under §20A, and Defendants' scienter and motive.  Mot. at 3-4.  The Opposition fails to address the §§20(a) and 10(b) claims or Defendants' myriad defenses.  Opp. at 7-8.  Defendants focus narrowly on the fact that agilon is not a §20A defendant, and the "material terms" of agilon's deal with CD&R were publicly disclosed.  Neither argument addresses the relevance of underlying communications, analyses, and non-public information surrounding the transaction.  Opp. at 6-7.  Finally, Defendants'

- 2 -

assertion they will produce *some* documents in response to another request does not excuse withholding responsive documents under this one.  Opp. at 6.  Each request must stand on its own.

### C.    Board-Level Documents on Key Subject Matters Are Highly Relevant

Plaintiffs significantly narrowed Request 33 during the required conferral process in response to Defendants' overbreadth objections.  Mot. at 4-5.  Defendants do not argue that the narrowed subjects are irrelevant.  Instead, they contend that Plaintiffs cannot seek relief based on narrowed requests.  Opp. at 4.  That position is untenable.  The Local Civil Rules and Federal Rules *require* that parties attempt to resolve disputes through conferral, and encourage narrowing disputes without court intervention.  L.R. CV-7(g); Fed. R. Civ. P. 37(a)(1).  That is exactly what Plaintiffs did.  Defendants objected to Request 33 as "overbroad," and refused to produce anything absent a meet and confer.  ECF 98-4 at 61-62.  Plaintiffs narrowed Request 33's scope during conferral, which Defendants still rejected.  Defendants' contention that parties cannot seek, and courts cannot issue, relief on narrowed discovery requests is entirely unfounded.  Courts routinely grant motions to compel where a requesting party has narrowed its requests during meet and confer discussions.  *E.g.*, *U.S. ex rel. Univ. Loft Co. v. AGS Enters., Inc.*, 2016 WL 9462334, at *6 (W.D. Tex. June 29, 2016) (granting motion where "plaintiff specifically narrowed its requests"); *Rubin v. Macy's Retail Holdings, Inc.*, 2021 U.S. Dist. LEXIS 1420, at *9 (M.D. La. Jan. 5, 2021) (granting motion where "Plaintiff agreed to narrow . . . her request"); *Adams v. Unione Mediterranea Di Sicurta*, 2002 WL 472252, at *4-*7 (E.D. La. Mar. 28, 2002) (compelling discovery where plaintiffs "narrow[ed] the scope of their . . . requests").  Requiring service of entirely new requests each time a request is refined would waste judicial and party resources and contradict Rule 1's mandate of efficient resolution.[2]

---

[2]    *Davis S R Aviation, LLC v. Rolls-Royce Deutschland Ltd. & Co. KG*, 2011 WL 5999332, at *3 (W.D. Tex. Nov. 30, 2011) (Opp. at 5) (on motion to quash, court lacked "any information" or "context . . . to evaluate whether . . . requests are overbroad") and *Paolini v. Albertson's, Inc.*, 2002

### D.   Disclosures of Non-Public Financial Information to CD&R

Defendants do not meaningfully challenge the relevance of Requests 19-21. Instead, they claim they will "'not withhold documents solely because they were requested or received by an entity other than Vector and/or were not expressly sent under the Stockholder Agreement.'" Opp. at 7. That assurance does not resolve the dispute. Requests 19-21 seek distinct categories of documents, including non-public information CD&R insisted on accessing during the Class Period, that are *independently* relevant to insider trading, control person liability, and scienter. Mot. at 6-8. Defendants fail to identify a *single* subpart to Requests 20-21 that seeks wholly irrelevant information. Finally, Defendants' claim that Plaintiffs are seeking "every communication with 'CD&R'" (Opp. at 8) is wrong: Plaintiffs have *agreed* to over thirty of Defendants' proposed search terms, which will limit the scope of production.[3]

### E.   The Relevant Time Period is Firmly Supported

Courts agree that relevance is not limited to the Class Period. Mot. at 10.[4] Defendants' claim that Plaintiffs are imposing a uniform date range across all requests is incorrect. Opp. at 8, 9. The Motion seeks relief regarding twelve specific requests for which Defendants are withholding

WL 35650971, at *7 (D. Idaho Nov. 14, 2002) (plaintiff in wrongful discharge case served 273 document requests without any apparent attempt to reasonably limit them through conferral or search terms) are distinguishable.

[3]      Defendants cannot seriously argue Plaintiffs' requests are categorically overbroad given that over 40 of Defendants' 51 document requests to Plaintiffs seek "[all] documents" or "[a]ll communications," and specify one time period beginning April 15, 2021. *See also Mintex, Inc. v. Pro. Acct. Mgmt., LLC*, 2024 WL 1481057, at *6 (N.D. Tex. Feb. 26, 2024) (compelling production in response to multiple requests seeking "all communications"). Defendants' reliance on *Rotstain v. Trustmark Nat'l Bank*, 2020 WL 6550501, at *1, *4-*7 (N.D. Tex. Nov. 6, 2020) (Opp. at 7) (banks failed to show examiner's communications, unbounded by "date" or "subject matter," with certificates of deposits investors were relevant or responsive to banks' requests) also fails.

[4]      While *Calvasina v. Wal-Mart Real Est. Bus. Tr.*, 2012 WL 12863931, at *8-*9 (W.D. Tex. June 25, 2012) (Opp. at 9) ordered discovery for three years preceding the complained incident, Plaintiffs seek discovery for just two months before the Class Period. Mot. at 8.

- 4 -

4919-8152-7703.v1

documents from 2021 and 2022.  Mot. at 8-9 (citing Requests 1-4, 6, 10-11, 14-15, and 49-51).  The Motion does *not* seek relief with regard to Requests 17-18, 23-28, or 30, for which Defendants objected to producing documents from 2021 and 2022.  ECF 98-4 at 38-41, 48-58.  Regarding the twelve requests actually at issue, Defendants fail to explain how responsive documents dated 2021-22 are categorically irrelevant, as several alleged misstatements and insider trades occurred in 2021 and 2022.  Mot. at 8-9.

Defendants' argument that they are running "search terms . . . go[ing] back to February 15, 2021" misses the point, as it conflates *searching* with *producing*.  Opp. at 9-10.  Running search terms across documents that Defendants have refused to *produce* resolves nothing.  Mot. at 8-10.  And while Plaintiffs have relented to Defendants' insistence on limiting certain search terms to specific date ranges, that compromise as part of the parties' ongoing search term negotiations was not a concession that relevant documents from 2021 and 2022 may be withheld.

### F.       Defendants Fail to Establish Undue Burden or Disproportionality

Defendants make vague claims that the requests at issue are burdensome or disproportionate.  Opp. at 4. But they offer nothing supporting an actual demonstration of burden.   Producing documents a party is already planning to review is not unduly burdensome, and such conclusory assertions are insufficient to defeat a motion to compel.  *Heller v. City of Dall.*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (resisting party must produce "affidavits or offer[] evidence revealing the nature of the burden"); *Centennial Bank v. Holmes*, 2024 WL 4525526, at *4 (N.D. Tex. May 29, 2024) (once relevance is established, "[t]he party resisting discovery [then bears] the burden of showing why the requested discovery is irrelevant, overly broad, . . . unduly burdensome[, or otherwise objectionable]").

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted.

- 5 -

4919-8152-7703.v1

DATED:  March 13, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS
(admitted *pro hac vice*)
CHRISTOPHER D. STEWART
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)
JACK K. SCOTT
(admitted *pro hac vice*)

s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
egonzalez@rgrdlaw.com
jscott@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 6 -

CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Plaintiffs, the Retirement Systems, in this action and that on March 13, 2026, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action..

s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

4919-8152-7703.v1