# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

**AGILON DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants agilon health, inc. ("agilon"), Steven J. Sell, Timothy S. Bensley, Heidi Hittner, and Girish Venkatachaliah (collectively, the "agilon Defendants") respond and object to Plaintiffs' First Set of Interrogatories (the "Interrogatories").[1]

**GENERAL OBJECTIONS**

agilon Defendants make the following general objections ("General Objections") to the Interrogatories, which are hereby incorporated into each specific response.  The assertion of additional objections or partial responses to a Request does not waive any of these General Objections.

1.    **Clarification/Reconsideration.**    The agilon Defendants object to the Interrogatories, definitions, and instructions to the extent they seek discovery while Defendants' motions for clarification and/or reconsideration (Dkt. 66 & 67) are pending.  To the extent those motions are granted in whole or in part, the agilon Defendants reserve the right to amend, supplement, revise, correct, and/or clarify the objections and responses set forth herein.

---

[1] Defendants Hittner and Venkatachaliah provide these responses and objections subject to, and without waiving, their Motion for Clarification (Dkt. 67) that the Court's August 15, 2025, ruling dismissed all claims against them.

2.    **Privilege**.  The agilon Defendants object to the Interrogatories to the extent they seek information subject to the attorney-client privilege, the attorney work-product doctrine, the common-interest or joint-defense doctrines, or any other applicable privilege, doctrine, or immunity (collectively, "Privileged Information").  The agilon Defendants will not disclose Privileged Information.  Any inadvertent disclosure of Privileged Information shall not constitute a waiver of any privilege, doctrine, or immunity, and the agilon Defendants reserve the right to require the return of any inadvertently produced Privileged Information.  The agilon Defendants also reserve the right to redact documents produced in response to the Interrogatories on the basis of privilege.

3.    **Disputed Facts or Legal Conclusions**.  The agilon Defendants object to the Interrogatories, definitions, and instructions to the extent they assume disputed facts or legal conclusions, or purport to characterize facts or applicable law.  Responding to an Interrogatory does not constitute agreement with or admission of any such assumption or characterization.

4.    **Scope**.  The agilon Defendants object to the Interrogatories, definitions, and instructions to the extent they are not reasonably tailored to the claims that survived the Court's August 15, 2025, Order granting in part the agilon Defendants' motion to dismiss.  Discovery will be reasonably limited to the claims and categories that the Court held survived the motions to dismiss.

5.    **Accessibility**. The agilon Defendants object to the Interrogatories to the extent they seek information that is not reasonably accessible after a reasonable investigation, including electronically stored information that would be unduly burdensome or costly to retrieve, consistent with Fed. R. Civ. P. 26(b)(2)(B).

6. **Information Now Available**.  These Responses are made on the basis of information now available to the agilon Defendants.  Investigation, discovery, and preparation for trial are ongoing.  The agilon Defendants expressly reserve the right to introduce into this action any facts or information discovered after these Responses are served.

7. **Reservation of Right to Supplement**.  Given the stage of the litigation, the agilon Defendants have not completed their investigation of the facts or law relating to this action, and discovery is ongoing.  Accordingly, these Responses are made without prejudice to, and are not a waiver of, the agilon Defendants' right to amend, correct, or supplement their Responses, and are subject to the right to produce evidence of subsequently discovered facts, additional facts, information, or documents that may exist.

8. **No Waiver**.  By responding to the Interrogatories, the agilon Defendants do not concede the relevance of any Interrogatory, the relevance or admissibility of any information provided in response, or that the operative Complaint states a legally sufficient claim for relief. The fact that information is provided in response to a particular Interrogatory does not mean that it is probative of any particular issue in this action.  The agilon Defendants expressly reserve all rights to assert arguments already made or that may be made in the future, and to object to the admissibility of any responses into evidence at any hearing or trial of this action, or in any other proceeding, on any and all grounds, including but not limited to competency, relevance, materiality, privilege, confidentiality, hearsay, or admissibility for any purpose.

9. **Confidentiality**.  The agilon Defendants object to the Interrogatories to the extent they seek production of information that is confidential, proprietary, competitively sensitive, or protected by trade secrets or privacy rights ("Confidential Information").  Subject to the Protective

Order entered by the Court on January 7, 2026 (Dkt. 89), the agilon Defendants will disclose Confidential Information in accordance with the terms and protections of that Order.

10.    **Possession, Custody, or Control**.    The agilon Defendants will disclose information known or reasonably available to them after a reasonable inquiry, as required by Fed. R. Civ. P. 33.    To the extent an Interrogatory seeks information that may be derived from documents or electronically stored information within the agilon Defendants' possession, custody, or control, agilon may respond by identifying and producing responsive documents pursuant to Fed. R. Civ. P. 33(d) and 34. The agilon Defendants object to the Interrogatories to the extent they seek information not reasonably available after a reasonable inquiry, information outside their possession, custody, or control, or information equally available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

11.    The agilon Defendants object to Plaintiffs' Definitions and Instructions to the extent they are vague, ambiguous, overbroad, unduly burdensome, assume disputed facts, or purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable orders.    The agilon Defendants do not adopt, concede, or confirm the accuracy of any factual or legal assertions contained in the Definitions and Instructions, and nothing in these Responses should be construed as doing so.

12.    Pursuant to Local Rule CV-26(b), the "Definitions and Rules of Construction" set forth in that Rule are deemed incorporated by reference into all discovery requests.    To the extent Plaintiffs' proposed definitions conflict with or expand beyond those definitions, the agilon Defendants object.    The agilon Defendants will interpret the terms "documents," "identify" (for

4

persons and documents), "parties," and "person" consistent with Local Rule CV-26(b) and the Federal Rules of Civil Procedure.

13.     The agilon Defendants object to the definitions of "All," "any," and "Including" to the extent those definitions attempt to expand the scope of discovery beyond that permitted by Fed. R. Civ. P. 26(b)(1).  These terms will be given their plain and ordinary meaning.

14.     The agilon Defendants object to the definition of "Adjusted EBITDA," "Medical Margin," and "Medical Services Revenue," "Medical Services Expenses," and "Prior Year Development" or "PYD" as vague and overbroad because these accounting or operational terms are undefined in ways that risk inconsistency and overbreadth.  The agilon Defendants will construe these terms as used in agilon's public filings and earnings materials during the period at issue (*e.g.*, 2023 Form 10-K and contemporaneous investor materials), and as tied to the statements identified in the operative complaint that survived the motion to dismiss.

15.     The agilon Defendants object to the definitions of "agilon" and the "Company" because they include a wide array of affiliates, divisions, agents, consultants, and "all other persons acting or purporting to act on its behalf." The agilon Defendants object to this definition as overbroad and not proportional.  The term "agilon" will be construed to mean agilon health, inc. and, solely to the extent information is within its possession, custody, or control, its current and former officers and employees.  It does not extend to independent third parties (*e.g.*, outside consultants, physician partners, or payors).

16.     The agilon Defendants object to Plaintiffs' definition of "agilon Employee" to the extent it includes consultants, advisors, accountants, or other non-employees or independent third parties.  The term "agilon Employee" will be construed to mean current and former directors and

employees of agilon health, inc., solely to the extent information is within the agilon Defendants' possession, custody, or control.

17.    The agilon Defendants object to the Plaintiffs' definition of "Class Period" to the extent it expands the scope of any Request beyond what is relevant or proportional.  Temporal limits will be applied as set forth in the specific responses and consistent with the Court's August 15, 2025, Order and proportional needs of the case.

18.    The agilon Defendants object to Plaintiffs' definition of "Complaint" and any definitions that embed Plaintiffs' allegations because they presume the truth of Plaintiffs' allegations or import Plaintiffs' characterizations.  References to the "Complaint" will be understood to mean the operative pleadings, and nothing in these Definitions will be taken as an admission.

19.    The agilon Defendants object to Plaintiffs' definition of "Describe" to the extent it seeks narratives, analyses, opinions, or legal conclusions beyond what is required by Fed. R. Civ. P. 33.  Responses will be limited to information reasonably available after a reasonable inquiry.

20.    The agilon Defendants object to Plaintiffs' definition of "Identify" as overbroad, unduly burdensome, and disproportionate to the needs of the case.  The agilon Defendants object to any requirement to provide home addresses, personal phone numbers, or personal emails.

21.    The agilon Defendants object to Plaintiffs' definition of "Individual Defendants" to the extent it includes Heidi Hittner and Girish Venkatachaliah, against whom agilon Defendants contend all claims were dismissed by the Court's August 15, 2025, Order granting in part Defendants' motion to dismiss.

22.    The agilon Defendants object to Plaintiffs' definition of "PCPs" as vague and overbroad to the extent that term is used without reference to agilon's own usage in its filings or

contracts. The agilon Defendants will interpret "PCP" as used in agilon's contemporaneous public disclosures and operative contracts or policies during the period at issue.

23. The agilon Defendants object to Plaintiffs' definition of the "Relevant Period" as April 15, 2021, through May 31, 2024, to the extent it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The agilon Defendants will perform a reasonable, proportional search within temporal limits tied to the claims and defenses at issue, as set forth in the Specific Objections and Responses below. For purposes of these Interrogatories, the agilon Defendants will construe the "Relevant Period" as the alleged class period: April 15, 2021, through February 27, 2024.

24. The agilon Defendants object to Instruction No. 2 to the extent it purports to impose requirements beyond those required by Fed. R. Civ. P. 33. The agilon Defendants will respond in accordance with Rule 33.

25. The agilon Defendants object to Instruction No. 3 to the extent it purports to impose supplementation obligations beyond those required by Fed. R. Civ. P. 26(e), including any requirement of "immediate" notice or amendment. The agilon Defendants will supplement their responses in accordance with Rule 26(e).

26. The agilon Defendants object to Instruction No. 4 to the extent it purports to impose privilege log requirements beyond those required by Fed. R. Civ. P. 26(b)(5). The agilon Defendants will provide a privilege log consistent with the Federal Rules, any applicable orders, and agreements of the parties.

27. The agilon Defendants object to Instruction No. 5 because it defines a business entity to include a wide array of affiliated entities and individuals, including agents, clients, and other representatives. The agilon Defendants object to this instruction as overbroad and not

7

proportional.  References to a business entity will be construed to mean the entity itself and, solely to the extent information is within its possession, custody, or control, its current and former officers and employees.

28.    The foregoing objections are incorporated by reference into each of the specific responses made herein.  Notwithstanding the specific responses to any of the Interrogatories, agilon Defendants do not waive any of the general or specific objections made herein.

Subject to and without waiving the foregoing General Objections, agilon Defendants respond to the Interrogatories as follows:

**INTERROGATORY NO. 1** For each agilon Employee whose duties or responsibilities during the Class Period included agilon's forecasting, calculating, tracking, or public reporting of: (i) agilon's adjusted EBITDA, Medical Margin, Medical Services Expenses, IBNR, or PYD; (ii) utilization of medical services by agilon's MA members; (iii) demand for medical services by agilon's MA members (including, but not limited to, the "pent-up demand" referenced by Steven J. Sell on January 10, 2022 (Complaint at ¶114), May 11, 2022 (Id. at ¶129), August 3, 2023 (Id. at ¶161), or January 5, 2024 (Id. at ¶203), or by Timothy S. Bensley on September 6, 2023 (Id. at ¶171)); (iv) trends in medical service utilization or medical service costs; or (v) agilon's MA membership levels, separately identify the agilon Employee's name, title(s)/position(s) at agilon, and dates of employment at agilon, and describe the agilon Employee's duties or responsibilities with respect to the subject matter(s) in (i)-(v) above.

**RESPONSE**: The agilon Defendants object that this Interrogatory contains five enumerated subparts and, as such, exceeds a single interrogatory for purposes of Fed. R. Civ. P. 33(a)(1).  The agilon Defendants interpret and respond to this Interrogatory as comprising five separate interrogatories and reserve all rights with respect to the total number of interrogatories served.  The agilon Defendants further object to this Interrogatory because it is overbroad, unduly burdensome, and disproportionate to the needs of the case.  As drafted, the Interrogatory would encompass a substantial portion of agilon's workforce, because forecasting, calculating, tracking, or monitoring the metrics identified in subparts (i)–(v) is embedded across agilon's operations and not limited to a discrete set of employees.  The Interrogatory is further unduly burdensome insofar as it seeks

8

individualized descriptions of the duties and responsibilities of each such employee with respect to each identified subject matter.  Subject to these objections, the agilon Defendants identify the following Bates-numbered documents, bearing Bates stamps AGL_00000215–AGL_00000470, which contain organizational charts sufficient to identify the agilon employees or functional groups principally responsible for the activities described in subparts (i)–(v) during the Relevant Period.

Dated:  February 17, 2026

/s/ Mason Parham

**SIDLEY AUSTIN LLP**
MASON PARHAM
mparham@sidley.com
State Bar No. 24088182
YOLANDA C. GARCIA
ygarcia@sidley.com
State Bar No. 24012457
BARRET V. ARMBRUSTER
barmbruster@sidley.com
State Bar No. 24102922
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Attorneys for agilon Defendants*

## CERTIFICATE OF SERVICE

I declare that, on February 17, 2026, I caused a true copy of the foregoing document to be served by email upon the counsel of record for Plaintiffs.

/s/ Mason Parham

9

**AS TO THE ANSWERS:**

I believe, based on a reasonable inquiry, that the foregoing answers contained in the agilon Defendants' Responses to Plaintiffs' First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 13, 2026

_Heidi Hittner_
_____
Heidi Hittner
Chief Business Operations Officer
agilon health, inc.