# EXHIBIT C



SIDLEY AUSTIN LLP
2021 MCKINNEY AVENUE
SUITE 2000
DALLAS, TEXAS  75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 969 3531
MPARHAM@SIDLEY.COM

**1/13/2026**

**Via E-mail**

Christopher D. Stewart
Luke F. Olts
Robbins Geller Rudman & Dowd LLP
655 West Broadway Suite 1900
San Diego, CA 92101

Re:    *In re agilon health, inc. Sec. Litig.*, No. 1:24-cv-00297 (W.D. Tex.)

Christopher and Luke:

We write regarding Lead Plaintiffs' Responses and Objections ("R&Os") to the agilon Defendants' First Requests for Production (the "Requests").  Plaintiffs' responses are unacceptable.  agilon Defendants served 51 requests for production, many of which sought documents ***explicitly*** limited to the claims in this litigation and inarguably within the scope of Rules 26 and 34.  Plaintiffs have outright refused to "search for or produce documents" in response to ***38 requests***.  These categorical refusals include, for example, requests for communications about agilon with agilon personnel, analysts, consultants, and signatories of the CMS Letter that Plaintiffs cite throughout the Complaint; substantive analyses of stock prices and disclosures;  and documents supporting Plaintiffs' allegations in the Complaint.

Plaintiffs agree only to produce documents in response to 11 of the requests, nearly half of which are limited to documents "sufficient to identify" transactions in agilon stock.  Plaintiffs are otherwise withholding all substantive discovery bearing on Plaintiffs' analysis, diligence, relevant communications, reliance, and alleged damages.

Nearly all of Plaintiffs' objections are grounded on the same rote objections—"overbroad," "unduly burdensome," "not relevant," and "not proportionate."  Virtually none of these objections are accompanied by any meaningful effort to explain the basis for the objection or propose a compromise.  Rules 26 and 34 do not permit Plaintiffs to declare entire categories of discovery off-limits based on conclusory objections.  Plaintiffs' categorical refusals are improper on their face and reflect a deliberate decision not to comply with the Federal Rules.

Nor may Plaintiffs rely on privilege and work-product protections as the basis for refusing to search for entire categories of documents.  If Plaintiffs are going to withhold documents on the basis of privilege or work product protection, they must do so in compliance with Rule 26(b)(5) and in accordance with the parties' Electronic Discovery Agreement ("EDA").

# SIDLEY

Christopher D. Stewart
1/13/2026
Page 2

The following provides an overview of the issues with Plaintiffs' objections to specific requests. This is not exhaustive. The deficiencies in Plaintiffs' R&Os are extensive, reflecting either utter disregard for your obligations under the Rules or a fundamental misunderstanding about the scope of those obligations. In either case, agilon Defendants insist that Plaintiffs promptly amend their R&Os to correct these issues. We further expect Plaintiffs to address these deficiencies in proposing custodians and search terms under the EDA.

## I.    Request-Specific Issues

### A.    RFPs 1–5 – Materials Related to Allegations in Complaint

Plaintiffs refuse to "search for or produce" documents in response to RFP Nos. 1, 3, 4, and 5, which seek documents that Plaintiffs "consulted, reviewed, or referred to" in preparing the Complaint or relied on in asserting claims against agilon, including third party research. These requests are specifically tailored to Plaintiffs' claims and therefore squarely within the scope of discovery under Rule 26(b). Plaintiffs nevertheless object to all of the requests on the basis that they seek privileged information. Plaintiffs may not rely on privilege assertions as the basis to ignore discovery requests. To the extent Plaintiffs believe that specific responsive documents are privileged, Plaintiffs may assert privilege in accordance with the Federal Rules and the EDA. But Plaintiffs do not get to end run the discovery process by asserting privilege as though it were an automatic exemption.

Nor do Plaintiffs' other objections support their refusal to "search for or produce documents." Plaintiffs object that the requests are overbroad but provide no further explanation. For RFP No. 1, Plaintiffs object that the request seeks documents that are equally accessible to Defendants, but this makes no sense in relation to this Request. Plaintiffs also assert relevance objections to RFP Nos 4-5, even though both expressly seek documents specifically related to Plaintiffs' claims. Plaintiffs also object to the terms "consulted," "reviewed," and "referred," but make no effort to explain their confusion with these terms. We find it difficult to believe that there is any legitimate misunderstanding about what they mean. To the extent Plaintiffs truly do not understand the meaning of these words, Plaintiffs must amend their responses to explain.

With respect to RFP No. 2, Plaintiffs' objections are similarly baseless. Plaintiffs assert that the Request seeks privileged information and that it calls for "a legal argument, a legal conclusion, or constitutes a contention discovery request that is premature at this stage," and agree only to produce one discrete category of documents regarding Plaintiffs' transactions in agilon stock. This is nowhere near sufficient. This request does not require Plaintiffs to make any legal arguments, nor does it seek any documents related to expert discovery. It is a document request that seeks the materials in Plaintiffs' possession that they believe support the allegations they have already made in their Complaint. Such materials are within the scope of discovery under Rule 26(b), and Plaintiffs must search for and produce responsive materials or assert privilege in accordance with the Rules and the EDA.

# SIDLEY

Christopher D. Stewart
1/13/2026
Page 3

B.    RFPs 6–12, 45, 49, 51 – Communications With agilon, Its Personnel, Providers, MA Plans, and Other Third Parties

RFP Nos. 6-12, 45, 49, and 51 seek communications and monitoring materials concerning agilon and the Medicare Advantage market, including, without limitation, communications between Plaintiffs and agilon personnel, Medicare Advantage plans, physicians in the agilon network, potential witnesses, analysts, institutional investors, pension funds, investment managers, or other third parties.  These materials go directly to Plaintiffs' knowledge, reliance, and understanding of agilon's business and the Medicare Advantage market, and are directly tied to the allegations in the Complaint.  Plaintiffs' response to each of these requests is that it "will not search for or produce documents."

None of your objections justify this position.  For most of these requests, you include a conclusory relevance objection with no further explanation.  This includes your response to RFP No. 6, which seeks communications with agilon personnel; RFP No. 9, which seeks communications with the various individuals that signed the CMS Letter that Plaintiffs rely on throughout the Complaint (*e.g.*, Compl. ¶¶ 241-46); and RFP 10, which seeks communications "concerning the allegations in the Complaint."  We struggle to understand the basis for those objections.  Nor may Plaintiffs avoid their obligations with conclusory objections that the requests are overbroad and seek privileged information, as already discussed.

C.    RFPs 13–15 – Plaintiffs' Trading Records, Gains/Losses, and Investment Authority

RFPs 13–15 seek documents reflecting your transactions, holdings, and performance in agilon securities (common stock and derivatives) during the alleged class period.  Plaintiffs improperly limit their production to documents "sufficient to identify" their transactions in agilon common stock while ignoring the remainder of what these requests seek.  These requests encompass information needed to understand Plaintiffs' trading—including realized and unrealized gain/loss reports, account-level records, and internal performance or attribution reports—and their forthcoming request for class certification.  Plaintiffs cannot unilaterally limit these RFPs to the narrow subset of trading records that they would prefer to disclose.

Nor can Plaintiffs avoid fully responding to these requests by feigning ignorance about what the term "derivatives" means.  Plaintiffs are sophisticated investors, and the meaning of the term is straightforward: any instrument or contractual arrangement whose value, price, or performance is derived in whole or in part from agilon common stock—such as options, forwards, swaps, or similar instruments.  If Plaintiffs remain confused about the meaning of "derivative," then Plaintiffs should promptly amend their responses to explain why.

# SIDLEY

Christopher D. Stewart
1/13/2026
Page 4

      D.      <u>RFPs 18 & 19 – Documents Reflecting Plaintiffs' Investment Decisions and Materials They Reviewed or Relied Upon</u>

RFPs 18 and 19 seek documents Plaintiffs and their investment managers read or received in connection with their decisions to buy, sell, or hold agilon securities. Plaintiffs object to the requests on the ground that they are "overbroad, unduly burdensome, vague, ambiguous, not proportionate to the needs of the case, and seeking information not relevant to the claims or defenses of the parties." Plaintiffs' only explanation is that the requests seek information regarding securities or transactions that are not at issue in this Action and are not limited to the alleged class period. Instruction No. 14 specifically states that all requests are limited to documents sent on or after April 15, 2021—the beginning of the alleged class period. If the basis for your objection is that the requests may capture documents after the alleged class period, you may further limit the scope of these Requests to documents on or before February 27, 2024. With this clarification, please confirm that you *will* search for or produce documents in response to these requests.

      E.      <u>RFPs 21–29 – Plaintiffs' Loss-Causation, Damages, Stock-Price Reaction, Economic Analyses, and Monitoring of agilon and the MA Industry</u>

RFPs 21–29 seek documents concerning Plaintiffs' use of agilon securities as collateral and showing what analyses Plaintiffs conducted or received concerning agilon's stock performance, the causes of its price movements, and Plaintiffs' monitoring of agilon and the broader Medicare Advantage industry during the alleged class period. Such documents are relevant to Plaintiffs' allegations and therefore within the scope of Rule 26(b).

Plaintiffs again refuse to search for or produce any documents responsive to these requests. Plaintiffs assert the same rote objections across all nine RFPs: that the requests are overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the needs of the case; that they seek privileged or work-product materials. Plaintiffs also assert that the information sought is publicly available or outside their possession, custody, or control and that the requests seek premature "expert" discovery. None of these objections withstand scrutiny. These requests seek Plaintiffs' own contemporaneous factual analyses, monitoring activities, and communications— materials plainly tied to the issues in this case and relevant to loss causation, reliance, and damages. Plaintiffs cannot avoid producing these materials based on categorical refusals supported by boilerplate objections.

      F.      <u>RFP Nos. 35–36 – Attorney Fee Arrangements, Compensation, and Incentives</u>

These requests concern Plaintiffs' financial interest in the litigation and potential incentives—core adequacy issues under the PSLRA that are especially relevant given the existence of four lead plaintiffs. Plaintiffs refuse outright and assert privilege. Fee agreements and compensation arrangements are not privileged. *See Taylor Lohmeyer L. Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020) ("[F]ee arrangements are not protected as privileged.").

# SIDLEY

Christopher D. Stewart
1/13/2026
Page 5

Plaintiffs' other conclusory objections also fail to provide a basis for the outright refusal to produce relevant documents.

> G.     <u>RFPs 39–41 – Documents Concerning Plaintiffs' Analyses or Communications About the Insider-Trading Allegations Against Defendant Sell</u>

Plaintiffs allege that Defendant Sell engaged in insider trading, yet they refuse to produce any documents concerning their own communications, analyses, or correspondence about Sell's trading activity. Plaintiffs' objections—that the Requests are vague, seek documents outside their control, or seek only public information—are unsupported. These requests seek Plaintiffs' analyses and communications, not Defendants' documents or public filings. Nor can Plaintiffs invoke privilege to avoid searching for factual materials or third-party commentary they reviewed before asserting their claim.

Having placed Sell's trading at issue, Plaintiffs must produce the non-privileged documents reflecting their own understanding and evaluation of those trades. Their blanket refusal is improper and must be withdrawn.

We request that Plaintiffs promptly amend their objections and responses to correct these issues and withdraw unsupported objections. Moreover, we expect these issues to be addressed when the parties exchange custodians and search terms. I'm available if you want to discuss any of the above.

Sincerely,

Mason Parham