# EXHIBIT E



SIDLEY AUSTIN LLP
2021 MCKINNEY AVENUE
SUITE 2000
DALLAS, TEXAS 75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 969 3531
MPARHAM@SIDLEY.COM

February 10, 2026

**Via E-mail**

Lucas F. Olts
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900,
San Diego, CA 92101
lolts@rgrdlaw.com

> Re:   *In re agilon health, inc. Securities Litigation*, No. 1:24-cv-00297
> (W.D. Tex.) – Deficiencies in Plaintiffs' Responses/Objections and
> ESI Process (Custodians/Search Terms)

Luke:

I write to memorialize the parties' February 6, 2026 92-minute meet-and-confer regarding Plaintiffs' Responses and Objections ("Responses") to agilon Defendants' First Requests for Production (the "RFPs").[1] This letter is intended to confirm the parties' positions, identify continuing deficiencies with Plaintiffs' Responses, and set out what Plaintiffs must do to cure them.

## I.   Plaintiffs' categorical "will not search" position violates Rule 34.

In our letter dated January 13, 2026, we identified numerous deficiencies in Plaintiffs' Responses to agilon Defendants' RFPs, including that your response to dozens of RFPs culminates in the statement that Plaintiffs "will not search for or produce documents" (or "will not search for or produce documents responsive to this Request"). This is insufficient under Federal Rules 26 and 34, which require a responding party to conduct a reasonable search for responsive documents and either produce responsive, non-privileged documents or clearly state that no responsive documents exist after a reasonable search. The parties' Electronic Discovery Agreement ("EDA") further provides a process to exchange search terms and custodians to identify responsive documents. Plaintiffs were not permitted to rely on boilerplate objections as the basis to categorically refuse to search for responsive documents. We asked you to amend your Responses to address this issue.

---

[1] Attendees were Luke Olts, Chris Stewart, Jack Scott, and Evelyn Sanchez Gonzalez for Plaintiffs; Mason Parham and Barret Armbruster for Defendants.

Sidley Austin (TX) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Lucas F. Olts
February 10, 2026
Page 2

In an email on January 15, 2026, Plaintiffs stated that they intended to respond to the letter "in due course" and invited further conferral on the issues we raised. Yet, when Plaintiffs finally sent a further written response on February 3, 2026, Plaintiffs declined to modify any of their Responses and asserted that agilon Defendants "mischaracterize" Plaintiffs' responses and objections. Plaintiffs again invited further conferral.

During the meet-and-confer on February 6, we discussed individually Plaintiffs' responses to most of the agilon Defendants' RFPs, including those for which Plaintiffs stated they "will not search for or produce documents." We again explained that Plaintiffs have an obligation under the Federal Rules to conduct a reasonable search for responsive documents, following which they should either produce responsive documents, log them as privileged in accordance with Rule 26 and the Parties' EDA, or represent (after a reasonable search) that no responsive documents exist.

Plaintiffs refused to withdraw their categorical "will not search" position for most of the disputed requests. In some instances, Plaintiffs' counsel indicated that this response was appropriate because they believe it is unlikely that Plaintiffs will have responsive information. In other instances, Plaintiffs asserted that the response was justified because all responsive documents were necessarily privileged or "publicly available." In still other instances, Plaintiffs' counsel asserted that the requests sought irrelevant documents, even though many are expressly tied to Plaintiffs' claims in the Complaint. None of these explanations excuses Plaintiffs from conducting a reasonable search for responsive, non-privileged documents in Plaintiffs' possession/custody/control or from serving compliant Rule 34 responses.

To comply with their obligations under Rule 34 and move discovery forward, Plaintiffs must promptly serve responses that:

1. Withdraw boilerplate objections and, for any remaining objections, provide sufficient detail in writing for agilon Defendants to understand the basis for the objection.

2. Where Plaintiffs contend no responsive documents exist, say so expressly and confirm that the statement is being made following a reasonable search.[2]

3. Do not use privilege/work product as a basis to refuse to search. If Plaintiffs withhold documents on privilege grounds, they must do so in accordance with Rule 26(b)(5) and the parties' governing EDA.

4. Treat "publicly available" and "equally available" arguments as what they are—burden arguments, not categorical exemptions—and produce responsive documents in Plaintiffs' possession/custody/control (including copies of public materials Plaintiffs

---

[2] This does not discharge Plaintiffs' obligation to adhere to Section III.A-D of the Parties' EDA, including by providing custodians and search terms that were used to locate responsive information.

# SIDLEY

Lucas F. Olts
February 10, 2026
Page 3

collected/maintained), or at minimum identify what Plaintiffs contend is responsive but withheld and why. We are not asking Plaintiffs to recreate public sources; we are asking for non-privileged compilations/collections/transmittals maintained by Plaintiffs (if any), and a clear statement if none exist.

## II.    Request-specific issues and necessary compromises

Below we identify the principal categories of RFPs discussed on February 6 and what Plaintiffs must do to avoid a dispute.

### A.    RFP Nos. 1-5

RFP Nos. 1-5 generally relate to the preparation of the Complaint and the basis for Plaintiffs' claims. On the call, Plaintiffs' primary response was that "Plaintiffs didn't draft the Complaint; counsel did," and that responsive materials are privileged/work product or publicly available. Plaintiffs also vehemently contested the relevance of these RFPs, even though each is expressly limited to documents tied to the claims in the Complaint. Plaintiffs also argued that RFP No. 2 ("All documents that you contend support your claims in the Complaint") seeks documents outside the relevant time period.

Plaintiffs' responses to these five RFPs do not comply with Rule 34. Plaintiffs must promptly provide proposed search terms and custodians that they will use to search for responsive information. To the extent such responsive information is privileged, Plaintiffs should assert privilege in accordance with the Federal Rules and EDA Section VII.D. If Plaintiffs truly contend that, aside from documents specifically cited in the Complaint, no responsive non-privileged documents exist, Plaintiffs must say so explicitly in amended responses after a reasonable search—not via a categorical refusal to search.

### B.    RFP Nos. 6-12

RFP Nos. 6-12 generally seek documents related to third-party communications about agilon, including communications with agilon personnel, physicians in agilon's network, and Medicare Advantage health plans. Plaintiffs argued that RFP No. 9 (communications with any current or former member of agilon's physician network) is overbroad because it could encompass communications unrelated to this case, such as communications between an employee and the employee's personal physician. We noted that several of the requests in this category are specifically limited to documents related to Plaintiffs' claims and that we would agree to similar limitations for RFP No. 9. In response, you stated that this was insufficient and that you are standing on your objections for each of the requests.

Again, Plaintiffs' responses do not comply with Rule 34. Plaintiffs cannot end-run their discovery obligations by theorizing about the existence of specific documents that are not relevant,

# SIDLEY

Lucas F. Olts
February 10, 2026
Page 4

and, in any event, we agreed to compromise on the only non-relevant example you identified. None of Plaintiffs' other objections support their categorical refusal to search for responsive documents. To correct these deficiencies, Plaintiffs must promptly do the following:

1. Search for and produce non-privileged communications (including with investment managers, physicians, health plans, agilon personnel, consultants, or other non-lawyer agents) about agilon or the allegations at issue in the Complaint;

2. Provide an explanation as to why Plaintiffs contend any particular request is overbroad, disproportionate, or irrelevant and propose reasonable alternative parameters (*e.g.*, limiting to communications referencing agilon, the alleged issues in the complaint, the CMS letter and its signatories, relevant disclosures, or alleged corrective events), rather than refusing to search entirely;

3. Appropriately log any responsive and privileged communications in accordance with the parties' EDA; and

4. If Plaintiffs contend there are no responsive communications, say so in amended responses after a reasonable search.

### C.    RFP Nos. 13-15, 17-19

Plaintiffs confirmed they will produce transaction documentation sufficient to identify trades in agilon common stock and will produce relevant investment-manager authorities/guidelines. But Plaintiffs asserted that it would be overly burdensome to produce all trade confirmations, account summaries, and brokerage statements because they will be duplicative of the transaction information Plaintiffs do plan to provide. Plaintiffs stated that they do not believe that their clients were involved with any derivative instruments during the relevant period but that they will check with their clients to confirm.

To avoid continued disputes, we ask Plaintiffs to confirm the following in writing:

1. What exactly will be produced for RFP Nos. 13-15 (*e.g.*, trade confirmations, account statements, brokerage statements/custodial reports/account summaries), and confirm production will be complete for the relevant period(s), not a selective "sufficient to identify" subset.

2. Whether Plaintiffs held any derivatives (options/futures/other instruments) and, if the answer is yes, confirm that Plaintiffs will produce the same category of documents for those instruments.

# SIDLEY

Lucas F. Olts
February 10, 2026
Page 5

3. Whether Plaintiffs possess or can obtain any agilon-specific performance/benchmark/attribution reports; Plaintiffs agreed to "look into this" and must provide a definitive response.

Plaintiffs also repeatedly asserted that "investment managers made all decisions." Even if that is accurate, it does not relieve Plaintiffs of their obligation to produce documents reflecting Plaintiffs' holdings, performance, risk constraints, communications (if any) with managers about agilon, including any documents Plaintiffs received about agilon.

### D.    RFP No. 21

RFP No. 21 seeks documents regarding Plaintiffs' use of agilon stock as collateral. As we explained, we believe such monetization mechanics bear on damages, reliance, and adequacy to serve as class representative, and therefore that responsive and non-privileged documents should be produced if they exist. Plaintiffs disagreed, arguing that the request seeks irrelevant information, and that Plaintiffs are standing on their objections. agilon Defendants request that Plaintiffs confirm whether any such arrangements exist. To the extent they do, we request that you reconsider your refusal to produce responsive documents.

### E.    RFP Nos. 22-29

RFP Nos. 22-29 seek documents regarding any analysis or discussion of agilon's stock price, causes of changes in the stock price, developments in the Medicare Advantage industry, and various topics that feature prominently in the Complaint, such as utilization and medical-cost trends. Plaintiffs agreed to look into RFP No. 24 (seeking any analyses, memoranda, correspondence, or reports regarding changes in agilon's stock) but otherwise indicated that they are standing on their objections. Among other things, Plaintiffs' counsel characterized these requests as irrelevant, premature expert discovery, and/or aimed at documents they don't believe Plaintiffs have because investment managers had sole authority to make investment decisions.

agilon Defendants maintain that Plaintiffs should propose search terms to search for and produce non-privileged factual materials responsive to these requests, including Plaintiffs' monitoring, evaluations, or analyses of agilon and agilon stock, including any reports received from investment managers or that can be obtained from investment managers. To the extent Plaintiffs contend certain subparts implicate expert work to be served later, Plaintiffs must still produce non-expert, non-privileged, contemporaneous materials in their possession/custody/control and clearly identify what, if anything, is being withheld and why. We



Lucas F. Olts
February 10, 2026
Page 6

further request that Plaintiffs provide a definitive response regarding their commitment to "look into" RFP No. 24.

### F.    RFP Nos. 35-36

Plaintiffs represented on the call that no documents exist reflecting compensation or incentives beyond what might be awarded (if at all) by the Court, and that engagement-agreement-related materials would be privileged. Plaintiffs continued to stand on their objections.

Plaintiffs must:

1. Serve amended responses that squarely state whether any responsive, non-privileged documents exist (including documents concerning reimbursements, arrangements, understandings, or communications about compensation/incentives), and, if no such documents exist, confirm this after a reasonable search.

2. Produce responsive non-privileged documents. If Plaintiffs are withholding anything as privileged, comply with Rule 26(b)(5) and the EDA.

### G.    RFP Nos. 39-41

Plaintiffs asserted these requests are "no different than" RFP 1 and refused to search or produce responsive documents.

Because Plaintiffs affirmatively placed allegations concerning Sell's trading at issue, Plaintiffs must search for and produce non-privileged documents they reviewed/relied upon/created relating to those allegations, including any third-party analyses or materials they collected or maintained, or state in amended responses (after a reasonable search) that no such documents exist beyond those public materials specifically referenced in the Complaint.

### H.    RFP Nos. 49-51

Plaintiffs stood on objections as to RFP No. 49 and 51 and reiterated they would produce certain investment-management guidelines responsive to RFP No. 50.

Plaintiffs must:

1. For RFP Nos. 49 and 51: search and produce non-privileged responsive documents or state none exist after a reasonable search. If Plaintiffs want narrowing, propose it.

2. For RFP No. 50: confirm precisely what "investment guidelines" will be produced (scope, date range, and whether sector/risk policies responsive to the request will be included).



Lucas F. Olts
February 10, 2026
Page 7

**III.    Custodians and search terms (ESI process Plaintiffs agreed to under the EDA)**

Plaintiffs still have not identified custodians or search terms. On the call, Plaintiffs pressed Defendants for hit reports and asked which custodians Defendants intend to search in response to Plaintiffs' requests; Defendants advised a written response would follow.

But to move forward in compliance with the EDA and Rule 26(f) obligations, Plaintiffs also must provide:

1.  A list of proposed custodians (by Lead Plaintiff, including any individuals with custody of Plaintiffs' relevant records); and

2.  Plaintiffs' proposed search terms and date ranges or confirmation that Plaintiffs intend to proceed without search terms (and if so, the collection/review methodology).

**IV.    Next steps**

Please provide (1) amended Responses curing the above deficiencies and (2) custodians/search-term information. agilon Defendants reserve the right to seek relief from the Court under Rule 37.

We are available to discuss, but Plaintiffs should not treat further calls as a substitute for serving compliant amended responses or proposing custodians and search terms.

Sincerely,


Mason Parham


MP