# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| | § | |
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § | Master File No. 1:24-cv-00297-DAE |
| | § | |
| | § | <u>CLASS ACTION</u> |
| This Document Relates To: | § | |
| ALL ACTIONS. | § | |
| | § | |

**<u>AGILON DEFENDANTS' FIRST SET OF INTERROGATORIES TO LEAD</u>**
**<u>PLAINTIFFS</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules CV-26 and CV-33 of the Local Rules of the Western District of Texas, Defendants agilon health, inc. ("agilon"), Steven J. Sell, and Timothy S. Bensley (collectively, the "agilon Defendants") hereby propound the following Interrogatories to Plaintiffs. You are advised that your responses to these interrogatories must be written, signed, and sworn to, and must be answered within thirty (30) days after the service of these interrogatories upon your attorney.

**DEFINITIONS AND INSTRUCTIONS**

1. The scope of discovery shall be limited to matters that are relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The parties

must cooperate in discovery and confer in good faith as required by Rule 26(f) and Rule CV-7(g) before seeking court intervention.

2. The term "action" refers to the above-captioned litigation currently pending in the United States District Court for the Western District of Texas.

3. The terms "person" and "persons" refer to, without limitation, any natural person, firm, association, partnership, corporation, limited-liability company, trust, governmental body, or other legal entity.

4. The terms "Plaintiff," "you," and "your" refer to each named plaintiff in this action—Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans (collectively, the "North Carolina Funds"), the Indiana Public Retirement System, and the North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund ("North Atlantic Funds") and, where applicable, each of the foregoing's officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

5. The term "agilon" refers to agilon health, inc. and any of its subsidiaries, divisions, directors, officers, employees, agents, attorneys, or other persons acting or purporting to act on its behalf.

6. The term "Exchange Act Defendants" means agilon, Steven J. Sell, and Timothy S. Bensley.

7. The term "including" means "including but not limited to."

8. The term "CD&R Defendants" means Clayton, Dubilier & Rice, LLC and its affiliates, including CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P.

9. The term "Complaint" means the Consolidated Complaint for Violations of the Federal Securities Laws filed September 6, 2024 (Dkt. 36), and any amendment.

10. The term "Putative Class Period" means April 15, 2021 through February 27, 2024.

11. The term "electronically stored information" or "ESI" includes, without limitation, emails, text messages, instant messages, chat communications, collaboration-platform messages (including but not limited to Bloomberg, Teams, Slack, WhatsApp, Signal, or similar platforms), spreadsheets, databases, trading-system data, portfolio-management system data, and any other electronically stored data in any format.

12. The term "document" has the broadest possible meaning under the Federal Rules and includes all writings, ESI, and tangible things in your possession, custody, or control.

13. The term "communication(s)" means every manner in which information is transmitted, including written correspondence, email, text, instant message, oral conversation, telephone call, video conference, or any other means of conveying information from one person to another.

14. The term "concerning" means referring or relating to, describing, evidencing, reflecting, discussing, supporting, contradicting, analyzing, summarizing, or otherwise having any connection to the subject matter referenced.

15. The connectives "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of an interrogatory all responsive information. Words used in the singular include the plural and vice versa.

16. The term "agilon securities" or "security" refers to any class or series of securities issued by agilon, including, without limitation, common stock, preferred stock, bonds, notes, debentures,

derivatives, options, puts, calls, and any other instruments whose value is derived in whole or in part from the price or performance of any agilon security.

17. The term "lead counsel" means any partner, associate, of counsel, special counsel, employee, contractor, agent, or consultant of lead counsel or local counsel, Robbins Geller Rudman & Dowd LLP or Kendall Law Group, PLLC, and any person acting or purporting to act on behalf of these law firms.

18. Unless otherwise specified, these interrogatories encompass information created or obtained during the Putative Class Period and any additional period reasonably necessary to locate responsive information.

19. If any information responsive to these interrogatories is withheld on grounds of privilege, work-product, or any other protection, provide a log that complies with Rule 26(b)(5)(A) identifying the basis for the claim and sufficient information to evaluate it.  Inadvertent disclosure of privileged information shall not constitute a waiver if corrected consistent with Federal Rule of Evidence 502 and Rule 26(b)(5)(A).

20. If you object to any portion of an interrogatory, answer all portions not objected to and state the specific grounds for each objection as required by Rule 33(b)(4).

21. If, after exercising due diligence, you cannot answer an interrogatory fully and completely, so state, answer to the fullest extent possible, specify the portion you are unable to answer, explain why complete information is unavailable, and identify any person who may have responsive information.

22. These interrogatories are continuing within the meaning of Rule 26(e). If additional responsive information later becomes known to you, supplement your responses within five (5) business days.

23. You must make a reasonable inquiry of all persons and records likely to have responsive information and take reasonable steps to preserve such information, as required by Federal Rule of Civil Procedure 37(e) and any applicable court order or ESI protocol in this action.

24. When an interrogatory calls for the identification of a person or a document, the following shall apply in accordance with Local Rule CV-26(b):

    a.  When referring to a person, state the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.

    b.  When referring to a document, state the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). sufficient to identify it for subpoena or production.

25. Each definition and instruction shall be construed to achieve full disclosure. The use of identical terms in multiple interrogatories is intended to have the same meaning in each unless context requires otherwise.

26. Discovery in this action is subject to the Western District of Texas Local Rules, any applicable Standing Order on Discovery Disputes, and the principles of cooperative, proportional discovery embodied in Rule 26.

## INTERROGATORIES

1.  Identify the name, title, and role of each person who provided information or otherwise participated in preparing or verifying your answers to these interrogatories and specify the interrogatory numbers for which each such person provided information or participated.

2.  Identify all persons, other than your attorneys, with whom any Plaintiff has discussed agilon, agilon securities, your investment in agilon securities, or the events or allegations described in the Complaint, including all persons who have provided information to you or received information from you concerning agilon, and the nature and substance of each such communication.

3.  Describe each Plaintiff's process for reviewing and assessing the performance of their investments and investment managers during the Putative Class Period, including Plaintiffs' investment strategies, guidelines, and investment objectives.

4.  Describe each communication or document reflecting any internal or external analysis by or for any Plaintiff concerning agilon's financial results during the Putative Class Period, including any such analysis prepared by an investment manager.

5.  Identify and describe any communications or analyses by or for any Plaintiff concerning agilon's November 2, 2023, January 5, 2024, or February 27, 2024, disclosures, including any evaluation of the impact of those disclosures on agilon's stock price.  This Interrogatory includes any communications with, and any analyses prepared by, an investment manager.

6.  Identify and describe any communications, memoranda, or analyses by or for any Plaintiff attributing agilon's stock-price changes or alleged losses to factors other than the alleged misstatements or omissions, including industry-wide utilization trends, CMS reimbursement changes, or macroeconomic conditions. This Interrogatory includes any communications with, and any memoranda or analyses prepared by, an investment manager.

7.  Identify all persons who have knowledge of facts relevant to the claims or defenses in this action—including, without limitation, facts concerning falsity, scienter, reliance, loss causation, or damages—and describe the subject matter of their knowledge, including any consultants, experts, litigation funders, or other persons or entities who have assisted any Plaintiff in the prosecution of this action, and each document, communication, analysis, or category of documents that Plaintiffs contend supports those allegations and the basis on which you contend each such item supports them.

8.  Identify verbatim each statement you contend is false and/or misleading in connection with your claim that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act, including (i) the person who made the statement, (ii) when the statement was made, (iii) where the statement was made (e.g., earnings call, conference, etc.), and (iv) to the extent the statement is in a document filed with the Securities & Exchange Commission, each person who signed an accompanying certification.

9.  For each statement identified in response to Interrogatory No. 8, describe in detail how the statement was false or misleading when made, including any material fact that was omitted.

10. For each statement identified in response to Interrogatory No. 8, explain in detail your contention that the facts stated or omitted were material.

11. For each statement identified in response to Interrogatory No. 8, explain in detail your contention as to when and how the market learned the truth, including but not limited to the verbatim statement that revealed the truth, the person who made the statement, and where the statement was made (e.g., earnings call, conference, etc.).

12. Explain in detail your contention that "all purchasers of agilon common stock during the Putative Class Period suffered similar injury through their purchases of agilon common stock

at artificially inflated prices and a presumption of reliance applies" as alleged in paragraphs 248 and 249 of the Complaint.

13. Describe in detail any compensation or reimbursement that any Plaintiff may receive in connection with serving as a class representative in this litigation.

14. For each Plaintiff individually, explain in detail your effort and time spent participating in, monitoring, supervising, and managing this action, including but not limited to steps taken to monitor lead counsel.

Respectfully submitted,

*/s/ Mason Parham*
SIDLEY AUSTIN LLP
Mason Parham
Yolanda C. Garcia
Barret V. Armbruster
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
mparham@sidley.com
ygarcia@sidley.com
barmbruster@sidley.com

*Attorneys for Defendants agilon health, inc., Steven J. Sell, and Timothy S. Bensley*

## <u>CERTIFICATE OF SERVICE BY EMAIL</u>

I hereby certify that I am counsel for the Agilon Defendants in the above-captioned action, and that on February 27, 2025, I caused a true and correct copy of the Agilon Defendants' First Interrogatories to Plaintiffs to be served by email upon all counsel of record, addressed as follows:

| ROBBINS GELLER RUDMAN & DOWD LLP | |
|---|---|
| Lucas F. Olts | LOlts@rgrdlaw.com |
| Christopher D. Stewart | CStewart@rgrdlaw.com |
| Justin G. Oetting | JOetting@rgrdlaw.com |
| Evelyn Sanchez Gonzalez | egonzalez@rgrdlaw.com |
| **KENDALL LAW GROUP, PLLC** | |
| Joe Kendall | jkendall@kendalllawgroup.com |

*/s/ Mason Parham*