# EXHIBIT J

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE |
| | | CLASS ACTION |
| This Document Relates To: | | |
| ALL ACTIONS. | | |

**LEAD PLAINTIFF NORTH CAROLINA FUNDS' RESPONSES AND OBJECTIONS TO THE AGILON DEFENDANTS' FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, the applicable Rules of Practice and Procedure of the U.S. District Court for the Western District of Texas ("Local Rules"), and the rules and orders of this Court, Lead Plaintiff Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans (the "North Carolina Funds"), by and through their counsel of record, hereby submit their responses and objections to agilon Defendants' First Set of Interrogatories to Lead Plaintiffs (the "Interrogatories," and each individually, an "Interrogatory"), served on February 27, 2026, as follows:

## I.    INTRODUCTION AND RESERVATION OF RIGHTS

1.    North Carolina Funds' responses to the Interrogatories are based only upon a reasonable investigation of the evidence currently available and reflect current knowledge, understanding, and belief, based upon information known at this time.

2.    Discovery in this matter is ongoing.  Additional contentions, facts, witnesses, documents, testimony, or other evidence may arise during the discovery process and during the review of discovery in preparation for trial.  North Carolina Funds are providing these responses based upon review of evidence available to date and expressly reserve the right to modify their position based upon further discovery.  By providing the responses and objections below, North Carolina Funds do not waive and expressly reserves the right to: (i) modify their position based upon further discovery; (ii) rely upon and use, at trial and otherwise, any other facts and information subsequently identified; (iii) supplement, clarify, revise, or correct any or all of the objections and responses herein; (iv) assert additional objections or privileges in subsequent supplemental responses; and (v) assert any and all objections as to the admissibility of such responses into evidence in this Action, on any and all grounds, including, but not limited to, relevance, materiality,

- 1 -

and admissibility, and on any ground that would require exclusion of any response herein if it were introduced in court.

## II.    GENERAL OBJECTIONS

North Carolina Funds generally object to the Interrogatories on the following grounds, each of which is incorporated by reference into the responses to each individual Interrogatory below. All responses set forth herein are subject to and without waiver of any of these General Objections.

1.    North Carolina Funds object to each Interrogatory to the extent that it purports to require the disclosure of information and/or communications protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, regardless of whether such privilege or immunity from disclosure is specifically identified in the response(s) to which it applies. Any inadvertent disclosure of privileged or otherwise protected information shall not be deemed to be a waiver by North Carolina Funds of any applicable privilege or immunity from disclosure.

2.    No incidental or implied admissions are intended in these responses. North Carolina Funds' response to all or any part of an Interrogatory should not be taken as an admission that: (i) North Carolina Funds accept or admit the existence of any facts set forth or assumed by the Interrogatories; or (ii) North Carolina Funds' responses constitute admissible evidence. North Carolina Funds' response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver by North Carolina Funds of all or any part of their objections to that Interrogatory.

3.    North Carolina Funds object to the Interrogatories to the extent they seek the discovery of information or materials that are not in North Carolina Funds' possession, custody, or control.

4.    Inadvertent disclosure of any information or materials subject to any applicable privilege or doctrine, including, but not limited to, the attorney-client privilege and the work product

- 2 -

doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information and/or materials.

5.      In responding to the Interrogatories, North Carolina Funds do not concede the relevance, materiality, or admissibility of any information or materials sought.  North Carolina Funds' responses, including the identification of any document or thing, do not constitute an admission by North Carolina Funds that such response, document, or thing, including any information contained therein, is relevant, authentic, or admissible, and are not intended to waive or prejudice any objections North Carolina Funds may assert now or in the future.  This includes, without limitation, objections to the use or admissibility of any document or thing, including any information contained therein, at any trial or other proceeding in this or any other action.

6.      To the extent that defendants agilon health, inc. ("agilon"), Steven J. Sell, Timothy S. Bensley, Heidi Hittner, and Girish Venkatachaliah (collectively, "agilon Defendants") interpret the scope or relevant period of any Interrogatory to be different from that which North Carolina Funds has set forth herein, North Carolina Funds reserve the right to supplement their objections.

## III.     SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      North Carolina Funds object to the Definitions and Instructions to the extent they would require North Carolina Funds to respond to the Interrogatories beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, or the rules and orders of this Court.

2.      North Carolina Funds object to Definition No. 11 ("electronically stored information" or "ESI") to the extent it purports to impose obligations beyond those required by the Federal Rules or the Local Rules.  North Carolina Funds will interpret "electronically stored information" or "ESI" in a manner consistent with the Federal Rules, the Local Rules, or the rules and orders of this Court.

4901-1988-0090.v1

3.      North Carolina Funds object to Definition Nos. 3 ("person" and "persons"); 12 ("document"), 13 ("communication(s)"), 14 ("concerning"), and 24 ("identify") to the extent they require North Carolina Funds to respond to the Interrogatories beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, or the rules and orders of this Court.  North Carolina Funds will respond in accordance with their obligations under the Federal Rules of Civil Procedure and the Local Rules.

4.      North Carolina Funds object to Definition No. 17 ("lead counsel") as vague, ambiguous, overbroad, unduly burdensome, and not proportionate to the needs of the case because it includes "special counsel," "contractor," "agent," "consultant," and "any person acting or purporting to act on behalf of these law firms."  North Carolina Funds also object to the Request to the extent it calls for documents not in North Carolina Funds' possession, custody, or control, including independent third parties.  North Carolina Funds further object to this definition to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, or immunity.  In accordance with the Court's order on June 6, 2024, North Carolina Funds will interpret "lead counsel" to mean Robbins Geller Rudman & Dowd LLP.  ECF 14 at 4.

5.      North Carolina Funds object to Definition No. 6 ("Exchange Act Defendants") as not conforming to the Court's order on August 15, 2025, which upheld Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P. as defendants under the Exchange Act in addition to agilon health, inc., Steven J. Sell, Timothy S. Bensley, Heidi Hittner, and Girish Venkatachaliah.  ECF 63 at 1-2, 88-89.

6.      North Carolina Funds object to Definition No. 4 ("Plaintiff," "you," and "your") as overbroad, unduly burdensome, seeking information that is not relevant to the claims or defenses of the parties, not proportionate to the needs of the case, and purporting to impose requirements beyond

- 4 -

those imposed by the Federal Rules of Civil Procedure and the Local Rules.  In responding to these Requests, North Carolina Funds will construe "Plaintiff," "you," and "your" as each named plaintiff in this Action, unless otherwise specified.

7.  North Carolina Funds object to Definition Nos. 5 ("agilon") and 16 ("agilon securities" or "security") as vague, ambiguous, overbroad, unduly burdensome, not proportionate to the needs of this case, and seeking information that is not relevant to the claims or defenses of the parties, including because No. 5 includes "any" of agilon's "subsidiaries," "divisions," "directors," "officers," "employees," "agents," "attorneys," and "other persons acting or purporting to act on [agilon's] behalf" and No. 16 includes securities that are not at issue in this Action.  North Carolina Funds will interpret the terms "agilon securities" and "securities" as referring to agilon common stock only, and North Carolina Funds will interpret "agilon" to mean agilon health, inc.  *See* Complaint, ¶250.

8.  North Carolina Funds object to Instruction No. 18 as overbroad, unduly burdensome, not proportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including to the extent it seeks information and responses without limitation as to date.  Unless otherwise indicated in the specific responses below, North Carolina Funds' responses are based upon the time period of April 15, 2021 through February 27, 2024 (the "Class Period").

9.  North Carolina Funds object to Instruction No. 22 to the extent it purports to impose requirements beyond those required by Federal Rule of Civil Procedure 26(e)(1)(A).  North Carolina Funds will supplement their responses consistent with the Federal Rules of Civil Procedure, any applicable orders, and agreements of the parties.

## IV.   SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

<u>INTERROGATORY NO. 1</u>:

Identify the name, title, and role of each person who provided information or otherwise participated in preparing or verifying your answers to these interrogatories and specify the interrogatory numbers for which each such person provided information or participated.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions.  North Carolina Funds also object to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, or immunity. North Carolina Funds further object to this Interrogatory as overbroad, unduly burdensome, vague, ambiguous, not proportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including on the grounds it demands that North Carolina Funds identify information for each and every "person who provided information or otherwise participated in preparing or verifying your answers to these interrogatories" and "specify the interrogatory numbers for which each such person provided information or participated."

Subject to the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds refer Defendants to Lead Plaintiff's verification, which identifies the person who reviewed and executed the verification to the responses on behalf of North Carolina Funds.

<u>INTERROGATORY NO. 2</u>:

Identify all persons, other than your attorneys, with whom any Plaintiff has discussed agilon, agilon securities, your investment in agilon securities, or the events or allegations described in the Complaint, including all persons who have provided information to you or received information from you concerning agilon, and the nature and substance of each such communication.

- 6 -

4901-1988-0090.v1

RESPONSE TO INTERROGATORY NO. 2:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions.  North Carolina Funds object to this Interrogatory because it is seeks information that is not relevant to any of the claims or defenses in this case, is not proportionate to the needs of the case, is overbroad, and unduly burdensome, including because it demands that North Carolina Funds identify "*all persons* . . . with whom any Plaintiff [or any "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates" of Plaintiffs] has discussed agilon, agilon securities, your investment in agilon securities, or the events or allegations described in the Complaint," and "*all persons* who have provided information to you or received information from you concerning agilon," and without regard to or limitation as to: (i) the date of "discuss[ions]"; (ii) the contents of "discuss[ions]"; (iii) the relevance of "discuss[ions]" to any claims or defenses in the case; or (iv) the date, contents, or relevance of "information" to any of the claims or defenses in the case.  North Carolina Funds further object to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, or immunity.  North Carolina Funds also object to this Interrogatory as seeking information that is not relevant to any party's claims or defenses because, as a matter of law, it is presumed that all Plaintiffs relied on the integrity of the market price when they purchased or otherwise acquired agilon common stock or such common stock was purchased or otherwise acquired on their behalf.  Accordingly, the Interrogatory seeks information that is not proportional to the needs of the case and would require an extensive and unnecessary investigation into matters that do not bear on the merits of this Action.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds delegated discretionary authority to their third-party investment managers to make investment decisions on North Carolina Funds' behalf within established

- 7 -

guidelines. Wellington Management Company LLP, Brown Advisory Incorporated, and/or BlackRock, Inc. transacted in agilon common stock on behalf of North Carolina Funds during the Class Period.

INTERROGATORY NO. 3:

Describe each Plaintiff's process for reviewing and assessing the performance of their investments and investment managers during the Putative Class Period, including Plaintiffs' investment strategies, guidelines, and investment objectives.

RESPONSE TO INTERROGATORY NO. 3:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the needs of the case. North Carolina Funds also object to this Interrogatory as compound as it contains multiple subparts seeking discrete information but purports to count as only one interrogatory for purposes of the limitations set forth in Rule 33. *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at \*6-\*9 (E.D. Tex. July 27, 2018). North Carolina Funds expressly reserve all rights to treat each discrete subpart of this Interrogatory as a separate interrogatory for purposes of the limitations set forth in Rule 33 or in any subsequent court order modifying such limitations in this Action. North Carolina Funds further object to this Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: Pursuant to their agreements with their third-party investment managers, North Carolina Funds delegated discretionary authority to their investment managers to make investment decisions on North Carolina Funds' behalf within established guidelines. In accordance with Rule 33(d), North Carolina Funds will produce their investment manager agreements with investment guidelines

- 8 -

that applied to those investment managers who transacted in agilon common stock on North Carolina Funds' behalf during the Class Period.

INTERROGATORY NO. 4:

Describe each communication or document reflecting any internal or external analysis by or for any Plaintiff concerning agilon's financial results during the Putative Class Period, including any such analysis prepared by an investment manager.

RESPONSE TO INTERROGATORY NO. 4:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the needs of the case. North Carolina Funds also object to this Interrogatory to the extent it seeks the identity and work product of non-testifying consulting experts, or prematurely seeks the disclosure of expert opinion before the Court-ordered deadline for expert disclosures. North Carolina Funds further object to this Interrogatory as duplicative or cumulative of agilon Defendants' First Requests for Production of Documents to Lead Plaintiffs. North Carolina Funds also object to this Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. North Carolina Funds also object to this Interrogatory to the extent it purports to require North Carolina Funds to seek, obtain, and verify information in the possession of third parties, including third-party investment managers. North Carolina Funds further object to this Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: In accordance with Rule 33(d), North Carolina Funds will update this response at the

- 9 -

4901-1988-0090.v1

appropriate time to identify responsive documents produced by North Carolina Funds in response to agilon Defendants' First Requests for the Production of Documents to Lead Plaintiffs.

INTERROGATORY NO. 5:

Identify and describe any communications or analyses by or for any Plaintiff concerning agilon's November 2, 2023, January 5, 2024, or February 27, 2024 disclosures, including any evaluation of the impact of those disclosures on agilon's stock price. This Interrogatory includes any communications with, and any analyses prepared by, an investment manager.

RESPONSE TO INTERROGATORY NO. 5:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds specifically object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the needs of the case, including on the grounds it demands that North Carolina Funds "[i]dentify and describe any communications or analyses by or for any Plaintiff," "any communications with . . . an investment manager," and "any analyses prepared by[] an investment manager." North Carolina Funds also object to this Interrogatory to the extent it seeks the identity and work product of non-testifying consulting experts, or prematurely seeks the disclosure of expert opinion before the Court-ordered deadline for expert disclosures. North Carolina Funds further object to this Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. North Carolina Funds further object to this Interrogatory as duplicative of Interrogatory No. 4, and duplicative or cumulative of agilon Defendants' First Request for Production of Documents to Lead Plaintiffs. North Carolina Funds also object to this Interrogatory to the extent it purports to require North Carolina Funds to seek, obtain, and verify information in the possession of third parties, including third-party investment managers.

- 10 -

4901-1988-0090.v1

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: In accordance with Rule 33(d), North Carolina Funds will update this response at the appropriate time to identify responsive documents produced by North Carolina Funds in response to agilon Defendants' First Request for Production of Documents to Lead Plaintiffs.

INTERROGATORY NO. 6:

Identify and describe any communications, memoranda, or analyses by or for any Plaintiff attributing agilon's stock-price changes or alleged losses to factors other than the alleged misstatements or omissions, including industry-wide utilization trends, CMS reimbursement changes, or macroeconomic conditions. This Interrogatory includes any communications with, and any memoranda or analyses prepared by, an investment manager.

RESPONSE TO INTERROGATORY NO. 6:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportionate to the needs of the case. North Carolina Funds also object to this Interrogatory to the extent it seeks the identity and work product of non-testifying consulting experts, or prematurely seeks the disclosure of expert opinion before the Court-ordered deadline for expert disclosures. North Carolina Funds further object to this Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. North Carolina Funds further object to this Interrogatory as duplicative of Interrogatory Nos. 4 and 5, and duplicative or cumulative of agilon Defendants' First Request for Production of Documents to Lead Plaintiffs. North Carolina Funds also object to this Interrogatory to the extent it purports to require North Carolina Funds to seek, obtain, and verify information in the possession of third parties, including third-party investment managers. North Carolina Funds further object to this

- 11 -

Interrogatory as compound, as it contains multiple subparts seeking discrete information, but purports to count as only one interrogatory for purposes of the limitations set forth in Rule 33. *See Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at \*6-\*9 (E.D. Tex. July 27, 2018). North Carolina Funds expressly reserve all rights to treat each discrete subpart of this Interrogatory as a separate interrogatory for purposes of the limitations set forth in Rule 33 or in any subsequent court order modifying such limitations in the above-captioned action.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: In accordance with Rule 33(d), North Carolina Funds will update this response at the appropriate time to identify responsive documents produced by North Carolina Funds in response to agilon Defendants' First Request for Production of Documents to Lead Plaintiffs.

INTERROGATORY NO. 7:

Identify all persons who have knowledge of facts relevant to the claims or defenses in this action – including, without limitation, facts concerning falsity, scienter, reliance, loss causation, or damages – and describe the subject matter of their knowledge, including any consultants, experts, litigation funders, or other persons or entities who have assisted any Plaintiff in the prosecution of this action, and each document, communication, analysis, or category of documents that Plaintiffs contend supports those allegations and the basis on which you contend each such item supports them.

RESPONSE TO INTERROGATORY NO. 7:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to this Interrogatory because it is vague, ambiguous, overbroad, unduly burdensome, seeks information not relevant to any of the claims or defenses in the case, and is not proportionate to the needs of the case, including because it demands that North Carolina Funds identify "*all* persons who have

- 12 -

4901-1988-0090.v1

knowledge of facts relevant to the claims or defenses in this action" and "describe the subject matter of their knowledge," identify *all* "consultants, experts, litigation funders, or other persons or entities who have assisted any Plaintiff in the prosecution of this action" in any form whatsoever, and identify *each and every* "document, communication, analysis, or category of documents that Plaintiffs contend supports" any of the "allegations" in the case, and the "basis on which you contend *each* [document, communication, analysis, or category of documents] supports them." North Carolina Funds also object to this Interrogatory as compound, as it contains multiple subparts seeking discrete information, but purports to count as only one interrogatory for purposes of the limitations set forth in Rule 33. *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at *6-*9 (E.D. Tex. July 27, 2018). North Carolina Funds expressly reserve all rights to treat each discrete subpart of this Interrogatory as a separate interrogatory for purposes of the limitations set forth in Rule 33 or in any subsequent court order modifying such limitations in the above-captioned action.

North Carolina Funds also object to this Interrogatory on the grounds that it calls for a legal conclusion, a legal argument, or constitutes a contention discovery request that is premature at this stage of the litigation, as fact discovery remains ongoing, Defendants have produced only minimal internal documents, Defendants have impeded the productions of documents by third parties, and fact depositions have not yet begun. *See, e.g.*, *Alcala v. Tex. Webb Cnty.*, 2009 WL 10694159, at *3 (S.D. Tex. Dec. 7, 2009) ("'Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents.'"); *see also Blank v. Tomorrow PCS, L.L.C.*, 2018 WL 3136002, at *5 (E.D. La. June 27, 2018) ("'most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted – typically at the end of the discovery period"'"). North Carolina Funds also object to this Interrogatory as purporting to require North Carolina Funds to seek, obtain,

- 13 -

4901-1988-0090.v1

and verify information in the possession of third parties. North Carolina Funds also object to this Interrogatory to the extent it seeks the identity and work product of non-testifying consulting experts, or prematurely seeks the disclosure of expert opinion before the Court-ordered deadline for expert disclosures. North Carolina Funds also object to this Interrogatory as overbroad and unduly burdensome because it seeks information that is publicly available or already in Defendants' possession.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds direct Defendants to Plaintiffs' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), dated September 22, 2025, agilon Defendants' Rule 26(a)(1)(A) Initial Disclosures, dated September 22, 2025, the CD&R Entities' Rule 26 Initial Disclosures, dated September 22, 2025, AGL_00000215-470, and CDR_AGILON0000388-389.

INTERROGATORY NO. 8:

Identify verbatim each statement you contend is false and/or misleading in connection with your claim that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act, including (i) the person who made the statement, (ii) when the statement was made, (iii) where the statement was made (*e.g.*, earnings call, conference, etc.), and (iv) to the extent the statement is in a document filed with the Securities & Exchange Commission, each person who signed an accompanying certification.

RESPONSE TO INTERROGATORY NO. 8:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to this Interrogatory as overbroad and unduly burdensome because it seeks information that is publicly available or already in Defendants' possession. North Carolina Funds also object to this Interrogatory as compound, as it contains multiple subparts seeking discrete information, but

- 14 -

purports to count as only one interrogatory for purposes of the limitations set forth in Rule 33. *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at \*6-\*9 (E.D. Tex. July 27, 2018). North Carolina Funds expressly reserve all rights to treat each discrete subpart of this Interrogatory as a separate interrogatory for purposes of the limitations set forth in Rule 33 or in any subsequent court order modifying such limitations in the above-captioned action. North Carolina Funds also object to this Interrogatory on the grounds that it calls for a legal conclusion, a legal argument, or constitutes a contention discovery request that is premature at this stage of the litigation, as fact discovery remains ongoing, Defendants have produced only minimal internal documents, Defendants have impeded the productions of documents by third parties, and fact depositions have not yet begun. *See Blank v. Tomorrow PCS, L.L.C.*, 2018 WL 3136002, at \*5 (E.D. La. June 27, 2018) ("'most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted – typically at the end of the discovery period"'").

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: The false and misleading statements and omissions that form the basis of the Complaint, which the Court has upheld as legally and factually sufficient, and other information responsive to this Interrogatory, are identified in the Complaint and include those false and misleading statements and omissions referenced in ¶¶100, 108-109, 113-114, 116, 129, 131, 134, 136, 138, 140-141, 143-144, 146, 148-149, 151, 155-156, 158-172, 174, 176-183, 185-186, and 189-190.

INTERROGATORY NO. 9:

For each statement identified in response to Interrogatory No. 8, describe in detail how the statement was false or misleading when made, including any material fact that was omitted.

RESPONSE TO INTERROGATORY NO. 9:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to

- 15 -

4901-1988-0090.v1

this Interrogatory as overbroad and unduly burdensome because it seeks information that is publicly available or already in Defendants' possession. North Carolina Funds also object to this Interrogatory as compound, as it contains multiple subparts seeking discrete information, but purports to count as only one interrogatory for purposes of the limitations set forth in Rule 33. *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at \*6-\*9 (E.D. Tex. July 27, 2018). North Carolina Funds expressly reserve all rights to treat each discrete subpart of this Interrogatory as a separate interrogatory for purposes of the limitations set forth in Rule 33 or in any subsequent court order modifying such limitations in the above-captioned action. North Carolina Funds also object to this Interrogatory on the grounds that it calls for a legal conclusion, a legal argument, or constitutes a contention discovery request that is premature at this stage of the litigation, as fact discovery remains ongoing, Defendants have produced only minimal internal documents, Defendants have impeded the productions of documents by third parties, and fact depositions have not yet begun. *See Blank v. Tomorrow PCS, L.L.C.*, 2018 WL 3136002, at \*5 (E.D. La. June 27, 2018) ("'most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted – typically at the end of the discovery period"'"). North Carolina Funds further object to this Interrogatory on the grounds that it seeks or requires the disclosure of information that is protected from discovery by the attorney work product doctrine.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds direct Defendants to the Complaint, which describes how the alleged misstatements were false or misleading.

INTERROGATORY NO. 10:

For each statement identified in response to Interrogatory No. 8, explain in detail your contention that the facts stated or omitted were material.

- 16 -

RESPONSE TO INTERROGATORY NO. 10:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions.  North Carolina Funds object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the needs of the case. North Carolina Funds also object to this Interrogatory on the grounds that it calls for a legal conclusion, a legal argument, or constitutes a contention discovery request that is premature at this stage of the litigation, as fact discovery remains ongoing, Defendants have produced only minimal internal documents, Defendants have impeded the productions of documents by third parties, and fact depositions have not yet begun.  *See Blank v. Tomorrow PCS, L.L.C.*, 2018 WL 3136002, at *5 (E.D. La. June 27, 2018) ("'most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted – typically at the end of the discovery period"'").  North Carolina Funds also object to this Interrogatory on the grounds that it seeks or requires the disclosure of information that is protected from discovery by the attorney work product doctrine.  North Carolina Funds also object to this Interrogatory as overbroad and unduly burdensome because it seeks information that is publicly available or already in Defendants' possession.  North Carolina Funds also object to this Interrogatory as compound, as it contains multiple subparts seeking discrete information, but purports to count as only one interrogatory for purposes of the limitations set forth in Rule 33.  *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at *6-*9 (E.D. Tex. July 27, 2018).  North Carolina Funds also object to this Interrogatory because, absent agreement of the parties or a court order, North Carolina Funds are obligated to respond to only 25 separate interrogatories, including subparts, pursuant to Rule 33.  Interrogatory No. 9 above contains subparts that are comprised of separate inquiries into separate statements and omissions.  Thus, the 25-interrogatory limit was reached with Interrogatory No. 9 above.

- 17 -

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds will respond to this Interrogatory at the appropriate time.

INTERROGATORY NO. 11:

For each statement identified in response to Interrogatory No. 8, explain in detail your contention as to when and how the market learned the truth, including but not limited to the verbatim statement that revealed the truth, the person who made the statement, and where the statement was made (*e.g.*, earnings call, conference, etc.).

RESPONSE TO INTERROGATORY NO. 11:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions.  North Carolina Funds also object to this Interrogatory on the grounds that it calls for a legal conclusion, a legal argument, or constitutes a contention discovery request that is premature at this stage of the litigation, as fact discovery remains ongoing, Defendants have produced only minimal internal documents, Defendants have impeded the productions of documents by third parties, and fact depositions have not yet begun. *See, e.g.*, *Blank v. Tomorrow PCS, L.L.C.*, 2018 WL 3136002, at *5 (E.D. La. June 27, 2018) ("'most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted – typically at the end of the discovery period"'").  North Carolina Funds also object to this Interrogatory to the extent it seeks the identity and work product of non-testifying consulting experts, or prematurely seeks the disclosure of expert opinion before the Court-ordered deadline for expert disclosures.  North Carolina Funds also object to this Interrogatory as compound, as it contains multiple subparts seeking discrete information, but purports to count as only one interrogatory for purposes of the limitations set forth in Rule 33.  *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at *6-*9 (E.D. Tex. July 27, 2018).  North Carolina Funds also object to this Interrogatory because, absent

- 18 -

agreement of the parties or a court order, North Carolina Funds are obligated to respond to only 25 separate interrogatories, including subparts, pursuant to Rule 33. Interrogatory No. 9 above contains subparts that are comprised of separate inquiries into separate statements and omissions. Thus, the 25-interrogatory limit was reached with Interrogatory No. 9 above.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds will respond to this Interrogatory at the appropriate time.

INTERROGATORY NO. 12:

Explain in detail your contention that "all purchasers of agilon common stock during the Putative Class Period suffered similar injury through their purchases of agilon common stock at artificially inflated prices and a presumption of reliance applies" as alleged in paragraphs 248 and 249 of the Complaint.

RESPONSE TO INTERROGATORY NO. 12:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to this Interrogatory on the grounds that it calls for a legal conclusion, a legal argument, or constitutes a contention discovery request that is premature at this stage of the litigation, as fact discovery remains ongoing, Defendants have produced only minimal internal documents, Defendants have impeded the productions of documents by third parties, and fact depositions have not yet begun. *See, e.g.*, *Blank v. Tomorrow PCS, L.L.C.*, 2018 WL 3136002, at *5 (E.D. La. June 27, 2018) ("'most courts agree that "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted – typically at the end of the discovery period"'"). North Carolina Funds also object to this Interrogatory to the extent it seeks the identity and work product of non-testifying consulting experts, or prematurely seeks the disclosure of expert opinion before the Court-ordered deadline for expert disclosures. North Carolina Funds also object

to this Interrogatory because, absent agreement of the parties or a court order, North Carolina Funds are obligated to respond to only 25 separate interrogatories, including subparts, pursuant to Rule 33. Interrogatory No. 9 above contains subparts that are comprised of separate inquiries into separate statements and omissions. *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at *6-*9 (E.D. Tex. July 27, 2018). Thus, the 25-interrogatory limit was reached with Interrogatory No. 9 above.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds will respond to this Interrogatory at the appropriate time.

INTERROGATORY NO. 13:

Describe in detail any compensation or reimbursement that any Plaintiff may receive in connection with serving as a class representative in this litigation.

RESPONSE TO INTERROGATORY NO. 13:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds object to this Interrogatory because it is premature and seeks information based on hypothetical and contingent future events that therefore cannot be provided with reasonable particularity. North Carolina Funds also object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. North Carolina Funds further object to this Interrogatory because the phrase "any compensation or reimbursement that any Plaintiff may receive" is undefined, vague, and ambiguous, and fails to specify the type of information it seeks with reasonable specificity or make clear whether the Interrogatory seeks information regarding the damages that North Carolina Funds may recover in this Action, the costs and expenses it could have the right to seek pursuant to 15 U.S.C. §78u-4(a)(4) depending on future events, or something else. North Carolina Funds also object to this Interrogatory because, absent

- 20 -

agreement of the parties or a court order, North Carolina Funds are obligated to respond to only 25 separate interrogatories, including subparts, pursuant to Rule 33. *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at \*6-\*9 (E.D. Tex. July 27, 2018). Interrogatory No. 9 above contains subparts that are comprised of separate inquiries into separate statements and omissions. Thus, the 25-interrogatory limit was reached with Interrogatory No. 9 above.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: In accordance with the Private Securities Litigation Reform Act of 1995, North Carolina Funds will not accept any payment for serving as a representative party on behalf of the Class beyond North Carolina Funds' respective pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as may be ordered or approved by the Court.

INTERROGATORY NO. 14:

For each Plaintiff individually, explain in detail your effort and time spent participating in, monitoring, supervising, and managing this action, including but not limited to steps taken to monitor lead counsel.

RESPONSE TO INTERROGATORY NO. 14:

North Carolina Funds incorporate herein the Introduction and Reservation of Rights, General Objections, and Specific Objections to Definitions and Instructions. North Carolina Funds specifically object to this Interrogatory as premature, overbroad, and unduly burdensome. North Carolina Funds also object to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, or immunity. North Carolina Funds further object to this Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses. North Carolina Funds also object to this Interrogatory because, absent agreement of the parties or a court order, North Carolina

4901-1988-0090.v1

Funds are obligated to respond to only 25 separate interrogatories, including subparts, pursuant to Rule 33. *See, e.g.*, *Moser v. Navistar Int'l Corp.*, 2018 WL 3614012, at *6-*9 (E.D. Tex. July 27, 2018). Interrogatory No. 9 above contains subparts that are comprised of separate inquiries into separate statements and omissions. Thus, the 25-interrogatory limit was reached with Interrogatory No. 9 above.

Subject to and without waiving the foregoing objections, North Carolina Funds respond as follows: North Carolina Funds refer Defendants to Plaintiffs' Joint Declaration in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, filed May 20, 2024. *See* ECF 11-5.

DATED: March 30, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS
(admitted *pro hac vice*)
CHRISTOPHER D. STEWART
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)
JACK K. SCOTT
(admitted *pro hac vice*)

s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
egonzalez@rgrdlaw.com
jscott@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

4901-1988-0090.v1

- 23 -

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

4901-1988-0090.v1

## DECLARATION OF SERVICE BY EMAIL

I, WILLIAM GRAVITT, not a party to the within action, hereby declare that on March 30, 2026, I caused to be served the attached LEAD PLAINTIFF NORTH CAROLINA FUNDS' RESPONSES AND OBJECTIONS TO THE AGILON DEFENDANTS' FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFFS, by email on the parties to the within action addressed, as follows:

COUNSEL FOR PLAINTIFF RETIREMENT SYSTEMS:

| ROBBINS GELLER RUDMAN & DOWD LLP | |
|---|---|
| Lucas F. Olts | LOlts@rgrdlaw.com |
| Christopher D. Stewart | CStewart@rgrdlaw.com |
| Evelyn Sanchez Gonzalez | egonzalez@rgrdlaw.com |
| Jack K. Scott | JScott@rgrdlaw.com |
| KENDALL LAW GROUP, PLLC | |
| Joe Kendall | jkendall@kendalllawgroup.com |

ATTORNEYS FOR DEFENDANTS AGILON HEALTH, INC., STEVEN J. SELL, TIMOTHY S. BENSLEY, HEIDI HITTNER, AND GIRISH VENKATACHALIAH:

| SIDLEY AUSTIN LLP | |
|---|---|
| Yolanda C. Garcia | ygarcia@sidley.com |
| Mason Parham | mparham@sidley.com |
| Barret V. Armbruster | barmbruster@sidley.com |

ATTORNEYS FOR DEFENDANTS CLAYTON, DUBILIER & RICE, LLC, CD&R VECTOR HOLDINGS, L.P., CD&R INVESTMENT ASSOCIATES IX, LTD., CD&R ASSOCIATES IX, L.P.:

| DEBEVOISE & PLIMPTON LLP | |
|---|---|
| Maeve L. O'Connor | mloconnor@debevoise.com |
| Elliot Greenfield | egreenfield@debevoise.com |
| Brandon Fetzer | bfetzer@debevoise.com |
| SCOTT DOUGLASS & MCCONNICO LLP | |
| Santosh Aravind | saravind@scottdoug.com |

4901-1988-0090.v1

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 30, 2026, at San Diego, California.

_____
WILLIAM GRAVITT

4901-1988-0090.v1