# EXHIBIT L



SIDLEY AUSTIN LLP
2323 CEDAR SPRINGS
SUITE 2600
DALLAS, TEXAS  75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 969 3531
MPARHAM@SIDLEY.COM

March 19, 2026

**Via E-mail**

Lucas F. Olts
Robbins Geller Rudman & Dowd LLP
lolts@rgrdlaw.com

Re:     *In re agilon health, inc. Securities Litigation*, No. 1:24-cv-00297 (W.D. Tex.)

Luke,

We write in response to your March 5, 2026 letter providing Plaintiffs' proposed custodians, search terms, and related ESI parameters.

At the outset, we note that agilon Defendants have been requesting custodians and search terms for months—beginning with our January 13 letter and continuing through subsequent correspondence and meet-and-confers. Plaintiffs declined to provide any such information during that time and instead maintained a categorical "will not search" position as to the majority of RFPs. The March 5 proposal is the first time Plaintiffs have offered custodians or search terms, and it comes only after repeated requests and extended delay. That delay risks prejudice to agilon Defendants and is inconsistent with Plaintiffs' obligations to conduct a reasonable search and participate in the ESI process under Rules 26 and 34.

Turning to the substance, even after months of delay, Plaintiffs' proposal remains materially deficient and does not provide a workable basis for identifying responsive documents.

Previously, Plaintiffs took the position that they would search for and produce documents only in response to a limited subset of RFPs—Nos. 2, 13, 14, 15, 17, 20, 30, 43, 44, 46, and 50—and even then only agreed to produce narrow categories of documents (*e.g.*, documents "sufficient to show" transactions, identify trading authority, or reflect investment guidelines). Plaintiffs now appear to suggest a broader search, but they have never identified which RFPs their proposed custodians and search terms are intended to address. Without that information, it is not possible for agilon Defendants to meaningfully evaluate whether Plaintiffs' proposal will capture responsive materials.

This lack of clarity is particularly problematic given that Plaintiffs previously refused to search for documents responsive to the majority of RFPs. Without confirmation of scope,

Sidley Austin (TX) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Lucas F. Olts
March 19, 2026
Page 2

Plaintiffs' proposal risks functioning as an end-run around those obligations by limiting collection to a narrow subset of documents untethered to the full set of requests.

Moreover, as drafted, Plaintiffs' search terms are limited to investment-related topics and would exclude entire categories of responsive documents—particularly communications, analyses, and monitoring materials directly relevant to, among other things, reliance, loss causation, and adequacy.

Nevertheless, in an effort to move discovery forward, and assuming Plaintiffs intend to conduct searches at least for the categories of documents they have agreed to produce, agilon Defendants propose the following additions and revisions to Plaintiffs' March 5 proposal.

## I.    Custodians

Plaintiffs identify only a limited set of investment personnel. Based on Plaintiffs' organizational charts and disclosures, additional custodians are necessary, including senior investment decision-makers (*e.g.*, CIO-level personnel), risk and asset allocation personnel, and others involved in monitoring or evaluating investments. The following additional custodians must be included:

- North Atlantic (additions in **bold**; existing custodians retained)

    - **Richard Monarca – Executive Director**

    - **Nicola Favorito – Executive Director**

    - **Ingrid Bieren – Chief Operating Officer**

    - Suzanne Smith – Chief Financial Officer

    - Chris Mason – Finance/Investment Manager

    - **Robert Sica – Chief Information Officer**

    - **Sara Theofoulopilos – Communications/Outreach Manager**

These roles are reflected in Plaintiffs' organizational materials and encompass senior leadership, communications, and information systems personnel likely to possess responsive materials beyond narrow investment records (including third-party communications and monitoring activities).



Lucas F. Olts
March 19, 2026
Page 3

- North Carolina (additions in **bold**; existing custodians retained)

  o **Christopher Morris – Co-Chief Investment Officer/Chief Risk & Operating Officer**

  o **Jeff Smith – Co-Chief Investment Officer**

  o Rhonda Smith – Investment Director, Public Equity

  o **Matthew Krimm – Investment Director, Operations & Risk**

  o **Ronald Funderburk – Investment Director, Opportunistic F.I., I.S., M.S.**

  o Kristopher Byrd – Portfolio Manager

These individuals include senior investment decision-makers and risk personnel who are more likely to have responsive materials concerning monitoring, evaluation, and communications about agilon and the Medicare Advantage industry.

Further, Plaintiffs have repeatedly asserted that nonparty investment managers made all relevant decisions. To the extent Plaintiffs received communications, reports, or analyses from those managers, such materials are within Plaintiffs' possession, custody, or control to the extent they were received, maintained, or are reasonably obtainable, and must be collected and produced. Plaintiffs must confirm the scope of collection from materials received from those managers. Plaintiffs must also confirm whether any additional custodians exist with responsibility for investment oversight, risk management, or communications concerning agilon, and whether any such custodians have been excluded from the proposal.

## II.    Non-Custodial Sources

Plaintiffs propose searching certain non-custodial sources, including shared drives and, for North Atlantic, a centralized investments email account. We agree that these are appropriate starting points, but they are not sufficient, standing alone, to capture the full universe of responsive documents.

In addition to the sources identified, Plaintiffs must confirm that they will search and collect from the following non-custodial sources to the extent they exist and are within Plaintiffs' possession, custody, or control:

- Investment committee and board materials, including presentations, memoranda, and meeting minutes reflecting discussion of agilon or related industry issues;

# SIDLEY

Lucas F. Olts
March 19, 2026
Page 4

- Email distribution lists or shared mailboxes (beyond investments@carpentersfund.org) used for circulating investment, research, or portfolio updates;

- Materials received from or maintained in connection with external investment managers, including reports, presentations, performance updates, and communications concerning agilon;

- Consultant and advisor materials (*e.g.*, investment consultants or research providers), including any analyses, reports, or communications concerning agilon or the Medicare Advantage industry;

- Third-party research and data sources maintained by Plaintiffs (*e.g.*, Bloomberg, FactSet, Morningstar, or similar platforms), including any saved reports, exports, or internal distributions; and

- Any internal reporting, monitoring, or portfolio review materials that reference agilon, including periodic performance summaries or risk reports.

These sources are directly responsive to multiple RFP categories, including documents reflecting Plaintiffs' monitoring, evaluation, and communications concerning agilon, and must be included to ensure a reasonable and complete search.

## III.    Search Terms

Plaintiffs' current search strings improperly limit results to documents referencing investment activity. This formulation excludes responsive documents that do not reference trading activity, including communications and analyses concerning the allegations, corrective disclosures, CMS materials, and industry trends. Plaintiffs must expand their search terms to include these subject-matter categories. To ensure capture of responsive materials, Defendants propose the following additional terms:

- (agilon OR agl) w/25 (risk OR hedge OR opportun* OR strategy OR sector)

- (agilon OR agl) w/25 (disclos* OR 10-K OR 10K* OR 10-Q OR 10Q* OR earnings OR "press release" OR presentation OR transcript)

- (agilon OR agl) w/25 (correct* OR revis* OR downgrad*)

- (agilon OR agl) w/25 (guidance OR forecast* OR projection*)

# SIDLEY

Lucas F. Olts
March 19, 2026
Page 5

- (agilon OR agl) w/50 (agreement OR contract)

- (agilon OR agl) w/25 (short*)

- (agilon OR agl) AND (utilization OR (medical w/3 cost*) OR (medical w/3 margin*) OR medmargin OR (med w/1 margin*) OR "per member per month" OR PMPM OR EBITDA OR aebitda OR "incurred but not reported" OR IBNR OR PYD OR "prior year development" OR "prior period development" OR PPD)

- (agilon OR agl) AND (CMS OR (center* w/2 Medicare) OR (center* w/5 Medicaid))

- (agilon OR agl) AND (share* OR stock* OR trade* OR trading OR volume OR derivative* OR swap* OR future* OR option* OR forward*)

- (agilon OR agl) w/15 (call OR put)

- (agilon OR agl) AND (covid OR pandemic)

- (agilon OR agl) AND (loss* OR volatility OR drop* OR "ROL")

- (agilon OR agl) AND (analyst* OR research* OR report* OR consultant*)

- (agilon OR agl) AND (monitor* OR evaluat* OR analyz* OR analys*)

- (agilon OR agl) AND (fraud OR misrepresentation* OR misstatement* OR lawsuit OR litigation OR claim OR "cause of action" OR complaint OR allegation*)

- "Medicare Advantage" OR "value-based care" OR "value based care" OR VBC

- (payor* OR payer* OR "health plan*" OR "MA plan*" OR insurer* OR carrier* OR Aetna* OR Humana* OR Unitedhealth* OR "United Health*") w/5 (referral* OR specialist* OR "elective procedure*" OR "outpatient surger*" OR "elective surger*" OR "outpatient procedure*" OR "Part B drug*" OR "medical claim*" OR "medical expense*" OR "medical cost*" OR incomplet* OR deficien* OR inaccur* OR utiliz* OR covid* OR pandemic)

- ("medical expense*" OR "medical cost*" OR "service volume" OR "patient volume*" OR "outpatient surger*" OR "outpatient procedur*" OR "elective surger*" OR "elective procedur*" OR "Part B drug*" OR "supplemental benefit*") w/5 (increas* OR rise OR risen OR rising OR rose OR spik* OR surge OR surged

# SIDLEY

Lucas F. Olts
March 19, 2026
Page 6

OR surging OR escalat* OR backlog* OR "back-log*" OR "back log*" OR "pent-up" OR "pent up")

- (physician* OR doctor* OR provider* OR PCP* OR "medical care" OR "medical services") w/5 (utiliz* OR demand OR pandemic)

- (agilon OR agl)

    o For this term, Plaintiffs should apply date filters covering the following periods: 10/1/2023–11/8/2023; 12/1/2023–1/7/2024; 2/1/2024–3/1/2024.

These additions are narrowly tailored to capture categories of documents directly responsive to agilon Defendants' RFPs, including disclosures, alleged misstatements, non-privileged litigation-related communications, hedging or derivative activity, and contractual or agreement-related materials. Moreover, these terms are intended to supplement—not replace—Plaintiffs' proposed terms and must be run in combination to ensure adequate recall. agilon Defendants reserve the right to supplement these terms once Plaintiffs identify the RFPs for which they are agreeing to produce documents.

## IV.    Time Periods

Plaintiffs' proposed timeframes—particularly for North Atlantic—do not cover the full alleged class period (April 15, 2021, through February 27, 2024). Plaintiffs must, at minimum, apply search parameters covering the entire class period, and should extend the end date through a reasonable post-disclosure period to capture contemporaneous analyses and internal reactions to the alleged corrective disclosures. agilon Defendants accordingly propose searching February 1, 2021, through April 30, 2024, for North Carolina and April 15, 2021, through April 30, 2024, for North Atlantic.

agilon Defendants remain willing to meet and confer regarding custodians, search terms, and proportionality considerations. But Plaintiffs must provide a proposal that meaningfully addresses the scope of Defendants' RFPs and complies with their obligations under Rules 26 and 34. To facilitate a meaningful meet-and-confer, Plaintiffs must confirm:

1. Which RFPs their proposed searches are intended to address;

2. Whether Plaintiffs intend to conduct searches beyond the limited categories of documents previously identified in their responses and objections; and

3. The sources from which documents will be collected, including whether materials received from investment managers, consultants, or other third parties will be included.



Lucas F. Olts
March 19, 2026
Page 7

Absent confirmation on these points, agilon Defendants will not be in a position to assess the adequacy of Plaintiffs' search or production. agilon Defendants reserve all rights and waive none.

Please let us know your availability to discuss.

Sincerely,

Mason Parham

MP