# EXHIBIT M

## Robbins Geller Rudman & Dowd LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Lucas F. Olts
lolts@rgrdlaw.com

April 1, 2026

<u>VIA EMAIL</u>
<u>mparham@sidley.com</u>

Mason Parham
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL  60603

> Re:    *In re agilon health, inc. Securities Litigation*,
>         No. 1:24-cv-00297 (W.D. Tex.)

Dear Counsel:

We write in response to your March 19, 2026 letter and the ongoing discussions regarding Plaintiffs' document production.

To address the questions posed at the conclusion of your March 19 letter, while Plaintiffs continue to stand on their objections and responses to Defendants RFPs, in an effort to compromise and move discovery forward, Plaintiffs are willing to produce non-privileged documents from the custodial files we have proposed that hit on Plaintiffs' proposed search terms and time limitations, directly relate to the upheld allegations against Defendants in the Complaint, discuss agilon, and are responsive to Defendants' RFP Nos. 2,  6,  10, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 31, 39, 49, and 51.

**Custodians**.  Plaintiffs' proposed custodians are sufficient and proportional.  They provide appropriate coverage for the issues in the case, including communications with Plaintiffs' relevant investment managers regarding the alleged investments in agilon common stock, especially considering the non-custodial documents Plaintiffs have gathered and are producing.  Defendants' additional proposed custodians add no meaningful additional coverage on relevant issues, and are not remotely proportional.

**Search Terms**.  Defendants' proposed search terms are not proportional or designed to identify relevant documents.  As you know, all of Plaintiffs' transactions in agilon stock were conducted by their investment managers, and they made all of the investment decisions.  Plaintiffs' search terms were crafted to search for (and Plaintiffs have agreed to produce) documents that mention both agilon and the investment managers, and documents related to Plaintiffs' investment in agilon.  Applying such searches as "physician* w/5 utiliz*" to Plaintiffs' documents will simply yield irrelevant documents and is a waste of everyone's resources.

4907-1504-3229.v1

655 West Broadway, Suite 1900   San Diego, CA 92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

April 1, 2026
Page 2

      **Time Frame**. Your letter states that Plaintiffs' proposed time frames "do not cover the full alleged class period," which is not true. The proposed timeframe for both Indiana and North Carolina starts more than two months before the class period (and before those Plaintiffs' first alleged purchases of agilon stock), and goes through the end of the class period. The timeframe for North Atlantic is also more than two months before their first alleged purchase of agilon stock, and goes through the end of the class period. These proposed timeframes are more than sufficient to capture relevant documents.

                    Sincerely,

                    LUCAS F. OLTS

LFO:cac

4907-1504-3229.v1