UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

PLAINTIFFS' OPPOSED MOTION TO COMPEL THE PRODUCTION
OF DOCUMENTS FROM THE CD&R DEFENDANTS

**[REDACTED]**

4908-7125-0334.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     BACKGROUND TO THE DISPUTE............................................................................2

III.    ARGUMENT............................................................................................................5

      A.      Defendants Should Collect and Produce Documents from the Additional
Custodians..................................................................................................5

      B.      CD&R Defendants Fail to Demonstrate that Producing the Additional
Custodians' Documents Would Be Unduly Burdensome or
Disproportionate ........................................................................................8

IV.     CONCLUSION..........................................................................................................9

4908-7125-0334.v1

Plaintiffs respectfully seek an order compelling Defendants Clayton, Dubilier & Rice, LLC ("CD&R LLC"), CD&R Investment Associates IX, Ltd. ("CD&R Investment Associates"), CD&R Vector Holdings, L.P. ("CD&R Vector"), and CD&R Associates IX, L.P. ("CD&R Associates," and together, "CD&R Defendants") to produce documents from the files of six additional document custodians, for a total of 12 document custodians.[1]

## I.    INTRODUCTION

Before the Court is a narrow dispute.  The CD&R Defendants argued in their motion to dismiss that they must be treated as four distinct entities, and Plaintiffs' failure to allege facts with respect to each individual entity required dismissal.  ECF 54 at 2, 4, 10-11 ("the CD&R Entities differ in important ways . . . [and Plaintiffs] fail to allege facts specific to each entity").  The Court rejected this argument, holding that the Complaint sufficiently alleged facts demonstrating the CD&R Defendants violated §§20(a) and 20A.  ECF 63 at 87-88.

But now that Plaintiffs must gather evidence to prove their allegations, the CD&R Defendants refuse to search and produce documents from each of the entities' relevant officers. With a single exception, the CD&R Defendants have restricted their document custodians to individuals **only** at CD&R LLC.  The CD&R Defendants' position is unreasonably limited and arbitrarily excludes highly relevant individuals discussed in the Complaint and directly tied to Plaintiffs' upheld §§20(a) control person claims and 20A insider trading claims.  Plaintiffs' proposal includes the highest level officers at the **only two** CD&R Defendant entities that had employees during the relevant time period – CD&R LLC and CD&R Investment Associates, and also includes members of the highly relevant CD&R Investment Committee, who had the authority to invest and

---

[1]    All capitalized termed not defined herein are the same as in the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 36) (the "Complaint"), unless otherwise noted.  All "¶__" cites are to the Complaint.  Emphasis is added and citations are omitted throughout unless otherwise indicated.

4908-7125-0334.v1

make voting decisions with respect to CD&R Vector's shares of agilon stock. The document custodians must encompass the executives and officers who managed and made decisions for each of the CD&R Defendants.

Specifically, Plaintiffs request that the CD&R Defendants add the following six individuals as document custodians (the "Additional Custodians"): (i) Donald Gogel ("Gogel"), the Chairman of CD&R LLC, and ▮▮▮▮▮▮ Director of CD&R Investment Associates; (ii) Nathan K. Sleeper ("Sleeper"), the CEO of CD&R LLC, and ▮▮▮▮▮ Director of CD&R Investment Associates; (iii) David Novak ("Novak"), the Co-President of ▮▮ CD&R LLC ▮▮▮▮▮▮▮▮▮▮▮; (iv) Rima Simson ("Simson"), the Vice President, Treasurer, and Secretary of CD&R Investment Associates; (v) Theresa Gore ("Gore"), the CFO and VP of CD&R LLC, and the VP of CD&R Investment Associates; and (vi) Jillian Griffith s ("Griffiths"), the CFO of CD&R LLC, and the CFO and VP of CD&R Investment Associates.

The CD&R Defendants do not seriously dispute the relevance of these custodians. Nor do the CD&R Defendants shoulder their burden of demonstrating Plaintiffs' request is unduly burdensome or disproportionate, particularly given the more than *$2.7 billion* in insider trading claims against the CD&R Defendants.

In sum, 12 total document custodians is reasonably tailored and appropriate under Rule 26. The custodial files of the six Additional Custodians must be searched and produced so that Plaintiffs may develop the factual record as to their upheld §§20(a) control person claims and 20A insider trading claims against the CD&R Defendants, and contest the CD&R Defendants' asserted defenses. ECF 63 at 87-88. The motion should be granted.

## II.    BACKGROUND TO THE DISPUTE

On August 15, 2025, the Court upheld Plaintiffs' claims against the CD&R Defendants for violations of §§20(a) and 20A of the Exchange Act. ECF 63 at 87-88. To facilitate conferral over

the CD&R Defendants' document custodians, Plaintiffs sought the CD&R Defendants' organizational charts (among other categories of documents) in September 2025.  Ex. A at 12-13. Having received no documents (other than insurance policies) from the CD&R Defendants by mid-January 2026, Plaintiffs served the CD&R Defendants with an interrogatory seeking the identities of its "Investment Committee" members and other persons that "made or participated in the making of investment, selling, or voting decisions with respect to [the CD&R Defendants'] agilon shares."  Ex. B at 5.

For context, while CD&R's insiders occupied agilon's Board of Directors, agilon issued SEC filings representing that:

> ***Investment and voting decisions*** with respect to the shares held by CD&R Vector Holdings, L.P. ***are made by an investment committee*** of limited partners of CD&R Associates IX, L.P., currently consisting of more than ten individuals, each of whom is also an investment professional of Clayton, Dubilier & Rice, LLC.[2]

In answering the Complaint, the CD&R Defendants "admit[ted] that CD&R Associates had an investment committee comprised of professionals associated with CD&R LLC," and "respectfully refer[red] the Court to agilon's statements concerning the CD&R Defendants for their full and accurate contents."  ECF 74 at 9; ECF 73 at 11 (agilon Defendants: "CD&R Associates had an investment committee comprised of professionals associated with CD&R LLC").  None of the Defendants have represented to Plaintiffs that the statement above from agilon's SEC filings was untrue.

On January 17, 2026, the CD&R Defendants sent Plaintiffs an initial proposal of five document custodians.  Ex. G.[3]  On January 30, 2026, the CD&R Defendants produced a document

---

[2]    Ex. C at 35; Ex. D at 70; Ex. E at 55.  CD&R's website identified some of the "Investment Committee" members, including Gogel and Novak.  Ex. F at Appendix A.

[3]    The CD&R Defendants added the following five individuals as custodians: (i) Derek Strum, "former CD&R partner" and from 2017-2023 former agilon health board member; (ii) Clay Richards, "CD&R operating partner" and from 2021-2023 former agilon health board member; (iii)

- 3 -

listing CD&R Investment Associates' directors and officers during the Class Period. Ex. I. CD&R Investment Associates was the "General Partner" of CD&R Vector during the relevant period. *Id.*; ¶¶52, 54; ECF 74 at 8 (CD&R Defendants "admit that CD&R Investment Associates is the general partner of Vector and Donald Gogel and Nathan Sleeper were officers and directors of CD&R Investment Associates during the alleged class period."); ECF 73 at 11 (agilon Defendants admitting the same).

Exhibit I is the only document (other than insurance policies) the CD&R Defendants have produced to date.[4] During conferral, CD&R Defendants disclosed that only two of the four CD&R Defendants – CD&R LLC and CD&R Investment Associates – had employees during the Class Period, and that CD&R Vector and CD&R Associates did not have employees. Ex. L.

Plaintiffs responded to CD&R Defendants' January 17, 2026 proposal by: (i) proposing the six Additional Custodians; and (ii) asking the CD&R Defendants to identify the members of the Investment Committee and "deal team" in order to facilitate the parties' conferral over custodians. Ex. O at 1-2.[5] Shortly thereafter, the CD&R Defendants proposed a sixth custodian, Dan Malconian (Ex. H), and represented that they "have no objection to providing the names of the members of the investment committee during the relevant period" and that counsel was "working on pulling the names together." Ex. P.

---

Ronald Williams, "CD&R operating partner" and agilon health board member; (iv) Ravi Sachdev, "CD&R partner" and agilon health board member; and (v) Richard Schnall, "CD&R [Investment Associates] co-president", former agilon health board member from 2017-2023, and Investment Committee and agilon "deal team" member. *See also* Ex. H; Ex. I at -0389.

[4]    Following Plaintiffs' initial September 2025 request, Plaintiffs asked the CD&R Defendants for a directory for CD&R LLC on December 11, 2025, January 27, 2026, February 2, 2026, February 17, 2026, and February 26, 2026. Ex. J; Ex. K; Ex. L; Ex. M; Ex. N.

[5]    The CD&R Defendants represented on February 6, 2026 that the Investment Committee had delegated its sales decision-making power (not necessarily all relevant investment decisions) regarding agilon to the "deal team". Ex. F at 3-4.

- 4 -

On February 13, 2026, the CD&R Defendants responded to Plaintiffs' interrogatory by listing █████████████████████████████████████████████, and refusing to identify the persons who "made or participated in the making of investment" decisions or "voting decisions with respect to agilon shares." Ex. Q at 6.

After agreeing to provide their final "position with respect to the additional custodians [Plaintiffs] proposed in [their] January 31, 2026 letter," the CD&R Defendants informed Plaintiffs on March 11, 2026 that they would not include any of Plaintiffs' six proposed custodians from January 31, 2026. Ex. N; Ex. R. The CD&R Defendants also stated they were "unable to identify exactly who would have served on the [Investment] committee" because "an investment committee was not convened for agilon during the proposed class period." *Id.*

## III.    ARGUMENT

### A.    Defendants Should Collect and Produce Documents from the Additional Custodians

In moving to dismiss the Complaint, the CD&R Defendants repeatedly argued that each CD&R Defendant was "separate" and "distinct" from one another, and that Plaintiffs were obligated to produce "facts" as to each CD&R Defendant. *See, e.g.*, ECF 54 at 2 ("the Complaint names four separate and distinct CD&R Entities as defendants . . . [i]n fact, the CD&R Entities differ in important ways"); *id.* at 4 ("the four CD&R Entities are separate and distinct legal entities . . . [Plaintiffs] fail to allege facts specific to each entity"); ECF 60 at 2 ("It is Plaintiffs' burden to plead each element of their claims as to each defendant."); *id.* at 7 (Plaintiffs "make no effort to allege facts specific to each of the[ the CD&R Defendants]"). The CD&R Defendants repeated these arguments when they sought reconsideration of the Court's order upholding Plaintiffs' §§20(a) and 20A claims. ECF 66 at 3 ("the four CD&R Entities are separate and distinct legal entities"); *id.* at 6 ("Plaintiffs must 'plead with specificity what material nonpublic information was ever possessed' by Vector."); *id.* at 7 ("Plaintiffs 'must allege actual knowledge by the defendant'").

- 5 -

Following the Court's order upholding §§20(a) and 20A claims against the four CD&R Defendants, Plaintiffs issued various requests seeking documents from each of the CD&R Defendants.  In conferring on Plaintiffs' requests, CD&R Defendants disclosed to Plaintiffs that although CD&R LLC and CD&R Investment Associates had employees during the Class Period, Vector and CD&R Associates had none.  Ex. L.

Plaintiffs now seek to add as custodians six directors and officers of CD&R Investment Associates – Vector's General Partner during the Class Period.  Three of these six individuals were members of the Investment Committee, which "consist[ed] of more than ten individuals" and "made . . . *[i]nvestment and voting decisions* with respect to the shares held by CD&R Vector." *Supra* §II. These six individuals are highly likely to have documents relevant to Plaintiffs' upheld §§20(a) and 20A claims.  ECF 63 at 87-88.

*First*, Gogel and Sleeper should be custodians.  Gogel was Chairman of CD&R LLC, ████████████████████████████, and a member of the Investment Committee during the Class Period.  Ex. S; Ex. I.  Sleeper was the CEO of CD&R LLC and the ███████████████ ████████, and a member of the Investment Committee during the Class Period.  Ex. T; Ex. I. Gogel and Sleeper were also the only two directors of CD&R Investment Associates during the Class Period.  ¶¶52, 54; Ex. I.  Furthermore, agilon's SEC filings represented that CD&R Investment Associates, Gogel, and Sleeper could be "deemed to share beneficial ownership of the [agilon] shares" held by CD&R Vector during the Class Period.  Ex. U at S-24; ¶¶52, 54.  Gogel and Sleeper – both of whom were responsible for managing Vector's General Partner – are highly likely to have relevant information probative of Plaintiffs' §§20(a) and 20A claims and the asserted defenses.  Ex. D at 71 ("CD&R Investment Associates IX, Ltd. is managed by two directors, Donald J. Gogel and Nathan K. Sleeper"); Ex. E at 55 (same).

***Second***, Novak should be a custodian.  Novak was Co-President of CD&R LLC, ███████████████████████████, and a member of the Investment Committee during the Class Period.  Ex. F at 4, Appendix A.  Given his important management roles, and membership on the Investment Committee, Novak's files would likely contain information relevant to Plaintiffs' insider trading and control person claims against the CD&R Defendants.  *Id.*  Adding Gogel and Novak is also reasonable given they would comprise less than one fifth of the Investment Committee's membership.  *Supra* §II. (Investment Committee has "more than ten individuals").

***Third***, Simson, Gore, and Griffiths should be custodians.  Simson was Vice President, Treasurer, and Secretary of CD&R Investment Associates during the Class Period, and is currently Director, Fund Controller at CD&R LLC.  ECF 98-9 at 17.  Simson signed the Stockholder's Agreement on behalf of Vector and CD&R Investment Associates, which Plaintiffs allege supplied the CD&R Defendants with access to agilon's coveted non-public information.  *Id.*; ¶¶302-304, 306 n.12; *see* ECF 63 at 86-87 ("Plaintiffs have sufficiently alleged that the Stockholders Agreement supplied CD&R with access to agilon's non-public books and records, financial statements, business plans, budgets, projections, and other material information."); *id.* at 81 (citing to ¶302), 82 ("Plaintiffs have sufficiently alleged . . . [that] the CD&R Defendants . . . had control[]").  Gore was VP of CD&R Investment Associates, as well as CFO and VP of CD&R LLC, until near the end of 2021.  Ex. I; Ex. V at Ex. 10.3.  Griffiths succeeded Gore in late 2021, becoming CFO of CD&R LLC and CD&R Investment Associates.  Like Simson, Griffiths executed documents on behalf of CD&R Investment Associates and CD&R Vector, including SEC forms reporting the CD&R Defendants' $1.95 billion sale of agilon stock in May 2023.  Ex. W; Ex. X.

- 7 -

**B.    CD&R Defendants Fail to Demonstrate that Producing the Additional Custodians' Documents Would Be Unduly Burdensome or Disproportionate**

With relevance established, the burden shifts to the CD&R Defendants to "show specifically how each . . . request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dall.*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (resisting party must produce "affidavits or offer[] evidence revealing the nature of the burden").  The CD&R Defendants haven't even attempted to make this showing, let alone provide any "specifics" to substantiate their burden objection. *See Chapa v. Am. Airlines Grp., Inc.*, 2022 WL 7710553, at *3 (S.D. Tex. Sep. 7, 2022).

Neither have the CD&R Defendants demonstrated the requested discovery is disproportionate.  *See Edwards v. McDermott Int'l, Inc.*, 2022 WL 1568279, at *2 (S.D. Tex. May 18, 2022) (listing factors courts weigh is assessing proportionality: (i) the importance of the issues at stake in the action; (ii) the amount in controversy; (iii) the parties' relative access to relevant information; (iv) the parties' resources; (v) the importance of the discovery in resolving the issues; and (vi) whether the burden or expense of the proposed discovery outweighs its likely benefit).  Nor can the CD&R Defendants make this showing.  The CD&R Defendants face control person claims for violations of §10(b), and insider trading claims for *$2.7 billion* in stock sales that the Court recognized "were particularly suspicious given [their] very large size and timing."  ECF 63 at 62.  The CD&R Defendants' resources are considerable, and the importance of the documents Plaintiffs seek from the Additional Custodians is beyond reasonable dispute.  The issues here, to protect investors against this massive alleged fraud, are "undoubtedly important." *See In re Concho Res., Inc. Sec. Litig.*, 2025 WL 2899518, at *3 (S.D. Tex. Oct. 10, 2025) (citing *Edwards v. McDermott Int'l, Inc.*, 2022 WL 1568279 at *2 (S.D. Tex. May 18, 2022)).

Further, Plaintiffs' request for a total of 12 document custodians is perfectly reasonable in comparison to the large number of custodians courts order in similar cases. *Edwards v. McDermott*

- 8 -

4908-7125-0334.v1

*Int'l, Inc.*, 2021 WL 5121853, at *2-*3 (S.D. Tex. Nov. 4, 2021) (ordering search of 50 custodians in securities fraud case given its "size and scope" and permitting expansion as needed); *In re Envision Healthcare Corp. Sec. Litig.*, 2020 WL 6750397, at *6 (M.D. Tenn. 2020) (ordering search of 22 additional custodians in securities class action for a total 79 custodians); *U.S. ex rel. Long v. Janssen Biotech, Inc.*, 2022 WL 488493, at *5-*6 (D. Mass. Feb. 17, 2022), *aff'd in part, rev'd in part*, 2022 WL 4124017 (D. Mass. Sep. 9, 2022) (granting 12 additional custodians, for a total of 35, in complex False Claims Act litigation involving over $100 million in alleged damages, and citing multiple decisions approving similar or larger custodian counts).

Thus, the CD&R Defendants come woefully short in establishing that production from the files of this small and tailored set of six individuals would be unduly burdensome or disproportionate to the needs of the case.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order the CD&R Defendants to produce documents from the custodial files of Donald Gogel, Nathan K. Sleeper, David Novak, Rima Simson, Theresa Gore, and Jillian Griffiths.

DATED:  April 8, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS
(admitted *pro hac vice*)
CHRISTOPHER D. STEWART
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)
JACK K. SCOTT
(admitted *pro hac vice*)

s/ Lucas F. Olts
LUCAS F. OLTS

- 9 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
egonzalez@rgrdlaw.com
jscott@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 10 -

4908-7125-0334.v1

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Plaintiffs, the Retirement Systems, in this action and that on April 8, 2026, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

s/ Lucas F. Olts

LUCAS F. OLTS

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), on February 6, 2026 and February 23, 2026, counsel for the parties conferred regarding the relief requested in this motion, and the CD&R Defendants opposed the requested relief.  *See* Ex. H; Ex. F at 3-4; Ex. Y; Ex. R.

s/ Lucas F. Olts

LUCAS F. OLTS

4908-7125-0334.v1