# EXHIBIT B

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § | Master File No. 1:24-cv-00297-DAE |
| | § | CLASS ACTION |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |
| | § | |

LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE CD&R DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 33, Lead Plaintiffs Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans (the "North Carolina Funds"), Indiana Public Retirement System ("Indiana"), and the North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund's (the "North Atlantic Carpenters Funds") (collectively, "Plaintiffs") hereby request that Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P. (the "Answering Parties") answer the following interrogatory in writing under oath within 30 days of the date of service. Plaintiffs request that such answers be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

## I.    DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.    The "Action" refers to the lawsuit captioned *In re agilon health, inc. Securities Litigation*, No. 1:24-cv-00297-DAE, pending in the United States District Court for the Western District of Texas.

2.    "All" means "any and all"; "any" means "any and all."   "Including" means "including, but not limited to."

3.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.    "agilon" or the "Company" refers to, without limitation, agilon health, Inc., any of its direct or indirect subsidiaries, divisions, units, departments, or affiliates, joint ventures, limited liability companies, partnerships, limited partnerships, predecessors, successors, present and former

- 1 -

officers, directors, principals, partners, employees, representatives, intermediaries, agents, consultants, accountants, and advisors, and all other persons acting or purporting to act on its behalf.

5.    "CD&R Defendant" refers to Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P. ("CD&R Vector"), CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P.

6.    "CD&R Defendant Employee" refers to, without limitation, present and former officers, directors, principals, partners, employees, representatives, intermediaries, agents, consultants, accountants, and advisors, and all other persons acting or purporting to act on the behalf of any CD&R Defendant.

7.    "Complaint" means the Consolidated Complaint for Violations of the Federal Securities Laws, filed in the Action on September 6, 2024, or any amended complaint that is subsequently filed in the Action.

8.    "Describe" means to set forth fully the facts, circumstances, analysis, opinion, and other information relating to the subject matter of a specific Interrogatory.

9.    "Identify" means the following:

(a)    With respect to persons, "Identify" means to give, to the extent known, the person's full name, present or last known address, email address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

(b)    With respect to documents, "Identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s); and

- 2 -

(c)    When used in reference to a course of conduct, "Identify" means to furnish the names, employer(s), title(s)/position(s), and dates of employment of all persons who participated.

10.    "Investment Committee" means the committee of limited partners of CD&R Associates IX, L.P. who made investment and voting decisions with respect to the shares held by CD&R Vector Holdings, L.P., as described in ¶53 of the Complaint and agilon's SEC filings, including, but not limited to, the agilon health 2023 Proxy Statement, filed with the SEC on April 14, 2023, at 70 ("Investment and voting decisions with respect to the shares held by CD&R Vector Holdings, L.P. are made by an investment committee of limited partners of CD&R Associates IX, L.P., currently consisting of more than ten individuals, each of whom is also an investment professional of Clayton, Dubilier & Rice, LLC").

11.    "Person(s)" means any natural person or business, legal, or governmental entity, or association.

12.    "SEC" means the United States Securities and Exchange Commission.

13.    "You" or "your" means the person or entity responding to these Interrogatories.

14.    The present tense includes the past and future tenses.  The singular includes the plural, and the disjunctive shall include the conjunctive, and vice versa.  Words in the masculine, feminine, or neuter form shall include each of the other genders.

## II.    INSTRUCTIONS

1.    Pursuant to Federal Rules of Civil Procedure 26(e), this interrogatory is continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, Plaintiffs direct that you serve supplemental answers upon them in a timely manner after acquiring such additional knowledge or information.

2.    If the person who verifies the answers to the interrogatory does not have personal knowledge of the information contained in the answers, that person shall, for each answer not

- 3 -

verified by personal knowledge, identify the person or persons from whom the information was obtained or, if the source of information is documentary, provide a full description including the location thereof.

3.      If at any time after answering this interrogatory you determine that an answer you provided was incorrect or otherwise inaccurate, you must immediately notify Plaintiffs' counsel and provide amended answers as soon as reasonably possible.

4.      If you refuse to respond to any of this interrogatory based on a claim of privilege or confidentiality, you must provide a statement of the claim of privilege (including work product) and all facts upon which you relied in support of that claim, including the parties involved; any dates involved; the relevant subject matter of the privileged material; any documents or oral communications supporting the privileged information, including the dates, authors, recipients, title and subject matter; and the present location of any documents involved.  In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

5.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated entities, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients, or other representatives of affiliated third parties.

6.      If you answer any interrogatory by reference to business records pursuant to Federal Rules of Civil Procedure 33(d), identify such records by Bates number and the name(s) of your employee(s) certifying the documents as business records for purposes of answering the interrogatory.

7.      Plaintiffs reserve the right to propound additional interrogatories.

## III.    RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the interrogatories herein refer to the period from April 15, 2021 through May 31, 2024 (the "Relevant Period"), and shall include documents and

- 4 -

information that relate to such period, even though prepared or published outside of the Relevant Period.

## IV.    INTERROGATORIES

INTERROGATORY NO. 1:

For each CD&R Defendant Employee, Investment Committee member, or other person that made or participated in the making of investment, selling, or voting decisions with respect to agilon shares held by any CD&R Defendant: (i) identify the person's name, employer(s), title(s)/position(s), and dates of employment; and (ii) describe the person's participation in the making of investment, selling, or voting decisions with respect to agilon shares held by the CD&R Defendant.

DATED:  January 14, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS
(admitted *pro hac vice*)
CHRISTOPHER D. STEWART
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)

_____
          CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

- 5 -

4915-6265-2288.v1

- 6 -

Local Counsel

4915-6265-2288.v1

## DECLARATION OF SERVICE BY EMAIL

I, WILLIAM GRAVITT, not a party to the within action, hereby declare that on January 14, 2026, I caused to be served the attached LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE CD&R DEFENDANTS by email on the parties to the within action addressed, as follows:

COUNSEL FOR PLAINTIFF RETIREMENT SYSTEMS:

| ROBBINS GELLER RUDMAN & DOWD LLP | |
|---|---|
| Lucas F. Olts | LOlts@rgrdlaw.com |
| Christopher D. Stewart | CStewart@rgrdlaw.com |
| Evelyn Sanchez Gonzalez | egonzalez@rgrdlaw.com |
| **KENDALL LAW GROUP, PLLC** | |
| Joe Kendall | jkendall@kendalllawgroup.com |

ATTORNEYS FOR DEFENDANTS AGILON HEALTH, INC., STEVEN J. SELL, TIMOTHY S. BENSLEY, HEIDI HITTNER, AND GIRISH VENKATACHALIAH:

| SIDLEY AUSTIN LLP | |
|---|---|
| Yolanda C. Garcia | ygarcia@sidley.com |
| Mason Parham | mparham@sidley.com |
| Barret V. Armbruster | barmbruster@sidley.com |

ATTORNEYS FOR DEFENDANTS CLAYTON, DUBILIER & RICE, LLC, CD&R VECTOR HOLDINGS, L.P., CD&R INVESTMENT ASSOCIATES IX, LTD., CD&R ASSOCIATES IX, L.P.:

| DEBEVOISE & PLIMPTON LLP | |
|---|---|
| Maeve L. O'Connor | mloconnor@debevoise.com |
| Elliot Greenfield | egreenfield@debevoise.com |
| Brandon Fetzer | bfetzer@debevoise.com |
| **SCOTT DOUGLASS & McCONNICO LLP** | |
| Santosh Aravind | saravind@scottdoug.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 14, 2026, at San Diego, California.

WILLIAM GRAVITT

- 1 -

4915-6265-2288.v1