# EXHIBIT F

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Christopher D. Stewart
cstewart@rgrdlaw.com

February 9, 2026

<u>VIA EMAIL</u>

Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001

Re:    *In re agilon health, inc. Securities Litigation*,
No. 1:24-cv-00297 (W.D. Tex.)

Dear Counsel:

I write to memorialize our February 6, 2026 meet-and-confer concerning Plaintiffs' First Request for Production of Documents to CD&R Defendants (the "RFPs"). We are prepared to seek the Court's intervention where we have reached an impasse. However, if your position has changed as to any of the below issues, please let us know by the close of business on Tuesday, February 10, 2026.

**A.    RFP Nos. 7-8**

The parties are at an impasse on RFP Nos. 7-8. Although the CD&R Defendants' internal valuations of and communications concerning agilon, and CD&R's communications with investors, clients, or partners concerning agilon, are highly relevant to Plaintiffs' claims against the CD&R Defendants for violations of §§20A and 20(a) of the Securities Exchange Act of 1934, the CD&R Defendants refuse to produce responsive documents on the basis of relevance. Your position is that while documents and communications concerning the CD&R Defendants' specific sales of agilon stock at issue are relevant, documents leading up to those sales that may have informed the CD&R Defendants' internal valuation of agilon or decision to sell agilon stock, but nevertheless do not specifically mention the sales at issue, are not relevant. You will not run any targeted searches for documents responsive to RFP Nos. 7-8, and will withhold documents on a basis of relevance that hit on agreed upon search terms but do not mention the specific sales at issue. B. Fetzer 2-5-26 Email.

For the reasons stated in conferral and in our December 11, 2025 Letter and on our February 6, 2026 call, we disagree with your refusal to run targeted searches and produce documents responsive to RFP Nos. 7-8.

655 West Broadway, Suite 1900    San Diego, CA 92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
February 9, 2026
Page 2


If the CD&R Defendants no longer stand on this position and agree to search for and produce documents responsive to RFP Nos. 7-8, including those not directly tied to the alleged sales of agilon stock on September 14, 2021, August 11, 2022, and May 18, 2023, please let us know by the close of business on Tuesday, February 10, 2026.

### B.    RFP No. 10

The parties are at an impasse on RFP No. 10 regarding the CD&R Defendants' refusal to produce documents and communications concerning CD&R Defendants' potential exit of their agilon stock.  We disagree with your proposal to search for and produce only documents concerning CD&R Defendants' discussions with an "identifiable third party" concerning "the sale of agilon stock."   B. Fetzer 2-5-26 Email.   During our February 6, 2026 call, you explained that an "identifiable third party" is a party that made an actual offer, a deal, or a proposed deal to the CD&R Defendants regarding their investment in agilon.  You stated that the deal would have to be "concrete" and that internal discussions about a contemplated sale of agilon stock would not be produced.  We explained that internal discussions about a proposed or contemplated sale of agilon stock are highly relevant, and that the existence of an "identifiable third party" does not create any meaningful distinction as to relevance.

If the CD&R Defendants no longer stand on this position and agree to search for and produce documents responsive to RFP No. 10, including those that do not strictly involve an "identifiable third party" and a "concrete" deal, please let us know by the close of business on Tuesday, February 10, 2026.

### C.    RFP No. 16

Objecting based on relevance, burden, and disproportionality, the CD&R Defendants continue to refuse to produce documents responsive to RFP No. 16, employment agreements of the CD&R insiders that sat on agilon's Board of Directors during the Class Period and documents sufficient to show their annual compensation from the CD&R Defendants.  *See* C. Stewart 12-11-25 Ltr. at 5; E. Greenfield 1-5-26 Ltr. at 5.  We maintain that these are highly relevant to Plaintiffs' upheld §20A insider trading claims and §20(a) control claims, and Defendants' defenses to those claims.  ECF 63 at 87-88.

If the CD&R Defendants no longer stand on this position and agree to search for and produce documents responsive to RFP No. 16, please let us know by the close of business on Tuesday, February 10, 2026.

**Robbins Geller**
**Rudman & Dowd** LLP

Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
February 9, 2026
Page 3

### D.     Relevant Time Period ("RTP")

The parties remain at an impasse on the beginning and end of the RTP for purposes of document discovery from the CD&R Defendants.  Plaintiffs' first RFP included an RTP of January 1, 2021 through May 31, 2024 – 3.5 months before the start of the Class Period and 3 months after the Class Period.  The CD&R Defendants refused to search for and produce documents dated before April 15, 2021, or after May 31, 2023.  Although we have offered to narrow the time period to begin on February 15, 2021 (*see* January 31, 2026 Letter) and end on February 27, 2024 (the end of the Class Period), you rejected both of our proposals, without providing any reasonable counterproposal.  You have only offered to extend the time period through June 30, 2023 to cover one narrow category of documents (resignations of Clay Richards, Richard J. Schnall, and Derek L. Strum from agilon's Board of Directors in June of 2023).  This is plainly insufficient.  As stated during conferral, the CD&R Defendants are Defendants *for the entire Class Period* – as §10(b) liability post-dating May 31, 2023 is live.  Even if the CD&R Defendants are not liable for additional misstatements or omissions under §10(b) that were issued after May 31, 2023, case law is clear that the period of liability does not determine the scope of relevance for discovery purposes. *See* C. Stewart 1-31-26 Ltr. at 3 (citing cases).  Further, you raise affirmative defenses that *necessitate* discovery related to (*inter alia*) falsity, damages, and loss causation events on November 2, 2023, January 5, 2024, and February 27, 2024, and during conferral you said you were not waiving these defenses.  ECF 74 at 54-56; Complaint, ¶¶195-211; *see also* C. Stewart 1-31-26 Ltr. at 3.

Although you stated that documents dated before April 15, 2021 or after May 31, 2023 are not relevant (with the exception referenced above), and that production of such documents would pose an undue burden and also be disproportionate to the needs of the case, you have not and do not plan to run search terms through the end of the Class Period to assess any burden.

If the CD&R Defendants now agree to review and produce documents with an RTP of February 15, 2021 through February 27, 2024, please let us know by the close of business on Tuesday, February 10, 2026.

### E.     Investment Committee and Deal Team

*Investment Committee*.  You represented during our call that the Investment Committee, composed of 11 members, was a committee of limited partners of CD&R Associates IX, L.P., whose responsibilities included vetting and approving the "initial" investment in agilon.  You also stated that the Investment Committee delegated its sales decision-making power regarding agilon to the "Deal Team."  The Investment Committee and Deal Team held formal meetings about agilon,

**Robbins Geller**
**Rudman & Dowd** LLP

Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
February 9, 2026
Page 4

and "Senior Members" of the Deal Team ultimately made the relevant sales decisions.  Richard Schnall was a member of both the Investment Committee and Deal Team.

During conferral, you said you would get back to us on:

(i) whether the CD&R Defendants will provide the names of the Investment Committee members, and whether any of those names overlapped with members of the Deal Team (such as Mr. Schnall), or the names of the custodians Plaintiffs proposed on January 31, 2026 (for example, CD&R's website identifies proposed custodians Donald J. Gogel and David A. Novak as "member[s] of the Investment Committee", *see* appendix A); and

(ii) whether the Investment Committee received or produced documents concerning meetings held with the Deal Team, such as meeting minutes or board materials concerning agilon.

As during conferral you were not clear as to whether you had conducted a search for these documents, please also investigate whether there are documents sufficient to show the title descriptions and hierarchical relationships among each other of: Senior Member; Principal; Associate; Counsel; and/or Partner.  Please produce these documents if there are any.

***Associates on the agilon Deal Team***.  You represented that you would get back to us on whether you will provide the total number of "associates" on the Deal Team and their respective names.

### F.    Other Matters

***Data Collection***.  You represented that with the exception as to one individual, you have collected – but not yet searched – the personal emails of the five CD&R individuals who sat on agilon's Board of Directors during the Class Period (*i.e.*, Ronald A. Williams, Clay Richards, Ravi Sachdev, Richard J. Schnall, and Derek L. Strum); you did not recall the name of the individual whose personal emails were not yet collected.  You stated that while your previous hit report did not include the CD&R individuals' data, your next hit report will include it.  You confirmed the cell phone data of these five CD&R individuals has been collected.

***Application of Search Terms to Text Messages***.  You represented that search terms have been applied to text messages in 24-hour increments, and that each 24-hour increment will be treated as its own document for purposes of applying search terms.

***SharePoint Folder***.  You agreed to provide more details regarding the contents and production of materials from the SharePoint folder you first referenced in your February 5, 2026

4909-3284-6222.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
February 9, 2026
Page 5

Email.  Please provide a relevant description of the folder, including answering: (i) what categories of relevant documents lie within; and (ii) whether the Investment Committee and/or Deal Team had access to it.

During conferral, you stated that the only limitation you plan to apply to the folder is with regard to "date limitations."  Thus, please confirm that no search terms will be applied, and provide a hit count of this folder in your next hit report.

***Hit Report***.  You represented that you would provide a hit report – in the "next couple of days" following the February 6, 2026 call – applying Plaintiffs' search terms from our January 31, 2026 Letter, but using the original custodians you proposed in your January 17, 2026 Email, and your proposed time period.

Very truly yours,

CHRISTOPHER D. STEWART

CDS:mmh

4909-3284-6222.v1

# APPENDIX A

Case 1:24-cv-00297-DAE    Document 107-7    Filed 04/08/26    Page 8 of 13

LP Login    Search    ☰ Menu



# Donald J. Gogel

Chairman

Donald J. Gogel joined the Firm in 1989. He was Chief Executive Officer from 1998 to 2019 and has served as Chairman since 2012. He is a member of the Investment Committee and plays an active role in shaping the Firm's strategy, recruiting talent, sourcing new investment opportunities, participating in portfolio company operating reviews, and leading portfolio company CEO roundtables. Donald led several of the Firm's reference transactions, including the acquisition of Lexmark from IBM Corp., establishing the Firm's reputation as a catalyst for constructive change and a provider of strategic capital. Donald is Chair of the CD&R Foundation Board. He is also Senior Vice Chairman of the Mount Sinai Medical System, Vice Chairman of the Cancer Research Institute, a former Trustee of The Rhodes Trust, and Vice Chairman of the Board of The SeriousFun Children's Network. Donald holds a B.A. from Harvard College, an M. Phil. in Politics from Balliol College, Oxford University, where he was a Rhodes Scholar, and a J.D. from Harvard Law School.

## Experience

- Kidder, Peabody & Company, Inc. | Managing Director
- McKinsey & Company | Partner

## Education

- Harvard Law School | J.D.
- Balliol College, University of Oxford | M.Phil., Politics, Rhodes Scholar
- Harvard College | B.A., Social Studies, International Relations

← Back to Team Directory

Donald J. Gogel – CD&R / Building Businesses Building Value

Case 1:24-cv-00297-DAE Document 107-7 Filed 04/08/26 Page 9 of 13

Case 1:24-cv-00297-DAE    Document 107-7    Filed 04/08/26    Page 10 of 13

Case 1:24-cv-00297-DAE   Document 107-7   Filed 04/08/26   Page 11 of 13

CD&R

Home

History

CD&R Approach

Portfolio Listing

News

LP Login   Search   ☰ Menu

# David A. Novak

Co-President

Connect **in**



David A. Novak joined CD&R in 1997 and serves as the Firm's Co-President. He is a member of the Investment, Executive and Operating Review committees. He is responsible for the Firm's European business and the Firm's external relations activities. He serves on the boards of many of the Firm's European portfolio companies. Previously, he worked in the private equity and investment banking divisions of Morgan Stanley. David is a member of the Amherst College Board of Trustees, the Cambridge University Endowment Fund Investment Advisory Board and Director of Windmill Hill Asset Management and Chair of its Investment Committee. He is an Advisor to Ahren Innovation Capital. David has an M.B.A. from Harvard Business School and a B.A. from Amherst College.

## CD&R Investments

- B&M
- BCA
- Belron
- Inizio
- Kalle Group
- HD Supply
- MAUSER
- Mobilux
- Morrisons

- Motor Fuel Group
- OCS
- Opella
- Rexel
- Sharp
- SIG plc
- SOCOTEC
- Westbury Street Holdings
- Wolseley
- Exclusive Networks

## Directorships
- Inizio
- Kalle Group
- Morrisons
- Motor Fuel Group
- Opella
- Westbury Street Holdings

## Experience
- Morgan Stanley

## Education
- Harvard Business School | M.B.A.
- Amherst College | B.A.

← Back to Team Directory

Case 1:24-cv-00297-DAE    Document 107-7    Filed 04/08/26    Page 13 of 13