# EXHIBIT G

| | |
|---|---|
| **From:** | Fetzer, Brandon |
| **To:** | Christopher Stewart; Mason Parham |
| **Cc:** | Jack Scott; Barret V. Armbruster; Yolanda Garcia; Greenfield, Elliot; O'Connor, Maeve; Luke Olts; Evelyn Sanchez Gonzalez; Shao-Jia Chang |
| **Subject:** | RE: In re agilon health, inc. Securities Litigation |
| **Date:** | Saturday, January 17, 2026 6:33:42 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |

EXTERNAL SENDER
Hi all,

The CD&R Entities identify the following as persons whose files are reasonably likely to contain documents and ESI relating to the subject matter of this litigation and proportional to the needs of the action:

- Ravi Sachdev: CD&R partner; agilon health board member
- Derek Strum:  former CD&R partner; former agilon health board member (2017-2023)
- Richard Schnall: CD&R co-president; former agilon health board member (2017-2023)
- Clay Richards:  CD&R operating partner; former agilon health board member (2021-2023)
- Ronald Williams: CD&R operating partner; agilon health board member

Below is the list of search terms the CD&R Entities intend to apply to the documents and ESI of the abovementioned custodians and a non-custodial shared drive for the period April 15, 2021 through May 31, 2023:

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (agilon* OR agl) w/50 ((nominat* OR designat*) w/50 (board OR director)) | 93 | 218 | 41 |
| (agilon* OR agl) w/50 ((purchas* OR buy* OR bought OR sale* OR sell* OR sold) w/50 (stock OR shares OR holding*)) | 1,666 | 3,170 | 1,040 |
| (agilon* OR agl) w/50 ("medical margin*" OR "adjusted EBITDA" OR utilization OR demand OR spike* OR "partnership model" OR visibility OR "predictable results" OR backlog) | 3,515 | 12,147 | 2,961 |
| (agilon* OR agl) w/50 (lock-up OR "lock up") | 311 | 411 | 143 |
| (Richards OR Schnall OR Strum) AND ((depart* OR leav* OR left) w/50 board) AND (agilon* OR agl) | 307 | 492 | 205 |

After global deduplication, total documents with hits is 5,088 and total documents with hits plus families is 14,503. Pursuant to the CD&R Entities' responses and objections to Plaintiffs' requests for production, all documents with an agilon health email address in the to/from/cc/bcc lines plus any family members have been excluded from these figures.  If those documents were included, total documents with hits would be 11,336 and total documents with hits plus families would be 27,950.

We expect that the actual hit counts will be higher than what is reflected in the chart because we are still collecting documents from these custodians.  The CD&R Entities reserve the right to further modify the proposed terms based on the hit counts as new information is collected and searched.

**Brandon Fetzer** | Counsel | Debevoise & Plimpton LLP | bfetzer@debevoise.com | +1 212 909 6880| www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Saturday, January 17, 2026 6:26 PM
**To:** Mason Parham <mparham@sidley.com>
**Cc:** Jack Scott <JScott@rgrdlaw.com>; Fetzer, Brandon <bfetzer@debevoise.com>; Barret V. Armbruster <barmbruster@sidley.com>; Yolanda Garcia <ygarcia@sidley.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** Re: In re agilon health, inc. Securities Litigation

**\*EXTERNAL\***

We disagree with the characterizations in your email, and don't intend to engage in further unconstructive back and forth.

We never received the agilon defendants' search term and custodian proposal yesterday — please provide it.

Please provide the CD&R Defendants' search term and custodian proposal as well.

Best,
Chris

On Jan 16, 2026, at 8:21 PM, Parham, Mason <mparham@sidley.com> wrote:

 EXTERNAL SENDER
Chris,

This is disappointing.  We've consistently engaged with Plaintiffs in good faith on discovery, including by providing substantive responses to Plaintiffs' discovery requests in the first instance.  At Plaintiffs' insistence, we then participated in conferrals about those responses, even while consistently reminding you that exchanging search terms was the appropriate next step in this process.  We thought that we had reached a mutual understanding on this front.

It is frankly unbelievable that in response to 51 requests for production served months ago, you are not prepared to exchange a single custodian or search term.  We expected objections to our requests, and we expected that we would need to confer on certain of those objections.  We did not expect Plaintiffs to raise rote, boilerplate objections to every request and then refuse to participate in the agreed-upon search-term exchange process, absent an unspecified number of additional meet-and-confers.

Given our schedule, we will send you agilon Defendants' custodians and search terms.  We urge Plaintiffs to reevaluate their position and provide similar information promptly.
**MASON PARHAM**

**SIDLEY AUSTIN LLP**
+1 214 969 3531
mparham@sidley.com

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, January 16, 2026 6:32 PM
**To:** Parham, Mason <mparham@sidley.com>
**Cc:** Jack Scott <JScott@rgrdlaw.com>; Brandon Fetzer <bfetzer@debevoise.com>; Armbruster, Barret V. <barmbruster@sidley.com>; Garcia, Yolanda <ygarcia@sidley.com>; Elliot Greenfield <egreenfield@debevoise.com>; Maeve O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

Mason,

Plaintiffs sent their responses and objections to defendants' document requests on November 24, 2025, separately addressing each of the over 50 requests that defendants had propounded, and describing the documents plaintiffs agreed to produce in response to those requests, which would be produced without the use of search terms and which we are currently working toward gathering for review. Nearly two months passed without hearing a word from defendants regarding plaintiffs' November 24 responses and objections.

After nearly two months of silence, you sent a letter three nights ago (January 13) demanding – for the first time – that plaintiffs "promptly amend their objections and responses" and "withdraw unsupported objections."  On January 15, you proposed – for the first time – that defendants "receive Plaintiffs' custodians and search terms at the same time we send ours."  To be clear, we never said we don't understand the "concerns" in your letter, but it should come as no surprise that we don't agree with them.

It is common practice to meet and confer in good faith in order to come to some understanding as to what defendants actually seek before proposing custodians and search terms, just as the parties did months ago with regard to plaintiffs'

document requests to defendants (your prior correspondence states that the parties "participated in at least eight meet-and-confer sessions totaling more than eight hours" regarding plaintiffs' document requests to defendants).  If defendants want to engage in a good-faith meet and confer regarding plaintiffs' responses and objections, we are willing and able to do so.

Given your representations that defendants have custodians and search terms ready to propose today, please send them so we can move that process forward.

**From:** Parham, Mason <mparham@sidley.com>
**Sent:** Friday, January 16, 2026 3:04 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Jack Scott <JScott@rgrdlaw.com>; Brandon Fetzer <bfetzer@debevoise.com>; Armbruster, Barret V. <barmbruster@sidley.com>; Garcia, Yolanda <ygarcia@sidley.com>; Elliot Greenfield <egreenfield@debevoise.com>; Maeve O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

EXTERNAL SENDER
Chris,

I find it hard to believe you cannot understand our concerns with your responses, which rely almost exclusively on boilerplate objections.  In any event, the issue that's currently on the table is the exchange of search terms and custodians.  We've been discussing this process for months, and the agreement was fully executed as of December 31.  All the parties have acknowledged that the conferrals will continue after this exchange, including as it relates to Plaintiffs' responses.  Are you saying that you are not going to identify search terms or custodians in response to any of our 51 RFPs?

**MASON PARHAM**

**SIDLEY AUSTIN LLP**
+1 214 969 3531
mparham@sidley.com

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, January 16, 2026 1:29 PM
**To:** Parham, Mason <mparham@sidley.com>
**Cc:** Jack Scott <JScott@rgrdlaw.com>; Brandon Fetzer <bfetzer@debevoise.com>; Armbruster, Barret V. <barmbruster@sidley.com>; Garcia, Yolanda <ygarcia@sidley.com>; Elliot Greenfield <egreenfield@debevoise.com>; Maeve O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** Re: In re agilon health, inc. Securities Litigation

Mason,

As explained below, up until three days ago, defendants had never raised a single issue or concern regarding plaintiffs' November 24, 2025 responses and objections to defendants' document requests, including the scope of the document production articulated in plaintiffs' responses and objections.  Further, as mentioned below, we are considering the issues raised for the first time in your January 13, 2026 letter, which substantially misconstrues, misunderstands and/or ignores the actual objections and responses that plaintiffs sent to you on November 24.  Unless and until the parties engage in a good-faith meet and confer process regarding plaintiffs' responses and objections, we cannot understand what defendants' legitimate concerns are with plaintiffs' responses and objections to defendants' document requests, nor are we able to know which custodians and search terms, if any, are necessary.

On Jan 15, 2026, at 7:35 PM, Parham, Mason <mparham@sidley.com> wrote:

EXTERNAL SENDER
Chris,

To clarify, I'm not asking that you send a response to our letter by tomorrow, and we're happy to discuss Plaintiffs' responses further.  For purposes of tomorrow, I just want to confirm that we are going to receive Plaintiffs' custodians and search terms at the same time we send ours.  We served our RFPs in October, so I don't think this is asking too

much.
**MASON PARHAM**

**SIDLEY AUSTIN LLP**
+1 214 969 3531
mparham@sidley.com

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Thursday, January 15, 2026 5:03 PM
**To:** Parham, Mason <mparham@sidley.com>; Jack Scott <JScott@rgrdlaw.com>;
Brandon Fetzer <bfetzer@debevoise.com>
**Cc:** Armbruster, Barret V. <barmbruster@sidley.com>; Garcia, Yolanda
<ygarcia@sidley.com>; Elliot Greenfield <egreenfield@debevoise.com>; Maeve
O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn
Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

Mason,

Thank you for your email.  We look forward to receiving defendants'
search term and custodian proposal by tomorrow.

To be clear, you stated in your November 19, 2025 letter that agilon
would propose "custodians within 5 business days" "[o]f the parties
execut[ing] the ESI agreement."  Although the parties executed that
agreement in December (counsel for agilon signed it on December
23, 2025), we never received anything thereafter.

As you are aware, plaintiffs sent their responses and objections to
defendants' document requests on November 24, 2025.  Defendants
have never asked to have – and the parties have never had – a single
meet and confer to discuss plaintiffs' responses.  Up until two nights
ago, when you sent a letter demanding that plaintiffs "promptly
amend their objections and responses" and "withdraw unsupported
objections," defendants had never voiced a single concern with
plaintiffs' responses and objections from November 24, or the scope
of the production described therein.

In contrast, the parties met and conferred extensively on a number of
dates in late-2025 over defendants' October 14, 2025 responses and
objections to plaintiffs' September 12, 2025 document requests.
Plaintiffs memorialized that conferral in letters to defendants dated
December 11, 2025.  Defendants required between 19 and 25 days to
respond to plaintiffs' December 11 correspondence.

We are considering the issues raised for the first time in your letter
dated January 13, 2026, and we intend to respond in due course.  We
remain available to meet and confer regarding plaintiffs' responses
and objections from November 24, and/or the issues first raised in
your January 13 letter, should defendants wish to have a call.

---

**From:** Parham, Mason <mparham@sidley.com>
**Sent:** Thursday, January 15, 2026 10:30 AM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>;
Brandon Fetzer <bfetzer@debevoise.com>

**Cc:** Armbruster, Barret V. <barmbruster@sidley.com>; Garcia, Yolanda <ygarcia@sidley.com>; Elliot Greenfield <egreenfield@debevoise.com>; Maeve O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

EXTERNAL SENDER
Chris,

As you requested in your letter last week and in your note below, and now that we have finalized the ESI protocol and the Protective Order, we're agreeable to sending custodians and search terms this week.  We expect Plaintiffs to send their custodians and search terms at the same time.  Can we agree to exchange at 12:00 CT tomorrow.

Best,
**MASON PARHAM**

**SIDLEY AUSTIN LLP**
+1 214 969 3531
mparham@sidley.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Wednesday, January 14, 2026 6:39 PM
**To:** Jack Scott <JScott@rgrdlaw.com>; Parham, Mason <mparham@sidley.com>; Brandon Fetzer <bfetzer@debevoise.com>
**Cc:** Armbruster, Barret V. <barmbruster@sidley.com>; Garcia, Yolanda <ygarcia@sidley.com>; Elliot Greenfield <egreenfield@debevoise.com>; Maeve O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

Counsel,

I am following up on Plaintiffs' letter from January 7, 2026, below.  As requested in the letter, please provide Defendants' proposal on custodians and search terms this week.

Further, to facilitate the parties' discussions regarding Defendants' anticipated proposal, please provide the organizational charts and documents that Defendants agreed in October 2025 to produce in response to Plaintiffs' document requests.

We have requested these documents on numerous occasions, including in writing on November 19, 2025 ("As explained during the call, the expedited production of such charts will assist the parties in identifying appropriate ESI custodians, and Defendants have already agreed to produce organizational charts in response to Plaintiffs' outstanding document requests. agilon Defendants' Response to Request for Production No. 44;

CD&R Defendants' Response to Request for Production No. 3.").

Best,
Chris

---

**From:** Jack Scott <JScott@rgrdlaw.com>
**Sent:** Wednesday, January 7, 2026 12:25 PM
**To:** Parham, Mason <mparham@sidley.com>; Brandon Fetzer <bfetzer@debevoise.com>
**Cc:** 'Armbruster, Barret V.' <barmbruster@sidley.com>; Garcia, Yolanda <ygarcia@sidley.com>; Elliot Greenfield <egreenfield@debevoise.com>; Maeve O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Christopher Stewart <CStewart@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** In re agilon health, inc. Securities Litigation

Counsel,

Please see the attached correspondence.

Sincerely,

**Jack Scott**
Associate



655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058



NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.