# EXHIBIT H

| | |
|---|---|
| **From:** | Fetzer, Brandon |
| **To:** | Christopher Stewart; Greenfield, Elliot; O"Connor, Maeve |
| **Cc:** | Luke Olts; Jack Scott; Evelyn Sanchez Gonzalez; Shao-Jia Chang |
| **Subject:** | RE: agilon |
| **Date:** | Thursday, February 5, 2026 5:32:37 PM |

EXTERNAL SENDER

Hi Chris,

We write to respond to your January 31, 2026 letter, which addresses the search terms and custodians the CD&R Entities proposed on January 17. As I mentioned then, we were waiting for some additional data to be processed and therefore the hits associated with the terms proposed on January 17 were likely to change. That data has since been processed and we are working through the terms plaintiffs proposed on January 31. We'll share a hit report and a counterproposal in short order.

As it relates to custodians, the CD&R Entities proposed five individuals, comprising every senior member of the agilon deal team and everyone who sat on agilon's board during the relevant time period. We understand your counterproposal to require the addition of every member of the investment committee pertaining to the agilon investment, every member of the agilon deal team and six specifically identified individuals, which could bring the total number of custodians to over 20 individuals. That's entirely unreasonable and designed solely to unduly burden the CD&R Entities.

While we believe that the addition of more custodians is disproportionate to the needs of this action, the CD&R Entities would be willing to add Dan Malconian as a custodian if the parties are otherwise able to reach agreement on search terms and custodians. Mr. Malconian was a member of the agilon deal team; his title was "Principal". The only other members of the deal team were "associates" and we fail to see how collecting their documents is proportional to the needs of the case, particularly when the CD&R Entities have already collected and will search documents from the senior members of the team and the Sharepoint folder corresponding to the agilon investment. Our understanding is that the senior members of the deal team decided whether and when agilon stock would be sold. Accordingly, there is no need to add additional members of the investment committee as custodians (Rick Schnall is a member).

With respect to the applicable time period, the CD&R Entities see no basis to depart from April 15, 2021 to May 31, 2023, except as it relates to searches designed to target documents concerning the resignations from agilon's board in June 2023. For that subset of information, the CD&R Entities will extend the end date to June 30, 2023. For all other searches, May 31, 2023 is the appropriate end date because the Court has already determined that the CD&R Entities no longer can be considered control persons after that date and the last stock sale at issue occurred on May 18, 2023. *See In re agilon health, inc. Sec. Litig.*, 2025 WL 2388183, at *33 (W.D. Tex. Aug. 15, 2025). The duration of the class period is of no moment because the claims asserted against the CD&R Entities do not run through the entire period and plaintiffs

can obtain any relevant information directly from agilon itself.

With respect to the parties' disagreements over RFP Nos. 7-8, 10 and 16, the CD&R Entities respond as follows:

- RFP 7:  The CD&R Entities stand on their objections for the reasons stated in their R&Os and their January 5, 2026 letter.  Of course, if valuation is discussed in connection with any of the pertinent stock sales, those discussions would be produced in response to other RFPs.

- RFP 8:  The CD&R Entities maintain their objection to producing all communications with "investors, clients or partners concerning agilon." However, in the spirit of compromise, if the CD&R Entities discussed the sale of agilon stock with investors, clients or partners, the CD&R Entities will produce those materials.  That would be on top of any communications concerning the specific sales at issue, which would be produced in response to other RFPs.

- RFP 10:  We still do not understand what "exit" or "potential exit" mean in this context and why they are relevant.  The CD&R Entities have agreed to produce documents concerning the pertinent stock sales.  If there are other instances in which the CD&R Entities specifically discussed the sale of agilon stock to an identifiable third party, the CD&R Entities will produce them.  The CD&R Entities otherwise stand on their objections.

- RFP 16:  The CD&R Entities stand on their objections for the reasons stated in their R&Os and their January 5, 2026 letter.

For the sake of completeness, I'll note that the parties are continuing to discuss RFP Nos. 11-14 and will address the CD&R Entities' objections to those requests in connection with the negotiation of search terms.

I'm generally available tomorrow if you'd like to discuss.

Brandon

**Brandon Fetzer** │ Counsel │ Debevoise & Plimpton LLP │ bfetzer@debevoise.com │ +1 212 909 6880│
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Thursday, February 5, 2026 6:16 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

**\*EXTERNAL\***

Counsel, following up on the below correspondence from Jan 31 and Feb 4, asking to meet and confer.  What is your availability?

Christopher D. Stewart
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**From:** Christopher Stewart
**Sent:** Wednesday, February 4, 2026 1:52 PM
**To:** 'Fetzer, Brandon' <bfetzer@debevoise.com>; 'Greenfield, Elliot' <egreenfield@debevoise.com>; 'O'Connor, Maeve' <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

Counsel,

I am following up on the Jan 31 letter sent below.  The letter asked for your availability to meet and confer early this week, but we never received a response.  What is your availability to discuss the Jan 31 letter?

Best,
Chris

**From:** Christopher Stewart
**Sent:** Saturday, January 31, 2026 4:20 PM
**To:** 'Fetzer, Brandon' <bfetzer@debevoise.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>

**Subject:** agilon

Counsel,

Please see attached.

Best,
Chris

**Christopher D. Stewart**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.