# EXHIBIT K

| | |
|---|---|
| **From:** | Luke Olts |
| **To:** | "Fetzer, Brandon"; Christopher Stewart |
| **Cc:** | Jack Scott; Greenfield, Elliot; O"Connor, Maeve; Evelyn Sanchez Gonzalez; Shao-Jia Chang |
| **Subject:** | RE: In re agilon health, inc. Securities Litigation |
| **Date:** | Tuesday, January 27, 2026 10:57:16 AM |

Brandon,

I write following yesterday's call, during which we discussed (among other things) what documents the four CD&R Defendants have identified in response to plaintiffs' Request No. 3 to the CD&R Defendants (i.e. "Employee directories, organizational charts, or other documents sufficient to identify each CD&R Defendants' organizational structures and reporting lines."), and your email from last night regarding the CD&R Defendants' previous refusal to search for or produce communications between them and agilon.

On the call, you represented that, between the four CD&R Defendants, one "organizational chart" has been identified by one defendant.  You could not identify that defendant on the call, but stated it is one of the "Associate" defendants, so either CD&R Investment Associates IX, Ltd. ("CD&R Investment Associates") or CD&R Associates IX, L.P. ("CD&R Associates")), and agreed to produce that chart to Plaintiffs.  Please identify which entity has the organizational chart and produce the document you described on the call this week.

We asked you whether CD&R Investment Associates or CD&R Associates has any employees.  You stated you believe one of those two entities has employees (i.e. the entity that possesses the above-mentioned "organizational chart"), while the other entity does not have employees, and agreed to provide this information.

We asked you whether CD&R Vector Holdings, L.P. ("Vector") has any employees.  You stated you do not know the answer, but agreed to provide this information.  To avoid any confusion, our inquiry includes whether these three entities had any employees during the Class Period as well.

You will confirm whether, other than the above-mentioned "organizational

chart", CD&R Investment Associates, CD&R Associates, or Vector, have any documents responsive to plaintiffs' Request No. 3.

With regard to CD&R LLC, we asked whether you are going to produce a directory (or directories) of CD&R LLC's employees from the relevant time period.  We also asked whether you are going to produce any other documents responsive to Plaintiffs' Request No. 3 from CD&R LLC.  You said you needed to see "what there is" before committing to either, and that you would look into "what there is" following today's call.

You stated that CD&R LLC has 325 current employees, and that they are all listed on its website, including 41 in the "health care" sector.  We noted that CD&R LLC must have internal documents reflecting who it employed during the relevant time period.

You stated the five persons identified in your email from January 17, 2026 are each current or former employees of CD&R LLC.

You stated that there was an agilon "deal team," and that the five persons identified in your email from January 17, 2026 (Sachdev, Strum, Schnall, Richards, and Williams) were members of the "deal team," but you did not provide the complete list of any names of the "deal team" members.  You stated this "deal team" is not the same as the "Investment Committee" that is identified in the Complaint.

You agreed to provide the above information this week.

As to your email last night, while we obviously disagree with your positions regarding the unreasonableness and supposed burden and disproportionality of producing communications between the CD&R Defendants and agilon, we appreciate your statement that you won't "refuse to do so on burden grounds." This representation does not resolve the issue, however, as the CD&R Defendants have refused to search for or produce (1) any documents responsive to Plaintiffs' document requests Nos. 11-14, which specifically ask for communications between the CD&R Defendants and agilon, and (2) "agilon

board materials". Please confirm that the CD&R Defendants will produce documents responsive to those requests, and agilon board materials.

We suggest a follow-up call tomorrow to discuss the above -- please let us know when you're available.

---

**From:** Fetzer, Brandon <bfetzer@debevoise.com>
**Sent:** Monday, January 26, 2026 6:30 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Jack Scott <JScott@rgrdlaw.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

EXTERNAL SENDER
Chris,

We continue to believe that plaintiffs' demand that the CD&R Entities duplicate the efforts of agilon health is unreasonable and unduly burdensome, particularly in the absence of any authority supporting plaintiffs' position. Based on the search terms that we've proposed, the CD&R Entities would have to review over 13,000 additional documents. That is the type of duplicative efforts the Federal Rules of Civil Procedures were designed to prevent. See Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring courts to limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").
Although we believe it is unreasonable to review 13,000 documents that plaintiffs can get from agilon health, to avoid burdening the court with motion practice, the CD&R Entities won't refuse to do so on burden grounds. If that number increases as the parties discuss search terms and custodians, the CD&R Entities reserve the right to object on burden and any other applicable grounds.

Brandon

---

**Brandon Fetzer** | Counsel | Debevoise & Plimpton LLP | bfetzer@debevoise.com | +1 212 909 6880| www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Monday, January 26, 2026 12:35 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>

**Cc:** Jack Scott <JScott@rgrdlaw.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** Re: In re agilon health, inc. Securities Litigation

**\*EXTERNAL\***

We can use this dial-in:

Dial-in: (267) 930-4000
Participant Code: 627-522-230

On Jan 26, 2026, at 8:22 AM, Fetzer, Brandon <bfetzer@debevoise.com> wrote:

 EXTERNAL SENDER
Chris, what's the best number to reach you?

**Brandon Fetzer** | Counsel | Debevoise & Plimpton LLP | bfetzer@debevoise.com | +1 212 909 6880|
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Sunday, January 25, 2026 12:07 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>
**Cc:** Jack Scott <JScott@rgrdlaw.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** Re: In re agilon health, inc. Securities Litigation

My schedule's now tied up at 1030 PT.  We could do 11 am PT.

On Jan 24, 2026, at 12:39 PM, Christopher Stewart <CStewart@rgrdlaw.com> wrote:

We could do 1030 am PT.

On Jan 23, 2026, at 7:44 PM, Fetzer, Brandon <bfetzer@debevoise.com> wrote:

 EXTERNAL SENDER
Chris,

Let's discuss on Monday. When are you available?

Brandon

**Brandon Fetzer** | Counsel | Debevoise & Plimpton LLP |bfetzer@debevoise.com | +1 212 909 6880| www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

On Jan 23, 2026, at 8:08 PM, Christopher Stewart <CStewart@rgrdlaw.com> wrote:

**\*EXTERNAL\***

---

Brandon,

Like I said, it's not Plaintiffs' burden to disprove the CD&R Defendants' objections.  As counsel for Defendants observed, Plaintiffs and Defendants "participated in at least eight meet-and-confer sessions totaling more than eight hours" regarding Plaintiffs' document requests to Defendants.  Conferral on this issue has been through.  In contrast, the agilon Defendants filed a discovery motion with the Court following just one phone call and two days after first raising their issue with Plaintiffs, without any complaint or request for "authority" from the CD&R Defendants.

Best,
Chris

---

**From:** Fetzer, Brandon <bfetzer@debevoise.com>
**Sent:** Friday, January 23, 2026 3:51 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

EXTERNAL SENDER

Chris,

Despite our prior discussions, Plaintiffs' position is not clear, which is why we've requested to review any authority supporting it.  Based on what you provide, we're willing to reconsider our position, so no, it's not true to state that there's no room for movement.  As I said earlier, we'll review any authority you provide and get back to you promptly.  The parties should actually complete the meet and confer process before you needlessly burden the court with motion practice.

Brandon

**Brandon Fetzer** │ Counsel │ Debevoise & Plimpton LLP │
bfetzer@debevoise.com │ +1 212 909 6880│
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you. The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, January 23, 2026 6:28 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>; Jack Scott <JScott@rgrdlaw.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

**\*EXTERNAL\***

Brandon,

We can agree the parties have conferred extensively on this issue, during which Plaintiffs have made their position on the matter clear. We disagree it's our burden to disprove the CD&R Defendants' unsubstantiated objections. We take it you are standing on your position, and we will proceed accordingly.

Best,
Chris

**From:** Fetzer, Brandon <bfetzer@debevoise.com>
**Sent:** Friday, January 23, 2026 1:47 PM
**To:** Jack Scott <JScott@rgrdlaw.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Christopher Stewart <CStewart@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: In re agilon health, inc. Securities Litigation

EXTERNAL SENDER
Jack,

Although the parties have discussed this issue a few times, plaintiffs haven't provided any authority to support their position that the CD&R Entities should duplicate the efforts of agilon health. If plaintiffs have authority supporting their position, please share it with us. We will

review anything you share and get back to you promptly.

Brandon

**Brandon Fetzer** │ Counsel │ Debevoise & Plimpton LLP │
bfetzer@debevoise.com │ +1 212 909 6880│
www.debevoise.com

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you. The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** Jack Scott <JScott@rgrdlaw.com>
**Sent:** Thursday, January 22, 2026 8:41 PM
**To:** Fetzer, Brandon
<bfetzer@debevoise.com>; Greenfield, Elliot
<egreenfield@debevoise.com>; O'Connor,
Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>;
Christopher Stewart <CStewart@rgrdlaw.com>;
Evelyn Sanchez Gonzalez
<EGonzalez@rgrdlaw.com>; Shao-Jia Chang
<SChang@rgrdlaw.com>
**Subject:** In re agilon health, inc. Securities
Litigation

**\*EXTERNAL\***

Counsel,

We write in regard to the CD&R Defendants' refusal to review and produce "all documents with an agilon email address in the to/from/cc/bcc lines." B. Fetzer 01.05.2026 Letter at 2; *see also* B. Fetzer 01.17.2026 Email.

From our correspondence and dialogue during meet and confers, it is our understanding that

you are standing on that objection and it is your final position. B. Fetzer 01.17.2026 Email; B. Fetzer 01.05.2026 Letter at 2; Nov. 6, 2025 Meet and Confer; Oct. 30, 2025 Meet and Confer; Oct. 23, 2025 Meet and Confer; CD&R Entities' Responses & Objections to Plaintiffs' First Set of Requests for Production General Objection 10. For the reasons discussed in the meet and confers and our December 11, 2025 Letter, we strongly disagree with your position. If this is your final position, Plaintiffs' will have to move to compel seeking these documents.

Please confirm your final decision regarding this issue by the close of business tomorrow.

Sincerely,

**Jack Scott**
Associate



655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the**

**intended**
**recipient(s) and may contain information that is confidential**
**and**
**protected from disclosure by the attorney-client privilege, as**
**attorney work product, or by other applicable privileges.**
**Any**
**unauthorized review, use, disclosure or distribution is**
**prohibited.**
**If you are not the intended recipient, please contact the**
**sender**
**by reply email and destroy all copies of the original**
**message.**

**NOTICE: This email message is for the sole use of the intended**
**recipient(s) and may contain information that is confidential and**
**protected from disclosure by the attorney-client privilege, as**
**attorney work product, or by other applicable privileges.  Any**
**unauthorized review, use, disclosure or distribution is prohibited.**
**If you are not the intended recipient, please contact the sender**
**by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended**
**recipient(s) and may contain information that is confidential and**
**protected from disclosure by the attorney-client privilege, as**
**attorney work product, or by other applicable privileges.  Any**
**unauthorized review, use, disclosure or distribution is prohibited.**
**If you are not the intended recipient, please contact the sender**
**by reply email and destroy all copies of the original message.**