# EXHIBIT N

| | |
|---|---|
| **From:** | Christopher Stewart |
| **To:** | "Fetzer, Brandon" |
| **Cc:** | Greenfield, Elliot; O"Connor, Maeve; Luke Olts; Jack Scott; Evelyn Sanchez Gonzalez; Shao-Jia Chang |
| **Subject:** | RE: agilon |
| **Date:** | Thursday, February 26, 2026 5:11:32 PM |
| **Attachments:** | 2026.02.26 Appendix A _ CD&R Defendants.pdf |

Brandon,

Please see our response to your Feb 24 email below.

**Search Terms**

Our response to your Feb 24 bullet list is as follows, and our proposed terms (subject to the below) are reflected in the attached Appendix A:

- **Term 2**: While we have considered your position, we cannot agree to remove *trade\* OR traded OR trading* from this term, as we believe those words are appropriate to include. First, plaintiffs' insider trading claims against the CD&R Defendants are brought pursuant to §20A of the Exchange Act, 15 U.S.C. §78t-1, which is entitled "Liability to contemporaneous traders for insider ***trading***" and refers to "trading". Second, the Court, and the CD&R Defendants themselves, used the words "trade" "traded," or "trading" in referring to plaintiffs' claims and/or the CD&R Defendants' alleged conduct. *E.g.* ECF 54 as 3, 19, 20, 22-23; ECF 60 at 7; ECF 63 at 75, 83-84, 87; ECF 96 at 1-2, 7, 9. Third, the CD&R Defendants have asserted that CD&R LLC had "an 'Insider and Personal ***Trading*** Policy' in place during the relevant time period," which we ask that you produce. ECF 96 at 10. Fourth, including *trade\* OR traded OR trading* in Term 2 increases Term 2's "Documents with hits" count by fewer than 1,100 documents (a figure which includes non-unique hits).

- **Term 10**: We have included this term in the attached Appendix A, however we accept that the parties are at impasse on this term, and reserve the right to seek relief on it.

- **Term 11**: We have agreed to your edit to this term.

- **Term 13, 15**: While we have included these terms in the attached Appendix A, in the interest of reaching a potential agreement on the terms (excluding Term 10 for which the parties are at impasse), we are prepared to withdraw Terms 13 and 15 from the proposal without further attempts to narrow those terms, so long as defendants agree to plaintiffs' other proposed terms as described herein. We believe this is a reasonable compromise, as we expect that removing Terms 13 and 15 should reduce the total review universe by tens of thousands of documents.

- **Term 16** [referred to in your Feb 23 email as "Term 12"]: Instead of changing *cost\* OR expense* to *"medical cost\*" OR "medical expense\*",* we propose using *(medical W/2 cost\*) OR (medical W/2 expense\*)*, so as to capture such phrases as "medical service expense", "medical service expenses", "medical service costs", "costs from medical services", etcetera. This change would also be consistent with Term 12, which uses *(medical W/2 expense\*) OR (medical W/2 cost\*)*.

Given your statement from Feb 24 that "[t]he CD&R Entities reserve the right to further revise the terms after Malconian's documents have been added," we likewise reserve the right to revert to our position from Feb 20 should you choose to "further revise the terms after Malconian's documents have been added."

**RFP 11-14**

With respect to your question regarding RFP Nos. 11-14, it would help to have more information regarding your inquiry, and we are available to have a call to discuss.

We agree the subject matters listed in your email below are highly relevant subject matters with regard to RFP Nos. 11-14, and appear to include subjects described in the subparts to RFP 13 and 14. However given our lack of access to any of the CDR Defendants' communications with agilon, we cannot confirm that your list presents an exhaustive list of the relevant subject matters on which CDR Defendants and agilon communicated during the Class Period, or in the case of RFP 11-2 encapsulates all of the documents provided to the CDR Defendants (or their "designated Representatives") under the Stockholder Agreement. For example, to the extent CDR Defendants received agilon's financial statements on a periodic basis that was not strictly "monthly, quarterly or annually," such as on a weekly or daily basis, etcetera, we would consider those relevant and discoverable. §§2.2-2.4 of the Stockholder Agreement also refers to documents that are not explicitly included in your bullet list, such as written assurances to the CD&R Defendants by the CEO or CFO, which would have accompanied agilon's documents. RFP 11 would also capture the "request[s]" to agilon (made pursuant to the Stockholder Agreement) themselves, which are relevant and discoverable.

While we assume the reference to "those metrics" in the first bullet of your list refers to each of the metrics listed in that bullet (*i.e.* medical margin, utilization rates, demand for medical services, medical costs and expenses, EBITDA, AEBITDA"), please confirm our assumption is correct.

Please also confirm "projections or forecasts concerning those metrics" would include projections or forecasts of constituent elements of such metrics, such as earnings (an element of "EBITDA, AEBITDA").

Further, to the extent agilon's documents were provided to a "***designated Representative***" of CD&R Vector (*see* §§2.2 of the Stockholder Agreement), please confirm those documents would be included in your production.

**CD&R LLC "list of employees"**

Your Feb 22 emails states "CD&R LLC is able to generate a list of employees, along with their titles, as of a date certain," and that you are "waiting for confirmation from CD&R LLC as to whether it is willing to produce the information as of January 1 of 2021, 2022 and 2023."

Please let us know where things stand on providing us with these CD&R LLC employee lists.

**Outstanding issues following our Feb 23 call**

Finally, please let us know the status of the following outstanding items:

1. The names of the Investment Committee members from during the Class Period (agilon publicly stated there were "more than ten" Investment Committee members during the Class Period, and you've provided one name so far);

2. Whether the Investment Committee received or produced documents concerning meetings held with the Deal Team, such as meeting minutes or board materials concerning agilon (as you stated on Feb 23 you still were not "100 percent" sure yet and needed to confirm if there were any);

3. The names of the individuals at CD&R that had access to the SharePoint folder regarding agilon;

4. Whether you will produce the document(s) that you contend show the Investment Committee delegated authority to the agilon Deal Team on whether to sell agilon stock;

5. Your position with respect to the additional custodians we proposed in our January 31, 2026 letter (including Donald Gogel; Jillian Griffiths; David Novak; Nathan Sleeper; Rima Simson; and Theresa Gore);

6. Information supporting your representation on Feb 23 that there are no "Investment Committee materials" concerning agilon investments for the relevant time period;

7. Confirmation as to whether the CD&R Defendants will supplement their response to Interrogatory No. 1, or whether the CD&R Defendants are standing on their response.


Best,
Chris

---

**From:** Fetzer, Brandon <bfetzer@debevoise.com>
**Sent:** Tuesday, February 24, 2026 12:10 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

EXTERNAL SENDER
Chris,

Following up on some of the issues we discussed earlier this week, the CD&R Entities will add Daniel Malconian as a custodian and collect the documents that are within their possession, custody or control.  Malconian's addition may impact the search term hit counts, but I've provided below the CD&R Entities counterproposal to Plaintiffs' February 20 terms.  The CD&R Entities reserve the right to further revise the terms after Malconian's documents have been added.

A few notes on the changes we've made:

- Term No. 2:  We cut "trade* OR traded OR trading" because we don't think those terms are likely to pull in responsive documents. Vector was not "trading" agilon stock; it made three stock sales during the relevant period.
- Term No. 10:  We cut this term because the CD&R Entities have objected to producing valuations, aside from those appearing in documents concerning Vector's sales of agilon stock.  We'll produce those documents to the extent they are responsive to other requests.
- Term No. 11:  We changed w/25 to w/15 to be consistent with Term No. 12.
- Term No. 12:  We changed "cost* OR expense*" to "medical cost* OR medical expense*" because running "cost" within 25 words of "increase or decrease" is likely to pull in irrelevant documents.
- Term No. 13:  We cut this term because it is too generic.  The terms should be focused on the subject matter of the litigation.
- Term No. 15:  We cut this term for the same reasons we cut No. 13.

For the avoidance of doubt, the CD&R Entities will agree to run their proposed terms through the April 15, 2021 to May 31, 2023 period (except for those concerning board resignations).  If the Court determines that the CD&R Entities should search a broader period, the parties will need to negotiate the terms applicable to that period because many of these terms aren't relevant to the broader period and/or are too broad given the nature of the claims that have survived against the CD&R Entities.

We also wanted to circle back on RFP Nos. 11-14, which the parties agreed to take up in connection with search terms.  Based on the terms Plaintiffs have proposed, we understand them to be seeking documents concerning:

- agilon's medical margin, utilization rates, demand for medical services, medical costs and expenses, EBITDA, AEBITDA, agilon's visibility into those metrics, and agilon's projections or forecasts concerning those metrics; and
- Any financial statements (whether monthly, quarterly or annually), budgets, business plans and financial projections provided to the CD&R Entities by agilon.

Please confirm.

<u>Search Term Hits</u>

Date range:  April 15, 2021 to May 31, 2023
Documents with hits: 30,801
Document with hits, including families: 55,727

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| ((agilon or agl*) W/35 ("medical margin*" OR "MM" OR "medmargin*" OR "med margin*" OR "med. margin*" OR "per-member-per-month" OR "per member per month" OR MMPM* OR PMPM* OR margin* OR EBITDA* OR aebitda OR utilization OR demand* OR spik* OR "partnership* model*" OR visibility OR backlog*)) | 9,043 | 27,752 | 1,061 |
| (*@agilonhealth.com) AND ("financial* statement*" OR income* OR revenue* OR profit* OR "cash flow*" OR earning* OR budget* OR (medical W/2 expense*) OR (medical W/2 cost*) OR (consolid* W/3 statement*) OR "business plan*") | 4,747 | 7,847 | 996 |
| (*@agilonhealth.com) AND ("Investment Committee" or "deal team") | 72 | 133 | 7 |
| (*@agilonhealth.com) AND ("medical margin*" OR "MM" OR "medmargin*" OR "med margin*" OR "med. margin*" OR "per-member-per-month" OR "per member per month" OR MMPM* OR PMPM* OR EBITDA* OR aebitda OR utilization OR demand* OR spik* OR (financial*W/2 model*) OR (valu* W/2 model*) OR visibility OR backlog*) | 6,753 | 9,945 | 2,947 |
| (*@agilonhealth.com) AND ((control* OR vot* OR own*) W/15 (stock* OR shares* OR shareholder* OR equity)) | 456 | 762 | 0 |
| (*@agilonhealth.com) AND ((forecast* OR fcst* OR guidance OR projection* OR prediction* OR estimate or estimating OR target* OR outlook*) W/10 (quarter* OR annual* OR "medical margin*" OR "MM" OR "medmargin*" OR "med margin*" OR "med. margin*" OR EBITDA* OR aebitda)) | 640 | 1,268 | 20 |
| (*@agilonhealth.com) AND ((utiliz* OR demand) W/25 (medical* OR healthcare* OR care*)) | 775 | 1,540 | 29 |
| (*@agilonhealth.com) AND (control* OR vot* OR own*) | 3,775 | 5,669 | 951 |
| (agilon OR agl* OR *@agilonhealth.com) AND ((nominat* OR designat* OR appoint* OR reappoint* OR re-appoint* OR propos* OR recommend* OR select* OR submit* OR suggest* OR choos* OR choice*) W/10 (board* OR director* OR BOD OR seat* OR chair*)) | 2,681 | 5,715 | 714 |
| (agilon OR agl* OR *@agilonhealth.com) AND ((purchas* OR buy* OR bought* OR sale* OR sell* OR sold* OR acquir* OR transact* OR offer* OR dispos* OR unload* OR offload* OR divest* OR liquidat* OR shed* OR dump* OR exit*) W/10 (stock* OR share* OR holding* OR stake* OR agilon OR agl*)) | 11,698 | 24,692 | 4,314 |
| (agilon OR agl* OR *@agilonhealth.com) AND ((stockholder* W/3 agreement*) OR (shareholder* W/3 agreement*) OR MNPI OR (material* W/4 nonpublic*) OR (material* W/4 info*)) | 1,266 | 2,847 | 299 |
| (agilon OR agl* OR *@agilonhealth.com) AND ((utiliz* OR demand OR "medical cost* OR "medical expense* OR outpatient* OR surger* OR procedure*) W/25 (pentup* OR pent-up* OR "pent up*" OR defer* OR backlog* OR back-log* OR "back log*" OR spik* OR surge OR surged OR surging OR stepup* OR "step-up" OR "step up" OR accelerat* OR decelerat* OR increas* OR decreas* OR slow* OR declin* OR moderat* OR trend*)) | 4,652 | 15,514 | 438 |
| (agilon OR agl* OR *@agilonhealth.com) W/50 (lock-up* OR "lock up*") | 431 | 592 | 87 |

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (agilon OR agl*) W/15 (control* OR vot* OR own*) | 4,135 | 11,956 | 420 |
| (agilon OR agl*) W/15 (financial* OR income* OR revenue* OR profit* OR "cash flow*" OR earning* OR budget* OR expense* OR cost* OR "business plan*") | 8,623 | 21,894 | 1,195 |
| (agilon OR agl*) W/15 (forecast* OR fcst* OR guidance OR projection* OR predict* OR estimat* OR target* OR outlook*) | 5,853 | 15,195 | 1,069 |
| (agilon OR agl*) W/25 ("Investment Committee" or "deal team") | 855 | 6,421 | 45 |
| (agilon OR agl*) W/25 ((utiliz* OR demand) W/25 (medical* OR healthcare* OR care*)) | 1,540 | 10,453 | 23 |

Date range:  April 15, 2021 to June 30, 2023
Documents with hits: 908
Document with hits, including families: 2,399

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (Richards* OR Schnall* OR Strum*) AND ((depart* OR leav* OR left* OR terminat* OR resign* OR remov* OR reorg* OR transition* OR (step* W/2 down*)) W/10 (board* OR BOD OR seat* OR chair* OR director* OR member*)) AND (agilon OR agl* OR *@agilonhealth.com) | 907 | 2,398 | 867 |
| (Richards* OR Schnall* OR Strum*) W/10 ((depart* OR leav* OR left* OR terminat* OR resign* OR remov* OR reorg* OR transition* OR (step* w/2 down*)) W/10 (agilon OR agl*)) | 41 | 94 | 1 |

**Brandon Fetzer** | Counsel | Debevoise & Plimpton LLP | bfetzer@debevoise.com | +1 212 909 6880| www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, February 20, 2026 8:27 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

**\*EXTERNAL\***

Brandon,

Thank you for getting back to us.

While we had hoped to have the benefit of speaking with you regarding your last search term proposal before sending you our counter-proposal, we accept that you were out of the office last week and could not speak with us this week. Per your request below, attached please find our search term counter-proposal.

Let's plan to talk at 10:30 am PT / 1:30 ET on Monday 2/23, using the below dial in.  If you have any of the information we have been seeking, including for the items listed in my 2/17 email below and in Plaintiffs' letters from 1/27 and 2/9, please send it ahead of the call.

Finally, please see the attached letter regarding the CD&R Defendants' February 13, 2026 Responses and Objections to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories dated January 14, 2026.  We are available to discuss the CD&R Defendants' Responses and Objections during our call on Monday as well.

Dial-in: (267) 930-4000
Participant Code: 627-522-230

Best,

Chris

---

**From:** Fetzer, Brandon <bfetzer@debevoise.com>
**Sent:** Friday, February 20, 2026 7:34 AM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

EXTERNAL SENDER
I'm generally available on Monday.  As I said before, if you have a counterproposal for us to consider, please send it before the call.  By that point, you'll have had our revised terms for nearly two weeks (on top of the two weeks it took you to respond to our initial proposal).

**Brandon Fetzer** │ Counsel │ Debevoise & Plimpton LLP │ bfetzer@debevoise.com │ +1 212 909 6880│ www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Wednesday, February 18, 2026 6:39 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

**\*EXTERNAL\***

Brandon,

We think a call would be productive and would help us understand the reasoning behind your search term proposal, and why you believe the custodians we proposed do not possess responsive information.  To the extent you are still "looking into" certain items listed below (some of which have been outstanding for weeks), we can address that on the call.

What times work for you this week?

Chris

---

**From:** Fetzer, Brandon <bfetzer@debevoise.com>
**Sent:** Wednesday, February 18, 2026 3:28 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

EXTERNAL SENDER
Hi Chris,

I was out last week and am still looking into the items you flagged below.  If you have an alternative search term/custodian proposal you'd like us to consider, please send it over as soon as you have it.

Brandon

**Brandon Fetzer** │ Counsel │ Debevoise & Plimpton LLP │ bfetzer@debevoise.com │ +1 212 909 6880│ www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Tuesday, February 17, 2026 6:28 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

**\*EXTERNAL\***

Counsel,

We would like to set a time to discuss the parties' respective search term and custodian proposals.  Are you available tomorrow for a call?

We would like to include the following items as part of our call:

1. **Names of the Investment Committee members (Plaintiffs' Feb. 9 letter, §E)**:  You have identified one of the 11 Investment Committee members from during the Class Period: Rick Schnall.  CDR LLC's website identifies proposed custodians Donald Gogel (who, along with proposed custodian Nate Sleeper, managed the General Partner of CD&R Vector, ¶¶52, 54) and David Novak (Co-President of CD&R Investment Associates IX, Ltd.) as Investment Committee members. We are awaiting:

   a. identification of the other members of the Investment Committee from during the Class Period; and

   b. information pertaining to bullet "(ii)" in §F of the Feb. 9 letter (*i.e.* "whether the Investment Committee received or produced documents concerning meetings held with the Deal Team, such as meeting minutes or board materials concerning agilon.")

2. **Sharepoint folder (Feb. 9 letter, §F)**: As noted in the Feb. 9 letter, you agreed during our Feb. 6 call to provide more details regarding the contents and production of materials from the SharePoint folder you first referenced in your Feb. 5 email – we wish to discuss what information you have identified pertaining to the inquiries in pages 4-5 of the Feb. 9 letter.

3. **Data Collection (Feb. 9 letter, §F)**: We would like confirmation that the hit report you sent on Feb 10 includes (with the exception as to one CD&R individual's personal emails) hit counts of personal emails and cell phone data of the five CD&R individuals who sat on agilon's Board of Directors during the Class Period, and confirmation as to whose personal emails were not collected as of the date of our Feb. 6 call.

4. **Custodians**: You rejected wholesale each of the proposed custodians listed on page 2 of Plaintiffs' Jan 31 letter. We wish to discuss the individuals you rejected in order to understand why you believe those custodians do not possess responsive information.

5. **Directory of CDR LLC's employees**:  We have not yet received the directory(ies) of CD&R LLC's employees from during the Class Period, *see* L. Olts Jan. 27, 2026 Email, B. Fetzer Jan. 27, 2026 Email, and wish to discuss where things stand on this issue.

Best,

Chris

**From:** Fetzer, Brandon <bfetzer@debevoise.com>
**Sent:** Tuesday, February 10, 2026 12:37 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

EXTERNAL SENDER
Hi Chris,

We disagree with how you've characterized our position on the issues, but agree we're at an impasse on A-D in your letter.

Below are (*i*) hits counts for the terms plaintiffs' proposed in their January 31 letter and (*ii*) the CD&R Entities' counterproposal. We have proposed revised terms because the number of hits generated by plaintiffs' terms would require the CD&R Entities to review far more documents than is reasonable under the circumstances and many of terms are so generic that they are generating false hits. For example, searching for the word "sent*" doesn't work because the extracted text of every email is going to include that term. Moreover, the terms should be designed to target subject matter areas and not just every time the CD&R Entities and agilon may have exchanged information.

For both (*i*) and (*ii*), the terms were run on custodial files for the following individuals:

- Ravi Sachdev
- Richard Schnall
- Derek Strum
- Clay Richards
- Ron Williams

The terms also were run across documents in the non-custodial SharePoint folder used by the agilon deal team. During the April 15, 2021 to May 31, 2023 period, the following individuals were on the agilon deal team for at least some portion of the time:

- Ravi Sachdev (partner)
- Richard Schnall (co-president)
- Derek Strum (partner)
- Clay Richards (operating partner)
- Ron Williams (operating advisor)
- Dan Malconian (principal)
- Arjun Bakre (associate)
- Steph Huang (associate)
- Jared Rock (associate)

In terms of hierarchy, the order is as follows:  associate → principal → partner. We have no objection to providing the names of the members of the investment committee during the relevant period. I'm working on pulling the names together.

To the extent I haven't addressed something in your letter, I'm working on tracking down additional information and will circle back when I have it.

**I.      Plaintiffs' Proposed Terms**

Date range:  4/15/21-5/31/23
Total document with hits:  62,872
Total documents with hits plus families:  88,186

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (agilon* OR agl* OR *@agilonhealth.com) AND ((control* OR vot* OR own*) W/25 (issuer* OR stock* OR shares* OR shareholder* OR equity)) | 5,388 | 13,427 | 3 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ((nominat* OR design* OR appoint* OR reappoint* OR re-appoint* OR propos* OR recommend* OR select* OR submit* OR suggest* OR choos* OR choice*) W/50 (board* OR director* OR BOD OR member* OR seat* OR chair*)) | 8,781 | 21,365 | 99 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ((purchas* OR buy* OR bought* OR sale* OR sell* OR sold* OR acquir* OR trade* OR traded OR trading OR transact* OR offer* OR dispos* OR unload* OR offload* OR divest* OR liquidat* OR shed* OR dump* OR exit* OR gain* OR loss*) W/50 (stock* OR share* OR holding* OR stake*)) | 13,431 | 28,593 | 153 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ((request* OR provid* OR share* OR sharing OR send* OR sent* OR deliver*) W/20 (info* OR material* OR document* OR data* OR report* OR books OR records)) | 43,292 | 63,737 | 3,427 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ((stockholder* W/3 s agreement*) OR (shareholder* W/3 agreement*) OR MNPI OR | 1,221 | 2,740 | 3 |

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (material* W/4 nonpublic*) OR (material* W/4 info*)) | | | |
| (agilon* OR agl* OR *@agilonhealth.com) AND ((utiliz* OR demand OR cost* OR expense* OR outpatient* OR surger* OR procedure*) W/25 (pentup* OR pent-up* OR "pent up*" OR defer* OR backlog* OR back-log* OR "back log*" OR spik* OR surge OR surged OR surging OR stepup* OR "step-up" OR "step* up" OR accelerat* OR decelerat* OR increas* OR decreas* OR slow* OR declin* OR moderat* OR trend*)) | 7,517 | 22,566 | 3 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ((utiliz* OR demand) W/25 (medical* OR healthcare* OR care*)) | 5,937 | 23,772 | 0 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ((valu* OR apprais*) W/50 (stock* OR share* OR holding* OR position* OR stake*)) | 11,981 | 29,370 | 75 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ("Investment Committee" or "deal team") | 2,932 | 10,841 | 24 |
| (agilon* OR agl* OR *@agilonhealth.com) AND ("medical margin*" OR "MM" OR "medmargin*" OR "med margin*" OR "med. margin*" OR "per-member-per-month" OR "per member per month" OR MMPM* OR PMPM* OR margin* OR EBIT* OR EBITDA* OR aebitda OR utiliz* OR demand* OR spik* OR partnership* OR model* OR visibil* OR predict* OR results OR backlog*) | 32,806 | 57,933 | 1,090 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 (control* OR vot* OR own*) | 8,024 | 20,350 | 95 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 (forecast* OR fcst* OR guid* OR project* OR predict* OR estimat* OR target* OR outlook* OR announc*) | 17,911 | 33,334 | 571 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 (lock-up* OR "lock up*") | 431 | 592 | 8 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 (meet* OR call* OR attend* OR discuss* OR conversation* OR calendar* OR Zoom* OR invit*) | 37,963 | 57,326 | 5,729 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 (reserv* OR financ* OR income* OR revenue* OR profit* OR "cash flow*" OR "CF" OR earning* OR equity OR budget* OR report* OR expense* OR cost* OR (consolid* W/3 statement*) OR (business* W/3 plan*)) | 21,565 | 40,204 | 684 |

Date range:  4/15/21-6/30/23
Total documents with hits:  1,889
Total documents with hits plus families:  4,706

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (Richards* OR Schnall* OR Strum*) AND ((depart* OR leav* OR left* OR terminat* OR resign* OR remov* OR reorg* OR transition* OR (step* W/2 down*)) W/50 (board* OR BOD OR seat* OR chair* OR director* OR member*)) AND (agilon* OR agl* OR *@agilonhealth.com) | 1,788 | 4,533 | 1,747 |
| (Richards* OR Schnall* OR Strum*) W/10 ((depart* OR leav* OR left* OR terminat* OR resign* OR remov* OR reorg* OR transition* OR (step* w/2 down*)) W/10 (agilon* OR ag*)) | 142 | 268 | 101 |

**II.    CD&R Entities' Counterproposal**

Date range:  4/15/21-5/31/23
Total document with hits:  21,329
Total documents with hits plus families:  42,538

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (agilon* OR agl* OR *@agilonhealth.com) W/25 ((control* OR own*) W/25 (stock* OR shares*)) | 460 | 1,105 | 49 |
| (agilon* OR agl* OR *@agilonhealth.com) W/25 ((utiliz* OR demand) W/25 (medical* OR healthcare* OR care*)) | 1,566 | 10,481 | 0 |
| (agilon* OR agl* OR *@agilonhealth.com) W/25 ((utiliz* OR demand) W/25 (pentup* OR pent-up* OR "pent up*" OR defer* OR backlog* OR back-log* OR "back log*" OR spik* OR surge OR surged OR surging OR stepup* OR "step-up" OR "step* up" OR accelerat* OR decelerat* OR increas* OR decreas* OR slow* OR declin* OR moderat* OR trend*)) | 563 | 2,482 | 0 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 ((nominat* OR design* OR appoint* OR reappoint* OR re-appoint* OR propos* OR recommend* OR select* OR submit* OR suggest* OR choos* OR choice*) W/50 (board* OR director* OR BOD OR seat* OR chair*)) | 2,311 | 4,988 | 1,238 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 ((purchas* OR buy* OR bought* OR sale* OR sell* OR sold* OR acquir* OR dispos* OR unload* OR offload* OR divest* OR liquidat* OR shed* OR dump* OR exit*) W/50 (stock* OR share* OR holding* OR stake*)) | 4,442 | 9,497 | 1,682 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 ((stockholder* W/3 s agreement*) OR (shareholder* W/3 agreement*) OR MNPI OR (material* W/4 nonpublic*) OR (material* W/4 info*)) | 269 | 367 | 104 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 ("medical margin*" OR "MM" OR "medmargin*" OR "med margin*" OR "med. margin*" OR "per-member-per-month" OR "per member per month" OR MMPM* OR PMPM* OR margin* OR EBIT* OR EBITDA* OR aebitda OR utiliz* OR demand* OR spik* OR "partnership model" OR visibil* OR predict* OR backlog*) | 14,399 | 34,229 | 7,474 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 (forecast* OR fcst* OR guid* OR projection OR predict* OR target*) | 8,648 | 21,101 | 2,824 |
| (agilon* OR agl* OR *@agilonhealth.com) W/50 (lock-up* OR "lock up*") | 431 | 592 | 151 |

Date range:  4/15/21-6/30/23
Total documents with hits:  42
Total documents with hits plus families:  96

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (Richards* OR Schnall* OR Strum*) W/10 ((depart* OR leav* OR left* OR terminat* OR resign* OR remov* OR reorg* OR transition* OR (step* w/2 down*)) W/10 (agilon* OR agl*)) | 42 | 96 | 42 |

**Brandon Fetzer** | Counsel | Debevoise & Plimpton LLP | bfetzer@debevoise.com | +1 212 909 6880| www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you. The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Monday, February 9, 2026 6:04 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>
**Cc:** Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

**\*EXTERNAL\***

Counsel, please see the attached letter following our call on Friday, February 6.

Best,
Chris

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, February 6, 2026 8:10 AM
**To:** Brandon Fetzer <bfetzer@debevoise.com>
**Cc:** Elliot Greenfield <egreenfield@debevoise.com>; Maeve O'Connor <mloconnor@debevoise.com>; Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** Re: agilon

Thanks, let's plan to talk at 1115 pt today. We can use this dial in:

Dial-in: (267) 930-4000
Participant Code: 627-522-230

> On Feb 5, 2026, at 5:32 PM, Fetzer, Brandon <bfetzer@debevoise.com> wrote:
>
> EXTERNAL SENDER
> Hi Chris,
>
> We write to respond to your January 31, 2026 letter, which addresses the search terms and custodians the CD&R Entities proposed on January 17.  As I mentioned then, we were waiting for some additional data to be processed and therefore the hits associated with the terms proposed on January 17 were likely to change.  That data has since been processed and we are working through the terms plaintiffs proposed on January 31.  We'll share a hit report and a counterproposal in short order.
>
> As it relates to custodians, the CD&R Entities proposed five individuals, comprising every senior member of the agilon deal team and everyone who sat on agilon's board during the relevant time period.  We understand your counterproposal to require the addition of every member of the investment committee pertaining to the agilon investment, every member of the agilon deal team and six specifically identified individuals, which could bring the total number of custodians to over 20 individuals.  That's entirely unreasonable and designed solely to unduly burden the CD&R Entities.
>
> While we believe that the addition of more custodians is disproportionate to the needs of this action, the CD&R Entities would be willing to add Dan Malconian as a custodian if the parties are otherwise able to reach agreement on search terms and custodians.  Mr. Malconian was a member of the agilon deal team; his title was "Principal".  The only other members of the deal team were "associates" and we fail to see how collecting their documents is proportional to the needs of the case, particularly when the CD&R Entities have already collected and will search documents from the senior members of the team and the Sharepoint folder corresponding to the agilon investment.  Our understanding is that the senior members of the deal team decided whether and when agilon stock would be sold.  Accordingly, there is no need to add additional members of the investment committee as custodians (Rick Schnall is a member).
>
> With respect to the applicable time period, the CD&R Entities see no basis to depart from April 15, 2021 to May 31, 2023, except as it relates to searches designed to target documents concerning the resignations from agilon's board in June 2023.  For that subset of information, the CD&R Entities will extend the end date to June 30, 2023.  For all other searches, May 31, 2023 is the appropriate end date because the Court has already determined that the CD&R Entities no longer can be considered control persons after that date and the last stock sale at issue occurred on May 18, 2023.  *See In re agilon health, inc. Sec. Litig.*, 2025 WL 2388183, at *33 (W.D. Tex. Aug. 15, 2025).  The duration of the class period is of no moment because the claims asserted against the CD&R Entities do not run through the entire period and plaintiffs can obtain any relevant information directly from agilon itself.
>
> With respect to the parties' disagreements over RFP Nos. 7-8, 10 and 16, the CD&R Entities respond as follows:
>
> 1. RFP 7:  The CD&R Entities stand on their objections for the reasons stated in their R&Os and their January 5, 2026 letter.  Of course, if valuation is discussed in connection with any of the pertinent stock sales, those discussions would be produced in response to other RFPs.
>
> 2. RFP 8:  The CD&R Entities maintain their objection to producing all communications with "investors, clients or partners concerning agilon."  However, in the spirit of compromise, if the CD&R Entities discussed the sale of agilon stock with investors, clients or partners, the CD&R Entities will produce those materials.  That would be on top of any communications concerning the specific sales at issue, which would be produced in response to other RFPs.
>
> 3. RFP 10:  We still do not understand what "exit" or "potential exit" mean in this context and why they are relevant.  The CD&R Entities have agreed to produce documents concerning the pertinent stock sales.  If there are other instances in which the CD&R Entities specifically discussed the sale of agilon stock to an identifiable third party, the CD&R Entities will produce them.  The CD&R Entities otherwise stand on their objections.
>
> 4. RFP 16:  The CD&R Entities stand on their objections for the reasons stated in their R&Os and their January 5, 2026

letter.

For the sake of completeness, I'll note that the parties are continuing to discuss RFP Nos. 11-14 and will address the CD&R Entities' objections to those requests in connection with the negotiation of search terms.

I'm generally available tomorrow if you'd like to discuss.

Brandon

**Brandon Fetzer** | Counsel | Debevoise & Plimpton LLP | bfetzer@debevoise.com | +1 212 909 6880| www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Thursday, February 5, 2026 6:16 PM
**To:** Fetzer, Brandon <bfetzer@debevoise.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

**\*EXTERNAL\***

Counsel, following up on the below correspondence from Jan 31 and Feb 4, asking to meet and confer.  What is your availability?

Christopher D. Stewart
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**From:** Christopher Stewart
**Sent:** Wednesday, February 4, 2026 1:52 PM
**To:** 'Fetzer, Brandon' <bfetzer@debevoise.com>; 'Greenfield, Elliot' <egreenfield@debevoise.com>; 'O'Connor, Maeve' <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** RE: agilon

Counsel,

I am following up on the Jan 31 letter sent below.  The letter asked for your availability to meet and confer early this week, but we never received a response.  What is your availability to discuss the Jan 31 letter?

Best,
Chris

**From:** Christopher Stewart
**Sent:** Saturday, January 31, 2026 4:20 PM
**To:** 'Fetzer, Brandon' <bfetzer@debevoise.com>; Greenfield, Elliot <egreenfield@debevoise.com>; O'Connor, Maeve <mloconnor@debevoise.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; Jack Scott <JScott@rgrdlaw.com>; Evelyn Sanchez Gonzalez <EGonzalez@rgrdlaw.com>; Shao-Jia Chang <SChang@rgrdlaw.com>
**Subject:** agilon

Counsel,

Please see attached.

Best,
Chris

**Christopher D. Stewart**



655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

  

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**