# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

§
§
§
§

In re AGILON HEALTH, INC. SECURITIES
LITIGATION

Master File No. 1:24-cv-00297-DAE

CLASS ACTION

This Document Relates To:

    ALL ACTIONS.

### AFFIDAVIT OF ETHAN FULD IN SUPPORT OF AGILON DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

I, Ethan Fuld, declare as follows:

1. I am over the age of 18 and competent to make this affidavit. The statements herein are based on my personal knowledge and experience.

2. I am a Senior Project Manager at Epiq, and I submit this declaration in support of agilon Defendants' opposition to Plaintiffs' Motion to Compel. I have personal knowledge of the matters set forth herein.

3. I oversee the collection, processing, hosting, and review coordination of electronically stored information ("ESI") for agilon Defendants in this matter.

4. agilon Defendants collected centralized SharePoint repositories and other non-custodial data sources associated with Finance, Investor Relations, the Office of the Corporate Secretary, Payor Contracting, HR, Internal Audit, Legal and

Compliance Operations, Communications, and the Office of the CEO, totaling approximately 701.75 gigabytes of data.

5. At counsel's request, I analyzed the impact of applying Plaintiffs' March 6, 2026, search-term proposal to agilon Defendants' current document collection, as compared to the search parameters reflected in agilon Defendants' March 2, 2026 proposal.

6. These estimates reflect the full lifecycle of ESI discovery, including collection, hosting, data conversion, processing, consulting, application of analytics tools (including Relativity aiR), and multi-level document review. These figures do not include the additional time and cost associated with review by Sidley Austin attorneys, which would further increase the overall burden.

7. Applying Plaintiffs' March 6 search terms would increase the review population by approximately 76,291 additional documents beyond those currently captured under agilon Defendants' existing search parameters and would result in approximately $146,000 in additional discovery costs.

8. I also analyzed the impact of collecting and processing the additional custodians Plaintiffs seek—Michael Murray, Jared Schaeffer, Lauren Polt, and Sam Rowland. The precise number of additional documents that would be introduced into the review population cannot be determined until the data is collected, processed, and searched. However, based on the volume of documents and search

hit rates observed across the existing custodians in this matter, collecting those custodians would be expected to introduce approximately 65,000 additional documents and would result in approximately $116,615 in additional discovery costs.

9.  Taken together, the additional costs associated with applying Plaintiffs' March 6 search terms and collecting the four additional custodians would be expected to exceed $262,615 in incremental discovery costs.

10. These estimates do not include the additional burden that would result from collecting the five additional custodians previously offered by agilon Defendants as part of a compromise and rejected by Plaintiffs, which would further and significantly increase the overall cost and burden of review.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Ethan Fuld*
_____
Ethan Fuld