# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
|  | § |  |
|  | § |  |
|  | § |  |
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § | Master File No. 1:24-cv-00297-DAE |
|  | § | CLASS ACTION |
| This Document Relates To: | § |  |
| ALL ACTIONS. | § |  |
|  | § |  |

**AGILON DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants agilon health, inc., Steven J. Sell, Timothy S. Bensley, Heidi Hittner, and Girish Venkatachaliah (collectively, the "agilon Defendants") respond and object to Plaintiffs' First Requests for Production of Documents (the "Requests") to agilon and the Individual Defendants.[1]

**GENERAL OBJECTIONS**

The agilon Defendants make the following general objections and objections to the Definitions and Instructions (the "General Objections") to Plaintiffs' Requests. These General Objections are incorporated into each specific response to each Request as if fully set forth therein and are in addition to any specific objections made. The assertion of the same, similar, or additional

---

[1] Defendants Hittner and Venkatachaliah provide these responses and objections subject to, and without waiving, their Motion for Clarification (Dkt. 67) that the Court's August 15, 2025, ruling dismissed all claims against them.

1

objections in response to a specific Request does not waive any of the General Objections. Failure to make a specific reference to any General Objection in response to a particular Request shall not be construed as a waiver of that General Objection.

1.      **Clarification/Reconsideration**. The agilon Defendants object to the Requests, definitions, and instructions to the extent they seek discovery while Defendants' motions for clarification and/or reconsideration (Dkt. 66 & 67) are pending. To the extent those motions are granted in whole or in part, the agilon Defendants reserve the right to amend, supplement, revise, correct, and/or clarify the objections and responses set forth herein.

2.      **Privilege**. The agilon Defendants object to the Requests to the extent they seek information subject to the attorney-client privilege, the attorney work-product doctrine, the common-interest or joint-defense doctrines, or any other applicable privilege, doctrine, or immunity (collectively, "Privileged Information"). The agilon Defendants will not produce Privileged Information. Any inadvertent disclosure of Privileged Information shall not constitute a waiver of any privilege, doctrine, or immunity, and the agilon Defendants reserve the right to require the return of any inadvertently produced Privileged Information. The agilon Defendants also reserve the right to redact documents produced in response to the Requests on the basis of privilege.

3.      **Disputed Facts or Legal Conclusions**. The agilon Defendants object to the Requests, definitions, and instructions to the extent they assume disputed facts or legal conclusions, or purport to characterize facts or applicable law. Responding to a Request does not constitute agreement with or admission of any such assumption or characterization. Any statement that the agilon Defendants will produce documents does not represent that responsive documents

exist, only that if they exist and are within the agilon Defendants' possession, custody, or control, non-privileged documents will be produced.

4.      **Scope**. The agilon Defendants object to the Requests, definitions, and instructions to the extent they are not reasonably tailored to the claims that survived the Court's August 15, 2025 Order granting in part the agilon Defendants' motion to dismiss. Discovery will be reasonably limited to the claims and categories that the Court held survived the motions to dismiss—namely, (1) statements concerning agilon's business model; (2) margin/adjusted EBITDA guidance and projections; (3) healthcare utilization trends; and (4) historical financial reporting. Claims premised on data-integration and growth-strategy statements, and claims against Hittner and Venkatachaliah, were dismissed without prejudice; discovery directed primarily to those dismissed theories or parties is disproportionate and will be deferred absent further order. The agilon Defendants will further limit discovery relating to CD&R consistent with the Court's rulings on Plaintiffs' surviving Section 20(a) and Section 20A claims.

5.      **Accessibility**. The agilon Defendants object to the Requests to the extent they seek documents or information that are not reasonably accessible after a reasonable investigation, including electronically stored information that would be unduly burdensome or costly to retrieve, consistent with Fed. R. Civ. P. 26(b)(2)(B).

6.      **Information Now Available**. These Responses are made on the basis of information now available to the agilon Defendants. Investigation, discovery, and preparation for trial are ongoing. The agilon Defendants expressly reserve the right to introduce into this action any facts or information discovered after these Responses are served.

7.      **Reservation of Right to Supplement**. Given the stage of the litigation, the agilon Defendants have not completed their investigation of the facts or law relating to this action, and

discovery is ongoing. Accordingly, these Responses are made without prejudice to, and are not a waiver of, the agilon Defendants' right to amend, correct, or supplement their Responses, and are subject to the right to produce evidence of subsequently discovered facts, additional facts, information, or documents that may exist.

8. **No Waiver**. By responding to the Requests, the agilon Defendants do not concede the relevance of any Request, nor the relevance or admissibility of any information provided in response. The fact that information is provided in response to a particular Request does not mean that it is probative of any particular issue in this action. The agilon Defendants expressly reserve their right to object to the admissibility of any responses into evidence at any hearing or trial of this action, or in any other proceeding, on any and all grounds, including but not limited to competency, relevance, materiality, privilege, confidentiality, hearsay, or admissibility as evidence for any purpose.

9. **Confidentiality**. The agilon Defendants object to the Requests to the extent they seek production of information that is confidential, proprietary, competitively sensitive, or protected by trade secrets or privacy rights ("Confidential Information") prior to entry of an agreed confidentiality and protective order. The agilon Defendants will only produce Confidential Information subject to an agreed confidentiality and protective order entered by the Court.

10. **Protected Health Information**. The agilon Defendants object to the Requests to the extent they seek documents containing protected health information ("PHI") or other information protected under the Health Insurance Portability and Accountability Act ("HIPAA") or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless production of PHI, agilon will produce only reported information

4

and communications around them (e.g., PMPM, utilization trend decks, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol.

11. **Possession, Custody, or Control**. The agilon Defendants will produce only responsive, non-privileged documents within their possession, custody, or control after a reasonable search. They object to the Requests to the extent they seek documents outside their possession, custody, or control, or equally available to Plaintiffs from another source that is more convenient, less burdensome, or less expensive.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. The agilon Defendants object to Plaintiffs' Definitions and Instructions to the extent they are vague, ambiguous, overbroad, unduly burdensome, assume disputed facts, or purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable orders. The agilon Defendants do not adopt, concede, or confirm the accuracy of any factual or legal assertions contained in the Definitions and Instructions, and nothing in these Responses should be construed as doing so.

2. Pursuant to Local Rule CV-26(b), the "Definitions and Rules of Construction" set forth in that Rule are deemed incorporated by reference into all discovery requests. To the extent Plaintiffs' proposed definitions conflict with or expand beyond those definitions, the agilon Defendants object. The agilon Defendants will interpret the terms "communication," "document," "identify" (for persons and documents), "parties," "person," and "concerning" consistent with Local Rule CV-26(b) and the Federal Rules of Civil Procedure.

3. The agilon Defendants object to the definitions of "all," "any," and "each" as overbroad and unduly burdensome. These terms will be given their plain and ordinary meaning consistent with Federal Rule of Civil Procedure 34 and Local Rule CV-26(b).

5

4.      The agilon Defendants object to the definition of "Adjusted EBITDA," "Adjusted EBITDA guidance," "medical margin," and "medical services revenue/expense" as vague and overbroad because these accounting or operational terms are undefined in ways that risk inconsistency and overbreadth. The agilon Defendants will construe these terms as used in agilon's public filings and earnings materials during the period at issue (*e.g.*, 2023 Form 10-K and contemporaneous investor materials), and as tied to the statements identified in the operative complaint that survived the motion to dismiss.

5.      The agilon Defendants object to the definitions of "agilon" and the "Company" because they include a wide array of affiliates, divisions, agents, consultants, and "all other persons acting or purporting to act on its behalf." The agilon Defendants object to this definition as overbroad and not proportional. The term "agilon" will be construed to mean agilon health, inc. and, solely to the extent information is within its possession, custody, or control, its current and former officers and employees. It does not extend to independent third parties (*e.g.*, outside consultants, physician partners, or payors).

6.      The agilon Defendants object to the definition of "CD&R Defendants" because it includes a wide array of affiliates, divisions, agents, consultants, and "all other persons acting or purporting to act on their behalf." The agilon Defendants object to this definition as overbroad and not proportional. The term "CD&R Defendants" will be construed to mean Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P. ("Vector"), CD&R Investment Associates IX, Ltd., and CD&R Associates IX, L.P., along with their current and former officers and employees.

7.      The agilon Defendants object to the Plaintiffs' definition of "Class Period" to the extent it expands the scope of any Request beyond what is relevant or proportional. Temporal

6

limits will be applied as set forth in the specific responses and consistent with the Court's August 15, 2025 Order and proportional needs of the case.

8.      The agilon Defendants object to Plaintiffs' definitions of "concerning," "relating to," "referring to," "regarding," and similar terms to the extent they expand beyond the meaning in Local Rule CV-26(b). The agilon Defendants will interpret such terms to mean "relating to, referring to, describing, evidencing, or constituting," consistent with Local Rule CV-26(b).

9.      The agilon Defendants object to Plaintiffs' definitions of "document(s)" and "electronically stored information (ESI)" to the extent they exceed the scope of Federal Rule of Civil Procedure 34 or include materials not in the agilon Defendants' possession, custody, or control, or equally available to Plaintiffs. Plaintiffs' definitions of "document(s)" and "ESI" exceed Rule 34 by, among other things, attempting to capture categories of data not kept in the ordinary course or not within the agilon Defendants' possession, custody, or control, and by implying production-format requirements through unilateral definitions. The agilon Defendants object to these expansions and will interpret "document(s)" and "ESI" in accordance with Federal Rule of Civil Procedure 34 and Local Rule CV-26(b). Format, metadata, de-duplication, RSMF/short-message issues, and TAR will be addressed through a mutually agreed ESI protocol, not by unilateral definitions.

10.     The agilon Defendants object to Plaintiffs' definition of "communication(s)" as overly expansive and unduly burdensome. The agilon Defendants will interpret the term consistent with Local Rule CV-26(b) and its ordinary meaning in the Federal Rules of Civil Procedure. The agilon Defendants further object to this definition to the extent it purports to include personal electronic devices, personal email accounts, or personal messaging applications (including, without limitation, text messages, iMessage, WhatsApp, Signal, Telegram, or similar platforms)

7

used by current or former employees. The agilon Defendants will produce responsive, non-privileged documents from business accounts and company-managed platforms (including Microsoft Teams and Outlook) for agreed custodians. The agilon Defendants will also search or produce data from personal devices or personal messaging applications for any individual identified as a document custodian but only to the extent such modes of communication were used by the individual to discuss agilon business, and subject to an agreed-upon ESI protocol.

11.    The agilon Defendants object to Plaintiffs' definition of "Competitors" because it is indefinite and invites speculation. The agilon Defendants will construe "Competitors" to mean the named examples in Plaintiffs' definition and other industry participants specifically identified in agilon's public filings during the period at issue, to the extent responsive to properly scoped Requests.

12.    The agilon Defendants object to Plaintiffs' definitions of "Complaint," "Answer(s)," and any definitions that embed Plaintiffs' allegations because they presume the truth of Plaintiffs' allegations or import Plaintiffs' characterizations. References to the "Complaint" and "Answer(s)" will be understood to mean the operative pleadings, and nothing in these Definitions will be taken as an admission.

13.    The agilon Defendants object to Plaintiffs' definition of "Identify" as overbroad, unduly burdensome, and disproportionate to the needs of the case. The agilon Defendants object to any requirement to provide home addresses, personal phone numbers, or personal email or social-media handles for individuals. Where identification is required, the agilon Defendants will provide business contact information (to the extent maintained in the ordinary course) and the reasonable document descriptors contemplated by Local Rule CV-26(b) and Federal Rule of Civil Procedure 26, subject to confidentiality and privacy protections.

14.     The agilon Defendants object to Plaintiffs' definitions of "Payors," "Physician partners," "PCPs," "Outpatient surgeries/Elective procedures," and "Part B drugs" as vague and overbroad to the extent these terms are used without reference to agilon's own usage in its filings or contracts. The agilon Defendants will interpret them as used in agilon's contemporaneous public disclosures and operative contracts or policies during the period at issue.

15.     The agilon Defendants object to Plaintiffs' blanket definition of the "Relevant Period" as January 1, 2021, through May 31, 2024, to the extent it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The agilon Defendants will perform a reasonable, proportional search within temporal limits tied to the claims and defenses at issue, as set forth in the Specific Objections and Responses below. For purposes of these Requests, the agilon Defendants will construe the "Relevant Period" as the class period: April 15, 2021, through February 27, 2024.

16.     The agilon Defendants object to Plaintiffs' definition of "Security" or "securities" because it is untethered to Plaintiffs' surviving claims and would sweep in instruments having no relevance to this action. For purposes of these Requests, the agilon Defendants will construe "Security" or "securities" as agilon's publicly traded common stock to the extent relevant to the surviving claims.

17.     The agilon Defendants object to Instruction No. 1 to the extent it seeks to impose obligations to obtain documents from third parties or affiliates outside their possession, custody, or control. The agilon Defendants will produce responsive, non-privileged documents in agilon's possession, custody, or control.

18.     The agilon Defendants object to Instructions concerning the form and organization of production, including Instruction Nos. 2–3, to the extent they purport to impose requirements

9

beyond those of Federal Rule of Civil Procedure 34. The agilon Defendants will produce responsive, non-privileged documents as they are kept in the usual course of business or in a reasonably usable form, in accordance with a mutually agreed ESI protocol.

19.    The agilon Defendants object to Instruction No. 4 as overbroad, unduly burdensome, disproportionate to the needs of the case, and irrelevant to the surviving claims or defenses to the extent it seeks to impose obligations on the agilon Defendants inconsistent with or in addition to those required by the Federal Rules of Civil Procedure.

20.    The agilon Defendants object to Instruction No. 5 to the extent it purports to impose privilege log requirements beyond those required by Federal Rule of Civil Procedure 26(b)(5). The agilon Defendants will provide a privilege log consistent with the Federal Rules of Civil Procedure, any applicable orders, and agreements of the parties.

21.    The agilon Defendants object to Instruction No. 8 to the extent it expands the Requests by construing singular terms to include plural and vice versa, or 'and/or' to be conjunctive and disjunctive in every case. The agilon Defendants will interpret the Requests consistent with Local Rule CV-26(b) and the Federal Rules of Civil Procedure.

22.    The agilon Defendants object to Instructions regarding Production of Hard-Copy Documents – Format to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or that are inconsistent with proportional discovery. The agilon Defendants will meet and confer regarding an agreed ESI protocol that governs production of hard-copy documents and produce hard-copy documents in accordance with such protocol to the extent that any responsive, non-privileged hard-copy documents exist.

23.    The agilon Defendants object to Instructions regarding Production of ESI, including TIFF, metadata, de-duplication, RSMF, and restrictions on technology-assisted review,

10

to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or that are inconsistent with proportional discovery. The agilon Defendants will meet and confer regarding an agreed ESI protocol and produce ESI in accordance with such protocol.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**: All documents and communications concerning the calculation and financial reporting of agilon's adjusted EBITDA, including, but not limited to:

(a) all documents and communications concerning the persons, methods, and considerations involved in calculating and reporting adjusted EBITDA;

(b) all documents and communications concerning agilon's visibility into the data or information used in calculating and reporting adjusted EBITDA; and

(c) all documents and communications concerning any inaccuracies, incompleteness, deficiencies, or unreliability in the data or information used in calculating and reporting adjusted EBITDA.

**RESPONSE TO REQUEST NO. 1**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the calculation and financial reporting of agilon's adjusted EBITDA" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to

the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "visibility," "inaccuracies," "incompleteness," "deficiencies," and "unreliability" that is not otherwise covered by search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze the calculation, reporting, or communication of adjusted EBITDA for public reporting and guidance purposes, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 2**: All documents and communications concerning the calculation and financial reporting of agilon's medical margin, including, but not limited to:

(a) all documents and communications concerning the persons, methods, and considerations involved in the calculation and reporting of medical margin;

(b) all documents and communications concerning the persons, methods, and considerations involved in the calculation and reporting of medical margin per-member-per-month;

12

(c) all documents and communications concerning agilon's visibility into the data or information used in calculating and reporting medical margin; and

(d) all documents and communications concerning any inaccuracies, incompleteness, deficiencies, or unreliability in the data or information used in calculating and reporting medical margin.

**RESPONSE TO REQUEST NO. 2**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the calculation and financial reporting of agilon's medical margin" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "visibility," "inaccuracies," "incompleteness," "deficiencies," and "unreliability" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze the calculation, reporting, or communication of medical margin for public reporting and guidance purposes, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 3**: All documents and communications concerning agilon's financial targets, projections, guidance, and forecasts of adjusted EBITDA, including, but not limited to:

(a) all documents and communications concerning the persons, methods, and considerations involved in setting or revising the financial targets, projections, guidance, and forecasts;

(b) all documents and communications concerning information considered when setting or revising the financial targets, projections, guidance, and forecasts;

(c) all documents and communications concerning agilon's ability or inability to achieve the financial targets, projections, guidance, and forecasts;

(d) all documents and communications concerning plans or methods for achieving the financial targets, projections, guidance, and forecasts;

(e) all documents and communications concerning agilon's progress toward the financial targets, projections, guidance, and forecasts; and

(f) all documents and communications concerning any inaccuracies, incompleteness, deficiencies, or unreliability in the data or information used in setting or revising targets, projections, guidance, and forecasts of adjusted EBITDA.

**RESPONSE TO REQUEST NO. 3**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's financial targets, projections, guidance, and forecasts of adjusted EBITDA" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The Request is broad enough to capture virtually every financial document over a more than three-year period, without any relevance to the specific allegations and claims in Plaintiffs' Complaint. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "ability or inability," "progress," "inaccuracies," "incompleteness," "deficiencies," and "unreliability" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents

15

protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze agilon's financial targets, projections, guidance, and forecasts concerning medical margin and adjusted EBITDA for public reporting and guidance purposes, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 4**: All documents and communications concerning agilon's targets, projections, guidance, and forecasts of medical margin, including, but not limited to:

(a) all documents and communications concerning the persons, methods, and considerations involved in setting the targets, projections, guidance, and forecasts;

(b) all documents and communications concerning information considered when setting or revising the targets, projections, guidance, and forecasts;

(c) all documents and communications concerning agilon's ability or inability to achieve the targets, projections, guidance, and forecasts;

(d) all documents and communications concerning plans or methods or achieving the targets, projections, guidance, and forecasts;

16

(e) all documents and communications concerning agilon's progress toward the targets, projections, guidance, and forecasts; and

(f) all documents and communications concerning any inaccuracies, incompleteness, deficiencies, or unreliability in the data or information used in setting or revising targets, projections, guidance, and forecasts of medical margin.

**RESPONSE TO REQUEST NO. 4**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's targets, projections, guidance, and forecasts of medical margin" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "ability or inability," "progress," "inaccuracies," "incompleteness," "deficiencies," and "unreliability" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

17

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze agilon's medical margin targets, projections, guidance, and forecasts for public reporting and guidance purposes, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 5**: All documents and communications concerning the tracking of agilon's MA membership, including:

(a) membership growth and growth rates;

(b) the additions of new physician partners;

(c) the additions of new PCPs to physician partners;

(d) risk and costs associated with members;

(e) visibility and forecasts on future membership;

(f) visibility on members' medical needs and costs; and

(g) member level data received from payors and physicians.

**RESPONSE TO REQUEST NO. 5**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the tracking of agilon's MA membership" without

18

narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

The agilon Defendants further object to this Request to the extent it seeks documents containing PHI or other information protected under HIPAA or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless production of PHI, agilon will produce only reported information and communications around them (e.g., PMPM, utilization trends, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "risk," "visibility," and "member-level data" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or

19

analyze the tracking and reporting of agilon's MA membership to the extent such materials relate to medical margin or adjusted EBITDA reporting and guidance, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 6**: All documents and communications concerning IBNR, including, but not limited to:

(a) the persons, methods, and considerations involved in estimating and reserving for IBNR;

(b) all documents and communications concerning the calculation, tracking, or reporting of IBNR;

(c) all documents and communications concerning the impact of IBNR on agilon's business or financial results; and

(d) all documents and communications concerning agilon's accounting and financial reporting policies and procedures concerning IBNR.

**RESPONSE TO REQUEST NO. 6**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "IBNR" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted

20

EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "impact of IBNR on agilon's business," "estimating," and "reserving" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze IBNR estimates or reserves, and their effect on medical-margin or adjusted-EBITDA reporting, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 7**: All documents and communications concerning agilon's PYD, including, but not limited to:

(a) all documents and communications concerning agilon's tracking and financial reporting of PYD;

(b) all documents and communications concerning the reasons for, or drivers of, agilon's PYD (including, but not limited to, the "PYD" referenced during agilon's earnings calls on May 9, 2023 and November 2, 2023);

21

(c) all documents and communications concerning the actual or potential impact of PYD on agilon's financial results; and

(d) all documents and communications concerning agilon's accounting and financial reporting policies and procedures concerning PYD.

**RESPONSE TO REQUEST NO. 7**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's PYD" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "drivers," "impact," and "reasons" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for

documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze the calculation and tracking of PYD and the impact on agilon's financial reporting, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections

**REQUEST NO. 8**: All documents and communications concerning agilon's calculating, tracking, forecasting, or reporting patient utilization or utilization trends during the period January 1, 2020, through May 31, 2024, including, but not limited to, calculating, tracking, forecasting, or reporting:

(a) demand for medical services;

(b) the impact of Covid-19 or the Covid-19 pandemic on patient utilization of, or demand for, medical services;

(c) patient referrals to specialists;

(d) members' elective procedures or outpatient surgeries or procedures;

(e) the costs of elective procedures or outpatient surgeries or procedures;

(f) prescription of Part B drugs; and

(g) pent-up demand for medical services.

**RESPONSE TO REQUEST NO. 8**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the calculating, tracking, forecasting, or reporting of patient utilization or utilization trends" without narrowing such an expansive request based on the

23

specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

The agilon Defendants further object to this Request to the extent it seeks documents containing PHI or other information protected under HIPAA or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless production of PHI, agilon will produce only reported information and communications around them (e.g., PMPM, utilization trend decks, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "utilization trends," "pent-up demand," and "impact of Covid-19" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians. The agilon Defendants will further limit their search to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze agilon's assessment, forecasting, or

24

reporting of healthcare utilization trends and their effect on medical-margin or adjusted-EBITDA reporting, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 9**: All documents and communications concerning changes in demand for, or utilization of, medical services by members during the period January 1, 2020, through May 31, 2024, including, but not limited to, all documents and communications concerning:

(a) the reasons for any changes in demand for, or utilization of, medical services;

(b) the actual, potential, or expected impact of changes in demand for, or utilization of, medical services on agilon's financial results;

(c) any spike in demand for, or utilization of, medical services (including, but not limited to, the "spike" referenced in ¶¶175-176, 179-180, 197 of the Complaint); and

(d) the actual, potential, or expected costs due to changes in demand for, or utilization of, medical services by members.

**RESPONSE TO REQUEST NO. 9**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "changes in demand for, or utilization of, medical services by members" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant

25

Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

The agilon Defendants further object to this Request to the extent it seeks documents containing PHI or other information protected under HIPAA or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless production of PHI, agilon will produce only reported information and communications around them (e.g., PMPM, utilization trend decks, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "impact," "spike," and "costs" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze changes in demand for or utilization of medical services and their effect on medical-margin or adjusted-EBITDA reporting, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 10**: All documents and communications concerning the costs attributable to increases in utilization (including the "spike" in utilization described on November 2, 2023), including, but not limited to:

(a) any pent-up demand for medical care;

(b) any increase in the number of (or costs from) elective procedures, outpatient surgeries, or procedures;

(c) any increase in the number of referrals to specialists; and

(d) any increase in the prescription of (or costs from) Part B drugs.

**RESPONSE TO REQUEST NO. 10**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the costs attributable to increases in utilization" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

The agilon Defendants further object to this Request to the extent it seeks documents containing PHI or other information protected under HIPAA or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless

27

production of PHI, agilon will produce only reported information and communications around them (e.g., PMPM, utilization trend decks, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "costs attributable," "pent-up demand," and "increases in utilization" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze costs attributable to increases in utilization and their impact on medical-margin or adjusted-EBITDA reporting for 2023, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 11**: All documents and communications with payors concerning:

(a) utilization data during the period January 1, 2020, through May 31, 2024;

(b) demand for medical services during the period January 1, 2020, through May 31, 2024;

(c) the impact of Covid-19 or the Covid-19 pandemic on patient utilization of, or demand for, medical services;

(d) inaccuracies, incompleteness, or deficiencies in the data provided by payors;

28

(e) patient referrals to specialists;

(f) members' elective procedures, outpatient surgeries, or procedures;

(g) the costs of elective procedures, outpatient surgeries, or procedures;

(h) prescription of Part B drugs;

(i) pent-up demand for medical services; and

(j) medical expenses and claims data.

**RESPONSE TO REQUEST NO. 11**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications with payors concerning utilization, demand, or medical services across multiple years without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

The agilon Defendants further object to this Request to the extent it seeks documents containing PHI or other information protected under HIPAA or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless production of PHI, agilon will produce only reported information and communications around

29

them (e.g., PMPM, utilization trend decks, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "inaccuracies," "incompleteness," "deficiencies," and "pent-up demand" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, or information subject to confidentiality obligations with payors.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, analyze, or were used in connection with communications with payors concerning utilization data, demand for medical services, and changes to the demand for medical services due to the impact of Covid-19, to the extent (a) such documents and communications bear on medical-margin or adjusted-EBITDA reporting and guidance for 2023 and (b) such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 12**: All documents and communications with physician partners concerning:

(a) patient utilization data during the period January 1, 2020 through May 31, 2024;

(b) demand for medical services during the period January 1, 2020 through May 31, 2024;

(c) the impact of Covid-19 or the Covid-19 pandemic on patient utilization and demand for medical services; or

(d) contracts or agreements between agilon and physician partners.

**RESPONSE TO REQUEST NO. 12**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications with physician partners concerning patient utilization, demand for medical services, or agreements without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

The agilon Defendants further object to this Request to the extent it seeks documents containing PHI or other information protected under HIPAA or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless production of PHI, agilon will produce only reported information and communications around them (e.g., PMPM, utilization trend decks, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol.

31

Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "impact of Covid-19" and "demand for medical services" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, or information subject to confidentiality obligations with physician partners.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, analyze, or were used in connection with communications with physician partners concerning industry-wide utilization trends and changes to the demand for medical services due to the impact of Covid-19, to the extent (a) such documents and communications bear on medical-margin or adjusted-EBITDA reporting and guidance for 2023 and (b) such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. The agilon Defendants will also conduct a reasonable search for professional-services contracts with physician partners. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 13**: All documents and communications with CMS concerning:

(a) patient utilization data during the period January 1, 2020 through May 31, 2024;

(b) the demand for medical services during the period January 1, 2020 through May 31, 2024;

32

(c) the impact of Covid-19 or the Covid-19 pandemic on patient utilization and demand for medical services;

(d) patient referrals to specialists;

(e) medical costs; or

(f) the Total Care Model.

**RESPONSE TO REQUEST NO. 13**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications with CMS concerning patient utilization, demand for medical services, or the Total Care Model without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

The agilon Defendants further object to this Request to the extent it seeks documents containing PHI or other information protected under HIPAA or other applicable privacy laws, doctor-patient protections, or confidentiality agreements with physicians. To avoid the needless production of PHI, agilon will produce only reported information and communications around

33

them (e.g., PMPM, utilization trend decks, variance analyses) and will withhold claims- or encounter-level data absent a court-approved PHI protocol.

Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "demand for medical services," "impact of Covid-19," and "medical costs" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, or information subject to confidentiality obligations with CMS.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze communications with CMS concerning industry-wide utilization trends and agilon's Total Care Model to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 14**: All documents and communications concerning competitors' or industry-wide trends in patient utilization of medical services, demand for medical services, or medical expenses.

**RESPONSE TO REQUEST NO. 14**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the

case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "competitors' or industry-wide trends in patient utilization, demand for medical services, or medical expenses" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the term "industry-wide trends" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents not in their possession, custody, or control, or documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that reflect, discuss, or analyze industry-wide utilization and medical-expense trends during 2023, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 15**: All documents and communications concerning the impact of agilon's Total Care Model on agilon's:

(a) ability to drive lower costs;

(b) ability to track medical costs, medical margin, and adjusted EBITDA;

(c) ability to obtain and analyze data from payors and physician partners;

(d) resistance to industry-wide volatility;

(e) resistance to surges in utilization; and

(f) ability to provide predictable financial results.

**RESPONSE TO REQUEST NO. 15**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the impact of agilon's Total Care Model" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "resistance to industry-wide volatility," "resistance to surges in utilization," and "predictable

36

financial results" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that expressly reflect, discuss, or analyze the impact of agilon's Total Care Model's on medical margin or adjusted EBITDA, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 16**: All documents and communications concerning the "financial data pipeline" referenced during agilon's February 27, 2024 earnings call, including, but not limited to:

(a) agilon's reasons for implementing the "financial data pipeline"; and

(b) the actual or expected impact of the "financial data pipeline" on agilon's reporting and forecasting of its financial results.

**RESPONSE TO REQUEST NO. 16**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the financial data pipeline" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and

through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant, inadmissible, and not tailored to lead to the discovery of admissible evidence. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "reasons for implementing" and "impact" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 17**: All documents and communications concerning agilon's lowering of (or withdrawing of), and decision to lower (or withdraw), its fiscal year outlooks for 2023 and 2024, including, but not limited to:

(a) all documents and communications concerning monitoring, tracking, accounting for, estimating, or forecasting agilon's fiscal year outlooks for 2023 and 2024;

(b) all documents and communications concerning underlying data, financial models, assumptions, and sensitivity analyses provided to, or reviewed by, any executive officer quantifying, estimating, or forecasting agilon's fiscal year outlooks for 2023 and 2024; and

(c) all documents and communications concerning the causes or drivers of agilon's fiscal year outlooks for 2023 and 2024.

**RESPONSE TO REQUEST NO. 17**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's lowering of, or decision to lower, its fiscal year outlooks for 2023 and 2024" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results.

Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "causes," "drivers," "forecasting," and "estimating" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production

to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze the assessment or modification of agilon's FY 2023 medical margin and adjusted EBITDA guidance, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 18**: All documents and communications concerning agilon's decision announced on January 5, 2024 to retroactively lower the medical margin for the second and third fiscal quarters of 2023, including, but not limited to:

(a) all documents and communications concerning monitoring, tracking, accounting for, estimating, or forecasting medical margin for the second and third fiscal quarters of 2023;

(b) all documents and communications concerning underlying data, financial models, assumptions, and sensitivity analyses provided to, or reviewed by, any executive officer quantifying, estimating, or forecasting agilon's medical margin for the second and third fiscal quarters of 2023; and

(c) all documents and communications concerning the causes or drivers of agilon's medical margin for the second and third fiscal quarters of 2023.

**RESPONSE TO REQUEST NO. 18**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's decision to retroactively lower the medical margin for the second and third fiscal quarters of 2023" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this

40

Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period.

The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "causes," "drivers," "forecasting," and "estimating" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that reflect, discuss, or analyze agilon's January 5, 2024 announcement regarding medical-margin results for Q2 and Q3 2023, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 19**: All documents and communications concerning any request for documents or information regarding agilon made:

(a) by any CD&R Defendant;

(b) by any representative of (or made on behalf of) any CD&R Defendant; or

(c) pursuant to the Stockholder Agreement (including, but not limited to, §§2.2, 2.3, or 2.4 of the Stockholder Agreement).

**RESPONSE TO REQUEST NO. 19**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "requests for documents or information regarding agilon made by or on behalf of any CD&R Defendant" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it requires the agilon Defendants to speculate as to who may qualify as a "representative" of any CD&R Defendant. The agilon Defendants will produce communications with Vector reasonably and proportionally identified during the course of agilon's review. The agilon Defendants further object to this Request as vague and unduly burdensome because it is not limited to a specific time period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the term "requests for documents or information" that is not otherwise covered by agreed search terms. The

42

agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol and agreed custodians for any non-privileged documents sufficient to show what Vector requested and received under Stockholder Agreement §§2.2–2.4 and communications transmitting that information, between April 15, 2021–May 31, 2023, to the extent they are in agilon's possession only. Post-May-2023 communications will be produced only to the extent they specifically relate to the May 18, 2023 sale/repurchase. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 20**: All documents provided to any CD&R Defendant (or any representative of any CD&R Defendant) concerning agilon, including, but not limited to, agilon's:

(a) consolidated statements of operations, income, cash flows, retained earnings, and stockholders' equity;

(b) monthly or other periodic financial statements;

(c) business plan(s) (including Board-approved business plan(s));

(d) annual budgets;

(e) financial forecasts;

(f) financial projections; or

(g) financial, operational, or other information described in §§2.2 or 2.3 of the Stockholder Agreement.

**RESPONSE TO REQUEST NO. 20**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to

43

this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning agilon that were provided to any CD&R Defendant or its representatives without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it requires the agilon Defendants to speculate as to who may qualify as a "representative" of any CD&R Defendant. The agilon Defendants will produce documents and communications provided to Vector reasonably and proportionally identified during the course of agilon's review. The agilon Defendants further object to this Request as vague and unduly burdensome because it is not limited to a specific time period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "financial, operational, or other information" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol and agreed custodians for any non-privileged documents sufficient to show what Vector requested and

received under Stockholder Agreement §§2.2–2.4 and communications transmitting that information, between April 15, 2021–May 31, 2023, to the extent they are in agilon's possession only. Post-May-2023 communications will be produced only to the extent they specifically relate to the May 18, 2023 sale/repurchase. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 21**: All communications with, and documents concerning communications with, any CD&R Defendant (or any representative of any CD&R Defendant) concerning agilon, including, but not limited to, agilon's:

(a) affairs, finances, and accounts;

(b) consolidated statements of operations, income, cash flows, retained earnings, and stockholders' equity;

(c) monthly or other periodic financial statements;

(d) business plan(s) (including Board-approved business plan(s));

(e) annual budgets;

(f) financial forecasts;

(g) financial projections; and

(h) financial, operational or other information described in §§2.2 or 2.3 of the Stockholder Agreement.

**RESPONSE TO REQUEST NO. 21**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "communications with any CD&R Defendant or any

45

representative of any CD&R Defendant concerning agilon" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it requires the agilon Defendants to speculate as to who may qualify as a "representative" of any CD&R Defendant. The agilon Defendants will produce communications with Vector reasonably and proportionally identified during the course of agilon's review. The agilon Defendants further object to this Request as vague and unduly burdensome because it is not limited to a specific time period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "affairs," "business plans," and "financial, operational, or other information" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol and agreed custodians for any non-privileged documents and communications regarding information Vector requested and received under Stockholder Agreement §§2.2–2.4, between April 15, 2021– May 31, 2023, to the extent they are in agilon's possession only. Post-May-2023 communications

46

will be produced only to the extent they specifically relate to the May 18, 2023 sale/repurchase. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 22**: All documents and communications concerning the alleged misstatements alleged in the Complaint (e.g., ¶¶100, 108, 109, 113, 114, 116, 129, 134, 136, 140, 141, 143, 144, 146, 149, 151, 156, 158, 159, 160, 161, 162, 163, 164, 166, 167, 168, 169, 170, 171, 172, 174, 176, 177, 178, 179, 180, 181, 182, 183, 185, 186, 189, 190), including concerning the preparation, review, editing, approval, modification, and distribution of the alleged misstatements, and that formed the basis for the alleged misstatements.

**RESPONSE TO REQUEST NO. 22**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the alleged misstatements identified in the Complaint" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "alleged misstatements," "preparation," and "basis" that are not otherwise covered by

agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that expressly reflect, discuss, or analyze the preparation, review, or dissemination of the public statements identified in the Complaint, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 23**: All documents and communications concerning the potential or actual factors or causes of changes in the price of agilon common stock on:

(a) November 3, 2023;

(b) November 6, 2023;

(c) January 5, 2024; or

(d) February 28 and 29, 2024, and March 1, 2024.

**RESPONSE TO REQUEST NO. 23**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the potential or actual factors or causes of changes in the price of agilon common stock" without narrowing such an expansive request based on the

specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "factors" and "causes" that are not otherwise covered by agreed search terms. The agilon Defendants also object to this request because the merits of Plaintiffs' claim for damages is still under investigation and will be subject to expert analysis and expert discovery at a later stage of this case. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that expressly discuss or analyze factors that impacted agilon's stock price on the identified disclosure dates, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 24**: All documents and communications concerning, or forming the basis for, agilon's public statements on November 2, 2023, January 5, 2024, and February 27, 2024.

**RESPONSE TO REQUEST NO. 24**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the basis for agilon's public statements on November 2, 2023, January 5, 2024, and February 27, 2024" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the term "forming the basis for" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023,

through February 27, 2024. The agilon Defendants will limit their search and production to non-privileged documents and communications that expressly reflect, discuss, or analyze any challenged statements on November 2, 2023, January 5, 2024, and February 27, 2024, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 25**: All documents and communications concerning agilon's disclosure on November 2, 2023, of $108 million medical margin, negative $6 million quarterly adjusted EBITDA for 3Q23 and lowered FY23 medical margin guidance including, but not limited to, the reasons for, or drivers of, the reported medical margin and adjusted EBITDA results and reduced guidance.

**RESPONSE TO REQUEST NO. 25**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's disclosure on November 2, 2023, of medical margin, adjusted EBITDA, and reduced FY23 guidance" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to

this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "reasons" and "drivers" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that expressly reflect, discuss, or analyze agilon's November 2, 2023 disclosure in relation to statements regarding medical margin or adjusted EBITDA results, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 26**: All documents and communications concerning Defendants' statements on November 2, 2023, that agilon's patent utilization rates had increased and that the Company was adding an additional $30 million to its reserves, including, but not limited to, the reasons for or drivers of the increased utilization rates, medical costs, and reserves.

**RESPONSE TO REQUEST NO. 26**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "Defendants' November 2, 2023 statements regarding

increased utilization rates, medical costs, and reserves" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "reasons," "drivers," and "increased utilization" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that expressly reflect, discuss, or analyze agilon's November 2, 2023 statements regarding utilization rates, medical costs, and reserves, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 27**: All documents and communications concerning agilon's disclosure on January 5, 2024, of lowered FY23 medical margin guidance, a loss of $55 million-$69 million

53

adjusted EBITDA for FY23, withdrawn FY24 medical margin guidance and adjusted EBITDA guidance, and withdrawn FY26 guidance including, but not limited to, the reasons for, or drivers of, the reduced guidance, withdrawing of guidance, and adjusted EBITDA loss.

**RESPONSE TO REQUEST NO. 27**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's January 5, 2024 disclosure of lowered guidance and adjusted EBITDA loss" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "reasons," "drivers," and "reduced guidance" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for

54

documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that expressly reflect, discuss, or analyze agilon's January 5, 2024 disclosure in relation to FY 2023 medical margin and EBITDA, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 28**: All documents and communications concerning agilon's disclosure on January 5, 2024, of increased medical expenses including, but not limited to, the reasons for or drivers of the increase in medical expenses.

**RESPONSE TO REQUEST NO. 28**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's January 5, 2024 disclosure of increased medical expenses" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome

to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "reasons" and "drivers" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that expressly reflect, discuss, or analyze agilon's January 5, 2024 disclosure in relation to FY 2023 medical margin and EBITDA, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 29**: All documents and communications concerning Defendants' statements on January 5, 2024, regarding elevated cost trends and utilization, and that agilon was not expected to generate positive cash flow in 2024, including, but not limited to, the reasons for or drivers of the elevated cost trends and utilization and expectation of negative cash flow in 2024.

**RESPONSE TO REQUEST NO. 29**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "Defendants' January 5, 2024 statements regarding elevated cost trends, utilization, and cash flow" without narrowing such an expansive request based

56

on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "reasons," "drivers," "elevated cost trends," and "expectation of negative cash flow" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 30**: All documents and communications concerning agilon's disclosure on February 27, 2024, of FY23 medical margin and adjusted EBITDA results, reduced FY24 medical margin and adjusted EBITDA guidance, including, but not limited to, the reasons for, or drivers of, the FY23 medical margin and adjusted EBITDA results and reduced FY24 medical margin and adjusted EBITDA guidance.

**RESPONSE TO REQUEST NO. 30**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's February 27, 2024 disclosure of FY23

57

medical margin and adjusted EBITDA results and reduced FY24 guidance" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "reasons," "drivers," and "results" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged documents and communications that are tied to the claims and alleged misstatements and that expressly reflect, discuss, or analyze agilon's February 27, 2024 disclosure in relation to FY 2023 results, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 31**: All documents and communications concerning agilon's internal controls over financial reporting and disclosure controls and procedures, including the material weaknesses referenced in the 2023 Form 10-K, and including, but not limited to:

(a) the process for identifying the material weaknesses;

(b) the reasons for, or causes of, the material weaknesses; and

(c) any steps taken to remediate the material weaknesses.

**RESPONSE TO REQUEST NO. 31**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's internal controls over financial reporting and disclosure controls and procedures, including the material weaknesses referenced in the 2023 Form 10-K" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "internal controls," "disclosure controls," "material weaknesses," "process," "reasons," and "remediate" that are not otherwise covered by agreed search terms. The agilon Defendants

further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will produce, if any, non-privileged documents sufficient to show internal controls over financial reporting and disclosure controls and procedures, as well as final materials identifying the 2023 10-K material weaknesses and remediation plans/status presented to the Audit/Disclosure Committees. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 32**: All documents and communications concerning agilon's investor presentation slides or slide decks, including, but not limited to, agilon's "Investor Presentation," "Investor Day," "Guidance Update," or "Healthcare Conference" investor slide decks.

**RESPONSE TO REQUEST NO. 32**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's investor presentation slides or slide decks" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be

60

limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "investor presentation," "slide decks," and "Healthcare Conference" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that reflect final versions of investor presentations or slide decks to the extent they are referenced in the Complaint. Subject to a meet-and-confer, no other documents will be produced.

**REQUEST NO. 33**: All documents and communications concerning any agilon board of directors meetings (whether informal or formal and including any committee or subcommittee thereof), including meeting minutes, exhibits, agendas, memoranda, resolutions (whether adopted or discussed), notes, reports, and presentations.

**RESPONSE TO REQUEST NO. 33**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all

documents and communications concerning "agilon's board of directors meetings, including any committees or subcommittees thereof" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. Plaintiffs do not even attempt to tie the scope of this request to their allegations, and it is not the agilon Defendants' responsibility to narrow the scope of Plaintiffs' requests for them. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "informal meetings," "committee or subcommittee," and "resolutions" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 34**: All documents and communications concerning the CD&R Defendants' and the Individual Defendants' holdings and transactions in agilon securities, including all documents and communications concerning:

(a) agilon securities held;

(b) transactions in agilon securities, including purchases, sales, donations, notices of proposed sales (i.e., SEC Forms 144), donations or use of agilon securities as collateral by the CD&R

Defendants or the Individual Defendants, any member of their immediate families, and/or any entity in which they have or had any direct, indirect, or beneficial ownership interest, including family trusts;

(c) any loans of agilon stock or options, including any prepaid variable forward contract or sale lending agreement;

(d) Rule 10b5-1 trading plans, or any other plans or blackouts restricting or governing the Individual Defendants' or officers' ability to buy or sell agilon stock options, including all Documents reflecting the execution, modification, implementation, and/or cancellation of such plans;

(e) discussion on the timing of any sale;

(f) any policies, procedures, or guidelines concerning the Individual Defendants' or CD&R Defendants' transactions in agilon securities; and

(g) any policies, procedures, or guidelines concerning insider trading in place at agilon, and all communications concerning any violations of those policies, procedures, or guidelines.

**RESPONSE TO REQUEST NO. 34**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the CD&R Defendants' and the Individual Defendants' holdings and transactions in agilon securities" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period

or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "transactions," "ownership interest," and "insider trading policies" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications sufficient to show transactions in agilon common stock by the Individual Defendants or Vector and policies governing such transactions, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 35**: All documents and communications concerning the sale of agilon common stock by any CD&R Defendant on or about September 14, 2021, August 11, 2022, or May 18, 2023.

**RESPONSE TO REQUEST NO. 35**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the

64

case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the sales of agilon common stock by any CD&R Defendant on or about September 14, 2021, August 11, 2022, or May 18, 2023" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the term "concerning the sale" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians expressly reflecting, discussing, or analyzing Vector's sales of agilon common stock on September 14, 2021, August 11, 2022, and May 18, 2023. The agilon Defendants will further limit their search and production to non-privileged documents and communications that reflect, discuss, analyze, or were used in connection with those transactions, including the reasons for and effects of such sales, to the extent

65

such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 36**: All documents and communications concerning agilon's agreement to purchase approximately 9.6 million shares of agilon common stock from CD&R Vector in or about May 2023, including, but not limited to, all documents and communications concerning:

(a) discussions or negotiations of the terms of agilon's agreement to purchase the common shares from CD&R Vector;

(b) any valuations of agilon or agilon's common stock performed in connection with agilon's purchase of common shares from CD&R Vector; and

(c) the reasons for retiring the common shares that agilon purchased from CD&R Vector.

**RESPONSE TO REQUEST NO. 36**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's May 2023 repurchase of common stock from CD&R Vector" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly

66

burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "valuations," "negotiations," and "reasons for retiring" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 37**: All documents and communications concerning the Individual Defendants' compensation from agilon, including all documents and communications concerning:

(a) any severance packages, termination agreements, or parachute payments;

(b) payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

(c) all bonuses and/or other compensation policies, terms, and agreements;

(d) any performance reviews;

(e) the benchmarking of salaries against peer groups; and

(f) all payments, loans, or taxable benefits received from agilon.

**RESPONSE TO REQUEST NO. 37**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the Individual Defendants' compensation from agilon" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants

67

further object to this Request to the extent it seeks information that is irrelevant. Plaintiffs do not include any allegation in the Complaint regarding executive severance payments, bonuses or performance reviews. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "benchmarking," "taxable benefits," and "performance reviews" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, or confidential personnel information.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 38**: All documents and communications concerning the departures or resignations of the following individuals:

(a) Defendant Bensley;

(b) Priscilla Kasenchak;

(c) Clay Richards;

(d) Richard J. Schall; and

(e) Derek L. Strum.

**RESPONSE TO REQUEST NO. 38**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all

documents and communications concerning "the departures or resignations of specified current and former agilon employees or officers" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the term "concerning the departures or resignations" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, or confidential personnel information.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that expressly reflect, discuss, or analyze the reasons for or circumstances surrounding the departures or resignations of the specified individuals, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 39**: All documents and communications concerning all insurance policies, indemnification agreements, hold harmless agreements, and/or by-laws that may provide coverage for you for all or part of any potential liability arising from the claims alleged in the Complaint.

**RESPONSE TO REQUEST NO. 39**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "insurance policies, indemnification agreements, hold harmless agreements, or by-laws that may provide coverage for potential liability arising from the claims alleged in the Complaint" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "coverage," "hold harmless," and "potential liability" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

70

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents sufficient to show insurance policies, indemnification provisions, or hold-harmless agreements that may provide coverage for the claims alleged in the Complaint, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 40**: All calendars, date books, telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, visitor logs, and/or appointment books reflecting agilon-related activities maintained by, or for, each of the Individual Defendants and each current or former agilon employee identified in any of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former agilon employee to be identified as a document custodian.

**RESPONSE TO REQUEST NO. 40**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all "calendars, logs, and other records of agilon-related activities" maintained by or for numerous current and former employees without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that

71

is irrelevant. Plaintiffs make no attempt to tie the scope of the Request to any allegation or claim in the Complaint. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires speculation as to the precise scope encapsulated by the terms "date books," "visitor logs," "appointment books," or "agilon-related activities" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, or confidential personal information.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 41**: Documents sufficient to identify all personal and business phone numbers (including all cell phones), email addresses, X accounts (formally known as Twitter), Slack accounts, or accounts on other electronic messaging services (including, but not limited to, Signal, Telegram, WeChat, iMessage, and Duo) for each of the Individual Defendants, each current or former agilon employee identified in any parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former agilon employee to be identified as a document custodian.

**RESPONSE TO REQUEST NO. 41**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant. It is not proportional to the needs of this case for the agilon Defendants to identify or collect personal phone numbers, personal email accounts, personal social-media accounts, or messaging-service accounts of current or former employees. Plaintiffs do not even attempt to tie the scope of the Request to any allegation or claim in the Complaint.

The agilon Defendants also object to this Request as vague and unduly burdensome because it is not limited to a specific time period and because it fails to distinguish between personal and business accounts. The agilon Defendants further object to this Request to the extent it seeks confidential personal information or documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Additionally, the agilon Defendants object to this Request to the extent it seeks the creation of documents or communications not kept in the usual course of business; such information is more appropriately sought through other means of discovery.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 42**: The current or most recent résumé or curriculum vitae for each of the Individual Defendants.

**RESPONSE TO REQUEST NO. 42**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks résumés or curricula vitae regardless of relevance to the issues in this action. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant or confidential personnel information. The agilon Defendants further object that the Request purports to seek documents created up to a year-and-a-half after the Relevant Period.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 43**: All documents and communications that support or relate to any affirmative of other defenses set forth in any Answer to the Complaint.

**RESPONSE TO REQUEST NO. 43**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to

73

this Request because it is overbroad, unduly burdensome, disproportionate to the needs of the case, and vague, including as to the phrase "support or relate to." The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the term "support or relate to" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that they may rely upon to support their affirmative or other defenses asserted in any Answer to the Complaint, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 44**: Directories, organizational charts, or other documents sufficient to identify agilon's organizational structure and reporting lines, including, but not limited to, the persons at agilon:

(a) that reported directly to any Individual Defendant;

(b) that are identified in, or reported directly to any person identified in, any of the parties' Fed. R. Civ. P. 26(a)(1) disclosures;

74

(c) primarily responsible for tracking, estimating, calculating, and forecasting agilon's adjusted EBITDA, medical margin, patient utilization of medical services, membership, and medical services expenses; and

(d) that held the position of Vice President (or higher) that reported directly or indirectly to any Individual Defendant.

**RESPONSE TO REQUEST NO. 44**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's organizational structure and reporting lines" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "primarily responsible," "reporting lines," or "organizational structure" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents not in their possession, custody, or control, or documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

75

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents sufficient to show agilon's organizational structure and reporting lines for the positions and individuals identified in this Request, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 45**: All documents and communications concerning agilon's document and ESI retention, preservation, and/or destruction policies in place from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 45**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's document and ESI retention, preservation, and destruction policies" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope

76

encapsulated by the terms "document retention," "preservation," and "destruction policies" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents sufficient to show agilon's document/ESI retention and preservation policies.

**REQUEST NO. 46**: All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST NO. 46**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants do not object to this Request except to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will produce non-privileged documents in their possession, custody, or control that were specifically identified in their Rule 26(a)(1) disclosures, if any, in accordance with the parties' agreed ESI protocol and subject to the attorney-client privilege, the work-product doctrine, and other applicable privileges or protections.

**REQUEST NO. 47**: All documents concerning the certification of financial statements or other information by the Individual Defendants pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), including, but not limited to, due diligence performed in order to provide the SOX certifications

and all documents and communications concerning sub-certifications made in connection with the SOX certifications.

**RESPONSE TO REQUEST NO. 47**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "certifications of financial statements or other information under the Sarbanes-Oxley Act of 2002" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires the agilon Defendants to speculate as to the precise scope encapsulated by the terms "due diligence performed" and "sub-certifications" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon

Defendants will further limit their search and production to non-privileged documents and communications that reflect, discuss, or analyze certifications by the Individual Defendants pursuant to the Sarbanes-Oxley Act for public financial reporting that included a surviving challenged statement in the Complaint, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 48**: All documents and communications concerning agilon's share price, market capitalization, number of shareholders, volume of shares traded, the value of any agilon options or other securities, coverage of agilon by securities analysts or the news media, including, but not limited to, any discussion, or analysis of, any actual or potential price movements in agilon common stock.

**RESPONSE TO REQUEST NO. 48**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "agilon's share price, market capitalization, analyst coverage, or media coverage" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly

burdensome to the extent it requires speculation as to the precise scope encapsulated by the terms "analysis," "discussion," and "potential price movements" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

**REQUEST NO. 49**: All documents and communications concerning any communications, conference calls, presentations, or meetings with any agilon shareholders, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers (including, but not limited to, any scripts, drafts, transcripts, notes, and anticipated questions and answers) regarding the subject matter of the Complaint (including, but not limited to, agilon's medical margin, adjusted EBITDA, financial forecasts and visibility, agilon's business model, and patient utilization of medical services).

**RESPONSE TO REQUEST NO. 49**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "communications or meetings with shareholders, analysts, investors, journalists, or other third parties" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent

it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires speculation as to the precise scope encapsulated by the term "subject matter of the Complaint" that is not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the Relevant Period. The agilon Defendants will further limit their search and production to non-privileged documents and communications that reflect, discuss, or analyze communications with shareholders, analysts, investors, or the media regarding FY 2023 medical-margin or adjusted-EBITDA results, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 50**: All documents and communications concerning external financial analyst expectations of agilon, including, but not limited to:

(a) all documents and communications concerning agilon's ability or inability to meet external financial analyst expectations;

(b) all documents and communications concerning plans for achieving financial analyst expectations; and

81

(c) all documents and communications concerning agilon's progress towards external financial analyst expectations.

**RESPONSE TO REQUEST NO. 50**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "external financial analyst expectations" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires speculation as to the precise scope encapsulated by the terms "expectations," "ability or inability," "plans," and "progress" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production

to non-privileged documents and communications that reflect, discuss, analyze, or were used in connection with management's discussion or evaluation of external expectations in relation to FY 2023 medical margin and adjusted EBITDA results, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 51**: All analyst reports and documents reflecting any communications with financial analysts concerning agilon, including any communications in connection with agilon's earnings or industry conference calls.

**RESPONSE TO REQUEST NO. 51**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all "analyst reports" or "documents reflecting communications with analysts" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires speculation as to the precise scope encapsulated by the terms "documents reflecting" and "communications in connection with" that are not otherwise covered by agreed search terms. The agilon Defendants

83

further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will conduct a reasonable, proportional search pursuant to a mutually agreeable ESI protocol for documents and communications from agreed custodians during the period February 1, 2023, through February 27, 2024. The agilon Defendants will further limit their search and production to non-privileged communications, if any, with financial analysts relating to agilon's FY 2023 medical-margin or adjusted-EBITDA results, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 52**: All documents you intend to use in opposition to class certification in this Action.

**RESPONSE TO REQUEST NO. 52**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request as premature and improper to the extent it seeks disclosure of documents before the deadlines established by the Court's scheduling order or the Federal Rules. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to and without waiving the foregoing objections, the agilon Defendants will produce non-privileged documents in their possession, custody, or control that they intend to rely upon in opposition to class certification, at the time and in the manner required by the Court's scheduling order, the Federal Rules, and any applicable orders, to the extent such materials are not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

**REQUEST NO. 53**: All documents, including all drafts, and all communications concerning the preparation, content, review process, and submission of agilon's SEC filings.

**RESPONSE TO REQUEST NO. 53**: The agilon Defendants incorporate the General Objections and Objections to Instructions and Definitions set forth above. The agilon Defendants object to this Request because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. It is not proportional to the needs of this case for the agilon Defendants to search for all documents and communications concerning "the preparation, content, review, or submission of agilon's SEC filings" without narrowing such an expansive request based on the specific claims and allegations in Plaintiffs' Complaint and through limiting by custodians, search terms, or by some other means. The agilon Defendants also object to this Request as vague and unduly burdensome to the extent it seeks information outside the class period or the defined Relevant Period. The agilon Defendants further object to this Request to the extent it seeks information that is irrelevant. Plaintiffs make no attempt to tie the scope of the Request to any allegation or claim in the Complaint. Discovery will be limited to documents and communications that are relevant and proportional to the surviving claims concerning medical margin/adjusted EBITDA guidance and reported financial results. Additionally, the agilon Defendants object to this Request as unduly burdensome to the extent it requires speculation as to the precise scope encapsulated by the terms "review process" and "submission" that are not otherwise covered by agreed search terms. The agilon Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections.

Subject to a meet-and-confer, no documents will be produced in response to this Request.

Respectfully submitted,

/s/ *Mason Parham*
SIDLEY AUSTIN LLP
Yolanda C. Garcia
Mason Parham
Barret V. Armbruster
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
ygarcia@sidley.com
mparham@sidley.com
barmbruster@sidley.com

*Attorneys for agilon Defendants*