UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | Case No. 1:24-cv-00297-DAE |

**THE CD&R ENTITIES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Santosh Aravind
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300

Maeve L. O'Connor
Elliot Greenfield
Brandon Fetzer
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000

*Attorneys for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., CD&R Associates IX, L.P.*

Defendants Clayton, Dubilier & Rice, LLC ("CD&R LLC"), CD&R Vector Holdings, L.P. ("Vector"), CD&R Investment Associates IX, Ltd. ("CD&R Investment Associates"), and CD&R Associates IX, L.P. (collectively, the "CD&R Entities") respectfully submit this memorandum of law in opposition to Plaintiffs' motion to compel the production of documents from six additional custodians (Dkt. No. 107).

### PRELIMINARY STATEMENT

Plaintiffs have filed yet another belated, meritless discovery motion, this time demanding that the CD&R Entities produce documents from six additional custodians despite the complete absence of any indication that those individuals possess relevant, non-duplicative information. Plaintiffs' motion fails because it ignores the fact that – as the CD&R Entities explained to them over a month ago – a "Deal Team" was responsible for the day-to-day management of Vector's investment in agilon health, inc. ("agilon") and, pursuant to CD&R policy, was delegated authority regarding Vector's sales of agilon stock.  The CD&R Entities have already agreed to collect and produce documents from all of the senior members of the Deal Team, five of whom also served on agilon's Board of Directors.  Plaintiffs fail to demonstrate that their additional proposed custodians are likely to have any relevant information not already captured by the existing custodians.

Unable to explain why additional custodians are needed in light of the CD&R Entities' representations concerning their management of the agilon investment, Plaintiffs ignore them and instead focus on the proposed custodians' titles and the fact that some of them allegedly had served on an "investment committee," despite the CD&R Entities' representation to Plaintiffs that (*i*) no investment committee was convened for agilon during the proposed Class Period, (*ii*) members of an investment committee vary between investments and over time based on a variety of factors, including the industry in which the company operates and the composition of the

underlying deal team, and (*iii*) as a result, the CD&R Entities are unable to identify exactly who would have served on such a committee had it been convened.  Accordingly, neither the CD&R Entities nor Plaintiffs have any reason to believe that the proposed custodians' roles at the CD&R Entities provided them with any unique information about agilon.

The absence of any meaningful showing by Plaintiffs that the additional proposed custodians are likely to have relevant, non-duplicative information – and Plaintiffs' total disregard for the representations made to them during the meet-and-confer process – suggests that this motion is intended to burden and harass the CD&R Entities rather than to advance the claims.  The Court should reject those tactics and deny Plaintiffs' motion to compel.

## ARGUMENT

Plaintiffs' request for six additional document custodians fails because the CD&R Entities have already agreed to collect documents from the individuals most likely to possess relevant information.  As the CD&R Entities have explained to Plaintiffs, a Deal Team was responsible for the day-to-day management of the agilon investment.  (Dkt. No. 107-19.)  Although Plaintiffs emphasize that an "investment committee" was charged with making "investment and voting decisions" (Mot. 3), Plaintiffs know that decisions about stock sales were expressly delegated to the Deal Team pursuant to written CD&R policy, which the CD&R Entities have agreed to produce to Plaintiffs.  (Dkt. No. 107-19.)  Plaintiffs fail to address the impact of that delegation of authority on their purported need for additional custodians, mentioning it only in passing in a footnote.  (Mot. 4 n.5.)

The current custodians consist of all of the senior members of the agilon Deal Team during the relevant period, five of whom also sat on agilon's Board of Directors.  The CD&R Entities have also agreed to collect and search the SharePoint folder the Deal Team used to store work product.  Accordingly, the sources from which the CD&R Entitles have collected

2

documents already "encompass the executives and officers who managed and made decisions" concerning the agilon investment.  (Mot. 2.)

Plaintiffs do not – and cannot – show that the six additional proposed custodians are likely to possess any unique, non-duplicative information concerning the management of the agilon investment or Vector's receipt of any alleged material, non-public information, which is all that is relevant to Plaintiffs' control person and insider trading claims.  *See Dexon Computer, Inc. v. Cisco Sys., Inc.*, 2023 WL 9648853, at *1-2 (E.D. Tex. May 31, 2023) (denying motion to add custodians where movant failed to show that the custodians would "lead to unique relevant evidence not already produced") (internal quotations omitted); *Abiomed, Inc. v. Enmodes GmbH*, 2024 WL 4028295, at *4 (D. Mass. Sept. 3, 2024) (denying motion to add custodians where plaintiff had "not met its burden to show that they possess unique relevant information not already obtainable from the custodians already designated by the Defendants").  Instead, Plaintiffs offer only speculation that the proposed custodians *might* possess relevant information based on their titles at the CD&R Entities.  (Mot. 6-7.)  As this Court has recognized, "Rule 26(b) has never been a license to engage in [the] unwieldy, burdensome, and speculative fishing expedition" that Plaintiffs seek here.  *Shannon v. Omni Logistics LLC*, 2025 WL 3471415, at *3 (W.D. Tex. Nov. 21, 2025) (internal quotations omitted).

*First*, Plaintiffs' focus on certain proposed custodians' alleged service on an investment committee is entirely misplaced because – as the CD&R Entities have explained – *no investment committee was convened for agilon during the proposed class period*.  (Mot. 6-7; Dkt. No. 107-19.)[1]  Instead, the authority regarding Vector's sale of its agilon stock was expressly delegated to

---

[1] Members of an investment committee vary between investments and over time based on a variety of factors, including the industry in which the company operates and the composition of the underlying deal team.  Because a committee was not convened for agilon during the proposed

the Deal Team.  (Dkt. No. 107-19.)  Potential membership on a committee that was not convened provides no basis to believe that the proposed additional custodians would possess relevant, non-duplicative information.

*Second*, the titles the proposed custodians held at the CD&R Entities say nothing about the likelihood that they possess unique, non-duplicative information that is relevant to Plaintiffs' claims.  (Mot. 6-7.)  *See Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.,* 2014 WL 12611318, at *2 (W.D. Mo. July 11, 2014) (denying motion to compel where plaintiff had not "given any reason as to why any of these custodians should be searched, aside from noting their positions with Defendant").  Although the proposed custodians were executives of CD&R LLC and/or CD&R Investment Associates, none of them served on the agilon Deal Team and there is no reason to believe they would have any information about agilon beyond what was provided by one of the current custodians.

*Third*, that two of the proposed custodians signed publicly available documents on behalf of some of the CD&R Entities does not suggest that they possess any unique, non-duplicative information that is relevant to the claims.  (Mot. 7.)  None of the cited documents indicates that the proposed custodians interacted with anyone at agilon or participated in the management of the agilon investment.  Nor do those documents indicate that the proposed custodians were involved in – or had access to unique information concerning – the events at issue.

Plaintiffs' speculative, unsupported assertions fall far short of "establish[ing]" relevance, and Plaintiffs' motion fails on this basis alone.  (Mot. 8.)  With respect to "undue burden," Plaintiffs' failure to demonstrate any gaps in the current set of custodians necessarily means that

---

class period, the CD&R Entities are unable to identify exactly who would have served on the committee had it been convened.  (*See* Dkt. No. 107-19.)

they cannot justify the additional burden and expense of collecting, processing, and reviewing documents for six more custodians.  Although the CD&R Entities explained in detail over a month ago why these additional custodians are unnecessary (Dkt. No. 107-19), Plaintiffs never responded and now simply ignore those explanations, seemingly on the grounds that plaintiffs in putative securities class actions are entitled to as many custodians as they wish.  (Mot. 8-9.)  That is not the law.  And the fact that courts in certain unrelated cases have permitted the plaintiffs to seek documents from more custodians – from the company itself and *not* from a private equity sponsor – says nothing about what is appropriate for the CD&R Entities in this case.

The Court should deny Plaintiffs' belated and unsupported demand for additional custodians.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion in its entirety.

Respectfully submitted,


Dated:  April 15, 2026

*/s/ Elliot Greenfield*
Maeve L. O'Connor (admitted *pro hac vice*)
Elliot Greenfield (admitted *pro hac vice*)
Brandon Fetzer (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*mloconnor@debevoise.com*
*egreenfield@debevoise.com*
*bfetzer@debevoise.com*

Santosh Aravind (Texas Bar No. 24095052)
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
*saravind@scottdoug.com*

5

*Attorneys for Defendants Clayton, Dubilier & Rice, LLC, CD&R Vector Holdings, L.P., CD&R Investment Associates IX, Ltd., CD&R Associates IX, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

On April 15, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

*/s/ Santosh Aravind*
Santosh Aravind
