UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE AGILON DEFENDANTS**

4937-3090-2178.v1

## I.    INTRODUCTION

Plaintiffs seek production of highly relevant documents from undisputedly relevant custodians, using undeniably relevant search terms.  Defendants' alleged burden is wholly inadequate, and their reluctance to even engage with Rule 26's proportionality factors speaks volumes.  Because the discovery sought is relevant and proportional, the Court should grant Plaintiffs' Motion and order Defendants to: (i) collect and produce the custodial files of the 17 Agreed Custodians and 4 Additional Custodians; and (ii) apply Plaintiffs' March 6 Proposal.

## II.    ARGUMENT

### A.    Defendants Should Collect and Produce the Custodial Files of the 17 Agreed Custodians and 4 Additional Custodians

The Opposition[1] confirms there is no genuine dispute as to relevance for any of the 17 Agreed Custodians or 4 Additional Custodians.  Because the requested ESI is relevant, the burden shifts to Defendants to demonstrate the custodians' files are not discoverable. Mot. at 9.  Defendants fail to make this showing.  While Defendants attempt to shift the burden by arguing Plaintiffs must show the custodians are "necessary [and] proportional," (Opp. at 8) it is *Defendants* who bear the burden of showing discovery should not be allowed.  Mot. at 9-10.  Defendants claim *Dexon Comput., Inc. v. Cisco Sys., Inc.*, 2023 WL 9648853 (E.D. Tex. May 31, 2023) requires a "'distinct need'" for additional custodians (Opp. at 8-9), but they rely on a *stipulated* order in which the parties *agreed* to eight custodians absent a "showing [of] distinct need." *Id.* at *1; *Dexon Comput., Inc. v. Cisco Sys., Inc.*, No. 5:22-cv-00053, ECF 58, 58-3 (E.D. Tex. Sep. 19, 2022).  There is no legal standard of "distinct need." *Edwards v. McDermott Int'l, Inc.*, 2021 WL 5121853, at *2 (S.D. Tex. Nov. 4, 2021) (granting 50 custodians in securities fraud action without any showing of distinct need).

---

[1]    "Opposition" or "Opp." refers to the agilon Defendants' Response in Opposition to Plaintiffs' Motion to Compel the Production of Documents.  ECF 110.

Defendants argue that some custodians' files may be duplicative of files in agilon's "non-custodial repositories," but any purported burden would be obviated by automated de-duplication. Opp. at 1, 9. In short, even if "responsive documents will necessarily be found in other custodians' records" (which Defendants have not shown), that "is not sufficient to defeat a search of [a proposed custodian's] files." *Shenwick v. Twitter, Inc.*, 2018 U.S. Dist. LEXIS 22676, at *6 (N.D. Cal. Feb. 7, 2018); *In re Envision Healthcare Corp. Sec. Litig.*, 2020 WL 6750397, at *6 (M.D. Tenn. Nov. 16, 2020) ("overlap of custodians on some already-produced documents is [not], on its own, sufficient to establish that the proposed custodians will have no new responsive discovery").

While Defendants argue that 5 of the 17 Agreed Custodians are not "agreed" (even though Defendants agreed to add them and agreed they are relevant), Defendants make no effort to demonstrate their inclusion would be unduly burdensome or disproportionate. Opp. at 4, 10. In sum, Defendants fail to articulate *any* undue burden regarding the discovery sought. *See also* §III. A total of 21 custodians is more than reasonable in a case of this magnitude. *Garner v. Amazon.co[m], Inc.*, 2022 WL 16553158, at *2 (W.D. Wash. Oct. 31, 2022) (granting 36 *additional* custodians in complex action); *Envision*, 2020 WL 6750397, at *6 (in securities class action, ordering a total 79 custodians); *U.S. ex rel. Long v. Janssen Biotech, Inc.*, 2022 WL 488493, at *5-*6 (D. Mass. Feb. 17, 2022), *aff'd in part, rev'd in part*, 2022 WL 4124017 (D. Mass. Sep. 9, 2022) (granting 35 custodians in complex litigation involving $100 million in damages).

### B.    Defendants Should Apply Plaintiffs' March 6 Proposal

Unable to dispute that Plaintiffs' terms are relevant, Defendants fail to establish the terms are not proportional or the discovery should otherwise be denied. Mot. at 9-10.

*First*, Plaintiffs' connectors are reasonably tailored to capture relevant documents, while Defendants' will systematically exclude highly relevant documents. Mot. at 7. Defendants offer no examples of the "noise" Plaintiffs' connectors supposedly create. Opp. at 5. In fact, Defendants

admitted – before they unilaterally terminated conferral – they had cut terms without analyzing "false hits," simply to get counts to a "manageable level."  Ex. E at 3.

*Second*, Plaintiffs' terms properly utilize Defendants' own words.  Mot. at 7.  Defendants complain that "standalone acronym[s]" like "MA" and "IR" are not targeted (Opp. at 3, 5), but ignore that "MA" (like "cost*" and "margin*") is not a "standalone" search – it is always confined by a connector.  Ex. L, Terms 3, 55.[2]  And "IR" was struck entirely.  Ex. L, Term 17.  Defendants' complaints about potential false hits are also unsupported by any hit counts or examples, and ignore that "an ESI search term string, is not objectionable simply because some irrelevant documents may also be responsive."  *Garner*, 2022 WL 16553158, at *2; *SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*, 2023 WL 2585296, at *3 (D. Ariz. Mar. 21, 2023) ("that a search term is relevant does not eliminate the possibility that it will produce irrelevant documents").

*Third*, Defendants' claim that Plaintiffs "temporarily accepted" terms, entitling Defendants to renege on Terms 7-8, 21, 25, 27-28, and 37, lacks support and is simply another excuse for indiscriminately rejecting relevant terms.  Opp. at 7-8; Mot. at 8.

*Finally*, Defendants should apply 14 relevant, narrowly-tailored terms specifically designed to capture core evidence:

**Terms 42, 44-47, 50-51, and 53-54**: Defendants do not dispute relevance.  Mot. at 8; Opp. at 6-7.  Although Defendants vaguely assert these terms are "covered" elsewhere (*id.*), Plaintiffs' terms are facially distinct and designed to capture relevant, unique documents.  Any purported overlap between terms does not render them superfluous, and is addressed through automated document de-duplication.  *See*, *e.g.*, *Ronduen v. GEO Grp. Inc.*, 2025 WL 1112657, at *12 (C.D. Cal. Feb. 20,

---

[2]     *Hall v. Rent-A-Center, Inc.*, 2018 WL 4293141, at *8 (E.D. Tex. Aug. 31, 2018) (compelling search string using word employed "seven times in the Complaint") (Opp. at 6) is in accord. Because "MA" is not a "standalone" search, that "MA" could theoretically stand for "Massachusetts" (a state in which agilon has no registered businesses) is irrelevant.

2025) (ordering multiple terms because it is "likely, if not certain" that witnesses "will use several different words to describe" the issues).

**Terms 65 and 66**: Defendants' refusal to run terms tracking core-upheld misstatements is baseless.  Mot. at 8; Ex. H at 2.  Defendants' weakly respond that certain words are too "generic," ignoring that Defendants agreed to other terms featuring the same "generic" words.  Opp. at 6-7; *see* Ex. L, Term 67 ("unpredictab*" W/15 of [sub terms in Terms 65 and 66]).

**Terms 58-59 and 61**: Defendants complain there is no "RFP [specific to] EY or Milliman" (Opp. at 7), but offer no support for the proposition that each term requires its own RFP, and ignore their admission that these documents are relevant.  Mot. at 8 n.8; ECF 75 at 10 (asserting EY's and Milliman's documents "go to the heart of agilon's business model").

In sum, the Court should compel Defendants to use Plaintiffs' terms, each of which "represent a good faith effort to generate search term strings that will capture relevant documents." *Garner*, 2022 WL 16553158, at *2; *In re eBay Seller Antitrust Litig.*, 2009 WL 10694848, at *2 (N.D. Cal. July 13, 2009) (ordering defendant that had already produced 1.9 million pages to use 105 plaintiff-proposed terms).

### III.   DEFENDANTS FAIL TO SHOW UNDUE BURDEN OR DISPROPORTIONALITY

Defendants' objection that Plaintiffs' terms and custodians could yield approximately 76,291 or 65,000 "additional" documents, or $262,615 in "additional costs," does not come close to establishing undue burden.  Opp. at 10.  "A voluminous ESI case is always going to be burdensome," and that simply is "an unfortunate reality of ESI heavy, high-dollar commercial cases." *SinglePoint*, 2023 WL 2585296, at *3.  But "given what is at stake," it cannot be said "that the burden of document review is so high as to warrant denying [Plaintiffs] relevant discovery." *Id.*, at *2-*3 (overruling objection to searches that added 287,381 documents, for a total of 409,988 documents, in litigation involving "$16 million in damages").  In securities class actions alleging

- 4 -

multi-year frauds, productions of millions of documents are routine.  Mot. at 9 n.9; *McDermott*, 2022 WL 1568279, at *1, *4 (ordering terms yielding 1.3 million documents).

Defendants' burden showing rests entirely on an undated declaration that violates 28 U.S.C. §1746 and conflicts with Defendants' own statements.  *See* 28 U.S.C. §1746 (declarations must be "dated").  For example, the declaration indicates that the "five additional custodians" Defendants agreed to add on February 23, 2026 have not been collected (Ex. L, ¶10), but Defendants represented on March 2, 2026 their hit report included those five custodians' documents.  Def. Ex. E at 1 (hit report "includes the five custodians referenced in our [February 23] letter").  "[T]he Court therefore need not consider this defective" and facially unreliable declaration.  *Whiteside v. Collins*, 2012 WL 2374723, at *2 (S.D. Ohio June 22, 2012) (refusing to consider undated declaration); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 2022 WL 19826877, at *1 (M.D. Fla. Aug. 31, 2022) (same, citing cases).

Even if considered, Defendants' burden showing is a black box, premised on questionable and unverifiable estimates, which omit the basic inputs needed to evaluate them.  Ex. O, ¶¶5-15.  At most, Defendants confirm Plaintiffs' requested terms and custodians yield relevant, non-duplicative documents.  Even taking Defendants' numbers at face value, "burden" is not a trump card: it must be assessed in light of Fed. R. Civ. P 26(b)(1)'s proportionality factors.  Mot. at 10.  Defendants avoid that analysis entirely.  Opp. at 10.  Given the billions of dollars in market losses and the importance of the discovery at issue, the requested relief is proportional to the needs of this case.  Mot. at 10.

## IV.    CONCLUSION

Because the discovery sought is relevant and proportional, the Court should grant Plaintiffs' Motion and order Defendants to: (i) collect and produce the custodial files of the 17 Agreed Custodians and 4 Additional Custodians; and (ii) apply Plaintiffs' March 6 Proposal at Exhibit L.

DATED:  April 17, 2026                          ROBBINS GELLER RUDMAN
                                                                    & DOWD LLP

                                                                    s/ Christopher D. Stewart
                                                            CHRISTOPHER D. STEWART

- 5 -

LUCAS F. OLTS
(admitted *pro hac vice*)
CHRISTOPHER D. STEWART
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)
JACK K. SCOTT
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
egonzalez@rgrdlaw.com
jscott@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that I am counsel for Plaintiffs, the Retirement Systems, in this action and that on April 17, 2026, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

s/ Christopher D. Stewart

CHRISTOPHER D. STEWART

- 7 -