# EXHIBIT O

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | | |

DECLARATION OF JEFF JOHNSON

I, Jeff Johnson, hereby declare as follows:

1.      I currently serve as Chief Innovation Officer at Purpose Legal ("Purpose"), an e-discovery vendor providing end-to-end legal services and technology solutions that assist corporations and law firms in the identification, processing, review, and production of electronically stored information.  I have provided e-discovery services for 25 years.  In my current role, I lead Purpose's Advisory Services group with a focus on large and complex matters.  I have supervisory responsibilities for ESI data processing, filtering, and review, and have extensive experience in all phases of e-discovery.  Additionally, I lead Purpose's eDiscovery AI and Analytics delivery team.

2.      Over the last 25 years, I have consulted on and/or managed the e-discovery process on hundreds of large and complex matters.  This experience includes the application of technology and workflows to effectively and appropriately reduce the effort and budget associated with attorney document review.  I develop the protocol and validation procedures to demonstrate the effectiveness of document search and review procedures, including statistically sound sampling and quality-control testing.  Moreover, I assist clients in negotiating these protocols with opposing parties and government agencies (such as the Department of Justice and the Federal Trade Commission).  I regularly present Continuing Legal Education ("CLE") seminars, panel discussions, and guest lectures discussing the effective use of technology in search and review workflows.

3.      I have been retained by Plaintiffs in the above-captioned litigation to review and assess the Affidavit of Ethan Fuld in Support of agilon Defendants' Response to Plaintiffs' Motion to Compel (the "Fuld Affidavit").

4.      I have personal knowledge of the matters set forth herein, except where stated to be based on information provided by counsel, and if called upon and sworn as a witness, I could and would competently testify thereto.

5.     Based on my review, the Fuld Affidavit provides very limited detail supporting the reasonableness of the asserted cost estimates.  Some statements, read together, are difficult to reconcile, which further limits my ability to evaluate the reasonableness of the figures presented.

6.     The Fuld Affidavit indicates at ¶6 that the cost estimates in the affidavit "reflect the full lifecycle of ESI discovery, including collection" and other steps.  It is not clear why most of these costs would be applicable to the application of Plaintiff's search terms to the "current document collection" addressed in ¶¶5-7.

7.     The Fuld Affidavit at ¶¶5-7 also states that "[a]pplying Plaintiffs' March 6 search terms" "would increase the review population by 76,291 . . . and would result in approximately $146,000 in additional discovery costs."  At ¶8, the Flud Affidavit indicates that "the impact of collecting and processing, the additional custodians Plaintiffs seek" "would be expected to introduce approximately 65,000 additional documents and would result in approximately $116,615 in additional discovery costs."  ¶7 suggests a cost of $1.91 (146,000/76,291) per document to promote and review additional search hits from previously collected and processed data, while ¶8 suggests a lower $1.79 (116,615/65,000) per document cost to collect, process, convert, promote, and review new data.  Without additional detail, a lower per-document cost to perform more work is inconsistent and raises more questions about the workflow planned and anticipated to generate these costs.

8.     The Fuld Affidavit ¶6 states that the cost estimates include the application of analytic tools, including Relativity aiR, but does not include any information about how or if these tools are being used for responsiveness review and how it would impact the cost estimates.

9.     The Fuld Affidavit ¶6 states that the cost estimates include multi-level document review.  Though not clearly stated, the dollar amounts quoted seem to suggest the estimates are based on a document-by-document manual review.  To the extent a document-by-document review is being used, it is unclear as to why analytic tools, including Relativity aiR, is included as an

expense in the cost estimates since these tools are generally used to remove documents from human review.

10.     The Fuld Affidavit contains no search term specific document counts so it is unclear as to whether one particular term might be causing more hits than others.

11.     Similarly, the Fuld Affidavit contains no custodian specific information so it is unclear if there is any one custodian that may have more hits than the others.

12.     In fact, as the Fuld Affidavit ¶8 acknowledges, the number of documents that would be introduced into the review population for additional custodians cannot be determined at this time because Defendants have not collected the data or tested the search terms on that data.

13.     The Fuld Affidavit does not contain information sufficient to assess the reasonableness of the assumptions that were used in creating its document count estimates.  For example, the Fuld Affidavit does not disclose the amount of data each custodian possesses for the relevant time period and does not indicate whether the document count estimates account for deduplication across other custodians or non-custodial sources.  The information provided lacks detail sufficient to evaluate the document count estimates.

14.     The Fuld Affidavit does not contain information sufficient to assess the accuracy or reasonableness of the specific dollar amounts included in ¶¶7, 8, 9 of the Fuld Affidavit because no basic underlying assumptions are provided.  For example, there is no information specifying the hourly review rate, per-hour rates of the document review attorneys, file types, or the technologies used to increase efficiencies.

- 4 -

15.    In short, the Fuld Affidavit lacks sufficient basis and specificity to support or assess the cost and burden associated with the additional search terms and custodians.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 17th day of __April__, 2026, at __Gunter, TX__.

_____
JEFF JOHNSON