IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | § § § | Master File No. 1:24-CV-297-DAE |
| | § | CLASS ACTION |
| This Document Relates to: | § § | |
| ALL ACTIONS. | § § | |
| _____ | § | |

ORDER DENYING AGILON DEFENDANTS'
MOTION FOR CLARIFICATION

Before the Court is Defendants agilon health, inc. ("agilon" or the "Company"), Steven Sell, Timothy Bensley, Girish Venkatachaliah, and Heidi Hittner ("Exchange Act Individual Defendants"), and Glenn Sobotka, Priscilla Kasenchak, Michelle Gourdine, Michael Smith, Sharad Mansukani, Diana McKenzie, Karen McLoughlin, Jeffrey Schwaneke, and William Wulf's ("Securities Act Individual Defendants") (collectively, "agilon Defendants") Motion for Clarification. (Dkt. # 67.) The Court finds a hearing on this matter is not necessary. After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons below, **DENIES** the motion.

BACKGROUND

On August 15, 2025, in an 89-page Order, the Court resolved three motions filed by: (1) the agilon Defendants, (2) Defendants J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., Wells Fargo Securities, LLC, Deutsche Bank Securities Inc., Cowen and Company, LLC, Nomura Securities International, Inc., RBC Capital Markets, LLC, Leerink Partners LLC f/k/a SVB Securities LLC, Truist Securities, Inc., William Blair & Company, L.L.C., Academy Securities, Inc., R. Seelaus & Co., LLC, Samuel A. Ramirez & Company, Inc., Siebert Williams Shank & Co., LLC, and WR Securities, LLC's (collectively, "Underwriter Defendants"), and (3) Defendants Clayton, Dubilier & Rice, LLC ("CD&R"), CD&R Vector Holdings, L.P. ("Vector"), CD&R Investment Associates IX, Ltd., and Entities and Clay Richards, Ravi Sachdev, Richard J. Schnall, Derek L. Strum, and Ronald A. Williams's ("CD&R Individual Defendants") (collectively, "CD&R Defendants").  (Dkt. # 63.)

This case is a consolidated securities class action brought by public pension funds and other institutional investors against agilon, certain of its officers and directors, its private-equity sponsor CD&R and related entities and individuals, and the underwriters of agilon's IPO and following offerings.  Lead Plaintiff Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the

North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans, Indiana Public Retirement System, and the North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund (collectively the "Retirement Systems" or "Plaintiffs") asserted Exchange Act claims under Sections 10(b), 20(a), and 20A and Rule 10b-5, and Securities Act claims under Sections 11, 12(a)(2), and 15, based on alleged misstatements and omissions concerning agilon's "Total Care Model," its ability to manage medical margins and utilization, and its data and analytics capabilities, as well as alleged insider stock sales at artificially inflated prices.  (Dkt. # 36.)  Three related securities actions have been consolidated, and lead plaintiffs filed a Consolidated Class Action Complaint on September 6, 2024, on behalf of investors who purchased agilon common stock between April 15, 2021, and February 27, 2024 (including purchasers in the April 16, 2021, September 13, 2021, and May 17, 2023 offerings), and thereafter each defendant group moved to dismiss.

In the Order on the motions to dismiss, the Court: (1) granted in part and denied in part the agilon Defendants' motion, dismissing certain Securities Act claims and some Exchange Act theories and individuals but allowing core Exchange Act claims to proceed; (2) granted the Underwriter Defendants' motion in full, dismissing the Securities Act claims against them without prejudice; and

3

(3) granted in part and denied in part the CD&R defendants' motion, dismissing their Securities Act exposure and narrowing their control-person liability, but allowing Section 20(a) claims for pre-May 2023 statements and a Section 20A insider-trading claim against CD&R and Sell to go forward.  (Dkt. # 63.)

On September 8, 2025, the agilon Defendants filed a motion for clarification.  (Dkt. # 67.)  On September 22, 2025, Plaintiffs filed a response in opposition.  (Dkt. # 70.)  On September 29, 2025, the agilon Defendants filed their reply.  (Dkt. # 72.)

## LEGAL STANDARD

The agilon Defendants move for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  (Dkt. # 67.)  Because the Court's order on the agilon Defendants' motion to dismiss was interlocutory and did not dispose of all of the claims in this case, it is analyzed under Fed. R. Civ. Pro. 54(b) rather than Rule 59 or Rule 60, which apply to final judgments.  Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017).  Rule 54(b) provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities."  Under this Rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the

4

substantive law." Id. at 767 n.3 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

DISCUSSION

The agilon Defendants move the Court for clarification, asserting that the Court should clarify that it has dismissed all claims against Hittner and Venkatachaliah. (Dkt. # 67 at 2–3.) They assert that there is confusion as to whether these two defendants remain in the case as "control person" defendants under Section 20(a), which requires an underlying primary violation. (Id. at 3.) According to the agilon Defendants, the Court ruled that Plaintiffs failed to allege falsity as to statements made by Hittner and Venkatachaliah and thus there is no primary liability for any statements made by these two defendants. (Id.) For this reason, the agilon Defendants ask the Court to clarify that it has dismissed without prejudice all claims against Hittner and Venkatachaliah. (Id.)

In response, Plaintiffs contend that the Court clearly dismissed only the Section 10(b) claims and denied the motion with regard to all other matters. (Dkt. # 70 at 4.) Given this clear language, Plaintiffs contend that the other claims against Hittner and Venkatachaliah remain. (Id.)

The Court's August 15, 2025 Order concluded that Plaintiffs had failed to sufficiently plead a claim for Section 10(b) liability against Hittner and Venkatachaliah because the allegations relied only on their statements concerning

5

data capabilities and data integration, which are non-actionable.  (Dkt. # 63 at 49 n.1.)  The Order expressly granted the motion to dismiss as to the Section 10(b) claims against Hittner and Venkatachaliah and denied the motion in all other respects.

Upon careful review of the parties' arguments read in conjunction with the prior Order, the Court finds no merit to the agilon Defendants' argument regarding clarification on this basis.  The Court's Order is consistent with its control-person liability analysis found later in the Order wherein the Court noted that Section 20(a) liability requires an independent primary violation and Plaintiffs "must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based." (Id. at 79 (quoting Meek v. Howard, Weil, Laboisse, Friedrichs, Inc., 95 F.3d 45, at *3 (5th Cir. 1996) (unpublished decision) (citing Abbott v. Equity Group, Inc., 2 F.3d 613, 619–20 (5th Cir. 1993)).)  However, the Court also stated that control-person liability does not require any participation in a fraudulent transaction and that whether a defendant is a controlling person is usually a fact issue not resolved at the pleading stage of a case.  (Id.)  Thus, given this, the Court did not dismiss the Section 20(a) claims against Hittner and Venkatachaliah.

Additionally, to the extent the agilon Defendants alternatively argue for reconsideration of the Court's Order on the Section 20(a) claims against Hittner

6

and Venkatachaliah, the Court will deny the motion.  The agilon Defendants have not made any significant argument that Plaintiffs failed plead control by Hittner and Venkatachaliah and as such the Court declines to address the merits of such an argument at this stage.[1]

CONCLUSION

Based on the foregoing, the Court **DENIES** the agilon Defendants' Motion for Clarification.  (Dkt. # 67.)

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, April 21, 2026.

_____
David Alan Ezra
Senior United States District Judge

---

[1] Nor did the agilon Defendant's original motion to dismiss specifically deal with Section 20(a) liability in regard to Hittner or Venkatachaliah individually.  (Dkt. # 51.)

7