**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § | |
| | § | |
| | § | |
| This Document Relates To: | § | Master File No. 1:24-cv-00297-DAE |
| ALL ACTIONS. | § | CLASS ACTION |
| | § | |
| | § | |
| | § | |

## AGILON DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM LEAD PLAINTIFFS

**PRELIMINARY STATEMENT**

This is not a dispute over scope. Plaintiffs have refused to participate in discovery. They will not answer basic interrogatories. They will not search for responsive documents. And they have unilaterally rewritten agilon Defendants' requests to produce only what they choose. The Federal Rules do not permit any of this. The Court should compel full responses.

**ARGUMENT**

**I.    Plaintiffs' Interrogatory Responses Are Evasive and Noncompliant.**

Plaintiffs first argue that agilon Defendants "imposed an arbitrary 24-hour deadline for amended responses" and failed to engage in a meaningful meet-and-confer. Dkt. 112 at 2. That mischaracterizes the record. agilon Defendants' email asked Plaintiffs to "[p]lease confirm you will amend your responses to ROGs 7-14 by COB tomorrow"—a request for confirmation, not a deadline for compliance. Dkt. 112-1. The parties conferred by telephone and in writing on January 13 and 27; February 3, 6, and 10; March 5 and 19; and April 1 and 2, 2026. Dkt. 106 at 13. Plaintiffs' meet-and-confer objection is without merit.

Plaintiffs refused to answer Interrogatory Nos. 10–12 entirely, stating only that they "will respond . . . at the appropriate time." Dkt. 106-8–10. Rule 33 requires that each interrogatory "be answered separately and fully." Fed. R. Civ. P. 33(b)(3). An evasive or incomplete answer "must be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4). Plaintiffs do not identify any objection that excuses their refusal; they simply decline to answer. That is noncompliant.

Plaintiffs next argue that the interrogatories are "premature" because "discovery has barely begun" and "no merits expert reports have been served." Dkt. 112 at 3–5. That conflates two distinct obligations. Plaintiffs may not be required to present final theories or expert opinions at

this stage. But they are required to disclose the factual bases for their claims as presently known. *See* Fed. R. Civ. P. 26(b)(1). This Court already rejected the same prematurity objection. *Gambrill v. CS Disco, Inc.*, 2025 WL 2946603, at *1 (W.D. Tex. Sept. 18, 2025). Plaintiffs' cited cases are inapposite—each involved interrogatories seeking legal theories or expert-dependent opinions, not the factual bases agilon Defendants seek here. *See* Dkt. 112 at 3–4.

Plaintiffs then respond to Interrogatory Nos. 8–9 by directing agilon Defendants to the Complaint. Dkt. 112 at 4–5. That is insufficient as a matter of law. Complaints are not verified. Interrogatory responses are—and they may constitute party admissions under Federal Rule of Evidence 801(d)(2). *Whale Cap., L.P. v. Ridgeway*, 2024 WL 838505, at *5 (E.D. La. Feb. 28, 2024), *reconsideration denied*, No. CV 22-2570, 2024 WL 894866 (E.D. La. Mar. 1, 2024). "Rule 33 does not contemplate reference to pleadings or briefs in lieu of providing a full and complete response." *Id.* This Court likewise has required responses "in addition to what [Plaintiff] has alleged in his Complaint." *Gambrill*, 2025 WL 2946603, at *1. Plaintiffs must do the same.

Finally, Plaintiffs contend that Interrogatory No. 7 was "concocted" by "cramming" additional requests into a standard form interrogatory. Dkt. 112 at 5. That is incorrect. Interrogatory No. 7 asks Plaintiffs to identify persons with knowledge of the allegations, the subject matter of that knowledge, and supporting documents—a routine, proportional request that tracks the structure of LR CV-33(b)(1). The cases Plaintiffs cite involved far broader requests. *Tellis v. LeBlanc* concerned an interrogatory seeking "all factual bases" and "any evidence" across over fifty complaint paragraphs. 2019 WL 2622421, at *2 (W.D. La. June 26, 2019). *E.R. v. Beaufort County School District* involved a request for "each fact" and "each document" supporting all

allegations. 2023 WL 3605000, at \*3 (D.S.C. May 23, 2023). Interrogatory No. 7 is narrower than either.

## II.    Plaintiffs' Refusal to Search for Documents Is a *Per Se* Violation of Rule 34.

Plaintiffs assert that they have "continuously fulfilled all of their discovery obligations" and produced "more than 12,000 pages of documents." Dkt. 112 at 6. But volume does not equal compliance.[1] Rule 34 requires a responding party to conduct a reasonable search for responsive documents and either produce them or state with specificity why it will not. Fed. R. Civ. P. 34(b)(2)(B)–(C). Plaintiffs did neither.

Plaintiffs responded to 37 of agilon Defendants' 51 RFPs by stating they "will not search for or produce documents." Dkt. 106-2, *passim*. That is a *per se* violation of Rule 34. A party may object to a request, but it may not use boilerplate objections as the basis to refuse to search altogether. Fed. R. Civ. P. 26(b)(1), adv. comm. note to 2015 amend. (Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."). Plaintiffs' subsequent offer to run three search terms—accepting none of Defendants' proposed terms—across a limited subset of custodians for only 23 of 51 RFPs does not cure this deficiency. *See* Dkt. 106-13.

---

[1] Plaintiffs omit that their "more than 12,000 pages of documents" encompass only 146 documents—95 of which were produced on April 10 and 13, 2026, after agilon Defendants filed their Motion and just days before Plaintiffs filed their Response.

### III.    Plaintiffs' Privilege and Overbreadth Objections Do Not Excuse Their Refusal to Search.

Plaintiffs argue RFP Nos. 1, 3–5 seek privileged work product because "Lead Counsel drafted the Complaint based on their investigation." Dkt. 112 at 7. That does not justify a blanket refusal to search. Rule 26(b)(5)(A) requires a party asserting privilege to "expressly make the claim" and "describe the nature of the documents" withheld "in a manner that . . . will enable other parties to assess the claim." Plaintiffs have done none of this. Privilege is not a categorical exemption from discovery; it is a document-by-document obligation. *See* Fed. R. Civ. P. 26(b)(5). Plaintiffs must search, log any privileged documents on a privilege log per the parties' Electronic Discovery Agreement, and produce what is not privileged. *See* Ex. A at 8, 10.

Plaintiffs contend that RFP Nos. 6–12 are "clearly overbroad" because "third party investment managers" purportedly made all trading decisions and Plaintiffs thus lack relevant documents. Dkt. 112 at 8–9. Not so. Plaintiffs' claims place their investment decisions and reliance squarely at issue. *See, e.g.*, Dkt. 36 ¶ 192. Plaintiffs cannot use delegation of investment authority as both a sword and a shield—invoking reliance to support their claims while withholding the very materials that would test it.

### IV.    Plaintiffs' Financial Interest and Fee Arrangement Documents Are Discoverable.

Plaintiffs contend that fee agreements and financial-interest documents (RFP Nos. 32–36) are privileged and that agilon Defendants must make a "preliminary showing of a conflict of interest" before obtaining them. Dkt. 112 at 10. That misstates the law. The Fifth Circuit has held that, "[a]s a general rule, client identity and fee arrangements are not protected as privileged." *In re Grand Jury Subpoena for Att'y Representing Crim. Defendant Reyes-Requena*, 926 F.2d 1423, 1431 (5th Cir. 1991). Courts in this district likewise have held that a "bald assertion" of privilege

over fee arrangements is "insufficient." *Jackson v. Cnty. of Bexar*, 2009 WL 10699965, at *8 (W.D. Tex. Oct. 1, 2009). And these documents are relevant: fee agreements bear directly on Plaintiffs' "ability to protect the interests of potential class members." *Klein v. Henry S. Miller Residential Servs., Inc.*, 82 F.R.D. 6, 8–9 (N.D. Tex. 1978). No "preliminary showing" requirement exists under controlling law.

**V.     Plaintiffs' "Sufficient to Identify" Responses Evade Their Production Obligations.**

Plaintiffs argue that their "sufficient to identify" responses are proper because agilon Defendants' requests are "facially overbroad" and seek documents regarding "non-agilon securities." Dkt. 112 at 10–11. That is incorrect. A party may not rewrite a request by substituting a truncated production that omits responsive categories. *See Franklin D. Azar & Assocs., P.C. v. Bryant*, 2018 WL 11443607, at *2 (E.D. Tex. Sept. 17, 2018). Plaintiffs' argument that courts "routinely deny general discovery into a plaintiff's trading and investment strategy in other securities" misses the point. Dkt. 112 at 11. RFP Nos. 13–15 are expressly limited to agilon securities, and Plaintiffs' self-imposed limitation to "agilon common stock" excludes derivatives, gain/loss reports, and performance materials the requests plainly seek. Dkt. 106-1–2. This Court has compelled precisely this type of production. *Gambrill*, 2025 WL 2946603, at *1 (compelling production of documents relating to investment history).

**CONCLUSION**

For the foregoing reasons, the Motion should be granted.

5

Respectfully submitted,

/s/ *Mason Parham*
SIDLEY AUSTIN LLP
Yolanda C. Garcia
Mason Parham
Barret V. Armbruster
2323 Cedar Springs, Suite 2600
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
mparham@sidley.com
ygarcia@sidley.com
barmbruster@sidley.com

*Attorneys for Defendants agilon health, inc.,*
*Steven J. Sell, Girish Venkatachaliah, Heidi*
*Hittner, and Timothy S. Bensley*

6

## CERTIFICATE OF SERVICE

On April 21, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

*/s/ Mason Parham*
Mason Parham