IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE AGILON HEALTH, INC. SECURITIES LITIGATION | § § § | Master File No. 1:24-CV-297-DAE |
| | § | CLASS ACTION |
| This Document Relates to: | § § | |
| ALL ACTIONS. | § § | |
| _____ | § | |

ORDER GRANTING IN PART AND DENYING IN PART CD&R
DEFENDANTS' MOTION FOR CLARIFICATION AND/OR
RECONSIDERATION

Before the Court is Defendants Clayton, Dubilier & Rice, LLC

("CD&R"), CD&R Vector Holdings, L.P. ("Vector"), CD&R Investment

Associates IX, Ltd., and Entities and Clay Richards, Ravi Sachdev, Richard J.

Schnall, Derek L. Strum, and Ronald A. Williams's ("CD&R Individual

Defendants") (collectively, "CD&R Defendants") Motion for Clarification and/or

Reconsideration.  (Dkt. # 66.)  The Court finds a hearing on this matter is not

necessary.  After careful consideration of the memoranda filed in support of and in

opposition to the motion, the Court, for the reasons below, **GRANTS IN PART**

and **DENIES IN PART** the motion.

BACKGROUND

On August 15, 2025, in an 89-page Order, the Court resolved three sets of motions filed by: (1) Defendants agilon health, inc. ("agilon" or the "Company"), Steven Sell, Timothy Bensley, Girish Venkatachaliah, and Heidi Hittner ("Exchange Act Individual Defendants"), and Glenn Sobotka, Priscilla Kasenchak, Michelle Gourdine, Michael Smith, Sharad Mansukani, Diana McKenzie, Karen McLoughlin, Jeffrey Schwaneke, and William Wulf's ("Securities Act Individual Defendants") (collectively, "agilon Defendants"), (2) Defendants J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., Wells Fargo Securities, LLC, Deutsche Bank Securities Inc., Cowen and Company, LLC, Nomura Securities International, Inc., RBC Capital Markets, LLC, Leerink Partners LLC f/k/a SVB Securities LLC, Truist Securities, Inc., William Blair & Company, L.L.C., Academy Securities, Inc., R. Seelaus & Co., LLC, Samuel A. Ramirez & Company, Inc., Siebert Williams Shank & Co., LLC, and WR Securities, LLC's (collectively, "Underwriter Defendants"), and (3) the CD&R Defendants.  (Dkt. # 63.)

This case is a consolidated securities class action brought by public pension funds and other institutional investors against agilon, certain of its officers and directors, its private-equity sponsor CD&R and related entities and individuals, and the underwriters of agilon's IPO and following offerings.  Lead Plaintiff

2

Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans, Indiana Public Retirement System, and the North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund (collectively the "Retirement Systems" or "Plaintiffs") asserted Exchange Act claims under Sections 10(b), 20(a), and 20A and Rule 10b-5, and Securities Act claims under Sections 11, 12(a)(2), and 15, based on alleged misstatements and omissions concerning agilon's "Total Care Model," its ability to manage medical margins and utilization, and its data and analytics capabilities, as well as alleged insider stock sales at artificially inflated prices.  (Dkt. # 36.)  Three related securities actions have been consolidated, and lead plaintiffs filed a Consolidated Class Action Complaint on September 6, 2024, on behalf of investors who purchased agilon common stock between April 15, 2021, and February 27, 2024 (including purchasers in the April 16, 2021, September 13, 2021, and May 17, 2023 offerings), and thereafter each defendant group moved to dismiss.

In the Order on the motions to dismiss, the Court: (1) granted in part and denied in part the agilon Defendants' motion, dismissing certain Securities Act claims and some Exchange Act theories and individuals but allowing core

3

Exchange Act claims to proceed; (2) granted the Underwriter Defendants' motion in full, dismissing the Securities Act claims against them without prejudice; and (3) granted in part and denied in part the CD&R defendants' motion, dismissing their Securities Act exposure and narrowing their control-person liability, but allowing Section 20(a) claims for pre-May 2023 statements and a Section 20A insider-trading claim against CD&R and Sell to go forward.  (Dkt. # 63.)

On September 3, 2025, the CD&R Defendants filed a motion for clarification and/or for reconsideration.  (Dkt. # 66.)  On September 17, 2025, Plaintiffs filed a response in opposition.  (Dkt. # 68.)  On September 24, 2025, the CD&R Defendants filed their reply.  (Dkt. # 71.)

## LEGAL STANDARD

The CD&R Defendants move for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  (Dkt. # 66.)  Because the Court's order on the CD&R Defendants' motion to dismiss was interlocutory and did not dispose of all of the claims in this case, it is analyzed under Fed. R. Civ. Pro. 54(b) rather than Rule 59 or Rule 60, which apply to final judgments.  Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017).  Rule 54(b) provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities."  Under this Rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even

4

in the absence of new evidence or an intervening change in or clarification of the substantive law." Id. at 767 n.3 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

DISCUSSION

The CD&R Defendants move the Court for clarification or for reconsideration, arguing that: (1) the Court's use of the terms "CD&R Defendants" and "CD&R" in the analysis and conclusion sections of its Order resulted in ambiguity as to whether the surviving Section 20(a) and Section 20A claims were intended to apply to all four CD&R entities or only to Vector as the sole CD&R investor and party to the Stockholders Agreement with agilon; and (2) Plaintiffs have not adequately alleged that Vector was in possession of material non-public information regarding an increase in medical utilization rates at the time agilon sold stock to sustain their Section 20A claim. (Dkt. # 66.)

A.    CD&R Defendants

The Court's Order addressed Plaintiffs' Section 20(a) and Section 20(A) claims against the CD&R Defendants in general, concluding that Plaintiffs sufficiently alleged a Section 20(a) claim against the CD&R Defendants for false and misleading statements made on or before May 2023, but not thereafter. (Dkt. # 63 at 82–83.) Additionally, the Court held that Plaintiffs sufficiently alleged a Section 20A insider-trading claim against "CD&R" and Sell. (Id. at 87–88.)

5

1.    Section 20(a)

Regarding Plaintiffs' Section 20(a) claims, the CD&R Defendants maintain that it is "based entirely" on allegations that Vector owned agilon stock and that Vector was a party to the Stockholders Agreement, but that the complaint contains no plausible allegations that the other entities—CD&R LLC, CD&R Investment Associates, or CD&R Associates themselves exercised the necessary control over agilon.  (Dkt. # 66 at 4.)

The Court held that Plaintiffs sufficiently alleged control at least at this stage of proceedings based on the allegations pled, including: (1) Vector's large equity stake, (2) rights under the Stockholders Agreement to designate the members of agilon's Board, (3) the appointment of multiple CD&R affiliated-insiders to the Board, and (4) the CD&R entities' shared involvement and influence in agilon's governance and strategic decisions.  (Dkt. # 63 at 80–83.) Additionally, the Court noted that control pursuant to Section 20(a) can be direct or indirect and is normally a question of fact not resolved at the motion to dismiss stage.  (Id. at 79.)

Upon review of CD&R Defendants' arguments in their motion, the Court finds they are repetitive of the arguments advanced in their initial motion to dismiss which the Court has already rejected.  (See Dkt. # 66.)  Those arguments focused on formal ownership of agilon stock and formal status as a party to the

6

Stockholders Agreement which the Court previously considered.  At this stage of the proceedings, Plaintiffs have sufficiently alleged indirect control, shared power, and board-level influence to survive dismissal regarding statements made on or before May 2023.  Accordingly, the Court will deny the CD&R Defendants' motion to dismiss, and the Section 20(a) claims remain as previously limited: they will proceed against all CD&R Defendants with respect to false or misleading statements made on or before May 2023, and they are dismissed without prejudice as to statements made after May 2023.

      2.     Section 20A

With respect to Section 20A, the CD&R Defendants contend that the statute imposes liability on any person who "purchas[es] or sell[s] a security while in possession of material, nonpublic information," and requires that a complaint alleging such a claim identify the entity that actually traded.  (Dkt. # 66 at 5.)  They assert that only Vector, and not any of the other CD&R entities, was identified in the offering documents and Stockholders Agreement as the "CD&R Investor" and "selling stockholder."  (Id. at 5–6.)  Thus, the CD&R Defendants maintain that Plaintiffs have failed to allege that the other non-Vector entities purchased or sold agilon securities.  (Id.)

As the Court initially found, Plaintiffs have sufficiently pled a predicate violation of Section 10(b) and Rule 10b-5, and Vector and Sell may face

liability pursuant to Section 20A based on the timing and magnitude of the May 18, 2023 sale as well as their alleged access to material, non-public information. On the other hand, Section 20A, by its plain language, requires a defendant actually "purchas[e] or sell[]" the security, and the identification of the entity or person who traded.  15 U.S.C. § 78t-1(a); In re Enron Corp. Sec., Deriv. & ERISA Litig., 610 F. Supp. 2d 600, 651 (S.D. Tex. 2009).  Here, Plaintiffs' complaint identifies Vector as the trading entity but not any of the other CD&R entities, nor that those other entities executed purchases or sales of agilon stock.  (Dkt. # 36.)

In comparison to Plaintiffs' Section 20(a) claims where allegations of "intermingled relationships" and indirect control may be relevant—here as they pertain to Section 20A—these same allegations do not transform the non-trading related entities into "purchasers or sellers" as is necessary to sustain a claim pursuant Section 20A.  Therefore, upon reconsideration, the Court concludes that its prior references to "CD&R" in the Section 20A discussion, insofar as they may be read to extend insider-trading liability beyond the actual trading entities, are inconsistent with the statutory text and applicable precedent.  For this reason, the Court will grant the CD&R's motion for reconsideration as to Plaintiffs' Section 20A claim and will dismiss without prejudice those claims against CD&R LLC, CD&R Investment Associate, and CD&R Associates.

8

B.    Vector

The CD&R Defendants next move the Court to reconsider its ruling on the Section 20A claims against Vector on the basis that Plaintiffs failed to identify any specific material, non-public information possessed by Vector and therefore failed to plead the claim with particularity.  (Dkt. # 66 at 6.)  In response, Plaintiffs assert that the CD&R Defendants simply rehash their prior arguments which the Court has already rejected.  (Dkt. # 68 at 8.)

Again, a claim for Section 20A liability must be plead with particularity "including identification of the person who traded" and "what material non-public information he had."  In re Enron, 610 F. Supp. 2d at 651. "Insider trading actions must meet the higher, exacting pleading standards" of Rule 9(b) and the PSLRA.  In re Silver Lake Grp., LLC Sec. Litig., 108 F.4th 1178, 1191 (9th Cir. 2024).

In its Order, the Court concluded that Plaintiffs "sufficiently alleged that the Stockholders Agreement supplied CD&R with access to agilon's non-public books and records, financial statements, business plans, budgets, projections, and other material information," and that the "the timing and size of the sale of CD&R's stock on May18, 2023, of close to $2 billion in stock in combination with Plaintiffs' allegations that agilon was concealing a utilization spike—supports that CD&R Defendants acted with the requisite scienter when

9

they sold agilon stock while in possession of material, undisclosed information regarding an increase in medical utilization rates, among others."  (Dkt. # 63 at 86–87.)

Upon careful consideration of the parties' arguments in the instant motion, the Court finds that reconsideration of Plaintiffs' allegations concerning contractual access and trading patterns is warranted to determine if Plaintiffs sufficiently plead that Vector actually possessed specific material, non-public information at the time of its trades as is required pursuant to Rule 9(b) and the PSLRA.

Plaintiffs' complaint alleges that Vector entered into a Stockholders Agreement which entitled it to receive: (1) monthly financial statements, (2) annual budgets, business plans, and financial forecasts, (3) SEC filings and related information, and (4) "other information" and data.  (Dkt. # 36 at 99–102.) Plaintiffs also allege that the Stockholders Agreement gave Vector "unlimited access" to agilon's non-public information, including its financial, operational and business information, as well as monthly financial statements, forecasts, and business plans.  (Id. at 7.)

Despite these allegations, the complaint fails to allege whether Vector or any other CD&R entity actually made a written request for any specific information at any particular time, or whether agilon provided any non-public

10

information or data to Vector prior to the September 14, 2021, August 11, 2022, or May 18, 2023 sales.  (See Dkt. # 36.)  Specifically, the complaint fails to state what non-public information Vector allegedly received, when it was received, who at agilon sent it, and how Vector used that information in deciding to sell.  Plaintiffs' complaint only generally pleads that CD&R as a controlling shareholder "maintained unlimited access" to non-public information given the Stockholders Agreement in addition to the large size and timing of the May 18, 2023 sale.

Given Plaintiffs' allegations, upon reconsideration, the Court finds that Plaintiffs have failed to plead with particularity specific material, non-public information that was actually in Vector's possession when it decided to sell agilon stock.  Nor does the complaint allege what information agilon communicated to Vector or the date on which the information was sent.

The Court's prior order rested on an assumption that access to non-public information, in combination with the timing and size of the May 18, 2023 sale were sufficient to infer possession of material, non-public information. (Dkt. # 63.)  However, upon closer review, the Court agrees with the CD&R Defendants that Plaintiffs failed to plead particularized facts which show that Vector actually possessed such information at the time of each challenged sale of agilon stock.  Accordingly, because Plaintiffs Section 20A claim against Vector does not meet the heightened pleading requirements of Rule 9(b) and the PSLRA,

11

the Court will dismiss without prejudice this claim against Vector.  This ruling does not disturb the Court's prior order on Plaintiffs' Section 20A claim against Sell, or the Court's rulings on Plaintiffs' Section 10(b) and 20(a) claims which remain in effect.

CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** CD&R Defendants' Motion for Clarification and/or Reconsideration (Dkt. # 66) as follows:

1. The motion is **DENIED** as to Plaintiffs' Section 20(a) claims and they remain as previously limited: they will proceed against all CD&R Defendants with respect to false or misleading statements made on or before May 2023, and they are dismissed without prejudice as to statements made after May 2023;

2. The motion is **GRANTED** as to Plaintiffs' Section 20A claims against CD&R LLC, CD&R Investment Associates, CD&R Associates, and Vector, and those claims are **DISMISSED WITHOUT PREJUDICE**.  This ruling does not disturb the Court's prior order on Plaintiffs' Section 20A claim against Sell, or the Court's rulings on Plaintiffs' Section 10(b) and 20(a) claims which remain in effect.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, April 22, 2026.

_____

David Alan Ezra
Senior United States District Judge