# EXHIBIT D

**Robbins Geller
Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Lucas F. Olts
lolts@rgrdlaw.com

March 20, 2026

<u>VIA EMAIL</u>

Mason Parham
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201

      Re:    *In re agilon health, inc. Securities Litigation*,
              No. 1:24-cv-00297 (W.D. Tex.)

Dear Mr. Parham:

I write to memorialize today's meet-and-confer concerning technology-assisted review ("TAR") and artificial intelligence ("AI").

After months of negotiating search terms, custodians, and relevant time periods for the purpose of limiting the agilon Defendants' document production, the agilon Defendants notified Plaintiffs of their intent to "utilize AI-assisted review tools provided by Relativity, including Relativity aiR" to further limit their production. *See* M. Parham 3/2/2026 Ltr. This was the first time that the agilon Defendants mentioned their intent to use technology-assisted review or artificial intelligence in the culling of their production. *See* C. Stewart 3/3/2026 Email. Plaintiffs requested a meet-and-confer, during which, the agilon Defendants refused to provide additional information on their intended uses of these technologies. As a result of the call, Plaintiffs requested nine discrete categories of information regarding the agilon Defendants' intended use of Relativity aiR to cull documents for review or production. *See* C. Stewart 3/6/2026 Ltr. The agilon Defendants refused to provide any of the requested information, which led Plaintiffs to seek today's meet-and-confer.

On today's call, you reiterated your prior positions. You would only represent that the agilon Defendants currently intend to use TAR, while reserving the right to change that position in the future. You stated that the agilon Defendants would not provide any additional information regarding your use of these technologies, and would not even provide a counterproposal to Plaintiffs' March 6, 2026 Letter with information you would be willing to provide. As discussed on today's call, this comes woefully short of "provid[ing] an opportunity to meet and confer in good faith to reach agreement regarding the use, if any, of such technologies." ESI Agreement dated December 31, 2025, at 4.

**Robbins Geller**
**Rudman & Dowd** LLP

Mason Parham
March 20, 2026
Page 2


We believe that the Parties have reached an impasse on this issue and we are prepared to seek the Court's intervention. If your position has changed on providing a counterproposal with the information you are willing to provide, regarding the use of these technologies, please let us know by the close of business on Monday, March 23, 2026.

Very truly yours,

LUCAS F. OLTS

LFO:jpk

4922-9417-8202.v1