# EXHIBIT E



SIDLEY AUSTIN LLP
2323 CEDAR SPRINGS RD.
SUITE 2600
DALLAS, TEXAS  75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 969 3531
MPARHAM@SIDLEY.COM

March 24, 2026

**Via E-mail**

Lucas F. Olts
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900,
San Diego, CA 92101
lolts@rgrdlaw.com

Re:     *In re agilon health, inc. Securities Litigation*, No. 1:24-cv-00297 (W.D. Tex.)

Dear Luke:

I write in response to your March 20, 2026, letter regarding agilon Defendants' disclosure that we intend to use Relativity aiR—a technology-assisted review ("TAR") platform—to assist with document review in this case. Section III.E of the parties' Electronic Discovery Agreement ("EDA") expressly contemplates that a party may elect to use TAR:

> If any party intends to use predictive coding/technology-assisted review or AI-assisted search or review for the purpose of culling the documents to be reviewed or produced, in advance of their use, that party shall so notify the requesting party and provide an opportunity to meet and confer in good faith to reach agreement regarding the use, if any, of such technologies.

As you know, when the parties were negotiating the EDA, we were having similar discussions regarding technology-assisted review in relation to the protective order.  In those discussions, Defendants requested that all parties agree to disclose in advance if confidential information would be input into a generative AI platform.  Plaintiffs refused, arguing that "**Defendants' proposal intrudes into Plaintiffs' counsel's internal litigation strategy and choice of tools—matters traditionally left to counsel's professional judgment and ethical obligations**."  Plaintiffs further argued that requiring disclosure and approval of a particular technology platform would "**unduly prejudice Plaintiffs by restricting their access to reputable tools that are designed specifically for efficient processing and analyzing of discovery**."

Plaintiffs prevailed on that position, including based on their argument the technology platform itself is a matter of "internal litigation strategy."  Nevertheless, and consistent with the EDA (which was previously executed), agilon Defendants disclosed the use of Relativity aiR. Considering this option was contemplated by the EDA and Relativity aiR is one of the specific

Sidley Austin (TX) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

March 24, 2026
Page 2

platforms Plaintiffs identified as a reputable tool routinely used in litigation, we did not anticipate an objection to this decision.

We were surprised by Plaintiffs' immediate objection to that disclosure, and even more so by the basis for it. Plaintiffs insinuated that agilon Defendants had somehow disclaimed the use of TAR by "insist[ing] throughout this litigation that the parties negotiate search terms." We reminded you that Plaintiffs proposed exchanging search terms, and that the EDA makes it clear that search terms and TAR are not mutually exclusive. Plaintiffs further argued that Defendants never "suggested or even mentioned the use of technology-assisted review for their production," notwithstanding that the parties expressly contemplated using TAR in the EDA executed just months earlier. Plaintiffs' objections were a transparent attempt to manufacture a dispute where none legitimately exists.

We raised these issues with you and agreed to discuss them further by phone. During that call, Plaintiffs confirmed (because they must) that they have no objection to Relativity aiR generally. Still, Plaintiffs stated they would object to its use here unless agilon Defendants agreed to disclose additional information. We explained that your position was inconsistent with previous representations to the Court and the EDA, but nevertheless agreed to consider any reasonable requests for information about Relativity aiR.

You never sent us requests for information about Relativity aiR. Instead, you sent us a list of directives that would effectively allow Plaintiffs to manage agilon Defendants' document review. Among other things, your list purports to allow Plaintiffs to review and comment on agilon Defendants' work product; dictate project settings, responsiveness criteria, score thresholds and other workflows; and "validate" agilon Defendants' review. *See* Plaintiffs' March 6, 2026 letter. Unsurprisingly, we do not agree to such an arrangement.

As we have stated repeatedly, and consistent with our professional obligation during any document review, agilon Defendants will employ a review methodology designed to identify responsive, nonprivileged documents for production. We intend to use Relativity aiR to increase efficiency, and we reserve the right to adjust how we use it or to discontinue using it entirely if we, in our professional judgment, decide that doing so is appropriate. We will not disclose work product or agree to an adversary-managed review process that requires us to comply with Plaintiffs' preferred methodology. Neither of those is contemplated by the EDA or the Federal Rules.

Nevertheless, in the spirit of cooperation, agilon Defendants are providing Plaintiffs with the additional information below regarding Relativity aiR. As we have told you on multiple occasions, we disagree that these disclosures are necessary under the parties' EDA or the Federal Rules. Nevertheless, we hope that in providing you this information, Plaintiffs will stop trying to use this issue as the basis to manufacture a dispute:

# SIDLEY

March 24, 2026
Page 3

- agilon Defendants are using Relativity aiR for review.

- agilon Defendants evaluated the dataset for suitability for aiR and excluded categories of documents not appropriate for such analysis (including documents with minimal or excessive text and non-textual file types).

- agilon Defendants conducted a richness assessment using a random sample of 1,000 documents from the aiR population, which was human-reviewed.

- agilon Defendants will conduct post-review validation using accepted sampling and quality control methodologies and will produce responsive, non-privileged documents consistent with their discovery obligations.

- agilon Defendants are not relying exclusively on Relativity aiR and reserve the right to discontinue using Relativity aiR altogether to the extent we determine that doing so better conforms to our professional obligations.

We look forward to continuing to work cooperatively to maintain the agreed discovery schedule.


Sincerely,


Mason Parham