# EXHIBIT F

**Robbins Geller Rudman & Dowd LLP**

|          |            |              |               |                  |
|----------|------------|--------------|---------------|------------------|
| Chicago  | Melville   | Nashville    | San Diego     | Wilmington       |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Christopher D. Stewart
cstewart@rgrdlaw.com

March 27, 2026

<u>VIA EMAIL</u>

Mason Parham
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201

   Re: *In re agilon health, inc. Securities Litigation*,
      No. 1:24-cv-00297 (W.D. Tex.)

Dear Mr. Parham:

   We write in response to your March 24, 2026 letter regarding your use of Relativity aiR, which you describe as being a technology-assisted review ("TAR") platform used for document review in this litigation.

   The matter at issue regards Defendants' search and culling methods. In the March 24, 2026 letter, however, Defendants raise the parties' dispute over the protective order. The parties' dispute over the generative AI provision in the protective order and the parties' conferral over Defendants' use of Relativity aiR for the purposes of culling documents for review or production are entirely distinct issues. Your attempt to draw this parallel is either disingenuous or demonstrates a lack of understanding regarding different aspects of litigation.

   As a reminder, the dispute over the protective order was based upon Defendants' unspecified and unsupported concerns that generative AI tools built for litigation purposes would violate the protective order by disclosing Defendants' confidential information to unauthorized third parties. Defendants sought to have the right to pre-approve of any generative AI Plaintiffs may use for the purposes of internally analyzing incoming document productions in preparing their case, despite the detailed confidentiality and security assurances Plaintiffs provided.

   Here, Plaintiffs are attempting to come to an agreement regarding the use of generative AI to identify documents responsive to Plaintiffs' requests for production and cull the documents to be reviewed or produced. This is a process the parties agreed to meet and confer about in good faith to reach an agreement. This is also a process on which courts have traditionally expected parties to collaborate.

4913-0754-6524.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Mason Parham
SIDLEY AUSTIN LLP
March 27, 2026
Page 2


Plaintiffs disagree with the assertion that a provision requiring notification and conferral in good faith to reach an agreement on the use of TAR to cull documents for review or production contemplates that a party will unilaterally do so after spending months negotiating a narrow set of search terms and extracting significant concessions from the opposing party with respect to those search terms. However, Plaintiffs did not object outright to Defendants' proposed methodology. Instead, Plaintiffs sought the additional information necessary in order to reach agreement regarding its use.

To follow up on your March 24, 2026 response, which fails to address most of the issues detailed in our March 6, 2026 letter:

1.      Defendants state that they are using Relativity aiR for Review but do not disclose which project analysis type they plan to use. Please disclose whether Defendants are using the Relevance or the Issues project analyses because the workflows are distinct and are built for different purposes.

2.      Defendants confirmed that they have evaluated the dataset for suitability and excluded documents with minimal or excessive text and non-textual file types. Please confirm that these excluded documents will be reviewed by humans.

3.      Defendants state that they conducted a richness assessment using a random sample of 1,000 documents from the aiR population. Please disclose the metrics as to how many of those documents are responsive and nonresponsive.

4.      Defendants stated that they will conduct a validation process. Please describe the validation process Defendants intend to use, including: (i) the number of documents and the population(s) from which the documents will be drawn, (ii) the steps taken to ensure that the review of the validation sample is not biased by the predicted relevance of the documents, (iii) the method by which you plan to calculate recall, and (iv) the level of transparency into the validation sample you will provide to Plaintiffs.

5.      Defendants state that they are not exclusively relying upon Relativity aiR. Please disclose any other methods Defendants are using to cull out documents for review or production.

6.      Defendants failed to address any information regarding the prompts used to identify responsive documents. Defendants failed to confirm that the prompt criteria will be drafted using the operative complaint and Defendants document requests, that the prompts will address each document request or category, and that Defendants will provide Plaintiffs with the final prompt

4913-0754-6524.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Mason Parham
SIDLEY AUSTIN LLP
March 27, 2026
Page 3

criteria used to identify documents for responsiveness.[1]  Please confirm or describe how you plan to address the responsiveness criteria prompting.

7.    Defendants failed to confirm that they will be producing documents identified as responsive by Relativity aiR without further responsiveness review or disclose what score range Defendants will treat as responsive.  Please confirm or describe what documents will be reviewed by attorneys and what documents will be produced or withheld without attorney review.

8.    Defendants failed to confirm whether documents that encountered an error or could not be analyzed would be reviewed by a human and that documents identified as "junk" would be confirmed as junk via quality control measures.  Please confirm or describe how you plan to handle documents that encountered errors, could not be analyzed, or were identified as junk.

Plaintiffs view this as standard information that the parties discuss in an effort to reach agreement on search methodology.  To the extent that you object to providing any of this information, please provide the basis for your objection for each.

Very truly yours,

CHRISTOPHER D. STEWART

CDS:mmh

---

[1]    We reiterate that we are not requesting prompt criteria that specifically identify responsive documents as being "key" or "hot" or "favorable" or "unfavorable" documents or the like, just those used to identify responsive documents.

4913-0754-6524.v1