# EXHIBIT G



SIDLEY AUSTIN LLP
2323 CEDAR SPRINGS
SUITE 2600
DALLAS, TEXAS  75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 969 3531
MPARHAM@SIDLEY.COM

April 20, 2026

**Via E-mail**

Christopher D. Stewart
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
cstewart@rgrdlaw.com

Re:    *In re agilon health, inc. Securities Litigation*, No. 1:24-cv-00297 (W.D. Tex.)

Chris:

I write in response to your March 27, 2026 letter regarding the use of Relativity aiR.  In the letter, Plaintiffs seek additional information regarding agilon Defendants' internal review processes, including: responsiveness statistics, quality control procedures, review methodologies, and explanations regarding future decisions inherently within the sphere of an attorney's professional judgment.

As we noted in our previous letter dated March 24, 2026, it is extraordinarily difficult for us to reconcile Plaintiffs' current positions with the positions Plaintiffs took several months ago during negotiations of the protective order.  At that time, Plaintiffs asserted that the very *identity* of their document management vendor was attorney work product and that the selection of review tools was a matter of internal litigation strategy that should be left to counsel's professional judgment and ethical obligations.  Plaintiffs relied on that position in briefing before the Court and ultimately prevailed on their position.  Plaintiffs now argue that those previous representations are irrelevant because they were made in support of a separate issue.  We disagree.  Plaintiffs cannot rely on a position to advance their interests in one setting and then assert a fundamentally different position to advance their interests in a different setting.  *Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 117 F.4th 628, 638 (5th Cir. 2024) ("[Judicial estoppel] prevents internal inconsistency, precludes litigants from 'playing fast and loose' with the courts, and prohibits parties from deliberately changing positions based upon the exigencies of the moment.").

That is precisely what Plaintiffs are doing here.  As with your previous correspondence on this issue, Plaintiffs' March 27 letter seeks detailed information regarding agilon Defendants' internal review processes, attorney work product, and disclosure of matters traditionally reserved to the professional judgment of counsel.  You have argued that agilon Defendants must disclose this information or Plaintiffs will file a fifth discovery motion asking the Court to intervene, effectively suggesting that agilon Defendants must obtain your approval—not just in relation to the use of generative AI, but to internal review processes—and that agilon Defendants' work product is subject to opposing counsel's review.  We struggle to understand how that position is

Sidley Austin (TX) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Christopher D. Stewart
Page 2

consistent with Plaintiffs' representation that the identity of a document management vendor is work product, not to mention representations to the Court that "requiring one party to seek leave of another before utilizing these litigation support services . . . could result in severe prejudice and confusion across the legal profession" (Dkt. 87 at 2), and that "[p]ermitting every party veto power of its opponents' litigation support tools would be entirely unmanageable, potentially highly prejudicial, and result in yet another litigation issue to burden the Court" (*id.* at 6).

We have engaged on this issue with you in good faith, in accordance with the terms of the parties' Electronic Discovery Agreement and in the interest of avoiding unnecessary disputes that burden the court and force the parties to redirect limited resources.  In connection with our discussions, we have provided responses to several of your questions, and Plaintiffs have indicated that they do not object to the use of Relativity aiR generally.  We do not believe there is anything left to discuss.  As is always the case, we are happy to engage with Plaintiffs on any specific issues related to document productions.  But we are not inclined to allow Plaintiffs to exercise oversight and control of our internal review processes.

Sincerely,

*/s/ Mason Parham*

Mason Parham

MP