UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

|  |  |  |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:24-cv-00297-DAE |
| | | <u>CLASS ACTION</u> |
| This Document Relates To: | | |
| ALL ACTIONS. | | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCLOSURE ON THE USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

THIS MATTER, having been brought before this Court by Plaintiffs for an order granting their Opposed Motion to Compel Disclosure on the Use of Generative Artificial Intelligence (the "Motion").  Having reviewed the Motion, and good cause appearing, the Court concludes that the Motion should be, and is hereby GRANTED.  To the extent a producing party utilizes Relativity's aiR for Review to remove documents from human responsiveness review or production, the following Protocol shall be followed:

## PROTOCOL

To the extent a producing party utilizes Relativity's aiR for Review to remove documents from human responsiveness review or production, this protocol shall be followed.  This information will be provided at the substantial completion deadline or promptly thereafter.

1.      The producing party will disclose which Relativity aiR for Review project analysis type it plans to use (*e.g.*, Relevance or Issues).

2.      The producing party will evaluate text and file types to identify documents that are not good candidates for aiR for Review (*e.g.*, documents with no text, too little text, too much text, spreadsheets, audio, video, etc.) and will send them for human review.

3.      Prompt criteria must be drafted using the complaint and the receiving party's RFPs.  Prompt criteria will expressly address each category of documents sought.  Prompts may be refined but the producing party will provide the receiving party with all final prompt criteria used to identify responsive documents.  The producing party will not use undisclosed "side prompts" that affect responsiveness outcomes without disclosure.  To be clear, only prompts used for responsiveness criteria shall be disclosed.

4.      The producing party shall conduct a richness assessment of the documents subject to aiR by selecting a true random sample of at least 1,535 (95% CI/±2.5% MoE) documents from the

- 1 -

4915-9807-1205.v1

intended aiR population and having the sample human-reviewed blind to all aiR outputs.  The richness assessment statistics shall be provided to the receiving party promptly upon completion.

5.    Multiple documents that hit on each search term string will be represented in at least one of the prompt iteration rounds.

6.    The producing party shall not apply any aiR for Review prompt criteria to the full aiR population until validation of the prompts shows at least 90% recall.

7.    Documents with an aiR score of 2, 3, or 4 will be treated as responsive and produced, with only documents hitting on the privilege screen pushed to human review for privilege review.

8.    Documents with a score of -1 shall be pushed to human review; a score of 0 shall be subject to QC to confirm junk (and human review if necessary); and a score of 1 shall be included in the nonresponsive validation set and not excluded absent the agreed validation.

9.    Validation.  After final prompt criteria is applied to the aiR population, a validation sample will be taken consisting of 500 documents randomly selected from the responsive set (aiR score 2, 3, or 4) and 1,000 documents randomly selected from the nonresponsive set (aiR score 1), mixed together and blind reviewed by both parties (privileged documents may be withheld from the receiving party's review).  This sample shall be used as a basis to calculate recall.  The parties will meet and confer over any documents that either party contends are responsive but were not in the responsive set and whether any additional prompting or tailored searches are necessary.  The producing party will disclose the final recall rate and the calculation used to determine that rate, along with sufficient metrics for the receiving party to independently calculate recall.

*      *      *

IT IS SO ORDERED.

DATED: _____    _____
                                      THE HONORABLE DAVID ALAN EZRA
                                      UNITED STATES DISTRICT JUDGE

4915-9807-1205.v1