**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § | |
| | § | |
| _____ | § | |
| This Document Relates To: | § | Master File No. 1:24-cv-00297-DAE |
| ALL ACTIONS. | § | CLASS ACTION |
| | § | |
| | § | |
| | § | |
| | § | |

## AGILON DEFENDANTS' OPPOSED MOTION TO CONTINUE BRIEFING SCHEDULE FOR CLASS CERTIFICATION

agilon Defendants respectfully move to continue the class certification briefing schedule for at least three weeks, including Defendants' deadline to file an opposition to Plaintiffs' Motion for Class Certification. ECF 105. A proposed revised scheduling order modifying only the class-certification briefing deadlines is attached as Exhibit A. The requested relief is narrow. This motion does not seek to extend discovery or disturb any other case deadlines. agilon Defendants seek only additional time to prepare their opposition after the upcoming discovery hearing on June 3—five days before Defendants opposition is currently due on June 8, 2026. ECF No. 126.

Good cause exists for the requested continuance. The discovery that agilon Defendants seek goes to the heart of Rule 23, including Lead Plaintiffs' oversight of the litigation, their trading history, and the factual and legal bases for the claims they seek to certify. *See* Fed. R. Civ. P. 23(c)(1) Adv. Comm. Note (2003) ("[I]t is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed

basis."). Yet, Plaintiffs resisted providing that discovery, forcing agilon Defendants to move to compel on April 7, 2026. ECF No. 106. And in connection with the parties' discussions regarding the Joint Advisory filed on May 22, 2026, Plaintiffs confirmed that none of the issues raised in agilon Defendants' motion to compel will be resolved before the June 3 hearing. ECF No. 131.

agilon Defendants should not be prejudiced by a schedule compressed as a result of Plaintiffs' own refusal to provide Rule 23 discovery. On May 26, 2026, agilon Defendants requested a modest three-week continuance to account for the June 3 hearing and any additional discovery agilon Defendants may receive following that hearing. Plaintiffs refused, citing only a generalized desire for the case to move forward. But any delay is of Plaintiffs' own making, and their general interest in speed does not outweigh the concrete prejudice to agilon Defendants from being forced to oppose class certification before discovery disputes central to Rule 23 are resolved. That is especially true where most other case deadlines have already been extended by more than a month, and this is agilon Defendants' first request for additional time to oppose class certification.

Nor would an artificial rush serve Rule 23 or the Court's obligation to conduct the "rigorous analysis" required before certifying a class. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 351, (2011) (internal citations omitted). That analysis must be conducted on a developed record, not one truncated by Plaintiffs' strategic resistance to certification discovery. A continuance is therefore warranted.

## BACKGROUND

### A. Schedule Modifications

The parties filed their original proposed case schedule on January 13, 2026. In it, Plaintiffs were required to move for class certification on April 6, 2026; Defendants' opposition was due

June 8, 2026; Plaintiffs' reply was due July 10, 2026; and Defendants' sur-reply was due July 24, 2026. ECF 92. That original schedule also contemplated that the parties would complete fact discovery by August 21, 2026, and file dispositive motions by February 19, 2027.

For several months, until March 2, 2026, agilon Defendants negotiated search terms and custodians in good faith with Plaintiffs in the hope of resolving discovery disputes without court intervention. ECF No. 106–12, 106–13. Due to these prolonged negotiations, and the significant volume of documents that agilon Defendants agreed to review, the agilon Defendants twice requested to extend the deadline for substantial completion of document production (originally scheduled for April 21, 2026). ECF Nos. 115, 125. Plaintiffs agreed to those requests, but only on the condition that agilon Defendants agreed to extend other deadlines, including the deadline for fact discovery, expert discovery and dispositive motions (which were extended by over a month). *See id.* These discussions did not result in modifications to the schedule for class certification briefing. ECF Nos. 116, 126.

B. **Discovery Disputes**

***RFPs tied to class certification.*** agilon Defendants served their First Set of Requests for Production on October 24, 2025, seeking information relevant to class certification. ECF No. 106–1. This includes, among other things, information regarding transactions, custodial reports, and gains and losses on agilon stock (RFPs 13-15, 21, 26, 31); documents that Plaintiffs or Plaintiffs agents relied upon in deciding to purchase or sell agilon stock (RFPs 18-19, 22-25, 27); communications regarding agilon's business model, financials, and broader industry trends (RFPs 28, 29); and documents regarding Lead Plaintiffs oversight of the case (RFPs 32-36, 38). *See id.* at 7–10. Plaintiffs responded to the RFPs on November 24, 2025. For 37 of 51 RFPs, Plaintiffs stated that they "will not search for or produce documents." ECF Nos. 106–2 at 11–16, 38–42.

Following several months of conferral, Plaintiffs proposed narrow search strings, rejected agilon Defendants' proposed search terms and custodians, and limited several responses to documents they deemed "sufficient to identify" selected information while withholding broader responsive categories.  ECF No. 106–6.

*Interrogatories tied to class certification.*  agilon Defendants served their First Set of Interrogatories on February 27, 2026.  ECF No. 106–7.  These also sought information directly tied to class certification, including identification of the specific statements Plaintiffs allege are misleading and the specific statements that allegedly correct the statement (ROGs 8-11); the basis for class-related arguments in Plaintiffs' Complaint (ROG 12); and detail regarding each Lead Plaintiffs' time and effort participating in and monitoring the case (ROG 14).  *See id.* at 7–8.  Plaintiffs declined to provide meaningful responses.  ECF No. 106–8.

*Discovery Disputes Tied to Class Certification.*  During meet and confers, agilon Defendants repeatedly emphasized that the outstanding discovery was relevant to class certification.  ECF Nos. 106–3 at 4, 106–5 at 6.  agilon Defendants similarly identified the discovery as relevant to class certification in their Motion to Compel.  ECF 106 at 6.  The Court set the motion for hearing on June 3 and directed further conferral.  ECF No. 109.  The parties filed a Joint Advisory on May 22, confirming that none of the issues raised in agilon Defendants' motion had been resolved. ECF No. 131.

*Conferral regarding extension*.  On May 26, 2026, agilon Defendants conferred with Plaintiffs regarding a three week continuance of the class certification briefing schedule in light of the upcoming hearing.  Plaintiffs stated that they oppose the relief requested because they want the case to move forward.

## ARGUMENT

The Court has broad discretion to modify a scheduling order for good cause. W.D. Tex. Local Rule CV-16(c); Fed. R. Civ. P. 16(B)(4). To assess whether good cause exists under Federal Rule 16(b)(4), courts evaluate four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Carrier Corp. v. Holmes*, 2025 WL 1837747, at *2 (W.D. Tex. Jan. 21, 2025). All four factors weigh strongly in favor of finding good cause here.

***Explanation Regarding Request.*** agilon Defendants seek a modification of the existing schedule for class certification briefing in light of outstanding discovery disputes related to class certification and that are set for hearing on June 3. agilon Defendants believe that they will prevail at that hearing and that the Court will order Plaintiffs to provide responses to outstanding discovery. If that occurs, agilon Defendants should have a fair opportunity to review and address that discovery before filing their opposition to Plaintiffs' motion. Even if the Court does not order Plaintiffs to produce all of the additional discovery requested, agilon Defendants should not be required to file their opposition five days after learning what information will be available.

***Importance of Continuance***. Class certification is not a pleading-stage exercise. In the Fifth Circuit, courts must conduct a rigorous, fact-intensive analysis before certifying a class. *See Chavez v. Plan Benefit Services, Inc.*, 957 F.3d 542, 545 (5th Cir. 2020). This often requires the court to "probe behind the pleadings because the class determination generally involves considerations that are enmeshed in the factual and legal issues of the case." *Id.* at 546 (cleaned up). The analysis necessarily permits discovery into issues bearing on adequacy, typicality, predominance, and potential unique defenses.

4

Here, agilon Defendants sought discovery concerning Plaintiffs' supervision of counsel, matter involvement, trading history, financial results, investment policies and strategies, reliance, and the specific bases for Plaintiffs' claims.  ECF No. 106 at 6, 8, 9, 11. Those issues bear on Rule 23 adequacy, typicality, and predominance, which courts have upheld as appropriate subjects for discovery.  *See Egana v. Blair's Bail Bonds, Inc.,* 2018 WL 10582336, at *5 (E.D. La. Aug. 24, 2018) ("[D]iscovery related to class certification – e.g., discovery relating to numerosity, commonality, adequacy and typicality – is appropriate before a class certification hearing[.]"); *Degulis v. LXR Biotechnology, Inc*., 176 F.R.D. 123, 127 (S.D.N.Y. 1997) (granting defendants' request for documents concerning trading history because plaintiff's "sophistication and trading strategies [were] relevant to the pending class certification motion," as the "determination of whether a class representative is 'typical' might be affected by any unique defenses relating to an investment strategy"). Plaintiffs should not be permitted to strategically withhold meaningful responses to discovery bearing on their motion for class certification to prevent Defendants from incorporating that discovery in their opposition.

Plaintiffs' position also leaves no realistic alternative to a continuance.  After the Court-ordered conferrals, Plaintiffs confirmed via the Joint Advisory that their positions remain unchanged.  ECF No. 131.  The June 3 hearing is therefore the only mechanism by which agilon Defendants may obtain the discovery they timely sought, and requiring agilon Defendants to file their class-certification opposition five days later would deprive them of any meaningful opportunity to use that discovery in support of their positions.

***No prejudice from allowing modification.***  Plaintiffs would suffer no prejudice from continuing the class certification briefing schedule.  Other deadlines have already been extended by over a month, and the requested modification preserves the existing briefing sequence.  By

5

contrast, agilon Defendants would suffer concrete prejudice if required to file an opposition without discovery that was timely requested.  To the extent Plaintiffs wished to have proceeded more expeditiously, they could have meaningfully conferred and provided the discovery that they are obligated to provide under the Federal Rules.  Having failed to do so, they cannot now complain that they would be prejudiced by a brief continuance to resolve pending discovery disputes.

*A continuance is appropriate.*  Good cause exists for a three-week continuance.  agilon Defendants were diligent in serving discovery relevant to class certification, promptly challenged Plaintiffs' deficient responses, engaged in repeated conferrals, moved to compel when those efforts failed, and made additional efforts to confer pursuant to the Court's April 10 order.  Plaintiffs have refused to provide meaningful responses to discovery requesting basic information.

The requested relief is modest.  agilon Defendants seek only a three-week extension of class-certification briefing deadlines.  They do not seek to extend general fact discovery, expert discovery, dispositive-motion deadlines, or trial.  And unlike other parts of the case schedule, agilon Defendants have not previously sought to extend the class-certification schedule.  ECF Nos. 116, 126.  The requested relief will allow the Court to resolve the pending motion to compel, allow Plaintiffs to produce any discovery ordered, and allow agilon Defendants to use that discovery in their opposition.

### CONCLUSION

agilon Defendants respectfully request a narrow, three-week continuance of the class-certification briefing schedule pending resolution of the pending discovery disputes.  agilon Defendants therefore respectfully request that the Court enter a limited revised schedule continuing only the class-certification deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Defendants' opposition to class certification | June 8, 2026 | June 29, 2026 |
| Plaintiffs' reply in support of class certification | July 10, 2026 | July 31, 2026 |
| Defendants' sur-reply in opposition to class certification | July 24, 2026 | August 14, 2026 |

DATED: May 27, 2026

Respectfully submitted,

*/s/  Mason Parham*

SIDLEY AUSTIN LLP
Yolanda C. Garcia
Mason Parham
Barret V. Armbruster
2323 Cedar Springs, Suite 2600
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
mparham@sidley.com
ygarcia@sidley.com
barmbruster@sidley.com

*Attorneys for Defendants agilon
health, inc., Steven J. Sell, Girish
Venkatachaliah, Heidi Hittner, and
Timothy S. Bensley*

7

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for agilon Defendants conferred with Plaintiffs' counsel by telephone on May 26, 2026, regarding the relief requested in this Motion.  Those efforts were unsuccessful, and Lead Plaintiffs oppose the requested relief.

*/s/ Mason Parham*
*Mason Parham*

**CERTIFICATE OF SERVICE**

On May 27, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

*/s/ Mason Parham*
*Mason Parham*