UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re AGILON HEALTH, INC. SECURITIES LITIGATION | § § § | Master File No. 1:24-cv-00297-DAE |
| | § | CLASS ACTION |
| | § | |
| This Document Relates To: | § | |
| | § | |
| ALL ACTIONS. | § | |
| | § | |
| | § | |

**LEAD PLAINTIFFS' OPPOSITION TO THE AGILON DEFENDANTS' MOTION TO CONTINUE BRIEFING SCHEDULE FOR CLASS CERTIFICATION**

4934-4690-0402.v1

## I.    INTRODUCTION

Defendants' Motion to Continue Briefing Schedule for Class Certification (ECF 132) ("Motion" or "Mot.") is an unnecessary attempt to delay resolution of class certification. Defendants[1] have known for months about the discovery issues they now cite as grounds for an emergency continuance of their opposition to class certification.  Yet they waited until May 27, 2026 – fifty days after Plaintiffs filed their Motion for Class Certification (ECF 105), and less than two weeks before Defendants' opposition is due – to request an extension of "at least three weeks" to the class certification schedule.  Mot. at 1.  Defendants' dilatory conduct falls woefully short in establishing good cause for the modification they seek, and presents no grounds to have *eleven weeks* to oppose class certification.

Defendants' conduct belies any claim of diligence or necessity.  Defendants served their document requests on Plaintiffs on October 24, 2025.  Despite receiving Plaintiffs' responses and objections on November 24, 2025, Defendants did not request to meet and confer on those responses and objections until February 3, 2026 – more than two months later.  ECF 106, 106-2.  Defendants served interrogatories on Plaintiffs on February 27, 2026, Plaintiffs served responses and objections on March 30, 2026, and Defendants filed their motion to compel on April 7, 2026.  ECF 106, 106-7, 106-8, 106-9, 106-10.  On April 6, 2026, Plaintiffs filed their Motion for Class Certification.  ECF 105.  On April 10, 2026, the Court set a hearing on the pending discovery motions for June 3, 2026. ECF 109.  Defendants waited until May 27, 2026 to request "at least three [additional] weeks" to oppose class certification.  Mot. at 1.

---

[1]    All capitalized termed not defined herein are the same as in the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 36) (the "Complaint"), unless otherwise noted.  All "¶__" cites are to the Complaint.  Emphasis is added and citations are omitted throughout unless otherwise indicated.

4934-4690-0402.v1

Nor is the requested extension justified by any supposed need for additional discovery from Plaintiffs. Defendants already possess the discovery necessary to oppose class certification. Since February 2026, Plaintiffs have made multiple productions to Defendants, including documents reflecting Plaintiffs' transactions and holdings in agilon, materials sufficient to identify persons or entities with authority to trade agilon common stock, investment management agreements, organizational structure information, and other non-privileged documents. Moreover, Defendants have known since **September 2025** the identities of the investment managers that purchased and sold agilon common stock on Plaintiffs' behalf, and the undisputed fact is that those investment managers made the decisions to buy and sell agilon stock entirely at their own discretion without any input from Plaintiffs.

Defendants' Motion should be denied for the reasons set forth herein. However, if this Court is inclined to grant Defendants three additional weeks to oppose class certification, Plaintiffs respectfully request that the Court adopt the proposed schedule attached hereto as Exhibit A, which also extends the remaining non-class certification and non-mediation deadlines by a corresponding three weeks. *See* Ex. A.

## II.    LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The four factors to determine good cause under Federal Rule of Civil Procedure 16(b)(4) are: "'(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" *Springboards To Educ., Inc. v. Hou. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019). The factors are weighed holistically, but "'[t]he most important factor . . . is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims

- 2 -

but despite its diligence could not reasonably have met the scheduling deadline.'" *Malhotra v. State Farm Lloyds*, 2024 WL 4101931, at *2 (W.D. Tex. July 29, 2024). Defendants fail to discharge their burden of showing good cause.

## III.   ARGUMENT

### A.   Class Certification Should Not Be Delayed Based on a Lack of Unidentified Evidence and Vague Claims of Prejudice

Defendants' Motion rests entirely on contingencies and speculation. Defendants are unable to identify any specific evidence they lack, any class certification arguments that they are presently unable to make, or any reason they could not have sought this relief before Plaintiffs moved for class certification on April 6, 2026. Defendants were similarly unable to articulate this information during the parties' conferral on May 26, 2026. These failures alone defeat good cause. Defendants present no grounds for their requested relief, which runs counter to the very principles of class certification. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998) ("[T]he class action device exists primarily . . . to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system."); *Juan Antonio Sanchez PC v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 441 (S.D. Tex. 2020) (holding that courts determine the "'maintainability of the class action at . . . the earliest pragmatically wise moment'").

Defendants' claim that they lack discovery sufficient to meet the June 8, 2026 opposition deadline is wholly unsupported. Mot. at 2. After an extensive meet and confer process, Plaintiffs have already produced more than 48,000 pages of documents, including transaction records reflecting Plaintiffs' purchases and sales of agilon stock, contracts with the investment managers who made the decisions to buy or sell agilon stock, organizational charts, and document retention policies. Moreover, Plaintiffs have also agreed to produce well beyond what the Federal Rules require in response to RFPs 2, 6, 10, 12-15, 17-27, 29, 31, 39, 49, and 51. *See* ECF 106-13. Defendants' Motion fails to identify any specific additional discovery they actually need to oppose

- 3 -

4934-4690-0402.v1

class certification, or even the class certification factors they plan to challenge, much less explain why the existing discovery is insufficient.

Defendants' request for an extension is especially weak on the basis that they supposedly need transaction or investment-decision discovery. Mot. at 2. It is an undisputed fact that Plaintiffs delegated their investment-making authority to third-party investment managers, and those investment managers made the decisions to buy and sell agilon stock, with no input from Plaintiffs. Defendants have known the identity of Plaintiffs' respective investment managers since September 22, 2025, and have possessed Plaintiffs' investment manager agreements since April 10 and 13, 2026. ECF 106-4 at 3. Defendants have thus had approximately eight months to seek discovery related to Plaintiffs' transactions and investments from Plaintiffs' investment managers, but have chosen not to seek it. Defendants cannot claim prejudice from the absence of third-party discovery they never sought. Nor is there any credible explanation for waiting to bring this Motion now, fifty days after seeing Plaintiffs' motion for class certification.

Defendants' own authority undercuts their request. Defendants rely on *Egana v. Blair's Bail Bonds, Inc.*, 2018 WL 10582336 (E.D. La. Aug. 24, 2018) and *Degulis v. LXR Biotechnology, Inc.*, 176 F.R.D. 123 (S.D.N.Y. 1997) in arguing they lack sufficient evidence to oppose class certification. Mot. at 5. But Defendants fail to explain how *Egana*, which concerned bail bond subclasses, supports good cause in this particular case. Moreover, Defendants overlook that the *Degulis* court found certain documents were relevant **because** the Plaintiff there alleged a "direct reliance theory" of fraud. *Degulis*, 176 F.R.D. at 126 ("Since the direct reliance theory alone supports the discovery requested, the Court need not address whether such discovery is permitted where no direct reliance is alleged."); *Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 393 (D.N.J. 1998) (distinguishing *Degulis*, which was "decided . . . on the basis of allegations of actual reliance"). Unlike in *Degulis*, Plaintiffs here are proceeding exclusively under the fraud-on-the-

- 4 -

market presumption of reliance, under which class-wide reliance on Defendants' misstatements is presumed.  ECF 105 at 12-13.  In sum, Defendants fail to provide any coherent basis for the extension they seek.

**B.    Defendants Cannot Show that the Requested Continuance Is Necessary**

Defendants will suffer no prejudice from briefing class certification on the existing briefing schedule.  Moreover, "should [additional] discovery reveal evidence that class certification is not warranted, the court may revisit the class certification issue."  *Morris v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 336, 339 n.1 (N.D. Ill. 2001) (granting class certification and denying Defendants' emergency discovery motion); *see also In re Fed. Nat'l Mortg. Ass'n Sec., Derivative & "ERISA" Litig.*, 247 F.R.D. 32, 41 (D.D.C. 2008) (granting class certification in securities class action and noting that "certification decisions may be revisited as additional evidence comes to light during the course of discovery"); *Clay v. Flounderdawg, LLC*, 2015 WL 13796449, at *2 n.2 (W.D. Tex. June 2, 2015) ("The motion is granted subject to the Court revisiting the issue of certification should the defendant file a motion to decertify the class once discovery is complete.").

**C.    Plaintiffs Will Be Prejudiced if Defendants' Motion Is Granted**

Defendants seek a one-sided extension.  The negotiated joint schedule contemplated that Defendants would have eight weeks to oppose class certification, and Plaintiffs would have four weeks to file a reply.  ECF 126 at 1-2.  Defendants now want at least eleven weeks to oppose class certification, while still leaving Plaintiffs with only four weeks to file a reply.

Moreover, Plaintiffs have been denied swaths of relevant and proportional discovery throughout this litigation, and did not receive any meaningful document productions from the agilon or CD&R Defendants until May 2026.  Plaintiffs have also been forced to file six motions to compel discovery from the agilon and CD&R Defendants over the course of just over three months.  ECF 95, 98, 103, 107, 122, 128.  The Court's rulings on Plaintiffs' motions to compel (which are also set

- 5 -

for hearing on June 3, 2026) will necessarily affect fact discovery, expert discovery, and dispositive motion deadlines, which will need to be adjusted to prevent any prejudice. Defendants' request to delay class certification ignores all of this. Thus, if this Court is inclined to grant Defendants three additional weeks to oppose class certification, Plaintiffs respectfully request that the Court adopt the proposed schedule attached hereto as Exhibit A, which also extends the remaining non-class certification and non-mediation deadlines by a corresponding three weeks.

## IV.    CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court deny the Motion. However, if the Court grants Defendants additional time to oppose class certification, Plaintiffs respectfully request that the Court adopt Plaintiffs' proposed schedule, attached hereto as Exhibit A.

DATED:  June 3, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS
(admitted *pro hac vice*)
CHRISTOPHER D. STEWART
(admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ
(admitted *pro hac vice*)
JACK K. SCOTT
(admitted *pro hac vice*)


s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
cstewart@rgrdlaw.com
egonzalez@rgrdlaw.com
jscott@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

- 6 -

- 7 -

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 7 -

4934-4690-0402.v1

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Plaintiffs, the Retirement Systems, in this action and that on June 3, 2026, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

s/ Christopher D. Stewart

CHRISTOPHER D. STEWART

4934-4690-0402.v1